IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:18-CR-16 |
| | § | (Judge RWS/KNM) |
| HEON JONG YOO | § | |
| a/k/a "HANK YOO" | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION TO SANCTION PROSECUTION**

The United States of America submits this response in opposition to defendant Heon Jong Yoo's Motion to Sanction Prosecution, respectfully showing as follows:

## I.   INTRODUCTION

Yoo seeks sanctions against the prosecutor for his alleged role in a "malicious conspiracy to deprive the defendant of his second amendment rights." Yoo was subject to federal gun regulations. The evidence shows that he violated them. The prosecution that followed was neither "slanderous" nor "misleading." The charges were based upon probable cause. The motion should be denied.

## II.   ARGUMENT

Yoo demands that sanctions be imposed against the government, in essence, because he has been charged with federal crimes. It is unclear the basis on which he

claims that he is entitled to such relief.[1]  Regardless, it is "well settled" that prosecutors are afforded absolute immunity in the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  Further, this absolute immunity extends to situations where the prosecutor allegedly makes false or defamatory statements during and related to judicial proceedings.  *See Burns v. Reed*, 500 U.S. 478, 489-90 (1991).

Yoo focuses on the nature of the proof presented at the detention hearing.  He pointedly complains about the government's use of hearsay evidence.  The detention hearing is not a trial on the merits.  "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration at the hearing."  18 U.S.C. § 3142(f)(2).

Yoo also suggests that he has been "unlawfully labelled" as a "prohibited person." There has been no unlawful labeling.  The evidence indicates that he is a "prohibited person."  He has previously been committed to a mental institution.  As a result, he is charged with a violation of 18 U.S.C. § 922(g)(4).[2]

---

[1] To the extent Yoo requests dismissal of the indictment, his burden is steep.  "The supervisory powers of the district court allow it to impose the extreme sanction of dismissal of an indictment with prejudice only in extraordinary situations," and for this reason, the Fifth Circuit requires a showing of actual prejudice. *United States v. Fulmer*, 722 F.2d 1192, 1192 (5th Cir. 1983).  Even the lessor sanction of criminal contempt requires proof *beyond a reasonable doubt* that the prosecutor (1) engaged in misbehavior; (2) in or near the presence of the court; (3) with criminal intent; (4) that resulted in an obstruction of justice. *United States v. Ortlieb*, 274 F.3d 871, 874 (5th Cir. 2001).  Yoo's bare-bones motion does not identify any purported prejudice, nor does it substantiate any claim of contempt.

[2] The government has previously addressed Yoo's accusations of vindictive prosecution and coercion in its response to the defendant's Notice of Malicious, Vindictive, Retaliatory Prosecution.  (Doc. No. 101.)

The government has made no slanderous or defamatory statements. There is no criminal conspiracy against Yoo. Proof of federal firearms offenses exists. Charges followed. No grounds for sanctions are present here.

### III. CONCLUSION

Yoo's sharp words and groundless accusations do not provide a basis for sanctioning prosecutors. A grand jury has charged the defendant with violating federal criminal laws. The request for sanctions should be denied.

JOSEPH D. BROWN
UNITED STATES ATTORNEY

*/s/ L. Frank Coan, Jr.*
L. Frank Coan, Jr.
Assistant United States Attorney
Bar No. 170966 (Georgia)
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1439 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:18-CR-16 |
| | § | (Judge RWS/KNM) |
| HEON JONG YOO | § | |
| a/k/a "HANK YOO" | § | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served on the defendant via U.S. mail on this the 9th day of October, 2018.

*/s/ L. Frank Coan, Jr.*
L. Frank Coan, Jr.