IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:18-CR-16 |
| | § | (Judge RWS/KNM) |
| HEON JONG YOO | § | |
|    a/k/a "HANK YOO" | § | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S EMERGENCY MOTION TO STRIKE THE CRIMINAL COMPLAINT AND AFFIDAVIT

The United States of America submits this response in opposition to defendant Heon Jong Yoo's Emergency Motion to Strike the Criminal Complaint and Affidavit, respectfully showing as follows:

Yoo asks this Court to strike the criminal complaint and supporting affidavit. However, he has already been indicted by the grand jury. An indictment forecloses any challenge to a criminal complaint. *Denton v. United States*, 465 F.2d 1394, 1395 (5th Cir. 1972); *see Jaben v. United States*, 381 U.S. 214, 220 (1965) ("grand jury supersedes the complaint procedure by returning an indictment.").

Here, Yoo was charged by way of a federal criminal complaint on April 6, 2018. (Case No. 6:18-MJ-24). The complaint alleged violations of 18 U.S.C. §§ 922(a)(6) [false statement during purchase of firearm] and 924(a)(1)(A) [false statement with respect to information required to be kept by federal firearms licensee].

On April 18, 2018, a federal grand jury in the Eastern District of Texas returned a seven-count indictment against Yoo.  (Doc. No. 10.)  As with the complaint, the indictment charged violations of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A).

On September 19, 2018, the grand jury returned an eight-count superseding indictment against Yoo.  (Doc. No. 84.)  This time, he was charged with seven violations of 18 U.S.C. § 924(a)(1)(A) and one charge of violating 18 U.S.C. § 922(g)(f) for unlawfully possessing a firearm after having been committed to a mental institution.

Yoo's motion comes *after* the grand jury returned an indictment and later a superseding indictment.  Even if the defendant's criticisms were credible (they are not),[1] any alleged defects in the complaint are remedied by the indictment.  The Court should deny the motion.

JOSEPH D. BROWN
UNITED STATES ATTORNEY

*/s/ L. Frank Coan, Jr.*
L. Frank Coan, Jr.
Assistant United States Attorney
Bar No. 170966 (Georgia)
110 N. College, Suite 700
Tyler, Texas  75702
(903) 590-1400
(903) 590-1439 Fax

---

[1] Because Yoo's motion is moot, the government will not belabor the sufficiency of Special Agent Reed's affidavit.  Nevertheless, it is worth noting that the defendant's own filings corroborate many of the same portions of the affidavit he now criticizes.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:18-CR-16 |
| | § | (Judge RWS/KNM) |
| HEON JONG YOO | § | |
|     a/k/a "HANK YOO" | § | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served on the defendant via U.S. mail on this the 9th day of October, 2018.

                                          */s/ L. Frank Coan, Jr.*
                                          L. Frank Coan, Jr.