IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:18-CR-16 |
| | § | (Judge RWS/KNM) |
| HEON JONG YOO | § | |
|    a/k/a "HANK YOO" | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO RECUSE COUNSEL FOR THE GOVERNMENT**

The United States of America submits this response in opposition to defendant Heon Jong Yoo's Motion to Recuse, respectfully showing as follows:

## I. INTRODUCTION

Yoo asks that the Court recuse or disqualify one of the Assistant United States Attorneys handling this matter. He claims that the prosecutor should be removed from the case because he previously prosecuted Yoo in an unrelated matter in Texas state court. Such a request is frivolous. The motion should be denied.

## II. BACKGROUND

Assistant United States Attorney Lucas Machicek filed a Notice of Attorney Appearance in this case as co-counsel for the United States on September 5, 2018. Prior to joining the United States Attorney's Office, Machicek was employed as a prosecutor for the Smith County (Texas) District Attorney's Office.

In January 2017, a Smith County grand jury returned an indictment against Yoo, charging him with the second-degree felony offense of aggravated assault with a deadly

weapon. (*See* Exhibit 1.)[1] Machicek did not make this presentation to the grand jury and offered no testimony at that proceeding.[2]

After the grand jury returned the indictments upon a finding of probable cause, Machicek was assigned to prosecute the cases before the 241st District Court of Smith County. Each case was subsequently dismissed in or about August 2017, by motions signed by Machicek. (*See* Exhibit 2.)[3]

### III.   ARGUMENT

Generally, the existence of a conflict of interest is a legal question subject to *de novo* review. *United States v. Lanier*, 879 F.3d 141 (5th Cir. 2018). There is "a categorical rule against the appointment of an interested prosecutor." *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 814 (1987). The requirement of a disinterested prosecutor is consistent with [the United States Supreme Court's] recognition that prosecutors may not necessarily be held to as stringent a standard of

---

[1] Yoo was indicted under Tex. Penal Code §§ 7.01(a) and (b), 7.02(a)(2), and 22.02(a)(2) under a theory of party liability or criminal responsibility for the conduct of another. Texas law provides that a party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another. *Pitts v. State*, 569 S.W.2d 898, 900 (Tex. Crim. App. 1978). If the evidence supports a charge on the law of parties, a court may charge on the law of parties even though there is no such allegation in the indictment. *Id.* A subsequent indictment against Yoo was returned on April 20, 2017. (*See* Exhibit 3.) The charge remained the same. However, the name of the alleged victim was corrected.

[2] Even so, Yoo's motion accuses Machicek of committing perjury. Such a violation requires that the statement was made while the actor was under oath before the grand jury. *See* 5th Cir. Pattern Jury Charge (Criminal) Instruction § 2.69 (2015). Machicek was not under oath and made no statements. Further, the actual state indictments do not contain the language to which Yoo refers in his motion as "contradictory" of the witness statement and offense report.

[3] The April 20, 2017, indictment was also dismissed. (*See* Exhibit 4.)

**Government's Response to**
**Defendant's Motion to Recuse – Page 2**

disinterest as judges. *Id.* at 807. Prosecutors are not expected to be "neutral and detached" and are "necessarily permitted to be zealous in their enforcement of the law." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 248 (1980). Prosecutors, however, cannot have conflicting loyalties, or have been privy to privileged information about the defendant, or be a witness in the case. *See United States v. Daniels*, 281 F.3d 168, 182 (5th Cir. 2002) (prosecutor's exposure to immunized statements may mandate removal from case); *In re Hipp, Inc.*, 895 F.2d 1503, 1508 (5th Cir. 1990) (bankruptcy trustee cannot prosecute contempt case against debtor because trustee has financial motive to recover as many resources as possible for bankruptcy estate).

Yoo provides no evidence that a conflict of interest exists. Rather, he suggests that because a prosecutor has previously prosecuted him in another forum, disqualification is necessary. He is wrong. A prosecutor may prosecute the same defendant multiple times for unrelated offenses. *See, e.g., United States v. Zagami*, 374 F. App'x 295, 297-98 (3d Cir. 2010).

The fact that Machicek prosecuted Yoo in state court does not, without more, create an impermissible conflict of interest. There is no basis for a disqualification. The motion should be denied.

## IV.  CONCLUSION

Based on the foregoing, the government requests that the Court issue an order denying Yoo's motion.

        JOSEPH D. BROWN
        UNITED STATES ATTORNEY

        */s/ L. Frank Coan, Jr.*
        L. Frank Coan, Jr.
        Assistant United States Attorney
        Bar No. 170966 (Georgia)
        110 N. College, Suite 700
        Tyler, Texas 75702
        (903) 590-1400
        (903) 590-1439 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 6:18-CR-16 |
| § | (Judge RWS/KNM) |
| HEON JONG YOO § | |
| a/k/a "HANK YOO" § | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was served on the defendant via U.S. mail on this the 9th day of October, 2018.

*/s/ L. Frank Coan, Jr.*
L. Frank Coan, Jr.

**Government's Response to**
**Defendant's Motion to Recuse – Page 5**