**Attachment B**

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _Victor Montalvo_, attest, under penalties of perjury by the laws
<sub>Name</sub>

of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in

this certification is true and correct. I am employed by _First Cash Pawn_
<sub>Entity</sub>

(hereinafter "the entity"), and my title is _Manager_. I am qualified
<sub>Title</sub>

to authenticate the records attached hereto because I am familiar with how the records were

created, managed, stored, and retrieved. I state that the records attached hereto are true

duplicates of the original records in the custody of the provider. The attached records consist of

_6 4473 forms_. I further state that:
<sub>Generally describe records (pages/CDs or DVDs/megabytes)</sub>

    a.     all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth by, or from information transmitted by, a person with

knowledge of those matters, they were kept in the ordinary course of the regularly conducted

business activity of the entity, and they were made by the entity as a regular practice; and

    b.     such records were generated by the entity's electronic process or system that

produces an accurate result, to wit:

        1.     the records were copied from electronic device(s), storage medium(s), or

file(s) in the custody of the entity in a manner to ensure that they are true duplicates of the

original records; and

        2.     the process or system is regularly verified by the entity, and at all times

pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of

the Federal Rules of Evidence.

10/12/18
_____
Date

_____
Signature

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _Tina Henderson_ , attest, under penalties of perjury by the laws
*Name*

of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in

this certification is true and correct. I am employed by _Academy Sports & Outdoors_
*Entity*

(hereinafter "the entity"), and my title is _Manager_ . I am qualified
*Title*

to authenticate the records attached hereto because I am familiar with how the records were

created, managed, stored, and retrieved. I state that the records attached hereto are true

duplicates of the original records in the custody of the provider. The attached records consist of

_1 ATF Form 4473_ . I further state that:
*Generally describe records (pages/CDs or DVDs/megabytes)*

    a.     all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth by, or from information transmitted by, a person with

knowledge of those matters, they were kept in the ordinary course of the regularly conducted

business activity of the entity, and they were made by the entity as a regular practice; and

    b.     such records were generated by the entity's electronic process or system that

produces an accurate result, to wit:

        1.     the records were copied from electronic device(s), storage medium(s), or

file(s) in the custody of the entity in a manner to ensure that they are true duplicates of the

original records; and

        2.     the process or system is regularly verified by the entity, and at all times

pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of

the Federal Rules of Evidence.

| | |
|---|---|
| 10-12-18 | _Tina Henderson_ |
| Date | Signature |

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC
RECORDS PURSUANT TO FEDERAL RULES OF
EVIDENCE 902(11) AND 902(13)**

I, _LaTarya    Woilson_____, attest, under penalties of perjury by the laws
$\phantom{xxxx}$ _Name_

of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in

this certification is true and correct. I am employed by _Cash    America_____
$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx}$ _Entity_

(hereinafter "the entity"), and my title is _Asst    Manager_____. I am qualified
$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx}$ _Title_

to authenticate the records attached hereto because I am familiar with how the records were

created, managed, stored, and retrieved. I state that the records attached hereto are true

duplicates of the original records in the custody of the provider. The attached records consist of

_ATF   4473   Forms  - 2_____. I further state that:
$\phantom{xxxx}$ _Generally describe records (pages/CDs or DVDs/megabytes)_

$\phantom{xx}$a.$\phantom{xxxx}$all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth by, or from information transmitted by, a person with

knowledge of those matters, they were kept in the ordinary course of the regularly conducted

business activity of the entity, and they were made by the entity as a regular practice; and

$\phantom{xx}$b.$\phantom{xxxx}$such records were generated by the entity's electronic process or system that

produces an accurate result, to wit:

$\phantom{xxxx}$1.$\phantom{xxxx}$the records were copied from electronic device(s), storage medium(s), or

file(s) in the custody of the entity in a manner to ensure that they are true duplicates of the

original records; and

$\phantom{xxxx}$2.$\phantom{xxxx}$the process or system is regularly verified by the entity, and at all times

pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_10 - 12 - 18_ _____
Date

_____
Signature

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| | § | |
| IN RE: | § | |
| | § | CERTIFICATION OF RECORDS |
| GRAND JURY SUBPOENA NO. | § | MIDDLESEX COUNTY, NEW JERSEY |
| 18-0010-05 | § | ADJUSTER SANDRA COLEMAN |
| | § | |

**Custodian's Certification of Records**
**Pursuant to Federal Rules of Evidence 803(6) and 902(11)**

1. I, Sandra Coleman, serve as the Adjuster for Middlesex County, New Jersey.

2. I have held this position for thirty-two (32) years. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts stated herein:

3. I received a subpoena issued by the Assistant United States Attorney, L. Frank Coan, on or about April 13, 2018 requesting "mental health/mental adjudication records" pertaining to "H.J.Y." date of birth XX-XX-XXXX and social security number XX-XXX-5475 relating to this individual's "mental health status or history forwarded to the FBI NICS branch on or about April 19, 2013 and September 25, 2015."

4. I informed Mr. Coan, through counsel, that the requested commitment orders could not be produced without a court order.

5. I received an Order to Compel Production dated September 19, 2018 commanding me to comply fully with the previously received subpoena.

6. I am a custodian of records for the requested documents. I hereby certify that on September 21, 2018, I examined the file pertaining to the requested documents and the

1

attached _72_ pages of documents are true, complete, and unaltered photocopies of the original documents contained in the file.

7.  As custodian of records for the requested documents, I do hereby certify that the records referenced above and attached hereto (1) were made at or near the time of the events or conditions recorded therein (2) by, or from information transmitted by, a person with knowledge of the matters recorded therein; (3) were kept in the course of the regularly conducted business activity of Middlesex County; (4) it was the regular practice of the business activity to keep such records; and, (5) the records attached are the originals or duplicates of the originals.

I declare under penalty of perjury, as provided in 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this the _26th_ day of _September_, 2018.

SANDRA COLEMAN
County Adjuster
Middlesex County

2



# **Certification of Medical Records**

Dear Sir/Madam:

I, Jennifer Clinedinst, Director of Health Information Management do certify that I am the Record Custodian of Carrier Clinic, Belle Mead, New Jersey.

I do certify that the attached letter concerning _Heonjong You_ was made in the regular course of business of this institution.

The attached records made at the time of the condition and/or occurrences reported therein or within a reasonable time thereafter and accurately reflect the condition and/or occurrence.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date Certified: _5_ / _15_ / _18_

Jennifer Clinedinst, RHIA, CCS
Director of Health Information Management
Carrier Clinic
P.O. Box 147
Belle Mead, New Jersey 08502
P: 908-281-1460

RUTGERS
University Behavioral
Health Care

Clinical Records Department
671 Hoes Lane West, Rm. D206
Piscataway, NJ 08854-1392

Phone    732-235-4302
Fax      732-235-5261

## RELEASE OF INFORMATION
## COVER LETTER

Name:     **YOO, HEONJONG**

Case #:     502-42-24

Addressee:

TASK FORCE OFFICER GREGORY HARRY
FEDERAL BUREAU OF INVESTIGATION
DALLAS FO/TYLER RA
DETECTIVE – TYLER POLICE DEPARTMENT
Email: GDHarry@fbi.gov

This is in response to your request for records regarding the above-named client.  This information is privileged and redisclosure is prohibited.  Enclosed please find copies of:

ACUTE SERVICES:   BRIEF ASSESSMENT 09/22/15        MENTAL STATUS EXAM
                  PROGRESS NOTES 10/05/15
                  APS TELEPHONE SCREENING FORM 09/21/15
                  COUNTY OUTREACH CONTRACT 09/22/15
                  SCREENING DOCUMENT FOR ADULT 09/22/15
ENCLOSURE: CERTIFICATION

### NOTICE

This information has been disclosed to you from records the confidentiality of which is protected by Federal Law.  Federal Regulation (42 CFR, Part 2) prohibits you from making any further disclosure of this information without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulations.  A general authorization for the release of medical or other information is NOT sufficient for this purpose.  The Federal rules restrict any use of the information to criminally investigate or prosecute alcohol or drug abuse patients.

_____
Clinician Signature (*Where Applicable*)

_____
Administrative Approval Signature

Date Sent: __/__/__      Sender's Initials: _____      Total Pages: 16      Unit #: CRD

The following must be forwarded to Clinical Records:
1. Original Request Letter
2. Original Permission to Release Form
3. Copy of any original correspondence sent to the requestor.           MMC

University Behavioral
Health Care

**Clinical Records**
Rutgers, The State University of New Jersey
671 Hoes Lane West
Piscataway, NJ 08854

April 19, 2018

Task Force Officer Gregory Harry
Federal Bureau of Investigation
Dallas FO/Tyler RA
Detective – Tyler Police Department

Re:   **HEONJONG YOO**
       DOB:

Dear Detective Gregory Harry:

I certify that the enclosed documents are true and accurate copies of the record maintained on Heonjong Yoo at University Behavioral Health Care in Piscataway.

If I can be of further assistance, please call me at 732-235-4302.

Sincerely yours,

Laura M. Yuhas, RHIA
Manager, Rutgers UBHC
Clinical Records Department

Enclosures



**ROBERT WOOD JOHNSON**
UNIVERSITY HOSPITAL

One Robert Wood Johnson Place
P.O. Box 2601
New Brunswick, NJ  08903-2601
732-828-3000

## HEALTH INFORMATION MANAGEMENT DEPARTMENT
### Certification Statement

I, Giovanni Goodrich-Morton, do hereby certify as follows:

1. I am the Director of the Health Information Management Department at Robert Wood Johnson University Hospital in New Brunswick, New Jersey.

2. I hereby delegate authority to certify the records in the matter of:

   _Heon Jong Yoo_ to _Emmanuel Razon_
   **Name of Patient**     **Name of Employee to Whom Authority is delegated**

3. Attached herewith is a true and complete/partial copy of the medical record relating to

   the patient's admission on _4/5/13_ and discharge on

   _10/5/15_ .

4. The attached records were prepared in the regular course of the hospital business, and were reproduced by personnel acting under my direction.

Due to patient confidentiality concerns and compliance with state and federal law, this institution does not release the following categories of patient information: alcohol, drug, psychiatric and HIV/AIDS treatment records, without (1) a specific patient authorization. Therefore, if this record contained any of these specific categories of information and the request is not accompanied by an appropriate patient authorization or court order, these documents have been omitted from this copy of the medical record.

I certify that the following are true and complete copies of the original documents and I further certify that all of the foregoing statements made by me are true.

_[signature]_
**Director Signature**                          **Date**

_[signature]_                                   _4/27/18_
**Employee Signature**                          **Date**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

IN RE GRAND JURY INVESTIGATION

§
§
§   Cause No.  18-0010-06
§
§

## DECLARATION
[Pursuant to Federal Rules of Evidence 803(6) and 902(11)]

My name is _Matthew Guller_ .  I am of sound mind, capable of making this affidavit, and personally acquainted with the facts stated herein:

I am the custodian of the records of _Institute for Forensic Psychology_ .  Attached hereto are _Seven_ pages of records of _Heon Yoo_ .

I, _Matthew Guller_ , as custodian of records of _Institute for Forensic Psychology_, do hereby certify that the records referenced above and attached hereto (1) were made at or near the time of the events recorded therein (2) by, or from information transmitted by, a person with knowledge of the matters recorded therein; (3) were kept in the course of the regularly conducted business activity of _Institute for Forensic Psychology_; (4) it was the regular practice of the business activity to keep such records; and, (5) the records attached are the originals or duplicates of the originals.

I do hereby declare under penalty of perjury, as provided in 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this the _25th_ day of _April_ , 2018.

_____
Declarant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

§
§
IN RE GRAND JURY INVESTIGATION     §     Cause No.  18-0010-07
§
§

## DECLARATION
[Pursuant to Federal Rules of Evidence 803(6) and 902(11)]

My name is _Gail Scott_ . I am of sound mind, capable of making this affidavit, and personally acquainted with the facts stated herein:

I am the custodian of the records of _Andrews Center_ . Attached hereto are _49_ pages of records of _Andrews Center_ .

I, _Gail Scott_ , as custodian of records of _Andrews Center_ , do hereby certify that the records referenced above and attached hereto (1) were made at or near the time of the events recorded therein (2) by, or from information transmitted by, a person with knowledge of the matters recorded therein; (3) were kept in the course of the regularly conducted business activity of _Andrews Center_ ; (4) it was the regular practice of the business activity to keep such records; and, (5) the records attached are the originals or duplicates of the originals.

I do hereby declare under penalty of perjury, as provided in 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this the _10_ day of _May_ , 2018.

_____Kathryn Livingston_____
Declarant

KATHRYN LIVINGSTON
My Commission Expires
October 5, 2018
NOTARY PUBLIC
STATE OF TEXAS

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC**
**RECORDS PURSUANT TO FEDERAL RULES OF**
**EVIDENCE 902(11) AND 902(13)**

I, _Kimberly   Head_, attest, under penalties of perjury by the laws

*Name*

of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in

this certification is true and correct. I am employed by _Salado   Apartments_

*Entity*

(hereinafter "the entity"), and my title is _Property   Manager_. I am qualified

*Title*

to authenticate the records attached hereto because I am familiar with how the records were

created, managed, stored, and retrieved. I state that the records attached hereto are true

duplicates of the original records in the custody of the provider. The attached records consist of

_8   pages_. I further state that:

*Generally describe records (pages/CDs or DVDs/megabytes)*

    a.    all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth by, or from information transmitted by, a person with

knowledge of those matters, they were kept in the ordinary course of the regularly conducted

business activity of the entity, and they were made by the entity as a regular practice; and

    b.    such records were generated by the entity's electronic process or system that

produces an accurate result, to wit:

        1.    the records were copied from electronic device(s), storage medium(s), or

file(s) in the custody of the entity in a manner to ensure that they are true duplicates of the

original records; and

        2.    the process or system is regularly verified by the entity, and at all times

pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

10. 24 · 18
Date

_Kimberly Head_
Signature

STATE OF WEST VIRGINIA
COUNTY OF HARRISON

AFFIDAVIT OF RECORD CUSTODIAN

I, Brian Allen Barker, hereby declare as follows:

1) I am a custodian of records for the Federal Bureau of Investigation (FBI), Criminal Justice Information Services Division's National Instant Criminal Background Check System (NICS) Section in Clarksburg, West Virginia. I have reviewed any and all information maintained by the NICS Section regarding an individual named "Heon Jong Yoo."

2) Under the Brady Handgun Violence Prevention Act of 1993 (Brady Act), the U.S. Attorney General was charged with establishing a system, the NICS, which the Federal Firearms Licensee (FFL) must contact for a background check (NICS check) prior to transferring a firearm to a nonlicensee to determine if the transferee is prohibited under state or federal law from receiving or possessing a firearm. The Brady Act required the U.S. Attorney General to establish the NICS on or before November 30, 1998. The authority and power vested in the U.S. Attorney General to perform this function has been delegated to the FBI pursuant to Title 28, Code of Federal Regulations (C.F.R.), Sections 0.85 and 25.3. Guidelines pertaining to the establishment, maintenance, and use of the NICS are set forth in 28 C.F.R. §§ 25.1 through 25.11. The NICS became operational on November 30, 1998.

3) Under 28 C.F.R. § 25.6(b) and (d), NICS checks may be conducted by either the NICS Section or a local or state law enforcement agency serving as an intermediary between an FFL and the FBI. These intermediaries are referred to as Points of Contact. Texas FFLs are required to contact the NICS Section directly for a background check prior to the transfer of any long gun or handgun to a nonlicensee, unless a Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) alternate permit is presented at the time of the sale or transfer. With the implementation of the NICS on November 30, 1998, certain state firearm permits (e.g., carry concealed weapon permits, permits to purchase) were qualified by the ATF as an alternate to (i.e., in lieu of) a NICS background check at the point of sale or transfer of a firearm. Alternate permits are issued for a designated period of time depending on the existing laws of a particular state of issuance. Presentation of an active permit to an FFL when attempting to receive a firearm will preclude the necessity of the FFL conducting a NICS background check with each firearm transfer during the life of the permit. The permits to carry issued by the state of Texas are currently qualified by the ATF as an alternative to a NICS check.

4) The NICS searches three electronic databases containing records, which may reveal information demonstrating the existence of state and federal records prohibiting receipt or possession of firearms. Those three databases are (1) the Interstate Identification Index, which contains criminal history records regarding more than 76 million individuals; (2) the National Crime Information Center (NCIC), which contains more than 6.4 million records regarding

1

wanted persons, protection orders, deported felons, and other matters; and (3) the NICS Indices, which contain over 17.9 million records regarding individuals subject to state and federal firearm prohibitions. In addition, whenever an FFL provides the NICS with information that a prospective purchaser has indicated he or she is a non-U.S. citizen, the NICS will automatically and electronically request a search of records held by the U.S. Immigration and Customs Enforcement (ICE) to determine if the individual is an illegal or unlawful alien or a nonimmigrant prohibited from possessing, acquiring, or receiving firearms pursuant to Title 18, United States Code (U.S.C.), Section 922(g)(5). The search of ICE records is conducted pursuant to the U.S. Attorney General's authority under the Brady Act, Section 103(e) of Public Law 103-159. The U.S. Attorney General mandated these checks by Directive, dated February 13, 2002. The FBI requires an FFL to provide information regarding the citizenship of a potential transferee as reflected on the ATF Form 4473.

5) The FFLs must have a current license issued by the ATF, must enroll with the NICS, and have a unique codeword, assigned by the NICS or chosen by the FFL, in order to be eligible to initiate NICS checks. The FFL license status validation is provided electronically to the NICS by the ATF Federal Firearms and Explosives Licensing Center (Licensing Center) in Martinsburg, West Virginia. The ATF Licensing Center also notifies the NICS electronically if an FFL's license is no longer valid. Upon notification a license is invalid, the NICS records are updated to reflect an FFL is no longer active and that FFL will not be allowed to initiate NICS checks.

6) Texas FFLs are required to contact the NICS by telephone or via the Internet in order to initiate a background check. The ATF regulations do not authorize FFLs to initiate a NICS check unless the transferee has completed all of the required information in Section A of the ATF Form 4473, including the transferee's signature and the Certification Date. When the NICS receives a request from an FFL for a NICS check, the FFL must provide the NICS his or her FFL license number (assigned by the ATF), his or her codeword, and personal identifying information regarding the prospective transferee, as reflected on the ATF Form 4473. This identifying information includes the transferee's name, date of birth, sex, race, state of purchase, state of residence, place of birth, and country of citizenship among other identifying information. If non-U.S. citizenship is claimed, then the FFL must provide a U.S.-issued alien number or admission number and whether the alien is a nonimmigrant. At this time, the FFL must also provide the NICS with the type(s) of firearm which is to be transferred (handgun, long gun, or other) and identify whether the transaction is a sale or pawn.

7) The FFLs that contact the NICS via the Internet do so through the NICS E-Check. The NICS E-Check allows authorized users to access the NICS through a secure Internet connection. Registered FFLs and their registered employees can initiate a new NICS background check, check the status of a previously delayed transaction to determine if the transaction remains in a delay status or has been changed to a proceed or deny, and to query the NTN status information for previously initiated transactions (whether submitted through the NICS E-Check or the NICS Contracted Call Center).

8)   If the potential transferee's name does not match to any record searched by the NICS, then the NICS generates an automatic electronic response of "proceed" and the NICS Contracted Call Center will provide the FFL with a unique transaction number, which is electronically generated by the NICS, and provide the response of "proceed." The NICS-generated response, indicating no records have been found, is also referred to as an "immediate" proceed.

9)   If the potential transferee's name is electronically matched with a record contained in any of the three databases or the prospective transferee has claimed non-U.S. citizenship, the NICS Contracted Call Center will provide the FFL the NTN. The NICS Contracted Call Center will explain to the FFL that the status of the transaction is still being determined and the FFL will be transferred to the NICS Section. The NICS Section will perform a cursory review in an attempt to complete the transaction while on the telephone with the FFL. If the NICS Section is unable to complete the transaction, the NICS Section will inform the FFL the transaction must be delayed pending further research. If the NICS Section is unable to determine whether a delayed transaction should be denied within three business days of the initiation of a background check, the FFL is not prohibited from transferring the firearm, pursuant to 18 U.S.C. § 922(t)(1).

10)   If the potential transferee's name does not match any record searched by the NICS or upon confirmation that a record demonstrates an individual is not prohibited from receiving a firearm, the NICS Section will inform the FFL to proceed the transfer of the firearm and to record this answer on the ATF Form 4473.

11)   Upon confirmation that a record demonstrates an individual is prohibited from receiving a firearm, the NICS Section will inform the FFL to deny the transfer of the firearm and to record this answer on the ATF Form 4473.

12)   For those transactions in which the NICS Section cannot provide a definitive response of either proceed or deny, the transaction will be delayed and placed in a "delayed" status for further research. "Delayed" transactions are those non-canceled transactions which the FFL has not yet been notified of the final determination. The NICS Section conducts research on delayed transactions to determine whether the record(s) in question demonstrates that receipt of a firearm by the potential transferee would violate subsection (g) or (n) of the Gun Control Act or state law. If the NICS Section cannot determine whether a delayed transaction should be denied within three business days of the initiation of the background check, the transaction will remain in an "open" status until a final determination can be made or it purges based on the current retention regulation. The NICS maintains records of "open" transactions until either (1) a final determination on the transaction is reached and has been communicated to the FFL resulting in the transaction status being changed to a "proceed" or a "denied" status, or (2) 90 days have elapsed from the date the background check was initiated, at which time all personal identifying information of the transferee and information identifying the specific FFL initiating the check are destroyed.

13) The NTN is provided to the FFL who is required to record that number on the ATF Form 4473. An NTN received in response to a request for a background check shall only be recorded on one ATF Form 4473. If a transferee completes more than one ATF Form 4473 concerning different firearms, then the FFL must request a separate NICS check and receive a separate NTN to record on each ATF Form 4473. All responses from the NICS must be recorded on the ATF Form 4473.

14) The Brady Act [18 U.S.C. § 922(t)(2)(C)] requires that all NTNs and their creation dates be retained indefinitely. Additionally, the FBI, pursuant to 28 C.F.R. § 25.9, is required to maintain an automated NICS Audit Log of all incoming and outgoing transactions that pass through the system, including the type of transaction, the time and date of inquiry, identifying information about the prospective transferee, and the NTN. The NICS Audit Log is used to conduct audits of the use and performance of the NICS, notwithstanding the destruction requirement contained in 28 C.F.R. § 25.9(b)(1), regarding allowed transaction information. The NICS Audit Log is monitored and reviewed as part of that audit authority on a regular basis to detect any possible misuse of the NICS. Audits are also performed based upon specific misuse allegations from law enforcement authorities such as the ATF. Under 28 C.F.R. § 25.11, misuse or unauthorized access of the NICS is defined to include, but is not limited to, FFLs or individuals furnishing incorrect information to the system to obtain a "proceed" response (thereby allowing a firearm transfer), using the system to perform a check for unauthorized purposes, and access by an unauthorized person. Initiating a NICS check prior to the completion of Section A of the ATF Form 4473 by the transferee, failure to obtain a NICS check, failure to obtain a NICS check prior to transferring the firearm, or failure to record the correct response provided by the NICS resulting from a NICS check are also considered misuses of the system.

15) Pursuant to 28 C.F.R. § 25.9(b)(1), the NICS Section is required to destroy all NICS Audit Log records relating to allowed transactions (other than the NTN assigned to the NICS transaction and the date the NTN was assigned). This destruction requires the NICS Section to destroy all personal identifying information regarding the transferee within 24 hours of informing an FFL the transaction may proceed. Information regarding the specific FFL initiating the NICS check is retained pursuant to this regulation for no longer than 90 days. The NICS Audit Log records relating to denied transactions are maintained indefinitely by the NICS Section.

16) A review of the NICS Audit Log reveals the NTN "340H3TY" was created on 01/19/2016 at 5:25 p.m. Eastern Time. The FFL was notified of the "Deny" status on 01/19/2016 at 5:36 p.m. Eastern Time. The NICS Audit Log reveals the following:

    a. On 01/19/2016, information matching Heon Jong Yoo (the individual attempting to purchase) was reviewed by a NICS Legal Instruments Examiner (NICS Examiner) who determined that two NICS Indices entries, NICS Record Identifier (NRI) 1630406673 and NRI 1726660288, matched all descriptive data of Heon Jong Yoo. The entries were based upon an individual who has been "Adjudicated Mental Defective/Committed to a Mental Institution."

      b.  On 03/18/2016, the NICS Section received an e-mail from Mr. Yoo requesting his reason of denial.

    17)  A review of the NICS Audit Log reveals the NTN "1000X8B7B" was created on 09/13/2016 at 4:27 p.m. Eastern Time.  The FFL retrieved the "Deny" status on 09/13/2016 at 4:43 p.m. Eastern Time.  The NICS Audit Log reveals the following:

      a.  On 09/13/2016, information matching Heon Jong Yoo (the individual attempting to purchase) was reviewed by a NICS Examiner who determined that two NICS Indices entries, NRI 1630406673 and NRI 1726660288, matched all descriptive data of Heon Jong Yoo.  The entries were based upon an individual who has been "Adjudicated Mental Defective/Committed to a Mental Institution."

    18)  A review of the NICS Audit Log reveals the NTN "1002Z2K3X" was created on 11/17/2016 at 5:07 p.m. Eastern Time.  The FFL retrieved the "Deny" status on 11/17/2016 at 5:07 p.m. Eastern Time.  The NICS Audit Log reveals the following:

      a.  On 11/17/2016, information matching Heon Jong Yoo (the individual attempting to purchase) was reviewed by a NICS Examiner who determined that two NICS Indices entries, NRI 1630406673 and NRI 1726660288, matched all descriptive data of Heon Jong Yoo.  The entries were based upon an individual who has been "Adjudicated Mental Defective/Committed to a Mental Institution."

    19)  A review of the NICS Audit Log reveals the NTN "1002Z3PTJ" was created on 11/17/2016 at 5:32 p.m. Eastern Time.  The FFL retrieved the "Deny" status on 11/17/2016 at 5:36 p.m. Eastern Time.  The NICS Audit Log reveals the following:

      a.  On 11/17/2016, information matching Heon Jong Yoo (the individual attempting to purchase) was reviewed by a NICS Examiner who determined that two NICS Indices entries, NRI 1630406673 and NRI 1726660288, matched all descriptive data of Heon Jong Yoo.  The entries were based upon an individual who has been "Adjudicated Mental Defective/Committed to a Mental Institution."

    20)  A review of the NICS Audit Log also reveals the NTN "100HTZM0X" was created on 01/31/2018 by the state of Texas for a state firearm permit.

    21)  The NICS Indices entries that descriptively matched Mr. Yoo were entered by the Middlesex County Adjustor, New Brunswick, New Jersey.  The NICS Indices entry, NRI 1630406673, was created on 04/19/2013, and NRI 1726660288 was created on 09/25/2015.

In accordance with 28 U.S.C. § 1746, I affirm under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of April 2018


Brian Allen Barker
Legal Administrative Specialist
Clarksburg, West Virginia

6

# TEXAS DEPARTMENT OF PUBLIC SAFETY





**REGULATORY SERVICES DIVISION**
**5806 GUADALUPE, BOX 4087, AUSTIN, TEXAS 78773**
**512/424-7293**
**www.dps.texas.gov**

STEVEN C. McCRAW
DIRECTOR
DAVID G. BAKER
ROBERT J. BODISCH, SR.
SKYLOR HEARN
DEPUTY DIRECTORS

COMMISSION
STEVEN P. MACH, CHAIRMAN
MANNY FLORES
A.CYNTHIA LEON
JASON K. PULLIAM
RANDY WATSON

## CERTIFIED RESPONSE TO RECORDS REQUEST

**STATE OF TEXAS      }**

**COUNTY OF TRAVIS  }**

**RE:**   **Application for "Concealed Handgun License" also known as "License to Carry" for HEON JONG YOO, Asian Male, (DOB ██████, Driver License Number: ██████, License to Carry Number: ██████) to include and information used in the decision to revoke the license – 151 Pages**

Pursuant to the authority contained in Rule 902, Section 4, Texas Rules of Evidence, I hereby certify that I am Jennifer Combs, Administrative Operations Manager, Regulatory Services Division, Texas Department of Public Safety, and in such capacity am deputy custodian of the records of the Regulatory Services Division of the Texas Department of Public Safety.

Attached is a redacted copy of the instrument or instruments on file and as same appears among the records of this Department.  Such records were made in the performance of the functions of my office and employment.



In Testimony Where of, I hereunto set my hand and affix the Seal of the Department of Public Safety of the State of Texas.  Done at my office, in the City of Austin, this 5th day of April, 2018 A.D.

**Jennifer Combs, Administrative Operations Manager**
**Administrative Operations**
**Operations and Shared Services**

SWORN TO AND SUBSCRIBED before me on this 5th day of April, 2018 A.D.

**NOTARY PUBLIC for the State of Texas**

FRANCES M. JUAREZ
Notary Public, State of Texas
Notary ID # 12871288-3
My Commission Expires March 18, 2020
NOTARY WITHOUT BOND

**My commission Expires:**
March 18, 2020