IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:18-CR-16 |
| | § | (Judge RWS/KNM) |
| HEON JONG YOO | § | |
| a/k/a "HANK YOO" | § | |

**GOVERNMENT'S SUPPLEMENTAL DISCLOSURE
AND NOTICE OF INTENT TO CALL EXPERT WITNESSES**

The United States of America files, pursuant to Federal Rule of Criminal

Procedure 16, this supplemental notice of intent to call the following expert witnesses:

Paul Freese
Industry Operations Investigator
Bureau of Alcohol, Tobacco, Firearms, and Explosives
1114 Commerce Street, Room 303
Dallas, Texas 75242

Mr. Freese is an Industry Operations Investigator for the Bureau of Alcohol,

Tobacco, Firearms, and Explosives (ATF).  He has held this position since 2010.  Prior to

working with the ATF, he was employed by the Dallas (Texas) Police Department in a

variety of capacities from 1976-2010.

In his current position with the ATF, Mr. Freese conducts investigations and

inspections pertaining to the industries and persons regulated by the ATF (*i.e.,* firearms

and explosives users, dealers, importers, exporters, manufacturers, wholesalers) and

under the jurisdiction of the Gun Control Act, National Firearms Act, Arms Export

Control Act, Organized Crime Control Act of 1970, and other federal firearms and

explosives laws and regulations.  As part of such investigations and inspection, he

**Government's Supplemental
Expert Witness Disclosure – Page 1**

identifies evidence of falsification of records and documents any discrepancies through the analysis and examination of records, documents, and reports.  He refers any alleged criminal violations to Special Agents for further action.

In addition, Mr. Freese determines if persons desiring to enter business in the regulated industries meet established legal requirements for obtaining a federal permit or license.  As part of such suitability determinations, he conducts interviews, inspects buildings, and performs routine background investigations.

Mr. Freese provides up-to-date training to both applicants and licensees in the proper completion of the ATF Form 4473, Firearms Transaction Record in compliance with federal law.  Furthermore, he develops educational presentations for industry associations and the public.  He also participates in conferences and discussions with ATF officials concerning specific investigations and inspections.  In addition, he assists ATF Special Agents on search warrants and conducts forward traces on individuals related to criminal investigations.  A copy of Mr. Freese's resume/curriculum vitae is attached as Exhibit 1.

Regarding the present matter, Mr. Freese is expected to offer testimony about the recordkeeping requirements imposed upon federal firearms licensees (FFLs) in connection with firearms transactions involving non-licensed individuals.  Mr. Freese will testify that the ATF Form 4473 is the official firearms transaction record for intrastate, over-the-counter sales or dispositions of firearms.  He will further testify that the Form 4473 is designed to enable FFLs to determine whether they may lawfully sell or deliver a firearm to the purchaser and to alert the buyer of certain restrictions on the

**Government's Supplemental**
**Expert Witness Disclosure – Page 2**

receipt and possession of firearms.  Mr. Freese will also testify that federal law requires the completion of a Form 4473 in connection with each transaction.  In addition, he will testify that after each transaction has been completed, FFLs are required to retain the completed original Form 4473 and any supporting documents as part of their permanent records.

Mr. Freese will testify that the Form 4473 is comprised of four sections.  He will testify that Section A requires the buyer/transferee to provide his full legal name, current address, date, and place of birth, height, weight, gender, ethnicity, and race; social security number and unique personal identification number are optional.  In addition, Mr. Freese will testify that the buyer/transferee must certify that he or she is the actual buyer of the firearm and state whether he is a citizen of the United States.  Mr. Freese will tesify that an individual who is not a United States citizen must record his U.S.-issued alien or admission number.  In addition, Mr. Freese will testify that the buyer/transferee must provide certain personal background information, including whether the buyer:

- is under indictment or information for a felony;
- has ever been convicted of a felony;
- is a fugitive from justice;
- is an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or other controlled substance;
- has ever been adjudicated mentally defective or been committed to a mental institution;
- has been discharged from the Armed Forces under dishonorable conditions;
- is subject to a court order restraining him or her from harassing, stalking, or threatening their child, intimate partner, or child of such partner;
- has ever been convicted of a misdemeanor crime of domestic violence;
- has renounced United States citizenship;
- is an alien illegally or unlawfully in the United States, or an alien admitted to the United States under a non-immigrant visa.

**Government's Supplemental**
**Expert Witness Disclosure – Page 3**

Mr. Freese will testify that the buyer/transferee must certify that his or her answers to Section A are true, correct, and complete.  Mr. Freese will also testify that the Form 4473 warns the buyer/transferee that making a false statement or exhibiting false identification with respect to the firearm transaction is a felony offense under federal law and may also violate state or local laws.  Mr. Freese will further testify that if a buyer/transferee takes possession of the firearm on a date other than the date Section A was signed, the buyer/transferee must recertify in Section C of the Form 4473, that the answers in Section A are still true, correct, and complete.

Mr. Freese will testify that Sections B and D of Form 4473 must be completed by the FFL ("Transferor/Seller").  He will also testify that Section B includes information about the type of firearm (handgun, long gun, or other firearm), the form of identification used by the buyer/transferee, and the background check completed by the FFL.  Mr. Freese will further testify that Section D includes the firearm's manufacturer and importer, model, serial number, type, and caliber or gauge of each firearm transferred or sold; the total number of firearms transferred, the transferor's trade/corporate name, address, and license number; the name, signature, and title of the individual transferor, and the date of transfer.  In addition, Mr. Freese will testify that the transferor must certify that the answers in Sections B and D are true, correct, and complete.

Dr. Mary Victoria Larsen
Director, Acute Emergency Services
Rutgers University Behavioral Health Care
671 Hoes Lane
Piscataway, New Jersey 08855

Dr. Mary Victoria Larsen currently serves as director of Acute Emergency Services for Rutgers University Behavioral Health Care in Piscataway, New Jersey.  She has held this position since 2013.  Prior to her work in this position, Dr. Larsen worked in various clinical and administrative positions at the University of Medicine and Dentistry of New Jersey from 1986-2013.  She holds a New Jersey psychology license as well as a New Jersey screener certification.  Her education includes an M.A. degree in general psychology from Montclair State College and an Ed. D. degree in counseling psychology and guidance from Rutgers University.

In her current position, Dr. Larsen provides administrative and clinical oversight of multiple programs that provide screening, short-term outpatient, clinical, and case management services.  She also provides training to multiple audiences including medical staff regarding the New Jersey screening law and related regulations.  A copy of Dr. Larsen's resume/curriculum vitae is attached as Exhibit 2.

Dr. Larsen will testify regarding the procedures for involuntary commitment to an inpatient facility in New Jersey.  She will testify that every county in New Jersey has a Designated Screening Service with an assigned catchment area for which that Screening Service must provide Screening and outreach services.  She will further testify that a screening service is the program where a person believed to be in need of commitment to a short-term care facility, psychiatric facility, or special psychiatric hospital undergoes an

**Government's Supplemental**
**Expert Witness Disclosure – Page 5**

assessment to determine what mental health services are appropriate for the person and where those services may be most appropriately provided.  She will testify that Acute Psychiatric Service (APS) is the designated screening service for Middlesex County, New Jersey, and that APS serves the Rutgers University area, including New Brunswick, New Jersey.

Dr. Larsen is expected to testify that certified mental health screeners outreach individuals in the community who present as potentially dangerous to self, others, or property due to mental illness.  She will further testify that if the screener determines that a person is in need of involuntary commitment, the Screener has the authority to complete a Transport Form which requires law enforcement to insure that such individuals are transported to the screening service for a complete assessment.  In addition, she will testify that state or local law enforcement officials who have reasonable cause to believe that an individual is in need of involuntary commitment are authorized to take custody of such persons and transport them to a screening service.  Dr. Larsen will testify that at the screening service, a screener will conduct an evaluation, and, if the individual meets commitment criteria as defined in the Screening Law (N.J.S.A. § 30:4-27.1, *et seq*.) complete a Screening Document.  The completion of the Screening Document mandates that the individual must be evaluated by a psychiatrist who meets the requirements of the Screening Law and the Screening and Outreach regulations (N.J.A.C. § 10:31).

Dr. Larsen will testify that within 24 hours, a psychiatrist conducts a separate evaluation of the patient and, if that psychiatrist concludes that the individual meets the

criteria for commitment, s/he completes a Screening Certificate.  She will also testify that

the examining psychiatrist determines whether the patient is in need of commitment

because he suffers from a mental illness and is a danger to self or others or property by

reason of such mental illness in the foreseeable future.  She will further testify that if such

a determination is made, the patient will then be admitted for inpatient treatment.

Dr. Larsen will testify that upon admission, the individual must undergo another

evaluation by a psychiatrist associated or affiliated with the inpatient facility.  She will

further testify that this psychiatrist will complete a Clinical Certificate.  In addition, she

will testify that the examining psychiatrist determines whether there is a need of

commitment because the individual suffers from a mental illness and would, if not

committed, be a danger to self or others or property by reason of such mental illness in

the foreseeable future.  The inpatient psychiatrist must complete this evaluation within 72

hours of the completion of the Screening Certificate.

Dr. Larsen is expected to testify that under New Jersey law, a temporary court

order is required for involuntary commitment.  She will testify that court proceedings

may be initiated within 72 hours of completion of the Screening Certificate by

submission of the Screening Document, Screening Certificate, and Clinical Certificate.

She will also testify that the court determines whether there is probable cause to believe

that the person is in need of involuntary commitment for treatment.  Dr. Larsen will

further testify that if the court finds probable cause, a temporary order is issued

authorizing commitment of the person to an outpatient treatment provider or the

admission to or retention of the person in the custody of the facility for up to 21 days.

Dr. Larsen will testify that this order can be extended by further legal process and assessment.

Dr. Larsen will testify that in April 2013 and again in September 2015, Heon Jong Yoo was involuntarily committed to a mental institution, specifically Carrier Clinic in Belle Mead, New Jersey.  She will further testify that Carrier Clinic is an inpatient psychiatric facility.  Dr. Larsen is expected to testify that in April 2013 and September 2015, the Superior Court for Somerset County, New Jersey, entered temporary orders for the involuntary commitment of the defendant based upon a finding of probable cause that he was in need of involuntary commitment for treatment.  Based upon her background, education, training, experience, and review of relevant records, Dr. Larsen will further testify that in both instances, court proceedings were initiated with the submission of the required Screening Documents, Screening Certificates, and Clinical Certificates.

The government believes that much of the testimony of these witnesses is actually proper lay opinion.  Nevertheless, the government is designating the witnesses as experts in an effort to avoid any evidentiary disputes at trial.

JOSEPH D. BROWN
UNITED STATES ATTORNEY


*/s/ L. Frank Coan, Jr.*
L. Frank Coan, Jr.
Assistant United States Attorney
Bar No. 170966 (Georgia)
110 N. College, Suite 700
Tyler, Texas  75702
(903) 590-1400
(903) 590-1439 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:18-CR-16 |
| | § | (Judge RWS/KNM) |
| HEON JONG YOO | § | |
| a/k/a "HANK YOO" | § | |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was served on the defendant via U.S.

mail on this the 2nd day of November, 2018.


*/s/ L. Frank Coan, Jr.*
L. Frank Coan, Jr.