**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **V.** | § | **CRIM. ACTION NO. 6:18CR16** |
| **HEON JONG YOO** | § | |

## <u>ORDER</u>

Before the Court is Defendant's Motion to Quash the Indictment (Docket No. 135).  The United States of America ("the Government") filed a response (Docket No. 167).  The Defendant filed a reply to the Government's response (Docket No. 202).  For the reasons below, the motion is **DENIED**.

### *Background*

On October 11, 2018, Defendant filed a Motion to Quash the Indictment (Docket No. 135).  Defendant states that he seeks dismissal of the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v).  *Id.* at 1.  Defendant asserts that the indictment is defective. *Id.*  Defendant is charged in Counts One through Seven of the Superseding Indictment with violations of 18 U.S.C. § 924(a)(1)(A) for making false statements concerning his country of citizenship on Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 Firearms Transaction Records ("Form 4473"), but Defendant argues that federally-licensed firearms dealers are not required to keep information concerning firearm-purchaser citizenship.  *Id*. Defendant states that he is a lawful permanent resident of the United States and that there is no material difference between a lawful permanent resident and a United States citizen when purchasing firearms.  *Id*.  As a result, he argues that he did not have any intent to deceive the Government and the indictment should be quashed.  *Id.*

Defendant additionally alleges that the prosecution lacks an evidentiary basis for charging Defendant with Count Eight of the Superseding Indictment. *Id*. at 2. He contends that he lawfully owned firearms for a lawful purpose. *Id*. With regard to Count Eight of the Superseding Indictment, charging a violation of 18 U.S.C. § 922(g)(4)—Possession of a Firearm by a Prohibited Person, Defendant alleges that he was not committed to a mental institution and, thus, is not a prohibited person. *Id*. He asserts that on both occasions relied upon by the Government, he was discharged from the mental institution prior to a hearing. *Id*. Defendant submits that he was unaware of an entry on the National Instant Criminal Background Check System ("NICS") concerning his commitments to mental health institutions until this criminal action was filed. *Id*. at 2–3.

In response, the Government asserts that the Superseding Indictment properly sets forth the charged violations and that Defendant has not raised any legitimate questions of law. Docket No. 167 at 2. Contrary to Defendant's assertion, the Government submits that firearms dealers are required to keep information concerning a firearm purchaser's citizenship. *Id*. at 3. The Superseding Indictment alleges that Defendant misrepresented his citizenship on multiple firearms transaction records for multiple firearm purchases. *Id*.; *see also* Docket No. 84 at 1–2.

With regard to Count Eight, the Government submits that the Superseding Indictment charges Defendant with a violation of 18 U.S.C. § 922(g)(4) for possessing a firearm after having been committed to a mental institution. *Id*. at 4; *see also* Docket No. 84 at 2. The Government contends that Defendant was involuntarily committed to a mental institution two times while residing in New Jersey—in 2013 and 2015—pursuant to court orders. *Id*. at 4–5.

*Discussion and Analysis*

Defendant seeks dismissal of the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failure to state an offense. Docket No. 135 at 4. "[A] motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004). When considering a motion to dismiss an indictment for failure to state an offense, the court must "take the allegations of the indictment as true and [] determine whether an offense has been stated." *Id.* As the Court explained in *Kay*:

> '[I]t is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged.' The test for sufficiency is 'not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional standards'; namely, that it '[(1)] contain [] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, and [(2)], enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'

*Id.* (quoting *United States v. Ramirez*, 233 F.3d 318, 323 (5th Cir. 2000), *overruled on other grounds by United States v. Longoria*, 298 F.3d 367 (5th Cir. 2002)).

In Counts One through Seven, the Superseding Indictment charges violations of 18 U.S.C. § 924(a)(1)(A). Section 924(a)(1)(A) prohibits "knowingly mak[ing] any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter or in applying for any license or exemption or relief from disability under the provisions of this chapter." Section 924(a)(1)(A) does not require that the false statement be material. *Abramski v. United States*, 135 S.Ct. 2259, 2274 (2014).

"This chapter," as referred to in § 924(a), is Chapter 44 of Title 18. *Id.* Pursuant to 18 U.S.C. § 923(g)(1), which is included in Chapter 44 of Title 18, firearms dealers are required to "maintain such records of . . . sale, or other disposition of firearms at his place of business for

such period, and in such form, as the Attorney General may by regulations prescribe." Accordingly, whatever information is required to be kept by a firearms dealer pursuant to the Attorney General's regulations is "required by this chapter." *Abramski*, 134 S.Ct. at 2274. The applicable regulations require licensed dealers to retain "each Form 4473 obtained in the course of transferring custody of [] firearms." 27 C.F.R. § 478.124(b). Therefore, a false answer on a Form 4473 "pertains to information a dealer is statutorily required to maintain" and states a violation of 18 U.S.C. § 924(a)(1)(A). *Abramski v. United States,* 134 S.Ct. at 2274.

Counts One through Seven of the Superseding Indictment allege that Defendant knowingly and falsely listed his country of citizenship as "United States of America" on seven versions of the Form 4473, in violation of 18 U.S.C. § 924(a)(1)(A). An allegation of a false statement on a Form 4473 states a violation of § 924(a)(1)(A). *Abramski,* 134 S.Ct. at 2274. Taking the allegations of the indictment as true, as required in the context of a motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failure to state an offense, Counts One through Seven of the Superseding Indictment state offenses pursuant to 18 U.S.C. § 924(a)(1)(A).

Count Eight of the Superseding Indictment charges a violation of 18 U.S.C. § 922(g)(4). Section 922(g)(4) makes it unlawful for a person "who has been committed to a mental institution" to possess firearms or ammunition. Specifically, the indictment alleges that Defendant knowingly possessed five firearms after having been committed to a mental institution. Docket No. 84 at 2. Defendant's motion does not argue that the indictment is facially defective. Instead, Defendant disputes the facts concerning whether he was committed to a mental institution. Docket No. 135 at 2–3. Defendant's argument goes to whether the facts alleged in the indictment are true and not whether they state an offense. As stated above, the

Court must take the factual allegations in the indictment as true when considering a motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failure to state an offense. *Kay*, 359 F.3d at 742. The determination to be made is only whether the indictment states an offense. *Id*. Here, the indictment properly states an offense and apprises Defendant of the charged offense.

At the core of Defendant's argument is whether his temporary involuntary commitments in New Jersey qualify as a "commitment to a mental institution" as that phrase is used in § 922(g)(4). The statute does not define what constitutes a commitment to a mental institution. Federal courts look to state law where the alleged commitment occurred to determine whether an individual was "committed" as contemplated by § 922(g)(4). *See United States v. Giardina*, 861 F.2d 1334, 1335 (5th Cir. 1988). The Government asserts in its response to the motion to quash that Defendant was involuntarily committed to mental institutions in New Jersey on two occasions pursuant to temporary court orders in accordance with New Jersey law. Docket No. 167 at 5. One federal district court faced with the issue of whether such temporary involuntary commitment orders under New Jersey law constitute a commitment to a mental institution for purposes of § 922(g)(4) held that temporary orders of involuntary commitment under New Jersey law are sufficient to find a commitment to a mental institution for purposes of § 922(g)(4). *United States v. Miller*, 366 F.Supp.2d 128, 131 (D. Maine Feb. 14, 2005).

As stated, however, the issue currently before the Court is limited to the sufficiency of the indictment. The Court is limited to determining whether the indictment meets the minimum constitutional standards, in that it contains the essential elements of the charged offense and fairly informs the defendant of the charge against him so that he can defend against the charge.

*Kay*, 359 F.3d at 742.   Defendant has not shown that the indictment fails to state an offense pursuant to 18 U.S.C. § 922(g)(4).   It is therefore

 **ORDERED** that Defendant's Motion to Quash the Indictment (Docket No. 135) is **DENIED.**

 **SIGNED this 8th day of November, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE