IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| v. | § | **CRIM. ACTION NO. 6:18CR16** |
| **HEON JONG YOO** | § | |

### ORDER

Before the Court are Defendant's Motions to Dismiss with Prejudice (Docket Nos. 136, 148), Motion to Strike Pleadings and Motion to Dismiss with Prejudice (Docket Nos. 152, 152-1).[1] No response was filed by the United States of America. For the reasons below, the motions are **DENIED**.

*Background*

Defendant's motions to dismiss are identical (Docket Nos. 136, 148, 152-1). In the motions, Defendant asserts that this criminal case should be dismissed because of "dozens of [instances of] professional misconduct, judicial misconduct, official misconduct," and abuses of discretion. *See, e.g.*, Docket No. 136 at 1. Defendant alleges that this criminal case is the result of a conspiracy by "DOJ, BATFE, FBI, Rugers, UT Tyler, UConn, RWJUH, Carrier Clinic, Tyler PD, Smith [County] Sheriff's Office, and T[exas] DPS." *Id*. Upon dismissal, Defendant requests the return of his property, financial compensation and the removal of entries on NICS stating he has two mental institution commitments. *Id*. at 1–2.

In the Motion to Strike Pleadings, Defendant alleges that a prosecutor assigned to this case, Assistant United States Attorney Frank Coan ("AUSA Coan"), should be sanctioned for

---

[1] Defendant's Motion to Dismiss with Prejudice was filed as Ex. 1 to Docket No. 152. *See* Docket No. 152-1. Defendant filed additional substantively identical copies his Motion to Dismiss with Prejudice (Docket No. 152-1) as exhibits to Docket Nos. 153, 154, 174. *See* Docket Nos. 153-1, 154-1, 174-1.

prosecutorial misconduct and perjury. *See* Docket No. 152 at 1. Defendant asserts that, at the detention hearing, AUSA Coan falsely accused him of being a person who is prohibited from possessing firearms, asserted that Defendant is a danger without evidentiary proof, accused Defendant of making terroristic threats without proof, and sought to entrap Defendant during his testimony. *Id*. at 1–2. As a result, Defendant argues that AUSA Coan should be sanctioned pursuant to Federal Rule of Civil Procedure 11(b)(1), (2), (3) and (4). *Id*. at 2.

*Discussion and Analysis*

Defendant submits conclusory allegations of misconduct and conspiracy as a basis for dismissal of the indictment. *See* Docket Nos. 136, 148, 152, 152-1. Defendant does not provide any facts to support these bare allegations or cite any legal authority for dismissal of the case. *Id.*

In the Motion to Strike Pleadings, Defendant submits that AUSA Coan made improper statements about him at his detention hearing. Docket No. 152 at 1–2. Establishing the defense of prosecutorial misconduct based upon statements made by a prosecutor requires a showing that the prosecutor made improper remarks and that the prosecutor's remarks affected the defendant's substantial rights. *United States v. Winters*, 530 Fed. App'x. 390, 399 (5th Cir. 2013). Notably, the remarks referred to by Defendant were made by AUSA Coan at a hearing. Docket No. 152 at 1–2. They were not made at trial or in the presence of a jury. Even if Defendant could establish that AUSA Coan's statements were improper, he has not alleged facts showing that the statements affected his substantial rights, as required to establish prosecutorial misconduct. *Id*.

In the Motion to Strike Pleadings, Defendant also seeks a sanction against AUSA Coan. Docket No. 152 at 1. Defendant states that he is seeking relief pursuant to Federal Rule of Civil Procedure 11(b). *Id*. at 2. The Federal Rules of Civil Procedure, however, are not applicable to criminal cases. *See United States v. Bouldin,* 466 Fed. App'x. 327, 328 (5th Cir. 2012) (per

curiam); *United States v. Fuller*, 459 Fed. App'x. 346 (5th Cir. 2012); *United States v. Jaimes-Jurado*, 254 Fed. App'x. 341, 342 (5th Cir. 2007). The Federal Rules of Civil Procedure do not provide grounds for imposing a sanction against a prosecutor in a criminal case and Defendant does not cite any other basis for imposing a sanction. Further, to the extent Defendant alleges that AUSA Coan committed perjury, Defendant has not identified any testimony provided by AUSA Coan under oath or affirmation. As a result, he has not alleged facts sufficient to show perjury. *United States v. Williams*, 874 F.2d 968, 980 (5th Cir. 1989).

It is additionally noted that Defendant filed two Notices on November 5, 2018, that were filed as notices (Docket Nos. 209, 210). In these documents, Defendant asserts that this case should be dismissed as a result of judicial incompetence and malice. Docket Nos. 209 at 1; 210 at 1. Defendant alleges that the undersigned's rulings show that the Court is on the prosecutor's side. *Id*. Specifically, Defendant complains that the Court entered an order detaining him pending trial. Docket No. 210 at 3.

Defendant's allegations of judicial misconduct are solely based on the Court's handling of this case. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554 (1994) (citing *United States v. Grinnell Corp*., 384 U.S. 563, 583 (1966)). Defendant does not point to any extrajudicial comments by the Court in this case that would show bias or prejudice. Instead, he relies on conclusory allegations that the rulings against him, including the ruling resulting in his detention pending trial, show bias. These conclusory allegations do not show "deep-seated favoritism or antagonism that would make a fair judgment impossible." *Id*. at 555.

For these reasons, Defendant has not shown a basis for dismissal or a sanction against AUSA Coan. It is therefore

**ORDERED** that Defendant's Motions to Dismiss with Prejudice (Docket No. 136, 148) and Motion to Strike Pleadings and Motion to Dismiss with Prejudice (Docket Nos. 152, 152-1) are **DENIED**. To the extent Defendant's Notices (Docket Nos. 209, 210) can be construed as motions to dismiss, they are also **DENIED**.

**SIGNED this 8th day of November, 2018.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE