IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIM. ACTION NO. 6:18CR16 |
| HEON JONG YOO | § | |

## ORDER

Defendant filed an Emergency Motion to Strike the Search Warrant (Docket No. 95), a Motion to Strike Search Warrant and Affidavit (Docket No. 190) and a Motion to Dismiss with Prejudice, Update Motion to Strike the Search Warrant and Affidavit (Docket No. 206). The United States of America ("Government") filed two responses challenging Defendant's assertions. *See* Docket Nos. 127 and 212. For the reasons below, the motions are **DENIED**.

*Emergency Motion to Strike the Search Warrant (Docket No. 95)*

On April 6, 2018, United States Magistrate Judge John D. Love issued a Search and Seizure Warrant for Defendant's apartment and vehicle authorizing the seizure of a number of items. Docket No. 127-2. Defendant argues that the warrant was improperly granted because it exceeded the scope of relevance and admissibility defined by the Federal Rules of Evidence as well as the scope of property subject to search and seizure as defined in the Federal Rules of Criminal Procedure. *See* Docket No. 95 at 1–2. Defendant states that "[e]xcept for the actual 4473 forms and records registered to record custodian, none of the 'evidences' are relevant to the case," and that the "warrant was used as a pretext to unlawfully seize personal property that had nothing to do with acquisition of firearm, legal or otherwise." *Id.* at 2. Defendant also asserts, without any further explanation, that the search warrant was a violation of his rights under the Second, Fourth, Fifth, Sixth, and Eighth Amendments. *Id.*

In response, the Government asserts that Defendant improperly relies on the Federal Rules of Evidence and that "the bounds of a permissible search are not defined solely by the rules governing admissibility at trial." *See* Docket No. 127 at 5.  The Government contends that the warrant was properly obtained and executed pursuant to Fourth Amendment protections, such as a judicial determination of probable cause and a listing of the particular items and types of items to be seized.  *Id.* at 3–4; *see* Docket No. 127-2.

Defendant's reliance on the Federal Rules of Evidence is misplaced as they do not provide a sufficient basis to challenge the scope of the warrant.  Defendant also cites Rule 41 of the Federal Rules of Criminal Procedure without further explanation.  To the extent that Defendant intends to establish a violation of his Fourth Amendment rights related to the scope of the seized items, Fourth Amendment protections do require that a warrant particularly describe the place to be searched and the person or things to be seized.  *United States v. Beaumont*, 972 F.2d 553, 560 (5th Cir. 1992).  However, Defendant does not explain why the listings in Exhibits A and B attached to the warrant fail to satisfy that particularity requirement.  Defendant does not otherwise establish or explain a sufficient legal basis for challenging either the issuance of the warrant or its execution by law enforcement officers.  Accordingly, Defendant's Emergency Motion to Strike the Search Warrant (Docket No. 95) is **DENIED.**

*Motion to Strike the Search Warrant and its Affidavit (Docket No. 206).*

In his Motion to Strike the Search Warrant and its Affidavit (Docket No. 206), Defendant argues that six documents disclosed by the Government on October 12, 2018 demonstrate that "the ATF and the DOJ had every necessary and admissible evidences for two alleged charges. However [Special Agent] Reed still applied for a search and seizure warrant and [Judge] Love granted it in order to manufacture charges which are frivolous." Docket No. 190 at 2.  Defendant lists the six

documents as an "ATF Report of Investigation (ROI) regarding initiation of investigation," an "ATF ROI regarding preliminary investigation," and "ATF ROI regarding arrest of Heon Jong Yoo," an "Evidence Control Log from 4/06/18 Search Warrant," and "ATF ROI regarding interview of Beau Walker," and an "FBI-302 of interview of Beau Walker." *Id.* at 1. Defendant argues the Government failed to meet its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) because "the accused has filed motions for discovery disclosures," and "[the ATF ROIs] listed above were material disclosures." *Id.*

The Government responds that the six documents referenced by Defendant, in particular the ATF investigative reports, were already disclosed to Defendant multiple times. Docket No. 212. The Government asserts that the "material contained in the two ATF investigative reports was disclosed to the defendant's counsel at the initial appearance on April 6, 2018," and that the reports "reference and summarize" the information found on the ATF Form 4473s and reports from other law enforcement agencies. *Id.* at 2. The Government further contends that it disclosed those forms and reports "on or about April 23, 2018, after the defendant retained new counsel," "again to the defendant on or about August 6, 2018, after he had retained another new lawyer," "a third time to the defendant on or about September 20, 2018, following the order allowing him to proceed *pro se*," and finally "a fourth time to the defendant's appointed stand-by counsel on or about September 24, 2018." *Id.* The Government also submits that Defendant's reliance on *Brady* is misplaced because Defendant admits that the documents were not suppressed but actually disclosed. *Id.* at 4 n.2.

The right to the disclosure of materially favorable information is part of a defendant's right to a fair trial. *United States v. Ruiz*, 536 U.S. 622, 628 (2002). Under *Brady v. Maryland*, the government must disclose material, exculpatory evidence to a criminal defendant. *United States v.*

*Walters,* 351 F.3d 159, 169 (5th Cir. 2003) (citing *Brady v. Maryland,* 373 U.S. 83, 87 (1963)). "A valid *Brady* complaint contains three elements: (1) the prosecution must suppress or withhold evidence, (2) which is favorable, and (3) material to the defense." *United States v. Lanford,* 838 F.2d 1351, 1355 (5th Cir. 1988) (quoting *United States v. Auten,* 632 F.2d 478, 481 (5th Cir. 1980)). "Evidence is not 'suppressed' if the defendant knows or should know of the essential facts that would enable him to take advantage of it." *United States v. Runyan,* 290 F.3d 223, 246 (5th Cir. 2002). Disclosures must also be timely to allow the defense to use the material effectively in the preparation and presentation of its case. *See United States v. McKinney*, 758 F.2d 1036, 1049–50 (5th Cir. 1985).

Defendant has not sufficiently established that any of the documents listed in his motion were suppressed or withheld. Not only does Defendant admit the documents have been provided, the Government has detailed numerous previous disclosures of the documents to Defendant, Defendant's multiple former attorneys and Defendant's standby counsel. *See* Docket No. 212 at 2. Further, the essential facts of the documents appear to have been included in affidavits attached to the complaint and the search warrant, which were authorized for disclosure by an Order on October 2, 2018. Because Defendant has not shown that the documents were suppressed, Defendant has not established a *Brady* claim or sufficiently explained the prejudice requiring remedy. Accordingly, Defendant's motion (Docket No. 190) is **DENIED**.

***Motion to Dismiss with Prejudice, Update Motion to Strike the Search Warrant and Affidavit (Docket No. 206)***

In his Motion to Dismiss with Prejudice, Defendant reiterates his arguments from Docket No. 95 that the April 6, 2018 search warrant was "a severe violation of Rule 41(c) of the FRCrP to seize items which were not 41(c)(1), (2), and (3) such as the accused's electronics, indicia of

ownership, immigration documents, and medical records, considering the nature of the charges § 924(a)(1)(A) and § 922(a)(6)." Docket No. 206 at 1.  Defendant also argues that the sealing of the search warrant, its accompanying affidavit, the criminal complaint, and other entries was "unlawful" and "a severe violation of the accused's due process." *Id.* at 1–2.  Defendant requests that the search warrant and its accompanying affidavit be "stricken," that all seized properties be returned, and that the case be dismissed with prejudice, "due to malice, negligence, incompetence, and criminal conspiracy of the prosecution and the court against the accused." *Id.* at 2.

Defendant here again relies on conclusory statements without a sufficient showing or explanation why the items were improperly seized under Federal Rule of Criminal Procedure 41.  Defendant also does not cite any legal basis for why the sealing of documents was unlawful or why that would support a dismissal with prejudice.  Accordingly, Defendant's motion (Docket No. 206) is **DENIED**.

**SIGNED this 9th day of November, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE