Ronald G. Rios
*Freeholder Director*

Charles E. Tomaro
*Deputy Director*

Kenneth Armwood
Charles Kenny
Leslie Koppel
Shanti Narra
Blanquita B. Valenti
*Freeholders*



**MIDDLESEX**
C O U N T Y • N J

**COUNTY ADMINISTRATION**

Office of County Counsel

Charles E. Tomaro
*Chairperson, County Administration*

John A. Pulomena
*County Administrator*

Thomas F. Kelso, Esq.
*County Counsel*

September 26, 2018

*VIA CERTIFIED U.S. MAIL*

L. Frank Coan, Jr., Asst. U.S. Attorney
110 North College St., Ste. #700
Tyler, Texas 75702

   **RE: Grand Jury Subpoena 18-0010-05**

Mr. Coan:

   Enclosed please find certified copies of the documents requested in the grand jury subpoena served on the Middlesex County Adjuster.

   If you require additional information, please do not hesitate to contact me.

        Very truly yours,

        Alessandra Baldini, Esq.
        Deputy County Counsel

cc:  Sandra Coleman, County Adjuster



U.S. v. Yoo
6:18CR16
Government's Exhibit
9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| | § | |
| IN RE: | § | |
| | § | CERTIFICATION OF RECORDS |
| GRAND JURY SUBPOENA NO. | § | MIDDLESEX COUNTY, NEW JERSEY |
| 18-0010-05 | § | ADJUSTER SANDRA COLEMAN |
| | § | |

**Custodian's Certification of Records**
**Pursuant to Federal Rules of Evidence 803(6) and 902(11)**

1. I, Sandra Coleman, serve as the Adjuster for Middlesex County, New Jersey.

2. I have held this position for thirty-two (32) years.  I am of sound mind, capable of making this affidavit, and personally acquainted with the facts stated herein:

3. I received a subpoena issued by the Assistant United States Attorney, L. Frank Coan, on or about April 13, 2018 requesting "mental health/mental adjudication records" pertaining to "H.J.Y." date of birth XX-XX-XXXX and social security number XX-XXX-5475 relating to this individual's "mental health status or history forwarded to the FBI NICS branch on or about April 19, 2013 and September 25, 2015."

4. I informed Mr. Coan, through counsel, that the requested commitment orders could not be produced without a court order.

5. I received an Order to Compel Production dated September 19, 2018 commanding me to comply fully with the previously received subpoena.

6. I am a custodian of records for the requested documents.  I hereby certify that on September 21, 2018, I examined the file pertaining to the requested documents and the

1

attached _72_ pages of documents are true, complete, and unaltered photocopies of the original documents contained in the file.

7. As custodian of records for the requested documents, I do hereby certify that the records referenced above and attached hereto (1) were made at or near the time of the events or conditions recorded therein (2) by, or from information transmitted by, a person with knowledge of the matters recorded therein; (3) were kept in the course of the regularly conducted business activity of Middlesex County; (4) it was the regular practice of the business activity to keep such records; and, (5) the records attached are the originals or duplicates of the originals.

I declare under penalty of perjury, as provided in 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this the _26th_ day of _September_, 2018.

SANDRA COLEMAN
County Adjuster
Middlesex County

2





April 22, 2013

Middlesex County Adjuster
POB 469
New Brunswick, NJ 08903

RECEIVED

**CERTIFICATE OF DISCHARGE**

ADJUSTER'S OFFICE
MIDDLESEX COUNTY

**RE:   HEONJONJ YOO**

The above named patient was discharged from this hospital on April 19, 2013.
We have removed this patient from our hospital census.

Please contact me at 908-281-1607 if you have any questions or require additional information.

Thank you.

Sincerely,

Joyce Springsteel
Court Clerk

TYPE OR PRINT CLEARLY

# APPLICATION FOR INVOLUNTARY COMMITMENT

*(Pursuant to R. 4:74-7)

County of: <u>Somerset</u>

The Undersigned: <u>Joyce Springsteel</u>
                          Applicant

Hereby makes application:

I am requesting admission to/continuation of hospitalization because he/she is: in need of further inpatient psychiatric hospitalization. See the two attached clinical certificates in support of this Application.

Patient: <u>Heonjonj Yoo</u>     Date/Time of Admission: <u>4/5/13   2200</u>

Date of Birth: ████<u>93</u>   at: <u>Unknown</u>   in the county of: <u>Unknown</u>

Highest Grade Completed: <u>Unknown</u>

Name of Father: <u>Unknown</u>

Place of Birth:   <u>Unknown</u>

TYPE OR PRINT CLEARLY

Name, relationship, and address of the next-of-kin of said patient:

Soyoun Yoo   mother   ███████████ Closter, NJ 07624

Social Security #:   ████  5475    Does Patient have any benefits? Yes  X    No

If "Yes" specify:    United Student _____ 4358159

Military Service:    Unknown
Dates of Service:   Unknown

Name of Person Making Application       Joyce Springsteel

                                        Applicant
Relationship or Position                Court Clerk
Street Address                          POB 147
Town or City     Belle Mead    Zip Code    08502
County of        Somerset      State of    New Jersey
Telephone Number                        908-281-1000

Date:  4/8/13

April 15, 2013

Spoke to Joyce Springsteel, of Carrier Clinic about the first two pages of the Screening document missing. She stated that she was aware of it and that they came over her fax as blank pages and left the discussion as that.

Frank Palumbo
Keyboard Clerk 1
Middlesex County Adjusters Office

I certify that the forgoing are two copies of documen ___ supporting the admission of the wit___i-named patient to this Hospital on _____ (date)

11. "Telepsychiatry option" - psychiatric evaluation which is accomplished through technologically assisted means if the screening service has been granted a waiver by the Division of Mental Health and Addiction Services in accordance with N.J.A.C. 10:31-11 to utilize telepsychiatric psychiatric evaluations. *See also*, N.J.A.C. 10:31-2.3(f)(2).

12. "Least restrictive environment" means the available setting and forms of treatment that appropriate address a person's need for care and the need to respond to dangers to the person, others or property and respect, to the greatest extent practicable, the person's interests in freedom of movement and self-direction. (N.J.S.A. 30: 4-27.2gg)

13. "Consensual" means the type of admission applicable to a person who understands and agrees to be admitted to a short-term care facility (STCF) for stabilization and treatment (*see* N.J.A.C. 10:37G-1 et seq) but otherwise meets the standards for commitment in that she/he is dangerous to self, others or property by reason of mental illness.

This document is to be used only by a certified screener to document a person's eligibility for involuntary commitment to treatment, either inpatient or outpatient commitment, or consensual hospitalization.

II.    **FINDINGS**

This document is being prepared as a:

( ✓ ) Screening document recommending inpatient treatment    (Pursuant to N.J.S.A. 30: 4-27-1 et seq)
(   ) Screening document recommending outpatient treatment   (Pursuant to N.J.S.A. 30: 4-27-1 et seq)
(   ) Consensual admission document                          (Pursuant to N.J.A.C. 10:37G-1 et seq)

Telepsychiatry will be used to complete the screening certificate ___Yes ___ No. (Pursuant to N.J.A.C. 10:31-2.3(f)(2). The telepsychiatry certifications are on form A attached.

Name of Client ___HEON JONG YOO___

Date of Birth ___ ▮▮▮▮ 1993___

Sex:    ✓ M    _____ F

English language abilities:

A.    Speaks English:    ✓ Yes    _____ No

B.    If not English, what is the person's Native Language?    Korean

      Native Language Abilities (circle for yes)

      Speaks          Reads          Writes

3 | Screening Doc. JDC 7/2011

C.   Did you interview this person in English? __✓__Yes   ____No

If yes, was an interpreter present? ____Yes   __✓__No

if yes, name and title: _____

D.   ( ✓ ) The patient does not have a psychiatric advance directive (PAD)
( ) The patient has a PAD which is appended hereto.
( ) The PAD names _____to act as a Mental Health Care Representative
( ) The PAD does not name a Mental Health Care Representative.
( ) The patient claims to have a Psychiatric Advance Directive but it has not, after a reasonable search, been found.

Reasons for Screening. Describe circumstances that led to the consumer being brought to the screening service. Describe symptoms and behaviors. _THE PATIENT WAS BROUGHT TO RWJ-ER By RUTGERS POLICE DUE TO PT REPEATEDLY THREATENING TO SHOOT HIS RESIDENCE ADVISOR (PER RWJ RECORDS) DENIED By PT, WHO STATED "A HIPPY or A illegal" STAFF MEMBER(S) RUTGERS MUST'VE CALLED POLICE T HEARING HIM TALK ABOUT WANTING TO GET A SHOTGUN & A SNIPER RIFLE IN DINING HALL. PT REPORTS HE HAS BEEN TAKEN TO ER By POLICE 5x OVER THE PAST 7-8 WKS UNDER SIMILAR CIRCUMSTANCES; HAS BEEN REMOVED FROM STUDENT HOUSING DUE TO REPORTED THREATENING BEHAVIOR TOWARDS HIS RESIDENCE ADVISOR & OTHER STUDENTS FEELING THEM_

**Attach extra sheets or relevant documents marked "II E."if more room is required for** (handwritten: By PT ACCORDING TO HIS COUNSELOR @ RU CAPS PROGRAM (MARISSA __) 848-932) **explanation.**

E.   Describe the person's mental illness (refer to the definition in N.J.S.A. 30:4-27.2r)

Description should state person's psychiatric diagnoses and mental health history, including his/her recent and past treatment history: _THE PT. WAS DIAGNOSED T BIPOLAR DIS AGE 18? 19?? By HIS REPORT T MO BROUGHT HIM TO PSYCHIATRIST DUE TO HIS "GETTING PISSED OFF ALL THE TIME" - HE WAS RX'D DEPAKOTE & RISPERDAL BUT STOPPED MEDS IN JANUARY DUE TO WEIGHT GAIN, ↑SLEEP. UPON INTERVIEW TODAY; PT IS IRRITABLE, EASILY AGITATED; FIXATED ON BUYING GUNS; LOUD & PRESSURED (1 TIMES) PARANOID 1 TIMES → DELUSIONAL WINTER & DELIBERATELY TRYING TO PROVOKE HIM & UPSET HIM By ASKING ABOUT SYMPTOMS/HX; QUITE CONCRETE IN HIS THINKING, RIGID; POOR INSIGHT; IMPAIRED IMPULSE CONT_

**Attach extra sheets or relevant documents marked "II F." if more room is necessary for** (handwritten: & JUDGING) **explanation. You may also attach copies of progress notes, records and other relevant** (handwritten: DIAGNOSIS: CONSISTENT T BIPOLAR) **documentation if it would be more efficient.** (handwritten: DIS Nos, LIKELY SPECTRUM DISORDER)

F.   Is it likely that this disturbance is a result of simple alcohol intoxication, transitory reaction to drug ingestion, organic brain syndrome or developmental disability? (handwritten: ASPERGER WHICH WAS ALSO SUGGESTED By THERAPIST @ RU CAPS)

No _✓_   Yes ____

If yes, state cause and test results or symptoms supporting this conclusion: _____

_____

Does the patient have a history of substance abuse?

No_____        Yes__✓__

If yes, provide detail:

PT REPORTS ETOH & MARIJUANA SOCIALLY - PT & UAS

NEGATIVE

_____

G.   Patient is dangerous

_____Dangerous to self/suicidal

Describe the danger:  Include history of recent and past attempts, whether there are current suicidal threats, plans or intent (quote statements made), availability and lethality of means, or recent actions and behaviors indicating serious psychiatric deterioration, that make it more likely than not that serious harm or death will result from this person's actions within the reasonably foreseeable future.

NO CURRENT INDICATION

_____

_____Dangerous to self/not suicidal

Describe the danger. Include history, self-injury threats, plans or intent (quote statements made), or recent actions and behaviors, that would make it more likely than not that substantial bodily injury, serious physical debilitation, death or serious psychiatric deterioration will result within the reasonably foreseeable future.  If indicated, also describe how person has behaved so as to indicate that he/she is unable to satisfy his need for nourishment, essential medical care or shelter.

NO CURRENT INDICATION

_____

__✓__Dangerous to others

5 | Screening Doc. IDC 7/2012

Describe the danger: Include history, threats, plans or intent (quote statements made) to hurt
others, availability and lethality of means, or recent actions, behaviors or serious psychiatric
deterioration indicating a substantial likelihood that this individual will inflict serious bodily harm
on another person in the reasonably foreseeable future. If known, identify intended victim(s).



Describe the danger: Include history, threats, plans or intent (quote statements made), availability
of means, person's recent actions or behavior, or serious psychiatric deterioration indicating a
substantial likelihood that this individual will cause serious property damage within the reasonably
foreseeable future.

**TO BE COMPLETED WHEN RECOMMENDATION IS TO COMMIT PATIENT TO INPATIENT FACILITY:**

The danger presented by this patient is imminent, or outpatient treatment is either unavailable or is not
sufficient to render the patient unlikely to be dangerous in the reasonably foreseeable future, and my
recommendation is commitment to the least restrictive available inpatient facility.  Describe clinical
basis for recommendation:

**TO BE COMPLETED WHEN COMMITMENT TO OUTPATIENT TREATMENT IS RECOMMENDED:**

(Patient __has been or __will be referred for admission to a functioning outpatient program in this
county which has availability).

The danger that is presented by the patient's condition, while reasonably foreseeable, is not at this time
imminent, and outpatient treatment is sufficient to render the patient unlikely to be a danger in the
reasonably foreseeable future, and my recommendation is commitment to an available outpatient
program provided by: (List provider).

Detail patients past history of responding to treatment. What treatment modalities were successfully utilized in stabilization and managing safe behavior in the community?

_____

_____

_____

Attach notes or extra sheets marked "IOC recommendation" as needed for full explanation.

I have contacted the designated outpatient provider ____Yes ____No

OUTPATIENT COMMITMENT TREATMENT PLAN

The following are essential elements of any treatment plan implemented for this patient by an outpatient treatment provider:

( )  Medication monitoring @_____
( )  Group therapies _____
( )  Individual therapy@_____
( )  Case management_____
( )  Residential supervision_____
      (describe intensity of supervision required)_____
( )  other services and programs required to maintain or lessen current level of dangerousness
( )  PACT_____

 

H. Identify interventions or services which have been attempted to stabilize the person and avert the need for involuntary or consensual admission. Identify whether commitment to outpatient treatment is an appropriate option for treatment. Check at least one column for each alternative.

| Type of intervention | Appropriate | Not appropriate | Available | Not available |
|---|---|---|---|---|
| Existing support System | | ✓ | ✓ | |
| Referral & Linkage to Community Services | | ✓ | ✓ | |
| Crisis Intervention Counseling | | ✓ | ✓ | |
| Outpatient Services Medication Monitoring | | ✓ | | |
| Acute Partial Care | | ✓ | ✓ | |
| PACT | | ✓ | ✓ | |
| ICMS | | ✓ | | |
| Extended Crisis Evaluation Bed with Medication Monitoring | | ✓ | | |
| Voluntary Admission to Non-STCF Inpatient Unit | | ✓ | ✓ | |
| Crisis Housing | | ✓ | | |
| Referral to other non-mental health 24 hour facility | | ✓ | ✓ | |
| Other (describe) _____ _____ _____ | | | | |

If involuntary or consensual hospitalization is recommended, briefly explain why no less restrictive intervention/service was appropriate and available and describe why the individual's current mental health condition renders him immediately or imminently dangerous such that commitment to outpatient treatment is deemed inadequate to render the person unlikely to be dangerous to self, others or property within the reasonably foreseeable future.

Pt Refuses psychiatric admission + Requires to address Bx of bipolar disorder resulting in threatening behavior.

III.    **Certification**

I am a NJ Certified Mental Health Screener and an employee of ___UNION  PISCATAWAY___
I have interviewed ___HEONJONG  YOO___ on this date and reviewed the available clinical records.  It is my opinion that at this time the named person shows evidence of mental illness and because of that mental illness is:

_____Dangerous to self

___✓___Dangerous to others or property

(Fill out only one side below)

.........................................................................................................................................

SCREENING DOCUMENT                    :        CONSENSUAL ADMISSION DOCUMENT

_BRIAN L HORTON_____          :        _____
Signature of Screener                 :        Signature of Screener

_S-1267_____             :        _____
Screener Number                       :        Screener Number

_4/5/13_____             :        _____
Date                                  :        Date

_11:30 AM_____              :        _____
Time                                  :        Time

ORIGINAL

Type or Print Clearly
STATE OF NEW JERSEY
DEPARTMENT OF HUMAN SERVICES
Division of Mental Health and Addiction Services
CLINICAL / SCREENING CERTIFICATE FOR INVOLUNTARY COMMITMENT
OF MENTALLY ILL ADULTS
(Pursuant to N.J.S.A. 30:4-27.1, et seq. and N.J.R.Ct.4:74-7)
*If additional space is needed to provide the information requested, additional documents may be attached to this form*

I.  *Definitions and Legal Standards*

New Jersey Court Rule 4:74-7(b) states in part that: "...the certificates shall state with particularity the facts upon which the psychiatrist, physician or mental health screener relies in concluding that (1) the patient is mentally ill, (2) that mental illness causes the patient to be dangerous to self or others or property as defined by N.J.S.A. 30:4-27.2h and .2i, (3) the patient is unwilling to accept appropriate treatment voluntarily after it has been offered, (4) the patient needs outpatient treatment or inpatient care at a short term care or psychiatric facility or special psychiatric hospital, and (5) other less restrictive alternative services are not appropriate or available to meet the person's mental health care needs."

Chapter 4 of Title 30 of the New Jersey Statutes states in part that:

1.  "Clinical Certificate"... is completed by the psychiatrist or other physician who has examined the person who is subject to commitment within three days of presenting the person for involuntary commitment to treatment, and which states that the person is in need of involuntary commitment to treatment. The form shall also state the specific facts upon which the examining physician has based his conclusion and shall be certified in accordance with the Rules of the Court. (N.J.S.A. 30:4-27.2b)

2.  "Screening Certificate"...means a clinical certificate executed by a psychiatrist or other physician affiliated with a screening service. (N.J.S.A. 30:4-27.2y)

3.  "Physician" means a person who is licensed to practice medicine in any of the United States or its territories or the District of Columbia. (N.J.S.A. 30:4-27.2t)

4.  "Psychiatrist" means a physician who has completed the training requirements of the American Board of Psychiatry and Neurology. (N.J.S.A. 30:4-27.2v)

5.  "In need of involuntary commitment" or "in need of involuntary commitment to treatment" means that an adult with mental illness, whose mental illness causes the person to be dangerous to self or dangerous to others or property and who is unwilling to accept appropriate treatment voluntarily after it has been offered, needs outpatient treatment or inpatient care at a short-term care or psychiatric facility or special psychiatric hospital because other services are not appropriate or available to meet the person's mental health care needs.(N.J.S.A. 30:4-27.2m)

6.  "Dangerous to self" means that by reason of mental illness the person has threatened or attempted suicide or serious bodily harm, or has behaved in such a manner as to indicate that the person is unable to satisfy his need for nourishment, essential medical care or shelter, so that it is probable that substantial bodily injury, serious physical debilitation or death will result within the reasonably foreseeable future; however, no person shall be deemed to be unable to satisfy his need for nourishment, essential medical care or shelter if he is able to satisfy such needs with the supervision and assistance of others who are willing and available. This determination shall take into account a person's history, recent behavior and any recent act, threat or serious psychiatric deterioration. (N.J.S.A. 30:4-27.2h)

Clinical Certificate Page 1

7. "Dangerous to others or property" means that by reason of mental illness there is a substantial likelihood that the person will inflict serious bodily harm upon another person or cause serious property damage within the reasonably foreseeable future. This determination shall take into account a person's history, recent behavior and any recent act or threat. (N.J.S.A. 30:4-27.2i)

8. "Mental Illness" means a current, substantial disturbance of thought, mood, perception or orientation which significantly impairs judgment, capacity to control behavior or capacity to recognize reality but does not include simple alcohol intoxication, transitory reaction to drug ingestion, organic brain syndrome or developmental disability unless it results in the severity of impairment described herein. The term mental illness is not limited to "psychosis" or "active psychosis," but shall include all conditions that result in the severity of impairment described herein. (N.J.S.A. 30:4-27.2r)

9. "Outpatient treatment provider" means a community-based provider, designated as an outpatient treatment provider pursuant to section 8 of P.L.1987, c.116 (C.30:4-27.8), that provides or coordinates the provision of outpatient treatment to persons in need of involuntary commitment to treatment. (N.J.S.A. 30:4-27.2ii.)

10. "Plan of outpatient treatment" means a plan for recovery from mental illness approved by a court pursuant to section 17 of P.L.2009, c.112 (C.30:4-27.15a) that is to be carried out in an outpatient setting and is prepared by an outpatient treatment provider for a patient who has a history of responding to treatment. The plan may include medication as a component of the plan; however, medication shall not be involuntarily administered in an outpatient setting. (N.J.S.A. 30:4-27.2jj.)

11. "Reasonably foreseeable future" means a time frame that may be beyond the immediate or imminent, but not longer than a time frame as to which reasonably certain judgments about a person's likely behavior can be reached. (N.J.S.A. 30:4-27.2kk.)

12. "Any person who is a relative by blood or marriage of the person being screened who executes a clinical certificate, or any person who signs a clinical certificate for any purpose or motive other than for purposes of care and treatment, shall be guilty of a crime of the fourth degree." (N.J.S.A. 30:4-27.10e)

The statutes and Court Rule require each certifying psychiatrist or physician to determine whether the patient is in need of involuntary commitment to inpatient treatment or involuntary commitment to outpatient treatment (where available) by considering the screening document (in the case of a screening commitment) and conducting a face-to-face examination of the patient, either in person or, where permitted by the Division, through telepsychiatry.

II.   _Certification of examination and qualifications_

I, _____, M.D. of _____

_____, D.O.   _____
City or Town      County      State    Medical License No.    (Issuing State)
do hereby certify that I personally examined _____
                                    (name of patient)

( X ) I am a _psychiatrist_ as defined on page 1 of this document.
(   ) I am a _physician_ as defined on page 1 of this document.

at _____ on _____ from _____ to _____
   (location)            (date)    (time of examination)

I am not a relative by blood or marriage of the subject of this certificate and my purpose or motive in executing this certificate is that care and treatment be afforded this individual.

If an interpreter assisted in this personal examination, the interpreter's name and title and the patient's primary language are as follows:

_____      _____      _____
Name                     title                    language

Clinical Certificate Page 2

## CERTIFICATIONS REQUIRED WHEN THE SCREENING IS CONDUCTED THROUGH TELEPSYCHIATRY

Please confirm by initialing before each statement that:

____ The consumer was afforded the opportunity to have an in-person interview unless waiting for a psychiatrist was clinically contraindicated; it is my opinion that the use of telepsychiatry was not clinically contraindicated because

_____

(briefly explain)

____ I am on the staff of the screening service or __ I am under contract with a provider of telepsychiatric services.) As the screening psychiatrist, I understand that I shall be considered an active part of the treatment team for the consumer and shall be available for discussion of the case with the facility staff, or for interviewing family members and others, as the case may require.

____ I hold a full, unrestricted medical license in New Jersey;

____ I am capable of performing all the duties that an on-site psychiatrist can perform, including prescribing medication, monitoring restraints and other related interventions that require a physician's orders or oversight;

____ I am available for discussion of the case with facility staff, or for interviewing family members and others, as the case may require.

And complete the following if it applies:

____ The consumer elected a face to face clinical evaluation, but the evaluation was performed by telepsychiatry as it was clinically inappropriate to wait under the circumstances

_____

(briefly explain)

Check and complete one of the following options below. This document is being prepared as a:

1. (X) Screening Certificate pursuant to N.J.S.A. 30:4-27.5b (must be a psychiatrist affiliated with a screening service unless the screening service's contract allows a physician to complete the certificate; see N.J.S.A. 30:4-27.5b) and

    (X) I am a *psychiatrist* as defined on page 1 of this document.

    ( ) I am a *physician* as defined on page 1 of this document who may complete this certificate pursuant to a contract between the screening service and the Division of Mental Health and Addiction Services.

          or

2. ( ) Clinical Certificate pursuant to N.J.S.A. 30:4-27.10 a (must be the treatment team *psychiatrist* of a patient at an inpatient facility or an outpatient treatment provider for whom a screening certificate has also been completed);

          or

3. ( ) Clinical Certificate pursuant to N.J.S.A. 30:4-27.10b (regarding an individual who has not been screened at a screening service and whose commitment requires two clinical certificates, at least one of which must be completed by a psychiatrist).

III. *Patient Identification and Information*

1. Patient's identifying data:

Social Security No. 500 51 5475  Date of Birth: 8/28/93  Marital Status: S

Telephone # (718) 387-6319

Address: 15 4th Street, New Beach, NJ

Patient's Driver's License No. _____  State of Issue: _____

Clinical Certificate Page 3

Next of kin (for County Adjuster court hearing notification purpose only): _SoYoYuYung_

Education (Highest Grade Completed): _6th_  Employment or Occupation: _unkyby W_

2. (X) The patient does not have a Psychiatric Advance Directive (PAD)
   ( ) The patient has a PAD which is appended hereto.
   ( ) The PAD names _____ to act as a Mental Health Care Representative.
   ( ) The PAD does not name a Mental Health Care Representative.
   ( ) The patient claims to have a PAD but it has not, after a reasonable search, been found.

3. Facts, circumstances or reports related to this individual's present condition:

a. Medical Conditions: _None_

Source(s) of the information: _Patient_

Treating Physician: _Dr. Juan Gonzalez Saliva_  Medication: _Prior VPA / ____/____

b. Present psychiatric treatment, medication and any recent changes:
_RU CAYS program_

Source(s) of the information: _chart / patient_

c. Recent stressors:
_Recent trying statements toward staff & faculty_
_unworthy potenty_

Source(s) of the information: _chart_

d. Substance Abuse (type and treatment):
_NJ_

Source(s) of the information: _patient_

e. Prior psychiatric hospitalizations (types, numbers and dates, if known):
_Denies_

Source(s) of the information: _patient_

Clinical Certificate Page 4

f. Prior medical and psychiatric diagnoses:

_Bipolar D/O_

Source(s) of the information: _Chart_

g. Prior treatment by an outpatient provider pursuant to a commitment for outpatient treatment, if any, identifying dates of treatment, provider, any barriers to treatment, and significant outcomes:

_N/A        N/A_

Source(s) of the information:

IV. _Results and Conclusions of Personal Examination_

1. Present Mental Status:
   appearance and attire

   _hospital attire_

   attitude and behavior

   _irritable & uncooperative_

   affect and mood

   _irritable_

   association and thought processes

   _loose_

   thought content

   _+ paranoid delusions (Pt. delusional)_

   perception

   _normal_

   sensorium, memory and orientation

   _Pt. 3x _____ serial 7's, 2/3 _____, 3/3 _____, 0/3 _____

   intellectual functioning

   _average_

   insight and judgment

   _impaired_

   Clinical Certificate Page 5

2/  Description of physical findings (include physical status, vital signs, laboratory data):

_See attached_

V.  _Conclusions and Recommendations_

1. Provisional Diagnoses from current Diagnostic and Statistical Manual:

Axis I: _[handwritten]_

Axis II: _[handwritten]_

Axis III: _[handwritten]_

Axis IV: _[handwritten]_

Axis V:

( ) I certify that the patient will be dangerous to ( ) self (*complete item 2*) ( ) others or property (*complete item 3*) in the foreseeable future because of a mental illness.

2. Dangerous to Self
(If you have concluded that this patient is "dangerous to self," answer the items in (a), (b), or (c) below that are relevant to the patient's condition, giving the sources of information by name and title or relationship to patient, or cite the document)

(a) Y/N the patient has threatened or attempted to commit suicide (give details, including history, recent threats, dates and situations surrounding any attempts; ie; was patient taking medication, under supervision of a community treatment program, in the hospital, was there a precipitating crisis):

Source of information: _____

(b) Y/N the patient has threatened or attempted serious bodily harm to himself / herself;

Source of information: _____

(c) ( ) the patient has behaved in the following manner which indicates that he or she is unable to satisfy his/ her need for ( ) nourishment ( ) essential medical care ( ) shelter:

_[handwritten]_

Clinical Certificate Page 6

and the patient is not able to satisfy the needs listed in (c) above with the supervision and assistance of others who are willing and available.

Source of information: Chart / patient

3. Dangerous to Others or Property

(If you have concluded that this patient is "dangerous to others or property," answer the items below, giving the sources of information by name and title or document.) State all facts, observations or information upon which you base your conclusion that the patient, if not committed, would be substantially likely to inflict serious bodily harm upon another person or cause serious property damage within the reasonably foreseeable future:

(a) history of dangerous behavior

Source of information: Chart (patient)

(b) recent behavior (state/date(s) of behavior)

Source of information: Chart / patient

4. State alternatives to involuntary treatment that were considered and why other services are not appropriate or available to meet the patient's mental health care needs. Be specific (if information contained in the screening document is relied on, please refer to specific item number in that document).

Patient needs higher level of care

5. I am aware of the standard for involuntary commitment as defined in section I above. The following checked statements are true:

(X) I personally examined this patient

(X) This patient suffers from a mental illness as defined in section I of this form.

(X) This patient, if not committed, would be a danger to self or others or property by reason of such mental illness in the foreseeable future.

( ) This patient is unwilling to be admitted to the recommended treatment program or facility voluntarily for care. (except for consensual admissions to an STCF)

**If the patient is to receive services in a county that has a functioning outpatient commitment program which has an opening, choose one of the two options (c) below:**

( ) The danger, while reasonably foreseeable, is in my professional judgment not imminent, and outpatient treatment is sufficient to render the patient unlikely to be dangerous in the reasonably foreseeable future, and my recommendation is

commitment to an available outpatient program provided by; _____ ( ) *Complete section VII*

The danger is in my professional judgment imminent, or outpatient treatment is either unavailable or is not sufficient to render the patient unlikely to be dangerous in the reasonably foreseeable future, and my recommendation is commitment to the least restrictive available inpatient facility.

If the patient is to receive services in a county that has not yet designated an outpatient commitment program, or if the program has no openings,
( ) My recommendation is commitment to least restrictive available inpatient facility.

VI.   *Certification*

I certify that the foregoing statements made by me are true.
I further certify that this patient is medically stable and is not in primary need of a medical or nursing home level of care at this time.

I am aware that is any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____          _____
Date                                        Psychiatrist / Physician's Signature

Clinical Certificate Page 8

**VII.**   _Outpatient Commitment Treatment Plan_

The following are essential elements of any treatment plan implemented with this patient by an outpatient treatment provider:

(  ) medication monitoring @ _____

(  ) group therapies: _____
_____

(  ) individual therapy @ _____

(  ) case management _____

(  ) residential supervision _____
_____
(describe intensity of supervision required)

(  ) other services and programs required to maintain or lessen current level of dangerousness:
_____
_____

**VIII.**   _Change of location_ (complete this section if the program with responsibility for a patient's care is requesting that the court change the location of treatment).

The information requested below is intended to assist a judge reviewing a clinical certificate for such a patient regarding the issuance of a temporary court order. The individual completing this page may be either the psychiatrist / physician completing the certificate or a hospital / agency employee knowledgeable regarding these issues. Please complete this page to the fullest extent possible.

1. Status (check one)
   (  ) Committed to Inpatient Treatment Involuntarily
   (  ) Committed to Inpatient Treatment Voluntary                (  ) Committed to Outpatient Treatment
   (  ) Conditional Extension Pending Placement                   (  ) Conditionally Discharged
                                                                  (Some questions below may not apply)

2. The patient's current psychiatric hospital and unit or outpatient provider:_____

3. Judge who entered order now in effect and its date:  The Hon._____ ,
   _____, 20___

4. a. The patient's attorney's name:_____
   b. Date and manner of notification to patient's attorney of this application: _____, 20_____
   (  ) email (  ) telephone (  ) certified mail (  ) fax (  ) personal

If the commitment will result in the transfer of this patient from one inpatient psychiatric unit or facility or program to another, check all that apply:

(  ) Patient has insufficient resources to remain in current inpatient unit.

(  ) Patient needs longer term inpatient treatment than present hospital offers.

(  ) Patient needs program available at receiving hospital or program and NOT available at current facility or through current program.

(  ) Patient requests transfer.

(  ) Patient's family requests transfer.

(  ) Patient is eligible for outpatient treatment services in a different county (_____ County) and change in placement will facilitate discharge planning

(  ) Other reason _____

Other information regarding patient's legal or hospitalization status: _____

_____, 20___

_____    _____    _____    _____
Signature          Name Printed        Title      Date

009023

IX.   *Change of location or commitment status*

Must be completed by treating psychiatrist.

The patient who is subject to the order supported by this certificate has become (less) (more) dangerous since the time of the initial commitment placement.

1. If requesting a change from outpatient to inpatient commitment, describe any that apply:
   Behaviors that indicate increased risk of danger (attach incident or police reports as available)

   _____

   Treatments attempted or ruled out

   _____

   Connection of danger to mental illness

   _____

   Consumer is not materially compliant with the treatment plan approved by the court and a modification   of   the treatment plan would be insufficient to reduce dangerousness. Explain, including any attempts to modify   the plan or the patient's compliance:

   _____

   I certify that dangerousness due to mental illness is both foreseeable and imminent or that outpatient  treatment is no longer sufficient to render the patient unlikely to be dangerous in the reasonably foreseeable future:

   _____          _____
   Treating psychiatrist                                          Date

2. If requesting change from inpatient to outpatient, describe:
   Behaviors that indicate decreased risk of danger (attach treatment notes as appropriate)

   _____

   Treatment available at outpatient treatment program that program has agreed to provide:

   _____

   I certify that the patient is still dangerous because of mental illness and unwilling to accept the recommended treatment, but   the danger is no longer imminent, and/or the danger was never imminent but a program opening has developed that was not available at the time of the original commitment order, and that the outpatient treatment program has accepted the patient.

   _____          _____
   Treating psychiatrist                                          Date

   Clinical Certificate Page 10

Yoo, Hyeionj      ACU
8/2     Age: 19   4/5/2013
V001/11553    M001081509

BN.V0011711553



Type or Print Clearly
STATE OF NEW JERSEY
DEPARTMENT OF HUMAN SERVICES
Division of Mental Health and Addiction Services
CLINICAL / SCREENING CERTIFICATE FOR INVOLUNTARY COMMITMENT
OF MENTALLY ILL ADULTS
(Pursuant to N.J.S.A. 30:4-27.1, et seq. and N.J.R.Ct.4:74-7)
*If additional space is needed to provide the information requested, additional documents may be attached to this form*

I. *Definitions and Legal Standards*

New Jersey Court Rule 4:74-7(b) states in part that: "...the certificates shall state with particularity the facts upon which the psychiatrist, physician or mental health screener relies in concluding that (1) the patient is mentally ill, (2) that mental illness causes the patient to be dangerous to self or others or property as defined by N.J.S.A. 30:4-27.2h and .2i, (3) the patient is unwilling to accept appropriate treatment voluntarily after it has been offered, (4) the patient needs outpatient treatment or inpatient care at a short term care or psychiatric facility or special psychiatric hospital, and (5) other less restrictive alternative services are not appropriate or available to meet the person's mental health care needs."

Chapter 4 of Title 30 of the New Jersey Statutes states in part that:

1. "Clinical Certificate"... is completed by the psychiatrist or other physician who has examined the person who is subject to commitment within three days of presenting the person for involuntary commitment to treatment, and which states that the person is in need of involuntary commitment to treatment. The form shall also state the specific facts upon which the examining physician has based his conclusion and shall be certified in accordance with the Rules of the Court. (N.J.S.A. 30:4-27.2b)

2. "Screening Certificate"...means a clinical certificate executed by a psychiatrist or other physician affiliated with a screening service. (N.J.S.A. 30:4-27.2y)

3. "Physician" means a person who is licensed to practice medicine in any of the United States or its territories or the District of Columbia. (N.J.S.A. 30:4-27.2t)

4. "Psychiatrist" means a physician who has completed the training requirements of the American Board of Psychiatry and Neurology. (N.J.S.A. 30:4-27.2v)

5. "In need of involuntary commitment to treatment" or "in need of involuntary commitment to treatment" means that an adult with mental illness, whose mental illness causes the person to be dangerous to self or dangerous to others or property and who is unwilling to accept appropriate treatment voluntarily after it has been offered, needs outpatient treatment or inpatient care at a short-term care or psychiatric facility or special psychiatric hospital because other services are not appropriate or available to meet the person's mental health care needs.(N.J.S.A. 30:4-27.2m)

6. "Dangerous to self" means that by reason of mental illness the person has threatened or attempted suicide or serious bodily harm, or has behaved in such a manner as to indicate that the person is unable to satisfy his need for nourishment, essential medical care or shelter, so that it is probable that substantial bodily injury, serious physical debilitation or death will result within the reasonably foreseeable future; however, no person shall be deemed to be unable to satisfy his need for nourishment, essential medical care or shelter if he is able to satisfy such needs with the supervision and assistance of others who are willing and available. This determination shall take into account a person's history, recent behavior and any recent act, threat or serious psychiatric deterioration. (N.J.S.A. 30:4-27.2h)

Clinical Certificate Page 1

7. "Dangerous to others or property" means that by reason of mental illness there is a substantial likelihood that the person will inflict serious bodily harm upon another person or cause serious property damage within the reasonably foreseeable future. This determination shall take into account a person's history, recent behavior and any recent act or threat. (N.J.S.A. 30:4-27.2i)

8. "Mental Illness" means a current, substantial disturbance of thought, mood, perception or orientation which significantly impairs judgment, capacity to control behavior or capacity to recognize reality but does not include simple alcohol intoxication, transitory reaction to drug ingestion, organic brain syndrome or developmental disability unless it results in the severity of impairment described herein. The term mental illness is not limited to "psychosis" or "active psychosis," but shall include all conditions that result in the severity of impairment described herein. (N.J.S.A. 30:4-27.2r).

9. "Outpatient treatment provider" means a community-based provider, designated as an outpatient treatment provider pursuant to section 8 of P.L.1987, c.116 (C.30:4-27.8), that provides or coordinates the provision of outpatient treatment to persons in need of involuntary commitment to treatment. (N.J.S.A. 30:4-27.2ii.)

10. "Plan of outpatient treatment" means a plan for recovery from mental illness approved by a court pursuant to section 17 of P.L.2009, c.112 (C.30:4-27.15a) that is to be carried out in an outpatient setting and is prepared by an outpatient treatment provider for a patient who has a history of responding to treatment. The plan may include medication as a component of the plan; however, medication shall not be involuntarily administered in an outpatient setting. (N.J.S.A. 30:4-27.2jj.)

11. "Reasonably foreseeable future" means a time frame that may be beyond the immediate or imminent, but not longer than a time frame as to which reasonably certain judgments about a person's likely behavior can be reached. (N.J.S.A. 30:4-27.2kk.)

12. "Any person who is a relative by blood or marriage of the person being screened who executes a clinical certificate, or any person who signs a clinical certificate for any purpose or motive other than for purposes of care and treatment, shall be guilty of a crime of the fourth degree." (N.J.S.A. 30:4-27.10e)

The statutes and Court Rule require each certifying psychiatrist or physician to determine whether the patient is in need of involuntary commitment to inpatient treatment or involuntary commitment to outpatient treatment (where available) by considering the screening document (in the case of a screening commitment) and conducting a face-to-face examination of the patient, either in person or, where permitted by the Division, through telepsychiatry.

II.   *Certification of examination and qualifications*

I, Asma Nisar , M.D. of, 252 CR 601 ,
                   D.O.          Street Address
Belle Mead   Somerset   NJ   25MA08347900   N.J.
City or Town   County   State   Medical License No.   (issuing State)
do hereby certify that I personally examined   Hesn Johns Yoo .
                                            (name of patient)
( ✓ ) I am a *psychiatrist* as defined on page 1 of this document.
( ) I am a *physician* as defined on page 1 of this document.

at Garden Clinic   on 4/8/13   from 130 am/pm to 1015 am/pm.
   (location)         (date)      (time of examination)

I am not a relative by blood or marriage of the subject of this certificate and my purpose or motive in executing this certificate is that care and treatment be afforded this individual.

If an interpreter assisted in this personal examination, the interpreter's name and title and the patient's primary language are as follows:

N/A

_____     _____     _____
Name                title               language

Clinical Certificate Page 2

## CERTIFICATIONS REQUIRED WHEN THE SCREENING IS CONDUCTED THROUGH TELEPSYCHIATRY

Please confirm by initialing before each statement that:

___ The consumer was afforded the opportunity to have an in-person interview unless waiting for a psychiatrist was clinically contraindicated; it is my opinion that the use of telepsychiatry was not clinically contraindicated because

_____
(briefly explain)

___ I am on the staff of the screening service *or* ___ I am under contract with a provider of telepsychiatric services.) As the screening psychiatrist, I understand that I shall be considered an active part of the treatment team for the consumer and shall be available for discussion of the case with the facility staff, or for interviewing family members and others, as the case may require.

___ I hold a full, unrestricted medical license in New Jersey;

___ I am capable of performing all the duties that an on-site psychiatrist can perform, including prescribing medication, monitoring restraints and other related interventions that require a physician's orders or oversight;

___ I am available for discussion of the case with facility staff, or for interviewing family members and others, as the case may require.

And complete the following if it applies:

___ The consumer elected a face to face clinical evaluation, but the evaluation was performed by telepsychiatry as it was clinically inappropriate to wait under the circumstances

_____
(briefly explain)

Check and complete one of the following options below. This document is being prepared as a:

1. ( ) Screening Certificate pursuant to N.J.S.A. 30:4-27.5b (must be a psychiatrist affiliated with a screening service unless the screening service's contract allows a physician to complete the certificate; see N.J.S.A. 30:4-27.5b); and
   ( ) I am a *psychiatrist* as defined on page 1 of this document.
   ( ) I am a *physician* as defined on page 1 of this document who may complete this certificate pursuant to a contract between the screening service and the Division of Mental Health and Addiction Services.
   or
2. ( ✓ ) Clinical Certificate pursuant to N.J.S.A. 30:4-27.10 a (must be the treatment team *psychiatrist* of a patient at an inpatient facility or an outpatient treatment provider for whom a screening certificate has also been completed);
   or
3. ( ) Clinical Certificate pursuant to N.J.S.A. 30:4-27.10b (regarding an individual who has not been screened at a screening service and whose commitment requires two clinical certificates, at least one of which must be completed by a psychiatrist).

### III.   *Patient Identification and Information*

1. Patient's identifying data:

Social Security No. 500 . 51 5475 Date of Birth: 8/08/93 Marital Status: S

Telephone # 817 387- 6319 .

Address: 15 Faith St, Closter, NJ

Patient's Driver's License No. _____   State of Issue: _____

Clinical Certificate Page 3

Next of kin (for County Adjuster court hearing notification purpose only): _Siyoun Yoo (mother)_
_(Bryant Oh) cousin)_

Education (Highest Grade Completed): _____ Employment or Occupation: _____

2. ( ) The patient does not have a Psychiatric Advance Directive (PAD)
   ( ) The patient has a PAD which is appended hereto.
   ( ) The PAD names _____ to act as a Mental Health Care Representative.
   ( ) The PAD does not name a Mental Health Care Representative.
   ( ) The patient claims to have a PAD but it has not, after a reasonable search, been found.

3. Facts, circumstances or reports related to this individual's present condition:

a. Medical Conditions: _____

Source(s) of the information: _____

Treating Physician: _____ Medication: _____

b. Present psychiatric treatment, medication and any recent changes:

_Patient was overheard at Rutgeni Campus that_
_he wants to buy a gun/sniper gun and_
_shoot the resident assistent and some students_

Source(s) of the information: _Patient has hx of bipolar ds_
_and has been non adheren_

c. Recent stressors:

_Non compliance_

Source(s) of the information: _Pt/chart_

d. Substance Abuse (type and treatment):

_Alcohol_

Source(s) of the information: _Pt/client_

e. Prior psychiatric hospitalizations (types, numbers and dates, if known):

_Dew)_

Source(s) of the information: _Pt/chart_

Clinical Certificate Page 4

f. Prior medical and psychiatric diagnoses: Bipolar dv.

Source(s) of the information: Pt / chart

g. Prior treatment by an outpatient provider pursuant to a commitment for outpatient treatment, if any, identifying dates of treatment, provider, any barriers to treatment, and significant outcomes:

None.

Source(s) of the information: _____

IV. _Results and Conclusions of Personal Examination_

1. Present Mental Status:

appearance and attire  Dressed in hospital gown

attitude and behavior  Co-opative

affect and mood  Very guarded.

association and thought processes  Tangential

thought content  Paranoid - Focused on dischge

perception  dem

sensorium, memory and orientation  Alert  ax ol intaxl

intellectual functioning   avge

Insight and judgment  fair

Clinical Certificate Page 5

2. Description of physical findings (include physical status, vital signs, laboratory data):

_Medically Cleared_

V. _Conclusions and Recommendations_

1. Provisional Diagnoses from current Diagnostic and Statistical Manual:

Axis I: _Bipolar d/o depres_     _speech impediment (stuttering?)_

Axis II: _none_

Axis III: _none_

Axis IV: _limited supports_

Axis V: _20_

( ✓ ) I certify that the patient will be dangerous to ( ) self (*complete item 2*) (—) others or property (*complete item 3*) in the foreseeable future because of a mental illness.

2. **Dangerous to Self**

(If you have concluded that this patient is "dangerous to self," answer the items in (a), (b), or (c) below that are relevant to the patient's condition, giving the sources of information by name and title or relationship to patient, or cite the document)

(a) _Y_/N the patient has threatened or attempted to commit suicide (give details, including history, recent threats, dates and situations surrounding any attempts; ie, was patient taking medication, under supervision of a community treatment program, in the hospital, was there a precipitating crisis):

_Per records. Per patient, made statements to get gun/sniper gun and shoot President and students. Per pt. he made statement_

Source of information: _pt/chart_     _about getting a gun as_

(b) _Y_/N the patient has threatened or attempted serious bodily harm to himself / herself;

_he belives in 2nd amendment and has a lic or right to get gun. Patient has ben_

Source of information: _pt/chart_     _remed tim (crisis) prior_

(c) ( ✓ ) the patient has behaved in the following manner which indicates that he or she is unable to satisfy his/ her need for ( ) nourishment (✓) essential medical care ( ) shelter.     _He has also ben_

_Non adherent     non compliant to medical._

Clinical Certificate Page 6

and

the patient is not able to satisfy the needs listed in (c) above with the supervision and assistance of others who are willing and available.

Source of information: _Pt / client_

3.  **Dangerous to Others or Property**

(If you have concluded that this patient is "dangerous to others or property," answer the items below, giving the sources of information by name and title or document.) State all facts, observations or information upon which you base your conclusion that the patient, if not committed, would be substantially likely to inflict serious bodily harm upon another person or cause serious property damage within the reasonably foreseeable future:

   (a) history of dangerous behavior

_Patient was in the past removed from Camp. Activity to him due to delusional issue. Was talking about "revenge"_

Source of information: _____

   (b) recent behavior (state date(s) of behavior)

_Minimized everything. Said he wants to get a gun. Join Infantry in US Military & be in the front line_

Source of information: _Patient_

4.  State alternatives to involuntary treatment that were considered and why other services are not appropriate or available to meet the patient's mental health care needs. Be specific, (if information contained in the screening document is relied on, please refer to specific item number in that document).

_None._

5.  I am aware of the standard for involuntary commitment as defined in section I above. The following checked statements are true:

( ✓ ) I personally examined this patient

( ✓ ) This patient suffers from a mental illness as defined in section I of this form.

( ✓ ) This patient, if not committed, would be a danger to self or others or property by reason of such mental illness in the foreseeable future.

( ✓ ) This patient is unwilling to be admitted to the recommended treatment program or facility voluntarily for care. (except for consensual admissions to an STCP)

If the patient is to receive services in a county that has a functioning outpatient commitment program which has an opening, choose one of the two options (e) below:

( ) The danger, while reasonably foreseeable, is in my professional judgment not imminent, and outpatient treatment is sufficient to render the patient unlikely to be dangerous in the reasonably foreseeable future, and my recommendation is

Clinical Certificate Page 7

commitment to an available outpatient program provided by; _____ ( )  *Complete section VII*

( )The danger is in my professional judgment imminent, or outpatient treatment is either unavailable or is not sufficient to render the patient unlikely to be dangerous in the reasonably foreseeable future, and my recommendation is commitment to the least restrictive available inpatient facility.

If the patient is to receive services in a county that has not yet designated an outpatient commitment program, or if the program has no openings,
( ) My recommendation is commitment to least restrictive available inpatient facility.

### VI.   *Certification*

I certify that the foregoing statements made by me are true.
I further certify that this patient is medically stable and is not in primary need of a medical or nursing home level of care at this time.

I am aware that is any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Date

_____
Psychiatrist / Physician's Signature

Clinical Certificate Page 8

STATE OF NEW JERSEY

SUPERIOR COURT
COUNTY OF SOMERSET

IN RE THE MATTER OF **HEONJONJ YOO**

**TEMPORARY ORDER FOR THE INVOLUNTARY COMMITMENT OF AN ADULT**

This matter having being brought before the Court on this 8th day of April 2013 for a Temporary Oder for Commitment to Treatment pursuant to *N.J.S.A.* 30:4-27.10(a), specifically seeking the involuntary commitment of Heonjonj Yoo, an adult (herein referred to as "patient") to inpatient treatment; and

The two necessary clinical/screening certificates having been presented to the court in the form required by *N.J.S.A.* 30:4-27(b); and

The court, upon review of the documents received, finding there to be probable cause to believe that the above-named patient is in need of involuntary commitment to treatment in accordance with the standard set forth in *N.J.S.A.* 30:4-27(m);

IT IS on this 8th day of April 2013 ORDERED that:

1.    The above-named patient be involuntarily committed to treatment and admitted to Carrier Clinic, unless an alternative placement is provided pursuant to the authority of the Commissioner of Human Services pending a court hearing with respect to the issue of continuing need for involuntary commitment to treatment, said hearing be conducted within 20 days from the initial commitment; and

2.    The court hearing (referred to in paragraph 1, above) is hereby scheduled for 1000am on the 23rd day of April 2013 at Carrier Clinic; and

3.    County Counsel of Middlesex County is hereby assigned to present, at said hearing, the case for continuing involuntary commitment to treatment; and

4.    The following attorney is hereby assigned to represent the patient:
John Kwasnik Esq.

5. Notice of the time, date and location of the above scheduled hearing shall be served no less than 10 days prior to hearing date, upon the patient, patient's counsel, patient's guardian (if any), county counsel referred to herein, and patient's nearest relatives (include addresses):

Soyoun Yoo
15 Fourth Street
Closter, NJ 07624

The county adjuster of the county in which the patient has legal settlement, the director, chief executive officer or other individual having custody of the patient, and the following individual (include addresses):

_____

_____

_____

_____

6.   The notice (referred to in paragraph 5 above) shall be served upon the patient, patient's guardian (if any) and patient's counsel and shall include a copy of this Order, a statement of patient's rights at the court hearing (*N.J.S.A.* 30:4-27.14) and the screening and/or clinical certificates and any other documents submitted in support of patient's involuntary commitment; and

7.   Service upon the patient shall be by personal service, all other persons specified herein to receive notice shall be served by _____

(mode of service)

with the following exceptions: _____

_____

_____; and

It is furthered ordered that _____

_____

_____

_____
Honorable Fred H. Kumpf, JSC



Belle Mead, NJ 08502
908-281-1000


October 1, 2015


Middlesex County Adjuster
POB 469
New Brunswick, NJ 08903

RECEIVED

OCT 0 1 2015


## CERTIFICATE OF DISCHARGE

**RE:   HEONJONG YOO**

The above named patient was discharged from this hospital on September 30, 2015.  We have removed this patient from our hospital census.

Please contact me at 908-281-1607 if you have any questions or require additional information.

Thank you.

Sincerely,

Joyce Springsteel
Court Clerk

09/24/2015  15:15    9082811334           CARRIER ADMISSIONS                    PAGE  01/41



**FILED**

SEP 2 4 2015

KEVIN M. SHANAHAN, J.S.C.
CHAMBERS

STATE OF NEW JERSEY

RECEIVED

SEP 2 4 2015

SUPERIOR COURT
COUNTY OF SOMERSET

A...LER'S OFFICE

IN RE THE MATTER OF **HEONJONG YOO**

**TEMPORARY ORDER FOR THE INVOLUNTARY COMMITMENT OF AN ADULT**

This matter having being brought before the Court on this 24th day of September 2015 for a Temporary Order for Commitment to Treatment pursuant to *N.J.S.A.* 30:4-27.10(a), specifically seeking the involuntary commitment of Heonjong Yoo, an adult (herein referred to as "patient") to inpatient treatment; and

The two necessary clinical/screening certificates having been presented to the court in the form required by *N.J.S.A.* 30:4-27(b); and

The court, upon review of the documents received, finding there to be probable cause to believe that the above-named patient is in need of involuntary commitment to treatment in accordance with the standard set forth in *N.J.S.A.* 30:4-27(m);

IT IS on this 24th day of September 2015 ORDERED that:

1.      The above-named patient be involuntarily committed to treatment and admitted to Carrier Clinic, unless an alternative placement is provided pursuant to the authority of the Commissioner of Human Services pending a court hearing with respect to the issue of continuing need for involuntary commitment to treatment, said hearing be conducted within 20 days from the initial commitment; and

2.      The court hearing (referred to in paragraph 1, above) is hereby scheduled for 1000am on the 6th day of October 2015 at Carrier Clinic; and

3.      County Counsel of Middlesex County is hereby assigned to present, at said hearing, the case for continuing involuntary commitment to treatment; and

4.      The following attorney is hereby assigned to represent the patient:

Joseph Bilal Esq.

5.  Notice of the time, date and location of the above scheduled hearing shall be served no less than 10 days prior to hearing date, upon the patient, patient's counsel, patient's guardian (if any), county counsel referred to herein, and patient's nearest relatives (include addresses):

Soyoun Yoo
15 Fourth Street
Closter, NJ 07624

The county adjuster of the county in which the patient has legal settlement, the director, chief executive officer or other individual having custody of the patient, and the following individual (include addresses):

_____

_____

_____

6.      The notice (referred to in paragraph 5 above) shall be served upon the patient, patient's guardian (if any) and patient's counsel and shall include a copy of this Order, a statement of patient's rights at the court hearing (*N.J.S.A.* 30:4-27.14) and the screening and/or clinical certificates and any other documents submitted in support of patient's involuntary commitment; and

7.      Service upon the patient shall be by personal service, all other persons specified herein to receive notice shall be served by _____Certified Mail_____
                                                                    (mode of service)

with the following exceptions: _____

_____; and

It is furthered ordered that _____

_____

_____


_____
Judge Signature

**KEVIN M. SHANAHAN, J.S.C.**
_____
Print or Stamp Judge Name

09/24/2015  15:15    9082811334                 CARRIER ADMISSIONS                    PAGE   04/41

TYPE OR PRINT CLEARLY

Name, relationship, and address of the next-of-kin of said patient:

Soyoun Yoo  mother                     Closter, NJ 07624

Social Security #:            5475

Does Patient have any benefits? Yes  X        No

           If "Yes" specify:  United Student

RECEIVED

SEP 24 2015

ADJUSTER'S OFFICE

Name of Person Making Application        Joyce Springsteel
                                         Applicant

Relationship or Position                 Court Clerk

Street Address                           POB 147

Town or City                             Belle Mead

Zip Code                                 08502

County of                                Somerset

State of                                 New Jersey

Telephone                                908-281-1000

Date:  September 24, 2015

*Heonjong Cyoo*

## STATE OF NEW JERSEY
## DEPARTMENT OF HUMAN SERVICES
## DIVISION OF MENTAL HEALTH AND ADDICTION SERVICES

### SCREENING DOCUMENT FOR ADULTS
(Pursuant to N.J.S.A. 30:4-27.1 et seq)

RECEIVED

SEP 24 2015

ADJUSTER'S OFFICE
MIDDLESEX COUNTY

I.    **DEFINITIONS**

A.  "Screening service" means a public or private ambulatory care service designated by the commissioner, which provides mental health services including assessment, emergency and referral services to persons with mental illness in a specified geographic area (N.J.S.A.30:4-27.2z). Screening is the process by which an individual being considered by commitment meets the standards for mental illness and dangerousness as defined herein.

B.  "Certified screener" means an individual who has fulfilled the requirements set forth in N.J.A.C. 10:31-3.3 and has been certified by the Division as qualified to assess eligibility for involuntary commitment to treatment. (N.J.S.A. 30:4-27.2p)

C.  "Mental Illness" means a current, substantial disturbance of thought, mood, perception or orientation which significantly impairs judgment, capacity to control behavior or capacity to recognize reality, but does not include simple alcohol intoxication, transitory reaction to drug ingestion, organic brain syndrome or developmental disability un less it results in the severity of impairment described herein. The term mental illness is not limited to "psychosis" or "active psychosis," but shall include all conditions that result in the severity of impairment described herein. (N.J.S.A. 30:4-27.2r)

D.  "Dangerous to self" means that by reason of mental illness the person has threatened or attempted suicide or serious bodily harm, or has behaved in such a manner as to indicate that the person is unable to satisfy his need for nourishment, essential medical care or shelter, so that it is probable that substantial bodily injury, serious physical harm or death will result within the reasonably foreseeable future; however, no person shall be deemed to be unable to satisfy his need for nourishment, essential medical care or shelter if he is able to satisfy such needs with the supervision and assistance of others who are willing and available. This determination shall take into account a person's history, recent behavior and any recent act, threat or serious psychiatric deterioration. (N.J.S.A. 30:4-27.2h)

E.  "Dangerous to others or property" means that by reason of mental illness there is a substantial likelihood that the person will inflict serious bodily harm upon another person or cause serious property damage within the reasonably foreseeable future. This determination shall take into account a person's history, recent behavior and any recent act, threat or serious psychiatric deterioration. (N.J.S.A. 30:4-27.2i)

F.  "In need of involuntary commitment" or "In need of involuntary commitment to treatment" means that an adult with mental illness, whose mental illness causes the person to be dangerous to self, or dangerous to others or property and who is unwilling to accept appropriate treatment voluntarily after it has been offered, needs outpatient treatment or inpatient care at

a short-term care or psychiatric facility or special psychiatric hospital because other services are not appropriate or available to meet the person's mental health care needs.  (N.J.S.A. 30:4-27.2m).

G.  "Outpatient treatment" means clinically appropriate care based on proven or promising treatments directed to wellness and recovery, provided by a member of the patient's treatment team to a person not in need of inpatient treatment.  Outpatient treatment may include, but shall not be limited to, day treatment services, case management, residential service, outpatient counseling and psychotherapy, and medication treatment. (N.J.S.A. 30:4-27.2hh)

H.  "Outpatient treatment provider" means a community-based provider designated as an outpatient treatment provider pursuant to Title 30 of the New Jersey statutes P.L. 1987, c. 116 (c.30:4-27.8), that provides or coordinates that provision of outpatient treatment to persons in need of involuntary commitment to treatment. (N.J.S.A. 30: 4-27.2ii)

I.  "Plan of outpatient treatment" means a plan for recovery from mental illness approved by a court pursuant to N.J.S.A. 30:4-27.15b prepared by an outpatient treatment provider for a patient who has a history of responding to treatment. The plan may include medication as a component of the plan; however, medication shall not be involuntarily administered in an outpatient setting. (N.J.S.A. 30:4-27.2jj)

J.  "Stabilization options" means treatment modalities or means of support used to remediate a crisis and avoid hospitalization.  They may include but are not limited to crisis intervention counseling, acute partial care, crisis housing, voluntary admission to a local inpatient unit, referral to other 24 hour treatment facilities, referral and linkage to other community resources, and use of natural support systems.

K.  "Telepsychiatry option" - psychiatric evaluation which is accomplished through technologically assisted means if the screening service has been granted a waiver by the Division of Mental Health and Addiction Services in accordance with N.J.A.C. 10:31-11 to utilize telepsychiatry in psychiatric evaluations. *See also*, N.J.A.C. 10:31-2.3(f)(2).

L.  "Least restrictive environment" means the available setting and forms of treatment that appropriate address a person's need for care and the need to respond to dangers to the person, others or property and respect, to the greatest extent practicable, the person's interests in freedom of movement and self-direction. (N.J.S.A. 30: 4-27.2gg)

M.  "Consensual" means the type of admission applicable to a person who understands and agrees to be admitted to a short-term care facility (STCF) for stabilization and treatment (*see* N.J.A.C. 10:37G-1 et seq) but otherwise meets the standards for commitment in that she/he is dangerous to self, others or property by reason of mental illness.

This document is to be used only by a certified screener to document a person's eligibility for involuntary commitment to either inpatient or outpatient commitment or consensual hospitalization.

## II.   SCREENING INFORMATION

A. This document is being prepared as a:

[X] Screening document recommending inpatient treatment    (Pursuant to N.J.S.A. 30: 4-27-1 et seq.)
(  ) Screening document recommending outpatient treatment   (Pursuant to N.J.S.A. 30: 4-27-1 et seq.)
(  ) Consensual admission document                          (Pursuant to N.J.A.C. 10:37G-1 et seq.)

B.  Telepsychiatry will be used to complete the screening certificate  [X] Yes ____ No.  (Pursuant to N.J.A.C. 10:31-2.3(f)(2)).  Complete the telepsychiatry certifications on Attachment A (attached).

C. Name of Client _____Heonjong_____Yoo_____

D. Date of Birth _____ �though___1993_____

E. Sex: [X] M ____ F

F. English language abilities:

Speaks English as primary language:      [X] Yes _____ No
Speaks English but it is not primary language:

_____ Few Words   _____ Conversationally   _____ Fluent

If not English, what is the person's primary language? _____N/A_____
Primary Language Abilities
_____ Speaks   _____ Reads   _____ Writes

Did you interview this person in his or her primary language?  [X] Yes ____ No

If no, was an interpreter present? ____ Yes   ____ No

If an interpreter was present, please give the interpreter's name and title:

_____N/A_____   _____

G. Psychiatric Advance Directive

[X] The patient does not have a psychiatric advance directive (PAD)
(  ) I was unable, after reasonable inquiry, to determine at this time whether the patient has a PAD
(  ) The patient has a PAD which is appended hereto.
(  ) The PAD names _____ to act as a Mental Health Care Representative
(  ) The PAD does not name a Mental Health Care Representative.
(  ) The patient claims to have a Psychiatric Advance Directive but it has not, after a reasonable search, been found.

### III. FINDINGS

A. Reasons for screening. Describe circumstances that led to the consumer being brought to the screening service. Describe symptoms and behaviors. *Pt. was brought to ED by Police subsequent to making terroristic threats by stating "death to the Middle East." Throughout the day yesterday he was making those threats and was discipline within the community where he was approached by RWPD couple of times.*

**Attach extra sheets or relevant documents marked "III A." If more room is required for explanation. You may also attach copies of progress notes, records and other relevant documentation if it would be more efficient.**

B. Describe the person's mental illness (refer to the definition above and include person's psychiatric diagnoses and mental health history, including his/her recent and past treatment history: *Pt. is diagnosed with Mood Disorder NOS and he has been hospitalized at Carrier Clinic in 2011 for wanting to use shotguns to shoot people*

**Attach extra sheets or relevant documents marked "III B." if more room is necessary for explanation. You may also attach copies of progress notes, records and other relevant documentation if it would be more efficient.**

C. Is it likely that this disturbance is a result of simple alcohol intoxication, transitory reaction to drug ingestion, organic brain syndrome or developmental disability?
   No _X_   Yes____
   If yes, state cause and test results or symptoms supporting this conclusion: _____

_N/A_

D. Does the patient have a history of substance abuse?

   No _X_      Yes____

   If yes, provide detail:

   _Pt. denies history of drug use._

E. Patient's dangerousness due to mental illness. Check and describe only appropriate items:

( ) Dangerous to self/suicidal

Describe the danger: Include history of recent and past attempts, whether there are current suicidal threats, plans or intent (quote statements made), availability and lethality of means, or recent actions and behaviors indicating serious psychiatric deterioration, that make it more likely than not that serious harm or death will result from this person's actions within the reasonably foreseeable future.

*none Reported.*

(✓) Dangerous to self/not suicidal

Describe the danger. Include history, self-injury threats, plans or intent (quote statements made), or recent actions and behaviors, that would make it more likely than not that substantial bodily injury, serious physical debilitation, death or serious psychiatric deterioration will result within the reasonably foreseeable future. If indicated, also describe how person has behaved so as to indicate that he/she is unable to satisfy his need for nourishment, essential medical care or shelter.

*Pt appears disruptive within a community and makes terroristic threats where he subsequently may get hurt. Pt seems politically preoccupied and seems unable to functio*

(✓) Dangerous to others

Describe the danger: Include history, threats, plans or intent (quote statements made) to hurt others, availability and lethality of means, or recent actions, behaviors or serious psychiatric deterioration indicating a substantial likelihood that this individual will inflict serious bodily harm on another person within the reasonably foreseeable future. If known, identify intended victim(s).

*Pt makes terroristic threats and has history of wanting to shoot people with a shotgun. Pt presents as danger to socie*

( ) Dangerous to property

Describe the danger: Include history, threats, plans or intent (quote statements made), availability of means, person's recent actions or behavior, or serious psychiatric deterioration indicating a substantial likelihood that this individual will cause serious property damage within the reasonably foreseeable future.

*none Reported.*

F. Documentation of diversion attempts. Identify interventions or services which have been attempted to stabilize the person and avert the need for involuntary or consensual admission. Identify whether commitment to outpatient treatment is an appropriate option for treatment. Check at least one column for each alternative.

| Type of intervention | Appropriate | Not appropriate | Available | Not available |
|---|---|---|---|---|
| Existing support System | | ✓ | ✓ | |
| Referral & Linkage to Community Services | | ✓ | ✓ | |
| Crisis Intervention Counseling | | ✓ | ✓ | |
| Outpatient Services Medication Monitoring | | ✓ | ✓ | |
| Acute Partial Care | | ✓ | ✓ | |
| PACT | | ✓ | ✓ | |
| ICMS | | ✓ | ✓ | |
| Extended Crisis Evaluation Bed with Medication Monitoring | | ✓ | ✓ | |
| Voluntary Admission to Non-STCF Inpatient Unit | | ✓ | ✓ | |
| Crisis Housing | | ✓ | ✓ | |
| Referral to other non-mental health 24 hour facility | | ✓ | ✓ | |
| Other (describe) _____ _____ _____ | | | | |

## IV. DISPOSITION
A. Recommendation for involuntary treatment (if consensual go to section V)

X involuntarily commitment to inpatient facility because (check all that apply)
    X the danger presented by this patient is imminent, or
    ( ) involuntary outpatient treatment is unavailable, or
    X involuntary outpatient treatment is not sufficient to render the patient unlikely to be dangerous in the reasonably foreseeable future.

( ) commitment to involuntary outpatient treatment because the danger that is presented by the patient's condition, while reasonably foreseeable, is not at this time imminent, and outpatient treatment is sufficient to render the patient unlikely to be a danger in the reasonably foreseeable future. Patient __has been or __will be referred for admission to a functioning outpatient program in this county which has availability provided by:

_____
                              (provider)

Detail patient's past history of responding to treatment. What treatment modalities were successfully utilized in stabilization and managing safe behavior in the community?

_____
           N/A
_____

**Attach notes or extra sheets marked "IOC recommendation" if needed for full explanation.**

( ) I have spoken to _____ at the designated outpatient provider to discuss referral and development of a treatment plan.

Outpatient commitment treatment plan
I recommend the following as essential elements of any treatment plan implemented for this patient by an outpatient treatment provider:
( )   Medication monitoring @_____
( )   Group therapies _____
( )   Individual therapy@_____
( )   Case management_____
( )   Residential supervision_____
       (describe intensity of supervision required)_____
( )   other services and programs required to maintain or lessen current level of dangerousness
( )   PACT_____
B. Least restrictive available setting rationale.
  If inpatient hospitalization is recommended, briefly explain why no less restrictive intervention/service was appropriate and available and describe why the individual's current mental health condition renders him or her imminently dangerous or why commitment to outpatient treatment is deemed inadequate to render the person unlikely to be dangerous to self, others or property within the reasonably foreseeable future.

Pt. presents as danger to others as he publically makes terroristic threats and has history of wanting to shoot people with a shotgun. Pt. appears a danger to self as he may subsequently get hurt and hurt others. Pt. requires involuntary inpt. hospitalization

09/24/2015  15:15    9082811334              CARRIER ADMISSIONS                    PAGE  12/41

**V. Certification**

I am a NJ Certified Mental Health Screener and an employee of _Rutgers UBH C APS_
I have interviewed _HEONJONG MOO_ on this date and reviewed the available clinical records. It is my opinion that at this time the named person shows evidence of mental illness and because of that mental illness is:

_yes_ Dangerous to self

_yes_ Dangerous to others or property

(Fill out only one side below)

| SCREENING DOCUMENT | : | CONSENSUAL ADMISSION DOCUMENT |
|---|---|---|
| _(signature)_ | : | |
| Signature of Screener | : | Signature of Screener |
| _S - 4843_ | : | |
| Screener Number | : | Screener Number |
| _09-22-2015_ | : | |
| Date | : | Date |
| _01:00AM_ | : | |
| Time | : | Time |

009046



**Attachment A**

## TO BE COMPLETED WHEN TELEPSYCHIATRY IS UTILIZED:

Initial one sentence in each numbered section.

1.  _____Telepsychiatry was used in the screening of this consumer and the use of telepsychiatry for this consumer was in accordance with the approved plan by DMHAS.
    (e.g., telepsychiatry was used on a weekend, holiday or other condition, specify below.)

    _____
    _____
    _____

2.  _____The consumer was afforded the opportunity to have a face-to face assessment with a psychiatrist rather than a telepsychiatry assessment and elected to have the telepsychiatry assessment OR

    _____The clinical circumstances as documented by the psychiatrist on his or her certification required a more timely assessment such that waiting to conduct a face to face assessment was not clinically appropriate. (Provide brief explanation below).

    _____
    _____
    _____

3.  _____The consumer consented to the telepsychiatry OR

    _____Emergent circumstances made consent to telepsychiatry inappropriate.
    (Provide a brief explanation below.)

    _____
    _____
    _____

5.  _____A screener or registered nurse was available to the consumer at all times during the telepsychiatric assessment. Screener or nurse must sign at the end of the document.

    **I.   Certification:**

I am a NJ Certified Mental Health Screener and an employee of _____.
I have interviewed _____ on this date and reviewed the available clinical records. I certify that the telepsychiatry was utilized in the manner described above. It is my opinion that at this time the named person shows evidence of mental illness and is
_____Dangerous to self
_____Dangerous to others or property

I certify that the patient was screened through telepsychiatry and the above statements are true.

_____        _____
     Type or print name                               sign



Type or Print Clearly
## STATE OF NEW JERSEY
### DEPARTMENT OF HUMAN SERVICES
Division of Mental Health and Addiction Services
## CLINICAL / SCREENING CERTIFICATE FOR INVOLUNTARY COMMITMENT☐ OF MENTALLY ILL ADULTS

RECEIVED
SEP. 24 2015
ADJUSTER'S OFFICE
ESSEX COUNTY

(Pursuant to N.J.S.A. 30:4-27.1, et seq. and N.J.R.Ct.4:74-7)

*If additional space is needed to provide the information requested, additional documents may be attached to this form.*

I. *Definitions and Lean Standards*

New Jersey Court Rule 4:74-7(b) states in part that: "...the certificates shall state with particularity the facts upon which the psychiatrist, physician or mental health screener relies in concluding that (I) the patient is mentally ill, (2) that mental illness causes the patient to be dangerous to self or others or property as defined by N.J.S.A. 30:4-27.2h and .21, (3) the patient is unwilling to accept appropriate treatment voluntarily after it has been offered, (4) the patient needs outpatient treatment or inpatient care at a short term care or psychiatric facility or special psychiatric hospital, and (5) other less restrictive alternative services are not appropriate or available to meet the person's mental health care needs."

Chapter 4 of Title 30 of the New Jersey Statutes states in part that:

1. "Clinical Certificate"... is completed by the psychiatrist or other physician who has examined the person who is subject to commitment within three days of presenting the person for involuntary commitment to treatment, and which states that the person is in need of involuntary commitment to treatment. The form shall also state the specific facts upon which the examining physician has based his conclusion and shall be certified in accordance with the Rules of the Court. (N.J.S.A. 30:4-27.2b)

2. "Screening Certificate"., means a clinical certificate executed by a psychiatrist or other physician affiliated with a screening service. (N.J.S.A. 30:4-27.2y)

3. "Physician" means a person who is licensed to practice medicine in any of the United States or its territories or the District of Columbia, (N.J.S.A. 30:4-27.2t)

4. "Psychiatrist" means a physician who has completed the training requirements of the American Board of Psychiatry and Neurology. (N.J.S.A. 30:4-27.2v)

5. "In need of involuntary commitment" or "in need of involuntary commitment to treatment" means that an adult with mental illness, whose mental illness causes the person to be dangerous to self or dangerous to others or property and who is unwilling to accept appropriate treatment voluntarily after it has been offered, needs outpatient treatment or inpatient care at a short-term care or psychiatric facility or special psychiatric hospital because other services are not appropriate or available to meet the person's mental health care needs.(N.J.S.A, 30:4-27.2m)

Effective 9/30/2014                       Clinical/Screening Certificate  Page 1 of 14





6. "Dangerous to self" means that by reason of mental illness the person has threatened or attempted suicide or serious bodily harm, or has behaved in such a manner as to indicate that the person is unable to satisfy his need for nourishment, essential medical care or shelter, so that it is probable that substantial bodily injury, serious physical debilitation or death will result within the reasonably foreseeable future; however, no person shall be deemed to be unable to satisfy his need for nourishment, essential medical care or shelter if he is able to satisfy such needs with the supervision and assistance of others who are willing *and* available. This determination shall take into account a person's history, recent behavior and any recent act, threat or serious psychiatric deterioration. (N.J.S.A. 30:4-27.2h)

7. "Dangerous to others or property" means that by reason of mental illness there is a substantial likelihood that the person will inflict serious bodily harm upon another person or cause serious property damage within the reasonably foreseeable future. This determination shall take into account a person's history, recent behavior and any recent act or threat. (N.J.S.A. 30:4-27.2i)

8. "Mental Illness" means a current, substantial disturbance of thought, mood, perception or orientation which significantly impairs judgment, capacity to control behavior or capacity to recognize reality but does not include simple alcohol intoxication, transitory reaction to drug ingestion, organic brain syndrome or developmental disability unless it results in the severity of impairment described herein. The term mental illness is not limited to "psychosis" or "active psychosis," but shall include all conditions that result in the severity of impairment described herein. (N.J.S.A. 30:4-27.20

9. "Outpatient treatment provider" means a community-based provider, designated as an outpatient treatment provider pursuant to section 8 of P.L.1987, c.116 (C.30:4-27.8), that provides or coordinates the provision of outpatient treatment to persons in need of involuntary commitment to treatment. (N.J.S.A. 30:4-27.2ii.)

10. "Plan of outpatient treatment" means a plan for recovery from mental illness approved by a court pursuant to section 17 of P.L.2009, 0.112 (C.30:4-27.15a) that is to be carried out in an outpatient setting and is prepared by an outpatient treatment provider for a patient who has a history of responding to treatment. The plan may include medication as a component of the plan; however, medication shall not be involuntarily administered in an outpatient setting. (N.J.S.A. 30:4-27.2jj.)

11. "Reasonably foreseeable future" means a time frame that may be beyond the immediate or imminent, but not longer than a time frame as to which reasonably certain judgments about a person's likely behavior can be reached. (N.J.S.A. 30:4-27.2kk.)

12. "Any person who is a relative by blood or marriage of the person being screened who executes a clinical certificate, or any person who signs a clinical certificate for any purpose or motive other than for purposes of care and treatment, shall be guilty of a crime of the fourth degree." (N.J.S.A. 30:4-27.10e)

The statutes and Court Rule require each certifying psychiatrist or physician to determine whether the patient is in need of involuntary commitment to inpatient treatment or involuntary commitment to outpatient treatment (where available) by considering the screening document (in the case of a screening commitment) and conducting a face-to-face examination of the patient, either in person or, where permitted by the Division, through telepsychiatry.

09/24/2015  15:15    9082811334          CARRIER ADMISSIONS          PAGE  16/41

II.    Certification of examination and qualifications

A. I, _Jenys Allende_,                , M.D. of    _765 E. Rt 70_
                                                     Street Address

     _Marlton_                    _NJ_                  _25MA08498500_

     City or Town        County    State            Medical License No.

Issued by   _NJ_         do hereby certify that I personally examined   _Heoniong Yoo_
            (State)                                                      (Name of patient)

at _RWJ_              on _9/22/2015_         from _11:20-11:30AM_
(location)              (date)              (time of examination)

B.  I am not a relative by blood or marriage of the subject of this certificate and my purpose or motive in executing this certificate is that care and treatment be afforded this individual.

C.  If an interpreter assisted in this personal examination, the interpreter's IMMO and title and the patient's primary language are as follows:

_____          _____          _____
Name             Title            Language

D. Check and complete one of the following options below. This document is being prepared as a:

1.  (☒) Screening Certificate pursuant to N.J.S.A. 30:4-27.5b (must be a psychiatrist affiliated with a screening service unless the screening service's contract allows a physician to complete the certificate; see N.J.S.A. 30:4- 27.5b); and
      (☒) I am a *psychiatrist* as defined on page I of this document.
      (☐) I am a *physician* as defined on page I of this document who may complete this certificate pursuant to a contract between the screening service and the Division of Mental Health and Addiction Services.
                                         or
2.  (☐) Clinical Certificate pursuant to N.J.S.A. 30:4-27.10 *a* (must be the treatment team psychiatrist of a patient at an inpatient facility or an outpatient treatment provider for whom a screening certificate has also been completed);
                                         or
3.  (☐) Clinical Certificate pursuant to N.J.S.A. 30:4-27.106 (regarding an individual who has not been screened at a screening service and whose commitment requires two clinical certificates, at least one of which must be completed by a psychiatrist).
      (☐) I am a *psychiatrist* as defined in section I of this certificate.
      (☐) I *am a physician* as defined in section I of this certificate.

Effective 9/30/2014                        Clinical/Screening Certificate   Page 3 of 14

09/24/2015  15:15    9082811334           CARRIER ADMISSIONS                    PAGE  17/41

III.    Telepsychiatry (if Telepsychiatry Not Used, Skip to IV)
(Telepsychiatry was the means by which the interview with the patient was conducted)

Complete each numbered provision below and initial where indicated and appropriate

1.  (☒) The consumer was afforded the opportunity to have an in-person interview;  or
    (☐) The consumer elected a face to face clinical evaluation but the evaluation was performed by telepsychiatry because waiting for
    a   psychiatrist was clinically contraindicated. Briefly explain: _____
2.  (☒) Telepsychiatry was not clinically contraindicated because <u>patient could participate</u>
3.  (☐) I am on the staff of the screening service; or  ☒ I am under contract with a provider of telepsychiatric services;
4.  (☒) I hold a full, unrestricted medical license in New Jersey.
5.  (☒) I am capable of performing all the duties that an on-site psychiatrist can perform, including prescribing indication,
    monitoring  restraints and other related interventions that require a physician's orders  or   oversight;
6.  (☒) I am available for discussion of the case with facility staff, or for interviewing family members and others, as the case may
    require.

IV.     Patient Identification and information

1. Patient's identifying data:

Social Security No: [redacted] 5475 Date of Birth: [redacted] 1993 Marital Status: <u>single</u>

Telephone # <u>(917)387-6319</u>

Address: <u>430 Hamilton St. Somerset NJ 08873</u>

Patients Driver's License No.<u>Unknown</u>                    State of Issue:<u>unknown</u>

Next of kin (for County Adjuster court hearing notification purpose only):<u>unknown</u>

Education (Highest Grade Completed):<u>in college</u>Employment or Occupation: <u>student</u>

Effective 9/30/2014                        Clinical/Screening Certificate   Page 4 of 14

2.  Psychiatric Advance Directive:

    ☒) The patient does not have a Psychiatric Advance Directive (PAD) (go to 3).
    ☐) It could not be determined after a reasonable inquiry whether the patient has a PAD (go to 3).
    ☐) The patient claims to have a PAD, but after a reasonable search it has not been found (go to 3.); OR
    ☐) The patient has a Psychiatric Advance Directive which is appended hereto.
        ☐) The PAD names _____ to act as a Mental Health Care Representative.
        ☐) The PAD does not name a Mental Health Care Representative.

3. Patient's presenting conditions:

a.  Medical Conditions: Mood D/O NOS

Source(s) of the information: ☒patient ☒chart ☐collateral_____

Treating Physician: unknown Medications: none

b. Presenting psychiatric condition, current psychiatric treatment, medication and any recent changes: Pt non complaint with medications and treatment since being at Carrier clinic in 2011. He was brought in by RUPD after making terroristic threats "death to middle east". He continued pressured illogical, agitated screaming in ER and required IM medications and restraints.

Source(s) of the information: ☒patient ☒chart ☐collateral_____

c. Recent stressors: "heated discussion with friends"

Source(s) of the information: ☒patient ☒chart ☐collateral_____

d. Substance Abuse (type and treatment):

Source(s) of the information: ☒patient ☒chart ☐collateral_____

e. Prior psychiatric hospitalizations or voluntary outpatient treatmetn (types and dates, if known):

Carrier 2011

Source(s) of the information: ☒patient ☒chart ☐collateral_____

f. Prior medical and psychiatric diagnoses:

see medical conditions

Source(s) of the information: ☒patient ☒chart ☐collateral_____

g. Prior treatment by an outpatient provider pursuant to a commitment for outpatient treatment, if any; identifying dates of treatment; provider, any barriers to treatment; and significant outcomes:

NA

Source(s) of the information: ☐patient ☒chart ☐collateral_____

## V. Results and Conclusions of Personal Examination

1. Present Mental Status:

   a.  Appearance and attire: in hospital scrubs, moderately well kempt but does not have his glasses

   b.  Attitude and behavior: speech pressured difficult to redirect.

   c.  Affect and mood: anxious

Effective 9/30/2014                        Clinical/Screening Certificate   Page 6 of 14

09/24/2015  15:15    9082811334             CARRIER ADMISSIONS                    PAGE  20/41

d.   Association and thought processes: illogical circumstantial to precived misunderstandings difficulty with redirection

e.   Thought Content: denies SI or HI, denies paranoia

f.   Perception: no AH no VH

g.   Sensorium, Memory and Orientation: alert and oriented to person place and situation

h.   Intellectual Functioning: grossly average

i.   Insight and Judgment: impaired

2. Description of physical findings (include physical status, vital signs, laboratory data): pt is medically clear for psychiatric hospitalization

Effective 9/30/2014                           Clinical/Screening Certificate   Page 7 of 14

## VI. Conclusions and Recommendations

1. Provisional Diagnoses from current Diagnostic and Statistical Manual: Mood D/O NOS

Other Diagnoses: _____

(☒) I certify that the patient will be dangerous to ( ☐ ) self *(complete item VI.2)* ( ☒ ) others or property *(complete item VI.3)* in the foreseeable future because of a mental illness.

2. Dangerous to Self

If you have concluded that this patient is "dangerous to self," answer the items in (a), (b), or (c) below that are relevant to the patient's condition, giving the sources of information by name and title or relationship to patient, or cite the document. Give details, including history, recent threats, dates and situations surrounding any attempts; i.e. was patient taking mediation, under supervision of a community treatment program, in the hospital, was there a precipitating crisis?

a. The patient has threatened or attempted to commit suicide (when and how, if known) :

N/A

Source of information: ☐ patient  ☐ chart  ☐ collateral _____

b. The patient has threatened or attempted serious bodily harm to himself/ herself as follows:

N/A

Source of information: ☐ patient  ☐ chart  ☐ collateral _____

c. The patient has behaved in the following manner which indicates that he or she is unable to satisfy his/ her need for

(☐) nourishment (☐) essential medical care (☐) shelter:

N/A                                    AND

The patient is not able to satisfy the needs listed in (c) above with the supervision and assistance of others who are willing and available.

Source of information: ☐ patient  ☐ chart  ☐ collateral _____

Effective 9/30/2014                          Clinical/Screening Certificate  Page 8 of 14

3. Dangerous to Others or Property

If you have concluded that this patient is dangerous to others or property, answer the items below, giving the sources of information by name and title or relationship to patient, or cite the document. State all facts, observations or information upon which you base your conclusion that the patient, if not committed, would be substantially likely to inflict serious bodily harm upon another person or cause serious property damage within the reasonably foreseeable future:

a.  History of dangerous behavior

Patient in psychiatric unit involuntarily in 2011 for terroristic threats with gun

Source of information: ☐patient  ☒chart  ☐collateral_____

b.  Recent behavior (state date(s) of behavior)

Patient brought in by police for making terroristic threats "death to the middle east", and while in ER continued agitated, screaming, not redirectable, requiring restraints and IM medications

Source of information: ☒patient  ☒chart  ☐collateral_____

4. State alternatives to involuntary treatment that were considered and why other services are not appropriate or available to meet the patient's mental health care needs. Be specific, (if information contained in the screening document is relied on, please refer to specific item number in that document). Does not consent to voluntary admission

5. I am aware of the standards for involuntary commitment as defined in section 1above. The following checked statements are true:

(☒) I personally examined this patient
(☒) This patient suffers from a mental illness as defined in section 1 of this form.
(☒) This patient, if not committed, would be a danger to self or others or property by reason of such mental illness in the foreseeable future.
(☒)This patient is unwilling to be admitted to the recommended treatment program or facility voluntarily for care.

**If the patient satisfies the criteria in number 5 (or the first three if the patient has consented to admission to a short term care facilicty),, proceed to Disposition in Section VII. If not, refer back to Screener for referral and follow-up.**

## VII. Disposition

1. If the patient is to receive services in a county that has not yet designated an outpatient commitment program, or if the program exists but has no openings:

(☒) The danger s/he presents is imminent.

(☐) Although the danger s/he presents is not imminent, this patient is in need of care at a psychiatric inpatient unit because other services are not appropriate or available to meet the person's mental health care needs.

2. If the patient is to receive services in a county that has a functioning outpatient commitment program which has an opening, choose one of the two options below:

(☐) In my professional judgment, the danger is imminent, or outpatient treatment is either not available or would not be sufficient to render the patient unlikely to be dangerous in the reasonably foreseeable future, and my recommendation is commitment to the least restrictive available inpatient facility.

**OR**

(☐) In my professional judgment, the danger is foreseeable, but not imminent, and my recommendation is commitment to an available outpatient program provided by:

The following are essential elements of any treatment plant implemented with this patient by an outpatient treatment provider:

(☐) medication monitoring @_____
(☐) group therapies_____
(☐) individual therapy @_____
(☐) case management
(☐) residential supervision_____
(Describe intensity of supervision required)
(☐) other services and programs required to maintain or lessen current level of dangerousness:_____

## VIII.  Certification

I certify that the foregoing statements made by me are true.

Effective 9/30/2014                         Clinical/Screening Certificate  Page 10 of 14

ˉI further certify that this patient is medically stable and is not in primary need of a medical or nursing home level of care at this time.

I am aware that is any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 9/22/2015

Psychiatrist/Physician's Name: Jenys Allende

Effective 9/30/2014                              Clinical/Screening Certificate   Page 11 of 14

09/24/2015  15:15    9082811334          CARRIER ADMISSIONS           PAGE  25/41

<u>IX Change of Patient Status and/or Location</u>

Please complete Section A,B, or C to the fullest extent possible and forward to the appropriate county adjuster.

CURRENT Status (check one)

☐ Committed to Outpatient Treatment          ☐ Conditional Extension Pending Placement

☐ Committed to Inpatient Treatment           ☐ Conditional Discharge

☐ Voluntary                                  ☐ Consensual


Current psychiatric hospital and unit or outpatient provider:_____

A.  <u>Change of Patient Status</u>

PROPOSED Status (check one)

☐ Committed to Outpatient Treatment          ☐ Committed to Inpatient Treatment

(new screening certificates must be attached if current status is CEPP, Conditional Discharge, Voluntary, or Consensual)


☐ Conditional Extension Pending Placement    ☐ Consensual


☐ Voluntary


Judge who entered order now in effect and its date: Hon. _____ , _____, 20_____

B. Change of Location (complete this section if the program with responsibility for a patient's care is proposing a transfer to a different location for treatment.)

1. a. The patient's attorney's name: _____
   b. Date and manner of notification to patient's attorney of this application:_____, 20_____(e-mail, telephone, certified mail, fax, in person, etc.)_____

If patient is being transferred before an initial hearing, this notice must occur at least 24 hour before the transfer occurs

2.  Check all that apply:
(☐) Patient has insufficient resources to remain in current inpatient unit.
(☐) Patient needs longer term inpatient treatment than present hospital offers,
(☐) Patient needs program available at receiving hospital or program and NOT available at current facility or through current program.
(☐) Patient requests transfer.
(☐) Patient's family requests transfer.
(☐) Patient is eligible for outpatient treatment services in a different county: _____County.
(☐) Other reason(s)


Effective 9/30/2014                        Clinical/Screening Certificate   Page 12 of 14

Other information regarding patient's legal or hospitalization status:_____

_____          _____
Signature                                   Name (Print)


_____                                     _____, 20_____
Title                                       Date


C. **Change from Inpatient to Outpatient Commitment** *OR* **from Outpatient to Inpatient Commitment**

**(Complete either Section 1 OR 2)**

1.  If requesting a change from outpatient to inpatient commitment, describe:
    a.  Behaviors that indicate increased risk of danger (attach incident or police reports as available) such that dangerousness due to mental illness is both foreseeable and imminent:_____
    b.  Treatments attempted or ruled out _____
    c.  Connection of danger to mental illness _____
    d.  The consumer
        is materially compliant with the treatment plan approved by the court but no medication of the treatment plan has been sufficient to reduce dangerousness
        is not materially compliant with the treatment plan approved by the court and a modification of the treatment plan would be insufficient to reduce dangerousness. Explain, including any attempts to modify the plan or the patient's compliance: _____


_____          M. Megan Embrescia, MD
Treating psychiatrist (sign)                Treating psychiatrist (print)    Date/Time


Effective 9/30/2014                         Clinical/Screening Certificate  Page 13 of 14

I concur that the consume requires inpatient treatment at this time_____

_____          _____        _____
Screening psychiatrist (sign)          Treating psychiatrist (print)    Date/Time

2.  If requesting change from inpatient to outpatient, describe:

    a.   Behaviors that indicate decrease risk of danger (attach treatment notes as appropriate) _____

    b.   Treatment available at outpatient treatment program that program has agreed to provide:_____

    c.   CEO or a person designated by CEO initiated Conversion on _____, 20_____

    d.   The patient

is still dangerous because of mental illness and unwilling to cooperate with treatment, but the danger is no longer imminent

never presented an imminent danger but a program opening has developed that was not available at the time of the original commitment order.

_____          _____        _____
Treating psychiatrist (sign)          Treating psychiatrist (print)    Date/Time

X. FOR COUNTY ADJUSTER

If only a change in location is recommended, the adjuster is directed to amend the location in the notice of hearing and any appropriate financial records to reflect the change to:

_____
(New Location)

If change of status is requested, the adjuster is directed to submit this request with original commitment papers to the courts and set down for a hearing in compliance with the statutes and court rule.

_____

Effective 9/30/2014                    Clinical/Screening Certificate  Page 14 of 14

foo, Heonjonj          ACU
8/26/1993     Age: 22   9/23/2015
**V0118696202**    MC01081509

BN: V0118696202

**Type or Print Clearly**
## STATE OF NEW JERSEY
### DEPARTMENT OF HUMAN SERVICES
Division of Mental Health and Addiction Services
## CLINICAL/SCREENING CERTIFICATE FOR INVOLUNTARY COMMITMENT
### OF MENTALLY ILL ADULTS
(Pursuant to N.J.S.A. 30:4-27.1, et seq. and N.J. Court Rule 4:74-7)

RECEIVED

SEP 24 2015

ADJUSTER'S OFFICE
MIDDLESEX COUNTY

*If additional space is needed to provide the information requested, additional documents may be attached to this form.*

## I.   Definitions and Legal Standards

New Jersey Court Rule 4:74-7(b) states in part that: "...the certificates shall state with particularity the facts upon which the psychiatrist, physician or mental health screener relies in concluding that (1) the patient is mentally ill, (2) that mental illness causes the patient to be dangerous to self or others or property as defined by N.J.S.A. 30:4-27.2h and .2i, (3) the patient is unwilling to accept appropriate treatment voluntarily after it has been offered, (4) the patient needs outpatient treatment or inpatient care at a short term care or psychiatric facility or special psychiatric hospital, and (5) other less restrictive alternative services are not appropriate or available to meet the person's mental health care needs."

Chapter 4 of Title 30 of the New Jersey Statutes states in part that:

1.  "Clinical Certificate" is completed by the psychiatrist or other physician who has examined the person who is subject to commitment within three days of presenting the person for involuntary commitment to treatment, and which states that the person is in need of involuntary commitment to treatment. The form shall also state the specific facts upon which the examining physician has based his conclusion and shall be certified in accordance with the Rules of the Court. A clinical certificate may not be executed by a person who is a relative by blood or marriage of the person who is being screened. (N.J.S.A. 30:4-27.2b)

2.  "Screening Certificate" means a clinical certificate executed by a psychiatrist or other physician affiliated with a screening service. (N.J.S.A. 30:4-27.2y)

3.  "Physician" means a person who is licensed to practice medicine in any of the United States or its territories, or the District of Columbia. (N.J.S.A. 30:4-27.2i)

4.  "Psychiatrist" means a physician who has completed the training requirements of the American Board of Psychiatry and Neurology. (N.J.S.A. 30:4-27.2v)

5.  "In need of involuntary commitment" or "in need of involuntary commitment to treatment" means that an adult with mental illness, whose mental illness causes the person to be dangerous to self or dangerous to others or property and who is unwilling to accept appropriate treatment voluntarily after it has been offered, needs outpatient treatment or inpatient care at a short-term care or psychiatric facility or special psychiatric hospital because other services are not appropriate or available to meet the person's mental health care needs. (N.J.S.A. 30:4-27.2m)

Clinical/Screening Certificate Page 1 of 14

6.  "Dangerous to self" means that by reason of mental illness the person has threatened or attempted suicide or serious bodily harm, or has behaved in such a manner as to indicate that the person is unable to satisfy his need for nourishment, essential medical care or shelter, so that it is probable that substantial bodily injury, serious physical harm or death will result within the reasonably foreseeable future; however, no person shall be deemed to be unable to satisfy his need for nourishment, essential medical care or shelter if he is able to satisfy such needs with the supervision and assistance of others who are willing and available. This determination shall take into account a person's history, recent behavior and any recent act, threat or serious psychiatric deterioration. (N.J.S.A. 30:4-27.2h)

7.  "Dangerous to others or property" means that by reason of mental illness there is a substantial likelihood that the person will inflict serious bodily harm upon another person or cause serious property damage within the reasonably foreseeable future. This determination shall take into account a person's history, recent behavior and any recent act, threat or serious psychiatric deterioration. (N.J.S.A. 30:4-27.2i)

8.  "Mental illness" means a current, substantial disturbance of thought, mood, perception or orientation which significantly impairs judgment, capacity to control behavior or capacity to recognize reality but does not include simple alcohol intoxication, transitory reaction to drug ingestion, organic brain syndrome or developmental disability unless it results in the severity of impairment described herein. The term mental illness is not limited to "psychosis" or "active psychosis," but shall include all conditions that result in the severity of impairment described herein. (N.J.S.A. 30:4-27.2r)

9.  "Outpatient treatment provider" means a community-based provider, designated as an outpatient treatment provider pursuant to section 8 of P.L.1987, c.116 (C.30:4-27.8), that provides or coordinates the provision of outpatient treatment to persons in need of involuntary commitment to treatment. (N.J.S.A. 30:4-27.2ii)

10. "Plan of outpatient treatment" means a plan for recovery from mental illness approved by a court pursuant to section 17 of P.L.2009, c.112 (C.30:4-27.15a) that is to be carried out in an outpatient setting and is prepared by an outpatient treatment provider for a patient who has a history of responding to treatment. The plan may include medication as a component of the plan; however, medication shall not be involuntarily administered in an outpatient setting. (N.J.S.A. 30:4-27.2jj)

11. "Reasonably foreseeable future" means a time frame that may be beyond the immediate or imminent, but not longer than a time frame as to which reasonably certain judgments about a person's likely behavior can be reached. (N.J.S.A. 30:4-27.2kk)

12. "Any person who is a relative by blood or marriage of the person being screened who executes a clinical certificate, or any person who signs a clinical certificate for any purpose or motive other than for purposes of care treatment, and confinement of a person in need of involuntary commitment to treatment shall be guilty of a crime of the fourth degree." (N.J.S.A. 30:4-27.10e)

The statutes and Court Rule require each certifying psychiatrist or physician to determine whether the patient is in need of involuntary commitment to inpatient treatment or involuntary commitment to outpatient treatment (where available) by considering the screening document (in the case of a screening commitment) and conducting a face-to-face examination of the patient, either in person or, where permitted by the Division, through telepsychiatry.

Clinical/Screening Certificate Page 2 of 14

Effective 9/30/2014

II. **Certification of Examination and Qualifications**

A. I CHRISTOPHER BOTA (M.D./D.O. of 252 County Road 601

_____ Belle Mead Somerset NJ MA 71195 ___ NJ
    City or Town    County   State   Medical License No.   (Issuing State)

do hereby certify that I personally examined ___ HEONJONG YU ___

at Carrier Clinic on 9/24/15 from 10 (am/pm) to 1030 am/pm.
   (location)     (date)     (time of examination)
               (Name of patient)

( ) I am a *psychiatrist* as defined in section I of this document.
( ) I am a *physician* as defined in section I of this document.

B. I am not a relative by blood or marriage of the subject of this certificate and my purpose or motive in executing this certificate is that care and treatment be afforded this individual.

C. If an interpreter assisted in this personal examination, the interpreter's name and title and the patient's primary language are as follows:

                     N/A
_____   _____   _____
   Name           Title          Language

D. Check and complete <u>one</u> of the following options below. This document is being prepared as a:

1. ( ) Screening Certificate pursuant to N.J.S.A. 30:4-27.5b completed by a psychiatrist affiliated with a screening service (*see* N.J.S.A. 30:4-27.2y) unless the screening service's contract allows a physician to complete the certificate; (*see* N.J.S.A. 30:4-27.5b); and

   ( ) I am a *psychiatrist* as defined in section I of this certificate.
   ( ) I am a *physician* as defined in section I of this certificate who may complete this certificate pursuant to a contract between the screening service and the Division of Mental Health and Addiction Services.

                     Or

2. ( ) Clinical Certificate pursuant to N.J.S.A. 30:4-27.10a (must be the treatment team *psychiatrist* of a patient at an inpatient facility or an outpatient treatment provider for whom a screening certificate has also been completed);

                     or

3. ( ) Clinical Certificate pursuant to N.J.S.A. 30:4-27.10b (regarding an individual who has not been referred by a screening service and whose commitment requires two clinical certificates, at least one of which must be completed by a psychiatrist).

   ( ) I am a *psychiatrist* as defined in section I of this certificate.
   ( ) I am a *physician* as defined in section I of this certificate.

Clinical/Screening Certificate Page 3 of 14

09/24/2015  15:15    9082811334              CARRIER ADMISSIONS                    PAGE  31/41

## III. Telepsychiatry (if Telepsychiatry Not Used, Skip to IV)

___ Telepsychiatry was the means by which the interview with the patient was conducted

Complete each numbered provision below and initial each statement that applies.

1. ___ The consumer was afforded the opportunity to have an in-person interview; or

___ The consumer elected a face-to-face clinical evaluation but the evaluation was performed by telepsychiatry because waiting for a psychiatrist was clinically contraindicated. Briefly explain:

N/D

2. ___ Telepsychiatry was not clinically contraindicated because_____

3. ___ I am on the staff of the screening service; or ___ I am under contract with a provider of telepsychiatry services.

4. ___ I hold a full, unrestricted medical license in New Jersey.

5. ___ I am capable of performing all the duties that an on-site psychiatrist can perform, including prescribing medication, monitoring restraints and other related interventions that require a physician's orders or oversight.

6. ___ I am available for discussion of the case with facility staff, and/or for interviewing family members and others, as the case may require.

## IV. Patient Identification and Information

1. Patient's identifying data:

Social Security No: ▮▮▮▮ 5475 Date of Birth: ▮▮▮ 1993 Marital Status: S

Telephone # 917 387 6319 Driver's License #: _____ State of Issue: ___

Address: 430 Nonilla Steel

Next of kin (for County Adjuster court hearing notification purposes only): Coyou (mom)

Next of kin contact information (address and phone number): _____

(917) 387 6319

Education (Highest Grade Completed): ___ Employment or Occupation: _____

Clinical/Screening Certificate Page 4 of 14

Effective 9/30/2014

2.  Psychiatric Advance Directive:

( )  The patient does not have a Psychiatric Advance Directive (PAD) (go to 3.);

( )  It could not be determined after a reasonable inquiry whether the patient has a PAD (go to 3.);

( )  The patient claims to have a PAD, but after a reasonable search it has not been found (go to 3.); OR

( )  The patient has a PAD which is appended hereto.

( )  The PAD names _____ to act as a Mental Health Care Representative.

( )  The PAD does not name a Mental Health Care Representative.

3.  Patient's presenting conditions:

a.  Medical Conditions: ____Ø____

Treating Physician: DR BODA    Medications: ____Ø____

Source(s) of the information: ___MR___

b.  Presenting psychiatric condition, current psychiatric treatment, medication and any recent changes:

made terroristic threats. "death to muddle east" Agitated, illogical

Source(s) of the information: ___MR___

c.  Recent stressors: ___mental illness___

Source(s) of the information: ___MR___

d.  Substance use (type and treatment):

DENIED

Source(s) of the information: ___MR___

Effective 9/30/2014

e.  Prior psychiatric hospitalizations or voluntary outpatient treatment (types and dates, if known): _____

_____ Careell  clinic - 2011 _____

_____

Source(s) of the information: _____

f.  Prior medical and psychiatric diagnoses:

_____ a chyo affective  d i) _____

_____

Source(s) of the information: _____ m R _____

g.  Prior treatment by an outpatient provider pursuant to a commitment for outpatient treatment, if any; identifying dates of treatment; provider; any barriers to treatment; and significant outcomes:

_____ unknown _____

_____

Source(s) of the information: _____ m n _____

## V.  **Results of Personal Examination**

1.  Present Mental Status:

a.  Appearance and Attire:

_____ moherelle d _____

_____

b.  Attitude and Behavior:

_____ guarded _____

_____

c.  Affect and Mood:

_____ labile _____

_____

_____

Clinical/Screening Certificate Page 6 of 14

d.  Association and Thought Processes:

_Tangential_

e.  Thought Content:

_Paranoia +_
_Delusions +_

f.  Perception:

_Denies A/V/H_

g.  Sensorium, Memory and Orientation:

_A + O x 3_

h.  Intellectual Functioning:

_Average_

i.  Insight and Judgment:

_Poor_

2.  Description of physical findings (include physical status, vital signs, laboratory data):

_medically cleared_

## VI.  Conclusions

1.  Provisional Diagnoses from current Diagnostic and Statistical Manual:

    Psychiatric and Substance Use Diagnosis / Diagnoses: _____

    _____ schizoaffective d/o _____

    Other Diagnoses:

    _____

    _____

    ( ) I certify that the patient will be dangerous to ( ) self (*complete item VI.2*) and/or
    ( ) others or property (*complete item VI.3*) in the foreseeable future because of a mental
    illness as defined in section I.

2.  Dangerous to Self

    If you have concluded that this patient is dangerous to self, answer the items in (a), (b), and/or
    (c) below that are relevant to the patient's condition, giving the sources of information by name
    and title or relationship to patient, or cite the document. Give details, including history, recent
    threats, dates and situations surrounding any attempts; i.e. was patient taking medication, under
    supervision of a community treatment program, in the hospital, was there a precipitating crisis?

    a.  The patient has threatened or attempted to commit suicide (when and how, if known):

        N/A

        _____

        _____

        Source(s) of information: ____ MR ____

    b.  The patient has threatened or attempted serious bodily harm to himself / herself as
        follows:

        N/A

        _____

        _____

        Source(s) of information: ____ MR ____

    c.  The patient has behaved in the following manner which indicates that he or she is unable
        to satisfy his/her need  for ( ) nourishment ( ) essential medical care ( ) shelter:

Clinical/Screening Certificate Page 8 of 14

**AND**

The patient is not able to satisfy the needs listed in (c) above with the supervision and assistance of others who are willing and available.

Source(s) of information: _____ mR _____

3. Dangerous to Others or Property

If you have concluded that this patient is dangerous to others or property, answer the items below, giving the sources of information by name and title or relationship to patient, or cite the document. State all facts, observations or information upon which you base your conclusion that the patient, if not committed, would be substantially likely to inflict serious bodily harm upon another person or cause serious property damage within the reasonably foreseeable future:

a. History of Dangerous Behavior

_____ April - 2011 - terroristic threats _____
_____ w/ gun _____

Source(s) of information: _____ mR _____

b. Recent behavior (state date(s) of behavior)

_____ Agitated, screaming, needed _____
_____ restraints _____

Source of information: _____ mR _____

4. State alternatives to involuntary treatment that were considered and why other services are not appropriate or available to meet the patient's mental health care needs. Be specific. If information contained in the screening document is relied on, please refer to specific item number in that document.

5. I am aware of the standard for involuntary commitment as defined in section I above. The following checked statements are true:

Clinical/Screening Certificate Page 9 of 14

Effective 9/30/2014

( ) I personally examined this patient.
( ) This patient suffers from a mental illness as defined in section I of this form.
( ) This patient, if not committed, would be a danger to self and/or others or property by reason of mental illness in the foreseeable future.
( ) This patient is unwilling to be admitted to the required treatment program or facility voluntarily for care.

If you have checked all the boxes in number 5 (or the first three if the patient has consented to admission to a short term care facility), proceed to Disposition in Section VII. If not, refer back to Screener for referral and follow-up.

## VII.  Disposition

1.  If the patient is to receive services in a county that has not yet designated an outpatient commitment program, or if the program exists but has no openings:

   ( )  The danger s/he presents is imminent.
   ( )  Although the danger s/he presents is not imminent, this patient is in need of care at a psychiatric inpatient unit because other services are not appropriate or available to meet the person's mental health care needs.

2.  If the patient is to receive services in a county that has a functioning outpatient commitment program, choose one of the two options below.

   ( )  In my professional judgment, the danger is imminent, or outpatient treatment is either not available or would not be sufficient to render the patient unlikely to be dangerous in the reasonably foreseeable future, or the patient does not have a history of responding to treatment, and my recommendation is commitment to the least restrictive available inpatient facility.

                            **OR**

   ( )  In my professional judgment, the danger is foreseeable, but not imminent, and my recommendation is commitment to an available outpatient program provided by:

   _____

   The following are essential elements of any treatment plan implemented with this patient by an outpatient treatment provider:

   ( )  medication monitoring @ _____
   ( )  group therapies: _____
   ( )  individual therapy @ _____
   ( )  case management _____
   ( )  residential supervision _____

   (Describe intensity of supervision required)

   ( ) other services and programs required to maintain or lessen current level of dangerousness:

   _____

## VIII.  Certification

   I certify that the foregoing statements made by me are true.

Clinical/Screening Certificate Page 10 of 14

Effective 9/30/2014

009071

I further certify that this patient is medically stable and is not in primary need of a medical or nursing home level of care at this time.

I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

___9/24/15___                    DR-BBOMA
Date                            (Psychiatrist) / Physician's Signature

## IX.  *Change of Patient Status and/or Location*

Please complete Section A, B, or C to the fullest extent possible and forward to the appropriate county adjuster.

CURRENT Status (circle one)

| Committed to Outpatient Treatment | Conditional Extension Pending Placement |
| Committed to Inpatient Treatment | Conditional Discharge |
| Voluntary | Consensual |

Current psychiatric hospital and unit or outpatient provider: _____

### A.  *Change of Patient Status*

PROPOSED Status (circle one)

Committed to Outpatient Treatment                Committed to Inpatient Treatment

(new screening certificates must be attached if current status is CEPP, Conditional Discharge, voluntary or consensual)

Conditional Extension Pending Placement      Voluntary      Consensual

Judge who entered order now in effect and its date:

Hon. _____,   _____, 20___

(  )  Copy of most recent court order must be attached.

### B.  *Change of Location*  (complete this section if the program with responsibility for a patient's care is proposing a transfer to a different location for treatment.)

1.a.  The patient's attorney's name: _____
 b.  Date and manner of notification to patient's attorney of this application:

_____, 20___   _____
                         (email, telephone, certified mail, fax, personal)

If patient is being transferred before an initial hearing, this notice must occur at least 24 hours before the transfer occurs

2.  Check all that apply:
(  )  Patient has insufficient financial resources to remain in current inpatient unit.
(  )  Patient needs longer term inpatient treatment than present hospital offers.
(  )  Patient needs program available at receiving hospital or program and NOT available at current facility or through current program.
(  )  Patient requests transfer.
(  )  Patient's family requests transfer.
(  )  Other reason _____

Effective 9/30/2014

Clinical/Screening Certificate Page 12 of 14

Other information regarding patient's legal or hospitalization status:

_____

_____

Signature _____        Name Printed _____     Title _____

_____, 20 ___
Date

C.  _Change from inpatient to outpatient commitment or from outpatient to inpatient commitment_

    (Complete either **SECTION 1 OR 2**)

    1.  If requesting a change from outpatient to inpatient commitment, describe:

    a.  behaviors that indicate increased risk of danger (attach incident or police reports as available) such that dangerousness due to mental illness is both foreseeable and imminent:

_____

_____

_____

    b.  treatments attempted or ruled out

_____

_____

    c.  connection of danger to mental illness

_____

    d.  The consumer

       ( ) is materially compliant with the treatment plan approved by the court but no modification of the treatment plan has been sufficient to reduce dangerousness.

       ( ) is not materially compliant with the treatment plan approved by the court and a modification of the treatment plan would be insufficient to reduce dangerousness. Explain, including any attempts to modify the plan or the patient's compliance:

_____

_____

Treating Psychiatrist _____    Printed Name _____    Date and time _____

I concur that the consumer requires inpatient treatment at this time

_____       _____       _____
Screening Psychiatrist                       Printed name                          Date and time

2.   If requesting change from inpatient to outpatient, describe:

a.   behaviors that indicate decreased risk of danger (attach treatment notes as appropriate)

_____

_____

b.   treatment available at outpatient treatment program that program has agreed to provide:

_____

_____

c.   (  ) CEO or a person designated by the CEO initiated Conversion on _____, 20___

d.   The patient

( ) is still dangerous because of mental illness and unwilling to cooperate with treatment, but the danger is no longer imminent
( ) never presented an imminent danger but a program opening has developed that was not available at the time of the original commitment order.

_____       _____       _____
Treating Psychiatrist                          Printed name                          Date and time

## X.  FOR COUNTY ADJUSTER:

If only a change in location is recommended, the adjuster is directed to amend the location in the notice of hearing and any appropriate financial records to reflect the change to:

_____
(New Location)

If change of status is requested, the adjuster is directed to submit this request with original commitment papers to the courts and set down for a hearing in compliance with the statutes and court rule.