In

Let

USA v. Yoo )  6:18 -

FILED: 11/28/18
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID A. O'TOOLE, CLERK

The attached are the exhibits for motion to recuse prosecution, malicious prosecution, etc.

(1) Tyler PD report 16-028385 for the agg assault case of 2016 1202.  241-0072-17  and 241-0576-17

(2) Indictments for    " "

(3) Unconsciencable plea agreement from Coan.

(4) Letter to Mick Mickelson

20181118

## INCIDENT/INVESTIGATION REPORT

| | |
|---|---|
| Case# | 16-028385 |
| Date / Time Reported | 12/02/2016 14:18   Fri |
| Last Known Secure | 12/02/2016 14:18   Fri |
| At Found | 12/02/2016 14:18   Fri |

**INCIDENT DATA**

Agency Name: *Tyler Police Department*

ORI: *TX2120400*

Location of Incident: *3954 Mcdonald Rd, Tyler TX 75701-*

Premise Type: *Residence/home*   Zone/Tract: 4

| # | Crime Incident(s) | (Com) | Weapon / Tools | | | | Activity |
|---|---|---|---|---|---|---|---|
| #1 | Agg Assault 22.02 | F | Entry | Exit | Security | | |
| #2 | Crime Incident | ( ) | Weapon / Tools | | | | Activity |
| | | | Entry | Exit | Security | | |
| #3 | Crime Incident | ( ) | Weapon / Tools | | | | Activity |
| | | | Entry | Exit | Security | | |

**MO**

**VICTIM**

# of Victims: 0   Type:   Injury:

| V1 | Victim/Business Name (Last, First, Middle) | | Victim of Crime # | DOB Age | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|---|

Home Address:   Home Phone:

Employer Name/Address:   Business Phone:   Mobile Phone:

| VYR | Make | Model | Style | Color | Lic/Lis | | VIN |
|---|---|---|---|---|---|---|---|

CODES:  V- Victim (Denote V2, V3)   O= Owner (If other than victim)   R = Reporting Person (if other than victim)

**OTHERS INVOLVED**

Type:  INDIVIDUAL/ NOT LAW ENFORCEMENT   Injury:

| Code | Name (Last, First, Middle) | | Victim of Crime # | DOB Age | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|---|
| IO | LACK, STEPHEN D | | | 48 | W | M | | Non-Resident | |

Home Address:   Home Phone:

Employer Name/Address:   Business Phone:   Mobile Phone:

Type:  INDIVIDUAL/ NOT LAW ENFORCEMENT   Injury:

| Code | Name (Last, First, Middle) | | Victim of Crime # | DOB Age | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|---|
| IO | CHAVEZ, JEFF JR | | | 20 | W | M | | Non-Resident | |

Home Address:   Home Phone:

Employer Name/Address: *UNEMPLOYED*   Business Phone:   Mobile Phone:

**PROPERTY**

1= None   2= Burned   3= Counterfeit / Forged   4 = Damaged / Vandalized   5= Recovered   6= Seized   7= Stolen   8= Unknown
(*OI* = Recovered for Other Jurisdiction)

| VI # | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| 13 | 6 | | $0.00 | | 1 | HANDGUN | 380/RUGER/Lcp | 371649436 |
| 13 | 6 | | $0.00 | | 1 | RIFLE | 556/SMITH & WESSON/M&p-15 | TE71011 |
| 13 | 6 | | $0.00 | | 1 | RIFLE | 308/REMINGTON/700 | RR725398 |
| 13 | 6 | | $0.00 | | 1 | MACHETE | GERBER | |
| 13 | 6 | | $0.00 | | 1 | SHOTGUN | 12/WINCHESTER/Super X Defender | 12AZT20030 |
| 99 | 6 | | $0.00 | | 1 | TACTICAL VEST | | |
| 59 | 6 | | $0.00 | | 2 | MAGAZINES | 556/PMAG | |
| 59 | 6 | | $0.00 | | 1 | MAGAZINE | 380/RUGER/Lcp | |
| 59 | 6 | | $0.00 | | 1 | ASSORTED CARTRIDGES | | |
| 03 | TOWD | | $0.00 | | 1 | 2006 BLK,   HRV5193  TX | DODGE | 1D7HU18206S605092 |
| 07 | 1 | | $0.00 | | 1 | 2009 WHT/WHT  HBP3291  TX | CHRY Aspen | 1A8HW58P29F703577 |

**Status**

Officer/ID#: *MOORE, W. C. (9858)*

Invest ID#: (0)   Supervisor: (0)

Complainant Signature:   Case Status:   Case Disposition:   Page 1

## Incident Report Additional Name List

Tyler Police Department

OCA: 16-028385

Additional Name List

| | Name Code/# | Name (Last, First, Middle) | Victim of Crime # | DOB | Age | Race | Sex |
|---|---|---|---|---|---|---|---|
| 1) | WI    1 | ELDER, ANDREA ELISE | | | 20 | B | F |
| | | Address | | H: | | | |
| | | Empl/Addr | | B:  - - | | | |
| | | | | Mobile #:  - - | | | |
| 2) | WI    2 | ELDER, DEMETRIS NICOLE | | | 24 | B | F |
| | | Address | | | | | |
| | | Empl/Addr | | B:  - - | | | |
| | | | | Mobile #: | | | |
| 3) | WI    3 | DYKMAN, TANNER JAMES | | | 20 | W | M |
| | | Address | | H: | | | |
| | | Empl/Addr | | B:  - - | | | |
| | | | | Mobile #:  - - | | | |
| 4) | WI    4 | FRANKLIN, DERIL | | | 59 | B | M |
| | | Address | | H: | | | |
| | | Empl/Addr  Self | | B:  - - | | | |
| | | | | Mobile #:  - - | | | |
| 5) | WI    5 | WOOD, WESLEY RYAN | | | 21 | W | M |
| | | Address | | H: | | | |
| | | Empl/Addr | | B:  - - | | | |
| | | | | Mobile #:  - - | | | |
| 6) | WI    6 | CRISWELL, JONATHON TODD | | | 19 | W | M |
| | | Address | | H: | | | |
| | | Empl/Addr  Tjc | | B:  - - | | | |
| | | | | Mobile #:  - - | | | |

## INCIDENT/INVESTIGATION REPORT

*Tyler Police Department*

Case # *16-028385*

| Status Codes | 1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown |
|---|---|

| | IBR | Status | Quantity | Type Measure | Suspected Type | Up to 3 types of activity |
|---|---|---|---|---|---|---|
| **D** | | | | | | |
| **R** | | | | | | |
| **U** | | | | | | |
| **G** | | | | | | |
| **S** | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Assisting Officers

*FREEMAN, R.C. (12420),  STROTHER, R.A. (10622),  THOMAS, W.O. (9070),  MAIN, R.A. (11939),  DOUGHTEN, J.L. (11375), COLBY, A. (11298),  HOLCOMB, R.C. (10882)*

Suspect Hate / Bias Motivated:

**N A R R A T I V E**

033125

## Incident Report Suspect List

*Tyler Police Department*

OCA: *16-028385*

**1**

| Name (Last, First, Middle) | Also Known As | Home Address |
|---|---|---|
| *LACK, MATTHEW DOUGLAS* | | ▮▮▮ |

| Business Address | | |
|---|---|---|
| ▮▮▮ | | |

| DOB | Age | Race | Sex | Eth | Hgt | Wgt | Hair | Eye | Skin | Driver's License / State. |
|---|---|---|---|---|---|---|---|---|---|---|
| ▮ | *19* | *W* | *M* | *N* | *511* | *175* | *BRO* | *BRO* | *LGT* | ▮▮▮ |

Scars, Marks, Tattoos, or other distinguishing features

| Reported Suspect Detail | Suspect Age | Race | Sex | Eth | Height | Weight | SSN |
|---|---|---|---|---|---|---|---|
| Weapon, Type | Feature | Make | Model | | Color | Caliber | Dir of Travel / Mode of Travel |
| VehYr/Make/Model | | Drs | Style | Color | Lic/St | | VIN |

Notes                                                    Physical Char

**2**

| Name (Last, First, Middle) | Also Known As | Home Address |
|---|---|---|
| *YOO, HEON JONG* | *HANK* | *400 OLD GRANDE BLVD – 1201 TYLER, TX 75703 469-810-6556* |

| Business Address | | |
|---|---|---|

| DOB | Age | Race | Sex | Eth | Hgt | Wgt | Hair | Eye | Skin | Driver's License / State. |
|---|---|---|---|---|---|---|---|---|---|---|
| ▮*1993* | *23* | *A* | *M* | *N* | *509* | *190* | *BLK* | *BRO* | | ▮▮▮ |

Scars, Marks, Tattoos, or other distinguishing features

| Reported Suspect Detail | Suspect Age | Race | Sex | Eth | Height | Weight | SSN |
|---|---|---|---|---|---|---|---|
| Weapon, Type | Feature | Make | Model | | Color | Caliber | Dir of Travel / Mode of Travel |
| VehYr/Make/Model | | Drs | Style | Color | Lic/St | | VIN |

Notes                                                    Physical Char

## Incident Report Suspect List

*Tyler Police Department*

OCA: *16-028385*

**3**

| Name (Last, First, Middle)<br>*LONG, JESSE ROGER* | Also Known As | Home Address |
|---|---|---|
| Business Address | | |

| DOB | Age<br>*19* | Race<br>*W* | Sex<br>*M* | Eth | Hgt | Wgt | Hair | Eye | Skin | Driver's License / State. |
|---|---|---|---|---|---|---|---|---|---|---|

Scars, Marks, Tattoos, or other distinguishing features

| *Reported Suspect Detail* | Suspect Age | | Race | Sex | Eth | Height | | Weight | | SSN |
|---|---|---|---|---|---|---|---|---|---|---|
| Weapon, Type | Feature | Make | | Model | | Color | Caliber | Dir of Travel | | |
| | | | | | | | | Mode of Travel | | |
| VehYr/Make/Model | | Drs | Style | | Color | | Lic/St | | VIN | |

| Notes | Physical Char |
|---|---|

**4**

| Name (Last, First, Middle)<br>*HERNANDEZ, CARLOS JOSE* | Also Known As | Home Address |
|---|---|---|
| Business Address | | |

| DOB | Age<br>*21* | Race<br>*W* | Sex<br>*M* | Eth | Hgt<br>*508* | Wgt<br>*140* | Hair<br>*BRN* | Eye<br>*BRO* | Skin | Driver's License / State. |
|---|---|---|---|---|---|---|---|---|---|---|

Scars, Marks, Tattoos, or other distinguishing features

| *Reported Suspect Detail* | Suspect Age | | Race | Sex | Eth | Height | | Weight | | SSN |
|---|---|---|---|---|---|---|---|---|---|---|
| Weapon, Type | Feature | Make | | Model | | Color | Caliber | Dir of Travel | | |
| | | | | | | | | Mode of Travel | | |
| VehYr/Make/Model | | Drs | Style | | Color | | Lic/St | | VIN | |

| Notes | Physical Char |
|---|---|

## Incident Report Related Vehicle List

*Tyler Police Department*

OCA: *16-028385*

| 1 | VehYr/Make/Model *2009 CHRY, Aspen* | | Style *LL* | | Color *WHT/WHT* | Lic/Lis *HBP3291 TX 2017* | | VIN *1A8HW58P29F705577* | |
|---|---|---|---|---|---|---|---|---|---|
| | IBR Status *None* | | Date | | Location *TX* | | | | |
| | Condition | Value *$0.00* | | Offense Code | | Jurisdiction *Locally* | State # | NIC # | |
| | Name (Last, First, Middle) *Lack, Matthew Douglas* | | | Also Known As | | | Home Address ▮ | | |
| | Business Address ▮ | | | | | | | | |

| DOB ▮ | Age *19* | Race *W* | Sex *M* | Hgt *511* | Wgt *175* | Scars, Marks, Tattoos, or other distinguishing features |
|---|---|---|---|---|---|---|

Notes

| 2 | VehYr/Make/Model *2006 DODG* | | Style *PK* | | Color *BLK* | Lic/Lis *HRV5193 TX* | | VIN *1D7HU18206S605092* | |
|---|---|---|---|---|---|---|---|---|---|
| | IBR Status *Towed* | | Date *12/02/2016* | | Location *TX* | | | | |
| | Condition | Value *$0.00* | | Offense Code | | Jurisdiction *Locally* | State # | NIC # | |
| | Name (Last, First, Middle) *Yoo, Heon Jong* | | | Also Known As *HANK* | | | Home Address *400 OLD GRANDE BLVD - 1201 TYLER, TX 75703 469-810-6556* | | |
| | Business Address | | | | | | | | |

| DOB ▮*993* | Age *23* | Race *A* | Sex *M* | Hgt *509* | Wgt *190* | Scars, Marks, Tattoos, or other distinguishing features |
|---|---|---|---|---|---|---|

Notes

033128

## Incident Report Related Property List

*Tyler Police Department*

OCA: *16-028385*

### 1

| Property Description | | | Make | | Model | | Caliber |
|---|---|---|---|---|---|---|---|
| *HANDGUN* | | | *RUGER* | | *LCP* | | *380* |

| Color | Serial No. | | Value | | Qty | Unit | Jurisdiction |
|---|---|---|---|---|---|---|---|
| *Black/Black* | *371649436* | | | *$0.00* | *1.000* | | *Locally* |

| Status | Date | NIC # | | State # | | Local # | OAN |
|---|---|---|---|---|---|---|---|
| *Seized* | *12/02/2016* | | | | | | |

| Name (Last, First, Middle) | | DOB | Age | Race | Sex |
|---|---|---|---|---|---|
| *Yoo, Heon Jong* | | *08/28/1993* | *23* | *A* | *M* |

Notes

### 2

| Property Description | | | Make | | Model | | Caliber |
|---|---|---|---|---|---|---|---|
| *RIFLE* | | | *SMITH & WESSON* | | *M&P-15* | | *556* |

| Color | Serial No. | | Value | | Qty | Unit | Jurisdiction |
|---|---|---|---|---|---|---|---|
| *Black/Black* | *TE71011* | | | *$0.00* | *1.000* | | *Locally* |

| Status | Date | NIC # | | State # | | Local # | OAN |
|---|---|---|---|---|---|---|---|
| *Seized* | *12/02/2016* | | | | | | |

| Name (Last, First, Middle) | | DOB | Age | Race | Sex |
|---|---|---|---|---|---|
| *Yoo, Heon Jong* | | *08/28/1993* | *23* | *A* | *M* |

Notes

### 3

| Property Description | | | Make | | Model | | Caliber |
|---|---|---|---|---|---|---|---|
| *RIFLE* | | | *REMINGTON* | | *700* | | *308* |

| Color | Serial No. | | Value | | Qty | Unit | Jurisdiction |
|---|---|---|---|---|---|---|---|
| *Black/Black* | *RR725498* | | | *$0.00* | *1.000* | | *Locally* |

| Status | Date | NIC # | | State # | | Local # | OAN |
|---|---|---|---|---|---|---|---|
| *Seized* | *12/02/2016* | | | | | | |

| Name (Last, First, Middle) | | DOB | Age | Race | Sex |
|---|---|---|---|---|---|
| *Yoo, Heon Jong* | | *08/28/1993* | *23* | *A* | *M* |

Notes

### 4

| Property Description | | | Make | | Model | | Caliber |
|---|---|---|---|---|---|---|---|
| *MACHETE* | | | *GERBER* | | | | |

| Color | Serial No. | | Value | | Qty | Unit | Jurisdiction |
|---|---|---|---|---|---|---|---|
| *Black* | | | | *$0.00* | *1.000* | | *Locally* |

| Status | Date | NIC # | | State # | | Local # | OAN |
|---|---|---|---|---|---|---|---|
| *Seized* | *12/02/2016* | | | | | | |

| Name (Last, First, Middle) | | DOB | Age | Race | Sex |
|---|---|---|---|---|---|
| *Yoo, Heon Jong* | | *08/28/1993* | *23* | *A* | *M* |

Notes

033129

## Incident Report Related Property List

*Tyler Police Department*

OCA: *16-028385*

| 5 | Property Description *SHOTGUN* | | | | Make *WINCHESTER* | | Model *SUPER X DEFENDE* | | Caliber *12* |
|---|---|---|---|---|---|---|---|---|---|
| | Color *Tan/Tan* | Serial No. *12AZT20030* | | Value *$0.00* | | Qty *1.000* | Unit | Jurisdiction *Locally* | |
| | Status *Seized* | Date *12/02/2016* | NIC # | | State # | | Local # | OAN | |
| | Name (Last, First, Middle) *Yoo, Heon Jong* | | | | | DOB *08/28/1993* | | Age *23* | Race *A* | Sex *M* |

Notes

| 6 | Property Description *TACTICAL VEST* | | | | Make | | Model | | Caliber |
|---|---|---|---|---|---|---|---|---|---|
| | Color *Green/Green* | Serial No. | | Value *$0.00* | | Qty *1.000* | Unit | Jurisdiction *Locally* | |
| | Status *Seized* | Date *12/02/2016* | NIC # | | State # | | Local # | OAN | |
| | Name (Last, First, Middle) *Yoo, Heon Jong* | | | | | DOB *08/28/1993* | | Age *23* | Race *A* | Sex *M* |

Notes

| 7 | Property Description *MAGAZINES* | | | | Make *PMAG* | | Model | | Caliber *556* |
|---|---|---|---|---|---|---|---|---|---|
| | Color *Black* | Serial No. | | Value *$0.00* | | Qty *2.000* | Unit | Jurisdiction *Locally* | |
| | Status *Seized* | Date *12/02/2016* | NIC # | | State # | | Local # | OAN | |
| | Name (Last, First, Middle) *Yoo, Heon Jong* | | | | | DOB *08/28/1993* | | Age *23* | Race *A* | Sex *M* |

Notes

| 8 | Property Description *MAGAZINE* | | | | Make *RUGER* | | Model *LCP* | | Caliber *380* |
|---|---|---|---|---|---|---|---|---|---|
| | Color *Black* | Serial No. | | Value *$0.00* | | Qty *1.000* | Unit | Jurisdiction *Locally* | |
| | Status *Seized* | Date *12/02/2016* | NIC # | | State # | | Local # | OAN | |
| | Name (Last, First, Middle) *Yoo, Heon Jong* | | | | | DOB *08/28/1993* | | Age *23* | Race *A* | Sex *M* |

Notes

033130

## Incident Report Related Property List

*Tyler Police Department*

OCA: *16-028385*

| 9 | Property Description | | | Make | | Model | | | Caliber | |
|---|---|---|---|---|---|---|---|---|---|---|
| | *ASSORTED CARTRIDGES* | | | | | | | | | |
| | Color | Serial No. | | Value | | Qty | | Unit | Jurisdiction | |
| | | | | | $0.00 | | 1.000 | | *Locally* | |
| | Status | Date | NIC # | | State # | | Local # | | OAN | |
| | *Seized* | *12/02/2016* | | | | | | | | |
| | Name (Last, First, Middle) | | | | DOB | | Age | Race | | Sex |
| | *Yoo, Heon Jong* | | | | *08/28/1993* | | *23* | *A* | | *M* |

Notes

033131

## CASE SUPPLEMENTAL REPORT

Printed: 12/05/2016  14:47

*Tyler Police Department*                                                                    OCA: *16028385*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

| Case Status: | Case Mng Status: *NA* | Occurred: *12/02/2016* |
|---|---|---|
| Offense: *AGG ASSAULT* | | |

| Investigator: *THOMAS, W. O. (9070)* | Date / Time: *12/02/2016 15:45:32, Friday* |
|---|---|
| Supervisor: *FREEMAN, J. D. (10712)* | Supervisor Review Date / Time: *12/02/2016 18:09:42, Friday* |
| Contact: | Reference: *Supplement* |

Yes-Body Camera  Yes-Watch Guard (body mic to WG not in unit 12845-no external sound)

On Friday, 12-02-2016, I was dispatched to 3954 McDonald Rd on an Aggravated Assault in progress. Dispatch advised the caller said there were several subjects at their residence and a gun was pointed at them. Suspects were still on scene. A supervisor advised to respond Code 3, which I did from Grande/ Copeland. I drove north on Copeland, east on Shiloh, north on Thistle to Old Troup, east on Callaway, north on Lazy Creek, east on University, north on Old Omen, east on McDonald.

Dispatch gave several updates while I was responding, including the suspects had just left south on Westminster in a black Dodge truck, which is a dead-end road. Officer Chris Moore advised he was on scene as I was turning onto McDonald. I turned south on Westminster off McDonald and the black Dodge Truck was parked sideways at the dead-end and Officer Moore had started conducting a felony stop. I retrieved my patrol rifle and assisted with cover on the felony stop. Four subjects were ordered out of the truck to a prone position on the ground. Other officers arrived on scene and assisted in securing the four suspects with handcuffs while I provided cover. Once the suspects were secured, I told dispatch and placed my patrol rifle back in my patrol unit.

I identified one of the suspects, Carlos Hernandez, and read the Miranda warning to him. Hernandez stated he understood his rights. Hernandez stated one of the other three males was attacked about two weeks ago by black males. Then, last night, Hernandez said his wife was home alone at their residence, 421 W. Woldert, when some black males forced their way into their house and held his wife at gunpoint. He said the suspects to the home invasion stole some of his guns. This was not reported to the police. Hernandez told *his three friends* the description of the home invasion suspects and one of his friends said it was the same description of his attackers. The four of them decided to go to the house of the black male suspects that live on McDonald Road and confront them. Once they were there, he told his friends the black males did not fit the description his wife gave him. Hernandez said the friend of his that got attacked *continued to yell and argue with the black males. Hernandez denied having a weapon outside the truck and said he never saw any of his friends with a weapon either.* They left the house on McDonald and drove down the dead-end road where we stopped them.

The other three detained suspects on scene were questioned by other officers. Officer Chris Moore located an AR-15 rifle, scoped rifle, shotgun, a handgun, and a machete inside the black truck we had stopped. Officers were on scene at 3954 McDonald gathering information and Sgt. Colby was at our location, as well. I stood by as scene security while the investigation continued. All four suspects were transported to the Smith County Jail by other officers. I had no further involvement.

| Investigator Signature | Supervisor Signature |
|---|---|

*r_supp3*                                                                                    Page 1

## CASE SUPPLEMENTAL REPORT

Printed: 12/05/2016  14:47

*Tyler Police Department*

OCA: *16028385*

---

· THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY ·

| Case Status: | Case Mng Status: *NA* | Occurred: *12/02/2016* |
|---|---|---|
| Offense: *AGG ASSAULT* | | |

Investigator: *DOUGHTEN, J. L. (11375)*          Date / Time: *12/02/2016 18:02:50, Friday*

Supervisor: *FREEMAN, J. D. (10712)*          Supervisor Review Date / Time: *12/02/2016 20:33:01, Friday*

Contact:          Reference: *Supplement*

---

WATCH GUARD: Y
BODY CAMERA: Y

On December 2, 2016 at approximately 1420 hours I, Officer J. Doughten, was dispatched to 3954 Mcdonald in reference to an Aggravated Assault in progress. Officers were advised to be en-route to the scene with their lights and sirens (Code 3) to assist the callers. While en-route dispatch advised the suspects were leaving the scene in a black Dodge Ram pickup truck.

I arrived in the area and went to the dead end of Westminster Dr, the 2600 block, where Officer Moore had the black Dodge Ram (Texas LP #HRV5193) stopped and the four male occupants on the ground on the left side of the truck. I assisted Officer Moore in detaining the suspects. I approached and placed JESSE ROGER LONG and MATTHEW DOUGLAS LACK in hand restraints, checking them for proper fit and double locking them. I then frisked LACK and LONG for any weapons. I did not locate any weapons on LONG or LACK's person. I then sat LONG and LACK up and assisted them to the curb, where I had them take a seat. Officer Moore placed HEON JONG YOO and CARLOS JOSE HERNANDEZ in hand restraints and checked them for proper fit. YOO and HERNANDEZ were then seated on the curb.

I approached MATTHEW LACK and read him his Miranda Rights. LACK indicated that he understood his rights. I asked LACK why he thought that we were there and what had happened. LACK said that about two to three weeks ago he had been assaulted at his residence, 1426 E Travis. LACK said that he never reported the assault but that he had been beaten by a couple of black males. LACK said that he had been locked out of his residence and that the black subjects had offered to help him. When LACK and the black subjects got into the back yard they attacked him, hitting him behind his ears, on his temple and on his jaw. The subjects left after the assault with $100 dollars in cash that belonged to LACK. LACK said that his friend CARLOS JOSE HERNANDEZ's residence had been broken into and that they believed it to be the same people who assaulted him. LACK has a friend, Jeff Chavez, who he believes knows who his assailants were. LACK had Chavez at his residence last night and they got into an argument. Chavez took LACK's keys and left the house in LACK's truck. LACK believed that the people who lived at 3954 Mcdonald were the people who assaulted him, possibly broke into his friend HERNANDEZ's residence and that they know where Chavez took his truck. LACK said that he just wanted to talk to the residence at this location. LACK stated that he forgot that he had his friend YOO's Rugar LCP .380 in his jacket pocket. LACK advised he removed the handgun from his pocket and handed it to YOO, who then put the gun back into his truck. LACK said that he saw the residence of 3954 Mcdonald carrying a revolver handgun. YOO and LACK were upset and were yelling back and forth with the residence of 3954 Mcdonald. When LACK realized that things were getting out of hand they went back to YOO's truck and left.

---

Investigator Signature          Supervisor Signature

Page 2

**CASE SUPPLEMENTAL REPORT**                    Printed: 12/05/2016  14:47

*Tyler Police Department*                                        OCA: *16028385*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status:                    Case Mng Status: *NA*                    Occurred: *12/02/2016*

  Offense: *AGG ASSAULT*

Investigator: *DOUGHTEN, J. L. (11375)*               Date / Time: *12/02/2016 18:02:50, Friday*

Supervisor: *FREEMAN, J. D. (10712)*          Supervisor Review Date / Time: *12/02/2016 20:33:01, Friday*

  Contact:                                 Reference: *Supplement*

I approached HEON JONG YOO (AKA: Hank) and read him his Miranda Rights. I then asked YOO what had happened. YOO said that his friend MATTHEW had wanted to talk to the people at 3954 Mcdonald about an assault. YOO said that they went and picked up CARLOS, because he was also "robbed". JESSE ROGER LONG is YOO's friend and was also in the truck with LACK, YOO and HERNANDEZ. YOO put LONG in his tactical/plated armored vest, which was loaded with magazines for rifles, because he wanted LONG to be safe if there was gun fire. There were several rifles inside of YOO's truck. YOO said that MATTHEW had his Rugar LCP in his pocket from yesterday. When MATTHEW removed the handgun from his pocked YOO took it and put it in his truck.

Other Officers on scene spoke with LONG and HERNANDEZ. Officer Moore took pictures of YOO's Dodge pickup truck, which was towed, and also took all of the guns/rifles in the truck along with the tactical armored vest.

Sgt A. Colby was on scene and spoke to each of the suspects and the officers who had gone to the victims house and talked with them. Sgt Colby then advised Officer Main and I that all four, HERNANDEZ, YOO, LONG and LACK were going to be under arrest for Aggravated Assault with a Deadly Weapon (F2). Sgt Colby also advised that YOO, HERNANDEZ and LACK would also be charged with Criminal Trespass. Sgt Colby said that YOO would have an additional charge of Unlawful Transfer of Firearm (46.6) for providing LACK with a gun to commit the Aggravated Assault with a Deadly Weapon. Sgt Colby said that LACK would have an additional charge of Unlawful Carry of a Weapon.

YOO and LACK were placed in my patrol unit and seat belted in. I then transported them directly to the Smith County Jail, relaying both my starting and ending mileage to dispatch. Officer Main transported LONG and HERNANDEZ directly to the Smith County Jail.

At the Smith County Jail Officer Main completed the Affidavits for LONG, HERNANDEZ, LACK and YOO for all of their charges.

END OF SUPPLEMENT

Investigator Signature                    Supervisor Signature

## CASE SUPPLEMENTAL REPORT

Printed: 12/05/2016 14:47

*Tyler Police Department*

OCA: **16028385**

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status:

Case Mng Status: *NA*

Occurred: *12/02/2016*

Offense: *AGG ASSAULT*

Investigator: *MAIN, R. A. (11939)*

Date / Time: *12/02/2016 18:10:15, Friday*

Supervisor: *FREEMAN, J. D. (10712)*

Supervisor Review Date / Time: *12/02/2016 20:37:55, Friday*

Contact:

Reference: *Supplement*

Watchguard/Yes
Body Camera/Yes

On 12-2-2016 at approximately 1425 hours I, Officer R. Main, responded to 3954 Mcdonald Rd, Tyler, TX, 75703 in reference to an aggravated assault in progress. Dispatch advised a male was at this location threatening the caller with a handgun. I responded to the area Code 3. As I was en route, dispatch advised the suspects were leaving in a black Dodge pickup. Officers stopped the vehicle at the dead end of Westminster Dr and detained the occupants, identifying them as Heon Yoo, Matthew Lack, Carlos Hernandez and Jesse Long. I traveled to the victims at 3954 Mcdonald. Officer Strother and I spoke with Deril Elder, Emma Elder and Deryl Franklin and obtained sworn statements.

I spoke with Deril. The following is a summary of my conversation with him. He advised that a black Dodge pick up truck pulled in front of their house. Deryl was in the garage while Emma and Deril were in a vehicle in the driveway. I asked Deril to describe the occupants of the vehicle. Deril described the driver, Yoo, as a "Chinese" man wearing a "racist jacket". He described Hernandez as "the guy with the long black hair" and stated he knew Lack, referring to him as "Matt". Deril did not see the 4th passenger in the vehicle. The front right passenger, Matthew Lack, and back right passenger, Carlos Hernandez, exited the truck and walked into the yard of 3954 Mcdonald. Deril advised he knew "Matt" as he was a friend of one of Deril's friends. Deril advised he has only seen "Matt" one other time approximately 1 month ago. As Carlos and Lack approached the residence, they advised they were looking for "Curtis". Deril advised his nickname is "Curtis". Matthew and Carlos began to argue with Deryl, stating that "Curtis" assaulted Matthew (approximately 3 weeks ago) and robbed Carlos (possibly on 12-1-2016). It should be noted that neither of these incidents were reported to law enforcement. Deril exited Emma's vehicle and approached Carlos and Lack. Carlos told Matthew that Deril was not involved and walked back towards the truck. Deryl told all subjects to get off his property but they did not comply, continuing to argue with Deryl, Deril and Emma. Matthew then produced a black handgun (later identified as a Ruger LCP) from his jacket pocket. He swung the gun, pointing it at Deril, Emma and Deryl. He then placed the gun back in his jacket and backed up, although he was still on the property of 3954 Mcdonald. Yoo, the driver of the vehicle, exited the vehicle and walked onto the property of 3954 Mcdonald, yelling racial slurs at the victims while waving a Confederate flag. Lack pulled the handgun out of his jacket again, then put it back. He pulled it out for a third time and Yoo took it from him, placing it in his trenchcoat. The subjects continued to argue with the victims, leaving just prior to law enforcement arriving. Deril advised he would pursue charges against the suspects. I warned him of false report to a peace officer. He advised he understood and provided a statement that was captured by my body camera.

I next spoke with Emma, warning her of false report to a peace officer. She advised she understood and provided a statement that matched Deril's. She further advised that Lack pointed the handgun at Deril, Deryl and herself. She

Investigator Signature

Supervisor Signature

Page 4

## CASE SUPPLEMENTAL REPORT

Printed: 12/05/2016 14:47

*Tyler Police Department*

OCA: *16028385*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status:

Offense: *AGG ASSAULT*

Case Mng Status: *NA*

Occurred: *12/02/2016*

Investigator: *MAIN, R. A. (11939)*

Date / Time: *12/02/2016 18:10:15, Friday*

Supervisor: *FREEMAN, J. D. (10712)*

Supervisor Review Date / Time: *12/02/2016 20:37:55, Friday*

Contact:

Reference: *Supplement*

described the handgun as being black in color. She stated she feared that he would shoot them and called police. She also stated she wanted to pursue charges.

I traveled to the 2600 block of Westminster to assist other officers. The following is what I learned from other officers. Officers located numerous weapons in the black Dodge pickup including rifles, shotguns, a machete and a Ruger LCP. Officers also located a significant amount of ammunition for those weapons. Long, Yoo, Lack and Hernandez admitted to traveling to 3954 Mcdonald to confront Deril in reference to the alleged assault/robbery. They also advised that they now thought that Deril was not involved in any of those incidents. Hernandez informed officers that he does not call police and handles his own business. Yoo admitted that all the weapons in the vehicle were his and also admitted to providing the LCP to Lack prior to their arrival at 3954 Mcdonald. Officers secured Hernandez in the back of my patrol vehicle. After speaking with Sgt Colby, it was determined that each subject would be charged with aggravated assault with a deadly weapon. Lack was also charged with criminal trespass/deadly weapon and unlawful carrying weapon. Yoo was also charged with unlawful transfer of a handgun and criminal trespass/deadly weapon. Hernandez was also charged with criminal trespass.

Long was taken out of Officer Moore's vehicle and placed in mine. I transported Long and Hernandez to the Smith County Jail while Officer Doughten transported Yoo and Lack to the Smith County Jail. Officer Moore took custody of the weapons. This concludes my involvement in this case. See other officers reports for further details. This is a supplemental report.

Investigator Signature

Supervisor Signature

## CASE SUPPLEMENTAL REPORT

Printed: 12/05/2016 14:47

*Tyler Police Department*

OCA: **16028385**

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status:

Case Mng Status: *NA*

Occurred: *12/02/2016*

Offense: *AGG ASSAULT*

Investigator: *HOLCOMB, R. C. (10882)*

Date / Time: *12/03/2016 07:18:14, Saturday*

Supervisor: *RACKLIFF, J. (8820)*

Supervisor Review Date / Time: *12/03/2016 10:10:33, Saturday*

Contact:

Reference: *Supplement*

---

I have body camera video of this incident. On 12-2-16 at approximately 1420 hours, I was dispatched to 3934 McDonald Road in reference to an aggravated robbery in progress. I notified dispatch, and ran a code 3 response to this location. While en route, I heard Officer C. Moore check out with the possible suspect vehicle at the dead end of Westminster road near the original location.

Upon arrival, I assisted in taking into custody two out of the four subjects that were in the vehicle. All the subjects were out of the vehicle and on the ground when I arrived on scene. I observed several weapons in the rear of the suspect vehicle. Once all suspects were secured, I stood by with them while interviews were being conducted. I then assisted in securing the suspects in patrol vehicles. That concludes my involvement in this case. Nothing further at this time.

---

Investigator Signature

Supervisor Signature

Page 6

## CASE SUPPLEMENTAL REPORT

Printed: 12/05/2016 14:47

*Tyler Police Department*                                                                            OCA: *16028385*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

| Case Status: | Case Mng Status: *NA* | Occurred: *12/02/2016* |
|---|---|---|
| Offense: *AGG ASSAULT* | | |

| | |
|---|---|
| Investigator: *STROTHER, R. A. (10622)* | Date / Time: *12/03/2016 08:21:22, Saturday* |
| Supervisor: *RACKLIFF, J. (8820)* | Supervisor Review Date / Time: *12/03/2016 10:09:08, Saturday* |
| Contact: | Reference: *Supplement* |

BVC/yes
WG/no

On 12-2-16 at about 1400 hours I responded to the area of 3954 McDonald Rd. in reference to an aggravated assault in progress. The caller advised that four male subjects in a black Dodge truck were in front of the residence threatening several people with a gun. The first Officers on scene made contact with the suspect vehicle at the dead end of Westminster St. I along with Officer R. Freeman made contact with the victims at the scene along with Officer R. Main. I first contacted A. Elder who advised that she had taken video of the incident on her cell phone. She showed me several of the video clips on her phone. One of the clips showed a white male subject wearing a green hoodie type jacket and white cap standing at the curb in front of the residence yelling profanities at the people in the yard. The front of the jacket had a heavy object in it and at one point the white male subject displayed a black hand gun and lifted it above his head then returned it to his pocket. A. Elder was able to send the entire recording to Officer Freeman's City Email where he then provided the video to Officer R. Main. Two other subjects in the yard were identified as victims in the case and Officer R. Main got sworn statements from those two persons. The victims did advised that the male subject did point the hand gun at them during the incident and they felt threatened by the act. Elder advised that the subject told them that he had been assaulted by one of the residence in the house in the past and he wanted payment for hospital bills that he had obtained. The two victims were given crime victims newsletter and provided a case number. I spoke to a neighbor who was staying with his girlfriend at 3934 McDonald. He was identified as D. Tanner. Tanner stated that he heard a disturbance outside and saw a white male subject with three other people standing in the road yelling at the residence located at 3954. He advised that one of the subjects was talking about how many guns he had in the truck and one of the subjects was yelling racial slurs and waving a rebel flag. He advised that one of the subjects was also wearing what appeared to be a bullet proof vest. He did not witness any subject display a gun. I drove to the dead end of Westminster when I contacted several Officer on scene. I noticed a black Dodge truck that had several guns laying in the back seat. All occupants were detained at that time. Officer R. Main and Officer Doughten transported four male subjects to the Smith County Jail. I assisted Officer C. Moore with the collection of several fire arms and ammunition from the vehicle and secured them in the rear of his patrol car. I had no other involvement in this case.

| Investigator Signature | Supervisor Signature |
|---|---|

## CASE SUPPLEMENTAL REPORT

Printed: 12/05/2016 14:47

*Tyler Police Department*                                                    OCA: *16028385*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

| | | |
|---|---|---|
| Case Status: | Case Mng Status: *NA* | Occurred: *12/02/2016* |
| Offense: *AGG ASSAULT* | | |

| | |
|---|---|
| Investigator: *MOORE, W. C. (9858)* | Date / Time: *12/03/2016 09:38:10, Saturday* |
| Supervisor: *RACKLIFF, J. (8820)* | Supervisor Review Date / Time: *12/03/2016 10:15:42, Saturday* |
| Contact: | Reference: *Supplement* |

WATCH GUARD/ yes. Body Camera/ yes.

At 1418, on Friday, December 2, 2016, I was dispatched to an Aggravated Assault in Progress at 3954 McDonald. Dispatch advised that a man was threatening the residents at this location. Units responding were advised to run "Code 3" by LT. MALONE. I activated the emergency red-and-blue overhead lights and the siren of unit 12852, using the horn to assist in clearing intersections. Once in the area I discontinued code 3 and was directed south on Westminster by the victims. Dispatch advised that the suspects, in a black Dodge truck, had gone down the dead-end.

As I turned east on the dead-end I saw the black Dodge pick-up, sitting across the roadway, facing north, as the driver was attempting to turn around. A white male in a white ball cap was assisting the driver in turning around. I exited my vehicle, drew my pistol, and told the white male in the ball cap to get on the ground. I then ordered the driver to turn off the vehicle, then get out and get on the ground. Body Camera was active during this encounter, as was the Watch Guard. After the two were proned out I asked them who else was in the vehicle. The driver said that there were two more in the back seat. I ordered the remaining two out and had them prone out with the first two. OFFICER W. THOMAS advised on the radio that he was on the scene.

I then approached the truck to check for any other occupants. I then noticed three long guns and a machete in the back seat. Other officers began to arrive and we placed all four subjects in handcuffs while the investigation evolved. The four were patted down for weapons, as it was known that at least one hand gun was displayed at the original scene.

After all four were secured we began to identify them. The driver was identified as HEON YOO, the male in the white ball cap was MATTHEW LACK. The back seat passengers were JESSE LONG and CARLOS HERNANDEZ. I then searched the vehicle, a black Dodge pick-up, TX LP: HRV5193. In the center console I found a Ruger LCP semiautomatic pistol, unloaded, with one LCP magazine and one extra .380 cartridge. The magazine contained five .380 cartridges. In the back seat was a Smith & Wesson M&P-15 semiautomatic rifle, a Remington model 700 semiautomatic rifle, and a Winchester 12 gauge shotgun. There was also a Gerber machete and a military-style bullet resistant vest with the Molle loops. None of these weapons was loaded; however, there was a loaded PMAG 30 round magazine for the Smith & Wesson and several shotgun shells for the shotgun. There was a second PMAG magazine in the magazine pouch of the tactical vest.

I interviewed LONG, who was one of the back seat passengers. I asked him what they had been doing. He told me that they came to the McDonald address so that LACK could confront the person who stole his car the night before. LONG is from Michigan and said he was staying with "HANK", which is a name assigned to YOO, the driver. He did not see LACK's car being stolen. I spoke with LACK who said that they came to retrieve his vehicle and talk to the suspect's parents, but they were acting "juvenile" and argumentative. LACK said that JEFF CHAVEZ and others jumped him about two weeks ago, but he did not report it for fear of retaliation. LACK said that the suspects know where he lives and works. He said that CHAVEZ attacked him and stole his white Chrysler Aspen at about 0500, 12-02-16. LACK did not report this offense either. LACK said that he came by the McDonald residence and saw his

| | |
|---|---|
| Investigator Signature | Supervisor Signature |

## CASE SUPPLEMENTAL REPORT

Printed: 12/05/2016  14:47

*Tyler Police Department*

OCA: *16028385*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

| | | |
|---|---|---|
| Case Status: | Case Mng Status: *NA* | Occurred: *12/02/2016* |
| Offense: *AGG ASSAULT* | | |

Investigator: *MOORE, W. C. (9858)*  Date / Time: *12/03/2016 09:38:10, Saturday*

Supervisor: *RACKLIFF, J. (8820)*  Supervisor Review Date / Time: *12/03/2016 10:15:42, Saturday*

Contact:  Reference: *Supplement*

---

vehicle there, earlier today. He did not know if it was still at the house during this investigation.

Other officers came to our location and explained what had occurred on McDonald. YOO drove the group to the residence and confronted the people living there. LACK and YOO got out and LACK approached the residents and began an argument. LACK then pulled a small black semiautomatic pistol from his waistband and briefly panned the residents with the muzzle. He replaced the gun, then drew it again. The third time LACK displayed the gun YOO took it from him and placed it in his jacket. YOO then began waving a Confederate flag and yelled at the residents. LONG and HERNANDEZ got out of the vehicle, LONG sporting the tactical vest.

Based on the information, which had been recorded on a smart phone by one of the residents, it was determined that an Aggravated Assault had occurred and that all four subjects played a role in the event. They were then transported to the Smith County Jail by OFFICERS MAIN and DAUGHTEN.

Using my Tyler Police Department-issued camera I took photographs of the vehicle and the weapons, which I then collected. I transported the weapons, ammunition, and vest to the Tyler Police Department and logged them into Evidence at the Property Unit of the Tyler Police Department. I submitted the digital media card in the slot in the Crime Scene Office of the Tyler Police Department. Watch Guard and Body Camera recordings were saved under this case number.

This case is Cleared by Arrest.

---

Investigator Signature  Supervisor Signature

## CASE SUPPLEMENTAL REPORT

Printed: 12/05/2016  14:47

_Tyler Police Department_                                                                OCA: *16028385*

THE INFORMATION BELOW IS CONFIDENTIAL – FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status:                          Case Mng Status: *NA*                    Occurred: *12/02/2016*

Offense: *AGG ASSAULT*

Investigator: *FREEMAN, R. C. (12420)*               Date / Time: *12/03/2016 09:38:36, Saturday*

Supervisor: *RACKLIFF, J. (8820)*          Supervisor Review Date / Time: *12/03/2016 14:58:56, Saturday*

Contact:                                           Reference: *Supplement*

---

bodycam / yes
watchguard / yes

On 12/2/2016 at approximately 1418hrs I, Officer R.Freeman was dispatched to 3954 McDonald Rd in reference to an aggravated assault in progress. Upon arrival I made contact with Deryl Franklin who advised that a black dodge pickup had pulled up across the street and starting yelling racial comments at him.

Deryl stated that him and his family were standing outside in their driveway at 3954 McDonald when four males pulled up in a black dodge pick up. The driver who Deryl described as an asian male wearing a cowboy hat, later identified to me as Heon Yoo, starting yelling racial comments and telling them to go back from where they came from.

Deryl advised that the front passenger then exited the truck described as a white male wearing a hoodie and a white hat, later identified to me as Matthew Lack, started screaming at his another individual at the residence from the street. Deryl said that the Matthew began yelling stating that one of the individuals had previously put him in the hospital three weeks early. Matthew continued to exchange words with Deryl when Heon Yoo exited the vehicle and began shouting.

At this point Deryl advised that a backseat passenger described as a white male wearing a green bullet proof vest and black gloves, later identified to me as Jesse Long exited the vehicle and stood in the driveway next to Matthew and Heon.

Deryl stated that Matthew stated he had a handgun on him but did not recall viewing the gun. Deryl advised that Matthew then stated that he had four other guns in the vehicle.

Deryl advised that neighbors heard all the shouting and came outside and witnessed the subjects shouting at them.

I, Officer R.Freeman then spoke with Andrea Elder whom advised Officer R.Strother that she was able to record part of the incident on her phone. I was able to assist Andrea in sending both of the videos to my city provided email. I later forwarded the videos to Officer R.Main's city provided email whom requested the videos for affadivat purposes.

I, Officer R.Freeman then proceeded to 3922 McDonald Rd and spoke with Jonathon Criswell and Wesley Wood to ask if they had witnessed any of the incident that had just occurred.

Johnathon advised that him and Wesley had just returned to his residence when they noticed individuals arguing at

---

Investigator Signature                    Supervisor Signature

Page 10

033141

**CASE SUPPLEMENTAL REPORT**

Printed: 12/05/2016  14:47

*Tyler Police Department*

OCA: *16028385*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

| | | |
|---|---|---|
| Case Status: | Case Mng Status: *NA* | Occurred: *12/02/2016* |
| Offense: *AGG ASSAULT* | | |

Investigator: *FREEMAN, R. C. (12420)*    Date / Time: *12/03/2016 09:38:36, Saturday*

Supervisor: *RACKLIFF, J. (8820)*    Supervisor Review Date / Time: *12/03/2016 14:58:56, Saturday*

Contact:    Reference: *Supplement*

3954 McDonald Rd, Johnathon advised that he did not witness a weapon just heard all the individuals yelling at each other. Johnathon stated that he noticed Matthew and Deryl arguing in the yard.

Wesley stated that when they pulled up to Johnathon's residence he saw Matthew and Heon standing in the yard yelling at Deryl. Wesley advised that Deryl was asking Matthew and Heon to leave when he noticed Matthew retrieve a black pistol from the pocket of his hoodie and wave it around. Wesley was able to describe the Matthew and Heon to me as well as the pistol that Matthew had waved around.

_____    _____
Investigator Signature    Supervisor Signature

Page 11

## CASE SUPPLEMENTAL REPORT

Printed: 12/05/2016 14:47

*Tyler Police Department*                                                        OCA: *16028385*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

| Case Status: | Case Mng Status: *NA* | Occurred: *12/02/2016* |
|---|---|---|
| Offense: *AGG ASSAULT* | | |

Investigator: *MOORE, W. C. (9858)*                     Date / Time: *12/03/2016 10:21:37, Saturday*

Supervisor: *LOCKHART, S. B. (9770)*          Supervisor Review Date / Time: *12/03/2016 10:54:01, Saturday*

Contact:                                              Reference: *Supplement*

Watch Guard/ yes, Body Camera/ yes, during the investigation. Correction on the serial number for the Remington model 700 Rifle. The correct serial number is RR72549B.

Investigator Signature                    Supervisor Signature

033143

## CASE SUPPLEMENTAL REPORT

Printed: 12/05/2016  14:47

*Tyler Police Department*                                                                OCA: *16028385*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

| Case Status: | Case Mng Status: *NA* | Occurred: *12/02/2016* |
|---|---|---|
| Offense: *AGG ASSAULT* | | |

| Investigator: *BROWN, D. (9981)* | Date / Time: *12/03/2016 11:09:05, Saturday* |
|---|---|
| Supervisor: *RACKLIFF, J. (8820)* | Supervisor Review Date / Time: *12/03/2016 13:11:32, Saturday* |
| Contact: | Reference: *Supplement* |

BC- yes. WG-yes.

On 12/03/2016 I was dispatched to 215 S. Bois D Arc in Tyler, Smith Co. Texas on a public service. The caller, Stephen Lack (W/M [ ] said his son was was needing to pick up a vehicle and he wanted the police to stand by. Upon arrival I contacted Stephen Lack. Lack said his son, Matthew Lack, was recently arrested for an aggravated assault. he said the arrest is connected to an assault. He said three weeks ago his son was assaulted and had to go to ER, He never reported it. Then his said his vehicle was stolen by the people who assaulted him but he never reported that. The vehicle is registered to Matthews grandmother.

This morning Matthew lack called his grandma to tell her where th car is parked. Upon arrival to the said address, The car was parked in the back of this apartment building. All the windows were rolled up and the car was locked. No sign of forced entry. Stephen Lack arrived and drove the car off. Nothing further.

| Investigator Signature | Supervisor Signature |
|---|---|

Page 13

## CASE SUPPLEMENTAL REPORT

Printed: 12/05/2016 14:47

*Tyler Police Department*

OCA: *16028385*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY.

| Case Status: | Case Mng Status: *NA* | Occurred: *12/02/2016* |
| --- | --- | --- |

Offense: *AGG ASSAULT*

Investigator: *FREEMAN, R. C. (12420)*    Date / Time: *12/03/2016 11:09:33, Saturday*

Supervisor: *RACKLIFF, J. (8820)*    Supervisor Review Date / Time: *12/03/2016 14:58:56, Saturday*

Contact:    Reference: *Supplement*

bodycam / yes
watchguard / no

On 12/3/2016 at approximately 1036hrs I, Officer R.Freeman was dispatched to 321 S Bois D Arc Ave in reference to a public service. Upon arrival I made contact with Jeff Chavez whom was out walking his dog. I asked Jeff if he knew whose Cream Chrysler SUV TXLP HBR-3291 was parked out back by his residence. Jeff stated that it belonged to his friend Matthew Lack.

I asked Jeff how long the vehicle had been parked behind his residence and he stated that Matthew Lack and Heon Yoo had stopped by about two days ago and asked him if he would keep an eye on it for Matthew.

Jeff advised that he has not seen or talked to Matthew since he parked the vehicle back there.

Investigator Signature                Supervisor Signature

Page 14

## CASE SUPPLEMENTAL REPORT

Printed: 12/05/2016  14:47

*Tyler Police Department*                                                      OCA: *16028385*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

| Case Status: | Case Mng Status: *NA* | Occurred: *12/02/2016* |
|---|---|---|

Offense: *AGG ASSAULT*

Investigator: *COLBY, A. (11298)*                    Date / Time: *12/03/2016 16:46:58, Saturday*

Supervisor: *COLBY, A. (11298)*               Supervisor Review Date / Time: *12/03/2016 21:33:12, Saturday*

Contact:                                                     Reference: *Supplement*

BCV-Yes
WGV-Yes

On 12/2/16 at approximately 1418 hours I was on duty when TPD Dispatch advised that an Aggravated Assault was in progress at 3954 McDonald. Dispatch stated that there were four male subjects at this location with guns and they were threatening the homeowners. Units responded code three. The victims advised that the suspects left in a black truck that had gone down Wesminster. Several TPD Officer went down Westminster, which is a dead end, and detained the suspects as they were attempting to turn around.

I proceeded to the scene. Upon arrival I stopped at the victims home where officers told me that they were still in the process of taking statements. I was told that at least one of the suspects had displayed a handgun when they came on the property and started threatening the residents. I instructed the officers to take recorded statements and determine what offenses had been committed and ask if the victims want to press charges. I then went down Westminster to where the suspects were detained. Upon arrival I saw that the black truck was parked sideways across the street where it had been stopped while attempting to make a u-turn. All four suspects were handcuffed and sitting on the curb. I spoke with TPD Officer Doughten who stated that all four suspects had been read the Miranda Warning prior to questioning. She said that one of the suspects, identified as Matthew Lack, had stated that he had come to this house because he thought that at least one resident had been involved in assaulting him several weeks ago and was also involved in stealing his vehicle the previous night. Lack had not reported either alleged incident to the police. Lack had been the subject that had pointed the gun at several people. He had used a Ruger LCP pistol which had been recovered in the vehicle. I looked in the vehicle and saw several weapons. This included a shotgun, two scoped rifles, and an AR15. I also observed a set of full body armor with loaded AR15 magazines in the carrier pockets. It was obvious that the suspects had come to this location prepared for a violent conflict.

I then began to talk with the suspects (I will para-phrase our conversations in this narrative. Refer to recordings for exact wording). I spoke with Carlos Hernandez. I asked Hernandez why they came to the house on McDonald. Hernandez stated that his friend, Matthew Lack, had been assaulted several weeks ago and then had his car stolen by someone that they thought lived at this house. Hernandez added that there was a home invasion at his house. I asked Hernandez if he reported this to the Police. He said that he did not because he did not believe that the Police would do anything about it. I asked why he did not call the Police if he thought that he knew who had victimized him and Lack. He said that he takes care of his own business. When asked why they had so many weapons in the vehicle he stated that he was prepared for a fight. Hernandez stated that he had left the vehicle during the confrontation but did not carry a weapon. During our conversation it became apparent that Hernandez had intended to act as a vigilante and administer "street justice". Hernandez also indicated that shortly after the confrontation began he realized that the people at this

| Investigator Signature | Supervisor Signature |
|---|---|

Page 15

## CASE SUPPLEMENTAL REPORT

Printed: 12/03/2016  14:47

*Tyler Police Department*                                                        OCA: *16028385*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status:                           Case Mng Status: *NA*                Occurred: *12/02/2016*

   Offense: *AGG ASSAULT*

Investigator: *COLBY, A. (11298)*                     Date / Time: *12/03/2016 16:46:58, Saturday*

Supervisor: *COLBY, A. (11298)*              Supervisor Review Date / Time: *12/03/2016 21:33:12, Saturday*

   Contact:                                           Reference: *Supplement*

---

house had nothing to do with his alleged grievances which is why they left when they did.

I then spoke with Jesse Long. I asked Long why they had come to the house on McDonald. He basically gave the same story, that his friends had been victimized by someone living at this location. Long stated that he was just there to back up his friends but they only came to this location to talk. I asked Long why he was wearing body armor if he was only there to talk. He said "so he wouldn't get shot". I asked why someone would get shot if they were only there to talk. He did not have a response. It should be noted that Long had several loaded AR15 magazines in the body armor that he was wearing when the incident occurred. He exited the vehicle and stood within arms reach of the AR15 rifle located in the back of the truck.

I then spoke with the driver of the truck, Heon Yoo. Yoo and all of his friends referred to him as "Hank". I asked Hank why they had come to the house on McDonald. He essentially repeated the story of the alleged crimes against his friends. During our conversation, Hank said that he "accidentally" gave Lack his handgun. This was the Ruger LCP that was recovered in the truck. Hank stated that they came to the house to talk but the people at the house were yelling at Lack so he exited the vehicle and began yelling expletives and racial slurs at the victims. Hank said that he saw Lack take out the gun, Hernandez said that these were not the people involved in the alleged crimes so he took the gun away from Lack. They then got in the truck and left. I had been told by officers on scene that the weapons were found unloaded so I asked Hank why they unloaded the weapons after they left the house. Hank said that he was just carrying the weapons in a safe manner. However, this statement shows that all of the weapons were loaded when they arrived at the house on McDonald. I asked Hank why they brought guns if they only intended to talk. He said because they have guns. I asked Hank what he thought the best possible outcome would have been with them coming to the house armed. Hank said that he hoped that they would have paid for Lack's medical bills and returned his car, indicating that they in fact were looking to take money and/or property by force. I then asked what he thought that the worst possible outcome would have been. Hank said that they could have ended up in a gun fight. During the conversation Hank said that he supplied the body armor to Long. I asked why he would need body armor. He said that he didn't want his friend getting shot. Hank said all of the guns belonged to him

I then spoke with the officers that had spoken with the victims. I was informed that Lack had pointed the gun at several people during the confrontation. One of the victims had captured part of the incident on video using a phone. This video was later downloaded as evidence. The officers had statements indicating that Heon Yoo and Carlos Hernandez had in fact come onto and remained on the property at 3954 McDonald with Lack, after being told to leave. Lack and Yoo had done this while handling firearms. Long had exited the truck but did not step onto the private property. However, Long was visible and wearing body armor with several loaded magazines in plain view, adding to the level of intimidation. Long remained by the truck, maintaining access to the long guns.(see additional supplements for

---

Investigator Signature                          Supervisor Signature

## CASE SUPPLEMENTAL REPORT

Printed: 12/05/2016 14:47

*Tyler Police Department*                                            OCA: *16028385*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

| | | |
|---|---|---|
| Case Status: | Case Mng Status: *NA* | Occurred: *12/02/2016* |
| Offense: *AGG ASSAULT* | | |

| | |
|---|---|
| Investigator: *COLBY, A. (11298)* | Date / Time: *12/03/2016 16:46:58, Saturday* |
| Supervisor: *COLBY, A. (11298)* | Supervisor Review Date / Time: *12/03/2016 21:33:12, Saturday* |
| Contact: | Reference: *Supplement* |

details).

Based on statements from the victims, witnesses, and suspects, the following had been established. All four subjects had knowingly and intentionally come to the house at 3954 McDonald for the purpose of a confrontation. All four subjects were provided access to firearms by Heon Yoo (Hank) and brought those weapons to the confrontation. Lack had carried the Ruger LCP onto the private property concealed in his waistband. Lack does not have a handgun license thereby committing the offense of Unlawful Carrying of a Weapon. Lack was provided with this weapon by Heon Yoo, who clearly knew that Lack intended to commit a criminal offense with this weapon. In doing this, Yoo Unlawfully Transferred a hand gun. Lack, Yoo, and Hernandez entered onto the private property at 3954 McDonald for the purposes of committing an offense. As stated by Hernandez, they had intended to handle this by themselves (without the police). All three remained on the property after being told to leave and continued with the confrontation. Lack and Yoo did this with a firearm. During the confrontation Lack pointed a hand gun at several people, committing the offense of Aggravated Assault with a Deadly Weapon. Taken in it's totality, Yoo, Hernandez, and Long all participated in this offense with Lack. All four were armed or had access to firearms during the confrontation. All four had stated that they were there to take care of business or back each other up in what was clearly a criminal enterprise. All four showed that they were prepared for a gunfight, with Long even wearing body armor. All four were part and parcel to the Aggravated Assault with a Deadly Weapon. Finally, if the suspect statements are to be believed, All four suspects went to a private home to retaliate for alleged criminal offenses against two of them. These alleged offenses were never reported to the police. All four suspects intended to take the law into their own hands in retaliation for these offenses and all four were shown to be prepared to use violence toward that end. Ironically, the suspects stated that after committing the above listed offenses, they realized that the people that they had accosted were not who they were looking for. It appears that the this incident would have gone further if not for Hernandez stating that these were the wrong people. All four suspects were transported to the Smith County Jail and booked in for the above offenses.

A Peace Officers Affidavit for Revocation of a handgun License will be completed and sent to DPS in Austin.

Nothing Further.

| | |
|---|---|
| Investigator Signature | Supervisor Signature |

Involvement: LW238294

| Status | Type | Relationship | Description | Date | Agency | Jv | Case Id/ Book Id |
|--------|------|-------------|-------------|------|--------|----|----------------|
| 1) | AR | ARREST | AGG ASSAULT W/DEADLY WEAPON F2 | 12/02/2016 | TYPD | | *AR43336* |
| | | | 1) AGG ASSAULT W/DEADLY WEAPON F2, F (16028385, 12/02/2016, MAIN, R. A.) (Dsp: C 12/02/2016) | | | | |
| 2) | AR | ARREST | AGG ASSAULT W/DEADLY WEAPON F2 | 12/02/2016 | TYPD | | *AR43335* |
| | | | 1) AGG ASSAULT W/DEADLY WEAPON F2, F (16028385, 12/02/2016, MAIN, R. A.) (Dsp: C 12/02/2016) | | | | |
| | | | 2) CRIMINAL TRESPASS MB, M (16028385, 12/02/2016, MAIN, R. A.) (Dsp: C 12/02/2016) | | | | |
| 3) | AR | ARREST | AGG ASSAULT W/DEADLY WEAPON F2 | 12/02/2016 | TYPD | | *AR43334* |
| | | | 1) AGG ASSAULT W/DEADLY WEAPON F2, F (16028385, DOUGHTEN, J. L.) (Dsp: C 12/02/2016) | | | | |
| | | | 2) UNLAWFUL CARRY WEAPON MA, M (16028385, DOUGHTEN, J. L.) (Dsp: C 12/02/2016) | | | | |
| | | | 3) CRIMINAL TRESPASS W/DEADLY WEAPON, M (16028385, DOUGHTEN, J. L.) (Dsp: C 12/02/2016) | | | | |
| 4) | AR | ARREST | AGG ASSAULT W/DEADLY WEAPON F2 | 12/02/2016 | TYPD | | *AR43333* |
| | | | 1) AGG ASSAULT W/DEADLY WEAPON F2, F (16028385, DOUGHTEN, J. L.) (Dsp: C 12/02/2016) | | | | |
| | | | 2) UNLAWFUL TRANSF CERTAIN WEAPONS MA, M (16028385, DOUGHTEN, J. L.) (Dsp: C 12/02/2016) | | | | |
| | | | 3) CRIMINAL TRESPASS W/DEADLY WEAPON, M (16028385, DOUGHTEN, J. L.) (Dsp: C 12/02/2016) | | | | |
| 5) | NM | WITNESS | CRISWELL, JONATHON TODD (W M) | 12/02/2016 | TYPD | | *NM460362* |
| 6) | NM | WITNESS | WOOD, WESLEY RYAN (W M) | 12/02/2016 | TYPD | | *NM379998* |
| 7) | NM | WITNESS | FRANKLIN, DERIL (B M) | 12/02/2016 | TYPD | | *NM426731* |
| 8) | NM | INVOLVED OTHER | CHAVEZ, JEFF JR (W M) | 12/02/2016 | TYPD | | *NM443107* |
| 9) | NM | INVOLVED OTHER | LACK, STEPHEN D (W M) | 12/02/2016 | TYPD | | *NM460358* |
| 10) | NM | WITNESS | DYKMAN, TANNER JAMES (W M) | 12/02/2016 | TYPD | | *NM237248* |
| 11) | NM | WITNESS | ELDER, DEMETRIS NICOLE (B F) | 12/02/2016 | TYPD | | *NM125044* |
| 12) | NM | WITNESS | ELDER, ANDREA ELISE (B F) | 12/02/2016 | TYPD | | *NM448098* |
| 13) | NM | OFFENDER/ARREST | HERNANDEZ, CARLOS JOSE (W M) | 12/02/2016 | TYPD | | *NM107505* |
| 14) | NM | OFFENDER/ARREST | LONG, JESSE ROGER (W M) | 12/02/2016 | TYPD | | *NM459881* |
| 15) | NM | OFFENDER/ARREST | YOO, HEON JONG (A M) | 12/02/2016 | TYPD | | *NM448834* |

033149

| | Status | Type | Relationship | Description | | Date | Agency | Jv | Case Id/ Book Id |
|---|---|---|---|---|---|---|---|---|---|
| 16) | | NM | OFFENDER/ARREST | LACK, MATTHEW DOUGLAS (W M) | | 12/02/2016 | TYPD | | *NM204211* |
| 17) | | VH | NONE | 2009 CHRY ASPEN WHT/WHT  HBP3291 | | 12/02/2016 | TYPD | | *VH369324* |
| 18) | | VH | TOWED | 2006 DODG BLK HRV5193 TX | | 12/02/2016 | TYPD | | *VH373098* |
| 19) | | LO | SUPP - LOCATION | 321 S BOIS D ARC AVE, TYLER, TX | | 12/05/2016 | | | *LO15361* |
| 20) | | LO | LOCATION | 3964 MCDONALD RD, TYLER, TX | | 12/02/2016 | TYPD | | *LO18908* |
| 21) | | PR | SEIZED | ASSORTED CARTRIDGES | | 12/02/2016 | TYPD | | *PR134553* |
| 22) | | PR | SEIZED | MAGAZINE RUGER | LCP  (Cal. 380) | 12/02/2016 | TYPD | | *PR134552* |
| 23) | | PR | SEIZED | MAGAZINES PMAG | (Cal. 556) | 12/02/2016 | TYPD | | *PR134551* |
| 24) | | PR | SEIZED | TACTICAL VEST GRN | | 12/02/2016 | TYPD | | *PR134550* |
| 25) | | PR | SEIZED | MACHETE GERBER | | 12/02/2016 | TYPD | | *PR134548* |
| 26) | | PR | SEIZED | SHOTGUN WINCHESTER | SUPER X | 12/02/2016 | TYPD | | *PR134549* |
| 27) | | PR | SEIZED | RIFLE REMINGTON | 700 BLK (Cal. 308) | 12/02/2016 | TYPD | | *PR134547* |
| 28) | | PR | SEIZED | RIFLE SMITH & WESSON M&P-15 BLK | | 12/02/2016 | TYPD | | *PR134546* |
| 29) | | PR | SEIZED | HANDGUN RUGER | LCP BLK (Cal. 38 | 12/02/2016 | TYPD | | *PR134545* |

033150

Page 1 of 1

**INDICTMENT**  241002477

| THE STATE OF TEXAS | IN THE 241ST DISTRICT COURT |
|---|---|
| VS. | OF |
| HEON YOO | SMITH COUNTY, TEXAS |

Charge: Aggravated Assault With a Deadly Weapon     Article: 22.02 Control #: 16-05326

13150000S FZ

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS, duly selected, organized, sworn and impaneled as such for the County of Smith, State of Texas, at the January-June Term, 2017, of the 241ST Judicial District Court in and for said County, a quorum thereof being present, upon their oaths present in and to said Court, that on or about the 2nd day of December, 2016, and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, HEON YOO did then and there then and there intentionally and knowingly threaten Deril Franklin with imminent bodily injury by pointing a firearm at Deril Franklin, and did then and there use or exhibit a deadly weapon, to-wit: firearm, during the commission of the assault;

And it is further presented that the defendant used or exhibited a deadly weapon, to-wit: a firearm, during the commission of or immediate flight from said offense;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Thomas West_

Foreman of the Grand Jury

F I L E D

JAN 2 6 2017

CLERK, 241st JUD. Dist. SMITH CO. TX
BY

Original- Pink                    State's Copy- Green                    Defendant's Copy- Canary

**THE STATE OF TEXAS**
**COUNTY OF SMITH**

I, Lois Rogers, Clerk of the District Court within and for the County and State aforesaid, do hereby certify that the foregoing contains a true and correct copy of the Indictment in Cause No. _____, of the State of Texas vs _____ as now on file in this office.

IN TESTIMONY WHEREOF I hereto set my hand and seal, this _____ day of _____, A.D. 20_____.

LOIS ROGERS
Clerk of the District Court
Smith County, Texas

By_____
                 Deputy

NO. _____

THE STATE OF TEXAS
VS

**INDICTMENT**

OFFENSE

D. Matt Bingham
Criminal District Attorney
Smith County, Texas

A TRUE BILL

_____
Foreman of the Grand Jury

AMOUNT OF BAIL: $ 60,000 ⊘

File this \_\_\_\_\_ day of _____
20\_\_\_\_\_

LOIS ROGERS
Clerk of the District Court
Smith County, Texas

BY: _____
                          Deputy

WITNESSES

Page 1 of 1

**INDICTMENT**   241-0576-17

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 241ST DISTRICT COURT |
| VS. | OF |
| HEON YOO | SMITH COUNTY, TEXAS |

Charge: Aggravated Assault With a Deadly
Weapon

Article:  22.02 Control #: 17-01688

13150000S   F2

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS, duly selected, organized, sworn and impaneled as such for the County of Smith, State of Texas, at the January-June Term, 2017, of the 241ST Judicial District Court in and for said County, a quorum thereof being present, upon their oaths present in and to said Court, that on or about the 2nd day of December, 2016, and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, HEON YOO did then and there intentionally and knowingly threaten Deril Elder with imminent bodily injury by pointing a firearm at Deril Elder, and did then and there use or exhibit a deadly weapon, to-wit: firearm, during the commission of the assault;

And it is further presented that the defendant used or exhibited a deadly weapon, to-wit: a firearm, during the commission of or immediate flight from said offense;


AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Thomas West_

Foreman of the Grand Jury


F I L E D

APR 2 0 2017

CLERK, 241ST JUD. DIST. COURT, SMITH CO., TX
BY _____ DEPUTY


Original- Pink          State's Copy- Green          Defendant's Copy- Canary

**THE STATE OF TEXAS**
**COUNTY OF SMITH**

     I, Lois Rogers, Clerk of the District Court within and for the County and State aforesaid, do hereby certify that the foregoing contains a true and correct copy of the Indictment in Cause No. _____, of the State of Texas vs _____ as now on file in this office.

     IN TESTIMONY WHEREOF I hereto set my hand and seal, this _____ day of _____, A.D. 20_____.

_____
LOIS ROGERS
Clerk of the District Court
Smith County, Texas

By_____
Deputy

---

NO. _____

THE STATE OF TEXAS
VS

**INDICTMENT**

OFFENSE

D. Matt Bingham
Criminal District Attorney
Smith County, Texas

A TRUE BILL

_____
Foreman of the Grand Jury

AMOUNT OF BAIL: $ _____
File this _____ day of _____
20 _____

LOIS ROGERS
Clerk of the District Court
Smith County, Texas

BY: _____
Deputy

WITNESSES

**F I L E D**

MAY 0 1 2017

LOIS ROGERS
DIST. COURT, SMITH CO, TX
BY _____ DEPUTY

**Cause Number 241-0072-17**

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | IN THE 241ST JUDICIAL |
| **VS.** | § | DISTRICT COURT |
| **HEON YOO** | § | SMITH COUNTY, TEXAS |
| Aggravated Assault with a Deadly Weapon (F2) | | |

## STATE'S MOTION FOR DISMISSAL

TO THE HONORABLE JUDGE OF THIS COURT:

Comes now the State, by and through her representative, Lucas Machicek, Assistant Criminal District Attorney of Smith County, Texas, in the above styled and numbered cause and requests that in the interest of justice this case be dismissed.

While there was sufficient probable cause at the time of arrest and charge of the Defendant for this offense, it is the State's position that the interests of justice and judicial economy would best be served if this charge is dismissed without prejudice. This Defendant has been indicted for the Second Degree Felony offense of Aggravated Assault in cause number 241-0576-17 arising out of the same circumstances underlying this case.

THEREFORE, the State respectfully requests that this case be DISMISSED WITHOUT PREJUDICE.

Respectfully submitted,

_____
**LUCAS MACHICEK**
Assistant Criminal District Attorney

_____
SMITH COUNTY DISTRICT ATTORNEY
or ASSISTANT DISTRICT ATTORNEY

## ORDER OF DISMISSAL

On this day came to be considered the Motion to Dismiss of the State's Attorney filed herein, and the Court is satisfied that the reasons so stated are good and sufficient to authorize such dismissal. It is therefore ORDERED ADJUDGED AND DECREED that this action be DISMISSED WITHOUT PREJUDICE.

Signed on the 1st day of May 2017

**F I L E D**

MAY 0 1 2017

CLERK, 241
BY _____

_____
HONORABLE JACK SKEEN, JR
DISTRICT JUDGE 241ST JUDICIAL
DISTRICT COURT, SMITH COUNTY

Cause Number 241-0576-17

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241st JUDICIAL |
| VS. | § | DISTRICT COURT |
| HEON YOO | § | SMITH COUNTY, TEXAS |
| Agg. Assault with Deadly Weapon (F1) | | |

F I L E

JUL 27 2017

**STATE'S MOTION FOR DISMISSAL**

TO THE HONORABLE JUDGE OF THIS COURT:

Comes now the State, by and through her representative, Lucas Machicek, Assistant Criminal District Attorney of Smith County, Texas, in the above styled and numbered cause and requests that in the interest of justice this case be dismissed.

While there was sufficient probable cause at the time of arrest and charge of the Defendant for this offense, it is the State's position that the interests of justice and judicial economy would best be served if this charge is dismissed without prejudice. The victim named in the State's indictment currently stands charged by indictment in the 7th Judicial District Court for the third degree Felony offense of Theft of a Firearm and is entitled to claim his 5th Amendment right against self-incrimination if he were called to testify as a witness in the above-styled cause. In addition, the named victim has been identified by self-admission as a member of a criminal street gang.

THEREFORE, the State respectfully requests that this case be DISMISSED WITHOUT PREJUDICE.

Respectfully submitted,

_____
LUCAS MACHICEK
Assistant Criminal District Attorney

_____
SMITH COUNTY ~~DISTRICT ATTORNEY~~ first
~~or~~ ASSISTANT DISTRICT ATTORNEY

**ORDER OF DISMISSAL**

On this day came to be considered the Motion to Dismiss of the State's Attorney filed herein, and the Court is satisfied that the reasons so stated are good and sufficient to authorize such dismissal. It is therefore ORDERED ADJUDGED AND DECREED that this action be DISMISSED WITHOUT PREJUDICE.

Signed on the ___ day of _____, 2017.

_____
HONORABLE JACK SKEEN, JR
DISTRICT JUDGE 241st JUDICIAL
DISTRICT COURT, SMITH COUNTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:18-CR-16 |
| | § | (Judge Schroeder) |
| HEON JONG YOO | § | |
| a/k/a "HANK YOO" | § | |

## PLEA AGREEMENT

The defendant, **Heon Jong Yoo, a/k/a Hank Yoo**, the defendant's attorney,

**L. Charles van Cleef**, and the United States Attorney for the Eastern District of Texas

agree to the following:

1.      **RIGHTS OF THE DEFENDANT**:  The defendant understands that accused

individuals have the following rights, among others:

   a.      to plead not guilty;

   b.      to have a trial by jury;

   c.      to have guilt proved beyond a reasonable doubt;

   d.      to confront and cross-examine witnesses and to call witnesses in
            defense; and

   e.      to not be compelled to testify against oneself.

2.      **WAIVER OF RIGHTS AND PLEA OF GUILTY**:  The defendant waives these

rights and agrees to enter a plea of guilty to Count 7 of the indictment, which charges a

violation of 18 U.S.C. § 922(a)(6), false statement during purchase of firearm.  The

defendant understands the nature and elements of the crime to which guilt is admitted and

agrees that the factual statement the defendant has signed is true and will be submitted as

evidence.

3.     **SENTENCE**:  The minimum and maximum penalties the Court can impose

include:

    a.    imprisonment for a period not to exceed 10 years;

    b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

    d.    a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

    e.    forfeiture of property involved or traceable to the criminal offense;

    f.    restitution to victims or to the community; and

    g.    costs of incarceration and supervision.

4.     **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES**:

The defendant understands that the sentence in this case will be imposed by the Court

after consideration of the U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G. or

guidelines).  The guidelines are not binding on the Court, but are advisory only.  The

defendant has reviewed the guidelines with defense counsel, but understands that no one

can predict with certainty the outcome of the Court's consideration of the guidelines in

this case.  The defendant will not be allowed to withdraw the plea entered pursuant to this

agreement if the sentence is higher than expected, so long as it is within the statutory

maximum.  The defendant understands that the actual sentence to be imposed is solely in

the discretion of the Court.

5.   **GUIDELINE STIPULATIONS**:  The parties stipulate to the following factors

that affect the appropriate sentencing range in this case:

a.   The base offense level pursuant to U.S.S.G. § 2K2.1(a)(6)(A) is 14.

b.   Because the offense involved 8-24 firearms, U.S.S.G. §
     2K2.1(b)(1)(B) applies, resulting in an increase of 4 levels.

c.   A reduction of 3 levels for acceptance of responsibility under
     U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to
     recommendation of the United States Probation Office.  **If
     circumstances indicating that the defendant has not accepted
     responsibility become known after execution of this agreement,
     this stipulation is void and the defendant may object to the
     failure of the presentence report to recommend the reduction.**

The parties understand that the Court is not bound by these stipulations.

6.   **ACCEPTANCE OF RESPONSIBILITY**:  The defendant understands that by

accepting responsibility and giving truthful and complete information concerning his

participation in the offense of conviction he may be entitled to a reduction in his offense

level under § 3E1.1 of the Sentencing Guidelines.  The defendant shall not violate any

other state or federal law or take any action that would obstruct the government's

investigation into the offense of conviction or other criminal activities.  Upon request, the

defendant shall submit a personal financial statement under oath and submit to interviews

by the government and the United States Probation Office regarding his ability to satisfy

any fines or restitution to be imposed.

7.     **FORFEITURE:**  The defendant agrees to forfeit to the United States

voluntarily and immediately all of the defendant's right, title, and interest to the

following property which is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28

U.S.C. § 2461:

a.   Mossberg 590, 12-gauge shotgun (Serial No. R188306).
b.   DPMS LR-308, .308 caliber rifle (Serial No. FFK027370).
c.   Smith and Wesson M&P 15, .556 caliber rifle (Serial No. TE94562).
d.   Smith & Wesson SW40VE, .40 caliber pistol (Serial No. RBM9366).

The defendant agrees that the property described in subparagraphs (a)-(d) is

subject to forfeiture to the government pursuant to the aforementioned statute because the

property constitutes firearms involved in or used in the knowing violations of 18 U.S.C.

§§ 922(a)(6) and/or 924.  The defendant agrees to fully assist the government in the

forfeiture of the listed property and to take whatever steps are necessary to pass clear title

to the United States, including but not limited to surrender of title and execution of any

documents necessary to transfer the defendant's interest in any of the above property to

the United States, and take whatever steps are necessary to ensure that assets subject to

forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for

forfeiture.  The defendant agrees not to file a claim to the listed property in any civil

proceeding, administrative or judicial, which may be initiated.  The defendant agrees to

waive the right to notice of any forfeiture proceeding involving the above described

property, and agrees not to file a claim or assist others in filing a claim in that forfeiture

proceeding.  The defendant knowingly and voluntarily waives the right to a jury trial on

the forfeiture of assets.  The defendant knowingly and voluntarily waives all

constitutional, legal, and equitable defenses to the forfeiture of these assets in any

proceeding.  The defendant agrees to waive any claim or defense under the Eighth

Amendment to the Constitution, including any claim of excessive fine, to the forfeiture of

assets by the United States or its subdivisions.  Forfeiture of the defendant's assets shall

not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other

penalty this Court may impose upon the defendant in addition to the forfeiture.  The

defendant waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of

the forfeiture in the charging instrument, announcement of the forfeiture at sentencing,

and incorporation of the forfeiture in the judgment.

The defendant and defendant's attorney also understand that the government may

file motions for preliminary and final orders of forfeiture regarding the property

described herein. The defendant and defendant's attorney agree that the government may

file these motions unopposed and may state in the certificates of conference for these

motions that the defendant has no objection to the relief sought without having to further

contact the defendant or defendant's attorney.

8.    **IMMIGRATION STATUS CONSEQUENCES:** Defendant recognizes that

pleading guilty to a crime may affect the immigration status of people who are not

citizens of the United States.  Under federal law, a broad range of crimes are removable

offenses.  Removal and other immigration consequences are the subject of a separate

proceeding, however, and the defendant understands that no one, including the

defendant's attorney or the district court, can predict with certainty the effect this

conviction will have on the defendant's immigration status.  The defendant wants to

plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is automatic removal from the United States.

9.    **GOVERNMENT'S AGREEMENT**:  The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty.  After sentencing, the government will dismiss any remaining criminal charges against this defendant.

10.    **VIOLATION OF AGREEMENT**:  The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge.  In such event, the defendant waives any objections based upon delay in prosecution.

11.    **VOLUNTARY PLEA**:  This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

12.    **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**:
Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds.  The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255.  The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum.  The

defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

13.   **WAIVER OF RIGHT TO RECORDS**:  The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

14.   **REPRESENTATION OF COUNSEL**:  The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation.  The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea.  After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

15.   **LIMITATIONS ON THIS AGREEMENT**:  This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority.  Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

16.   **ENTIRETY OF AGREEMENT**:  This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49.  References in this

document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum. The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

Dated: _____          _____
                                      L. Frank Coan, Jr.
                                      Assistant United States Attorney


I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: _____          _____
                                      Heon Jong Yoo, a/k/a Hank Yoo
                                      Defendant


I am counsel for the defendant. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: _____          _____
                                      L. Charles van Cleef
                                      Attorney for Defendant

Heon Yoo
Inmate ID #122098
Gregg County, Texas Detention Center
101 E Methvin St
Longview, Texas


July 13th, 2018

Mick Mickelsen
Broden, Mickelsen, LLP
2600 State Street
Dallas, Texas 75204
(214) 563-3157

Linda Acevedo
State Bar of Texas
PO Box 12487
Austin, TX 78711-2487

## NOTICE AND DEMAND OF HEON 'HANK' YOO

Atty Mickelsen,

In the State of Texas, the per appearance fee for a misdemeanor attorney is approximately $250 and per appearance fee for felony cases, including Federal murder charges, is $500 and up.

You sir, have been paid $25K upfront, made 2 appearances and have advocated more strongly for the prosecution than me, your alleged client. That works out to $12,500 per appearance for absolutely nothing resembling a proper defense.

You have produced a litany of shop worn excuses while everyday indicted murderers, pedophiles, and rapists, including Federal employees such as this one — https://nypost.com/2018/03/08/irs-agent-charged-with-choking-raping-intern/, walk out of their bail hearings and go home. They are allowed to work and prepare to defend against the charges they face, while I

have spent hundreds of dollars on collect and prepaid calls simply to have friends access internet searches and case information that you have neglected or refused to provide.

I'm going to pose several questions to you and none of them are rhetorical. I and my family demand answers that you have refused to provide via deflection or simply ignoring me. It would be greatly appreciated if your replies are numbered similarly to the respective question, IN WRITING.

Additionally, we formally request a FULL accounting of every dollar you have spent on my "defense", including a billable hour breakdown pursuant to Rule 1.03 of the *Texas Disciplinary Rules of Professional Conduct*.

Your cooperation or lack thereof will determine how we move forward, including but not limited to a request for a formal investigation into your bizarre 'strategy' and behavior via a complaint to the State Bar of Texas, and a demand for refund of no less than ½ of the retainer. The sub-competent defense I have received thus far has not amounted to $1,250 let alone $12,500 or $25,000.

Any idiot pro se can get denied bail and plead guilty. That is not what you were retained for and as stated, accused murderers, drug traffickers, and rapists roam free on bail, every day. Judicial discretion or 'they hate you' is not an acceptable excuse for your inexplicable desire to make the prosecution's job easier.

## PRE-TRIAL AND DEFENSE

1. On what legal basis am I continuing to be held in pre-trial custody when accused murderers and rapists sleep in their beds? More than once you have answered this query by stating to my face that either the judge and / or prosecutor(s) "hate me"... 

Is there an additional fee requirement for you to do what common sense would dictate and ask that Judge to recuse himself and file judicial misconduct charges? Change of venue? Anything at all?

Perhaps your reluctance is in part due to the fact of your own stated bias against conservatives and our President? My views (or if you find them repugnant) should not determine your level of

professionalism or my defense. Nor should violations of my right to unbiased due process be excused or explained away without a proper reckoning and accountability.

Simply put, under Chapter 26 *Release And Detention Pending Judicial Proceedings (18 U.S.C. 3141 Et Seq.)* of the US Attorneys' Manual, there is not and has never been a justification for pre-trial detention, including the rebuttable presumption exceptions of Title 18, United States Code, Section 3142(e), specifically 18 U.S.C. § 924.

https://www.justice.gov/usam/criminal-resource-manual-26-release-and-detention-pending-judicial-proceedings-18-usc-3141-et

1a. On what legal basis have you not made interlocutory appeals to have bail granted, if you freely acknowledge that the Judge and prosecutor are biased against me?

2. If I have been adjudicated mentally ill, as multiple state and Federal government databases fraudulently assert, why am I standing trial at all? On what legal basis are non compos mentis defendants even allowed to be prosecuted?

2a.  Where is the court order that establishes this false allegation of 'adjudicated mentally defective' — it shouldn't be hard to find and yet no one can produce it?

2b. If false claims are being made regarding my mental health, why have you as my attorney (with $25,000 at your disposal) not ordered mental health evaluations by competent expert psychiatrists? And why have you not challenged the fraudulent representations as you've been instructed?

On multiple occasions you have been asked these questions and even instructed to arrange such evaluations; In each instance you demurred / deflected saying that such concerns were not relevant — in spite of the fact that my continued confinement and revocation of CHL is based entirely on false accusations of an impaired mental state.

3. You have allowed demonstrably false testimony from local LEOs and Federal agents to stand without raising a single objection or even attempting to subpoena the liars associated with this testimony.

Is there an additional fee requirement for you to object to false testimony and hearsay? Exactly what mountain requires moving before you file motions to strike false testimony in opposition to my being granted pre-trial release? If you refuse to challenge demonstrable falsehoods in a simple bail hearing, how can you be expected to perform in an actual trial?

I have identified over 60+ incidents in the discovery documents of false and malicious retaliatory police and incident reports —several of which found their way to the witness stand during my bail hearing, none of which were objected to by you.

4. You have been told repeatedly that the only reason my CHL revocation appeal was not pursued was due to my former Atty Jason Parrish, in a stunning display of malice or incompetence, advising that I NOT attend the hearing.

Additionally you have been told repeatedly that my family hired an Atty in New Jersey to have the malicious and fraudulent civil records expunged, and refused to act or incorporate these facts into my defense or ameliorate these issues while awaiting trial.

A simple inquiry to the FBI itself will show that I challenged and appealed the false information they had collected and continue to disseminate to gun dealers — yet again, you deem these critical facts 'irrelevant' and refuse to do the job for which you have been paid.

Hiding behind Rule 1.02(a) and 1.02(b) of the *Texas Disciplinary Rules of Professional Conduct* while abusing your discretion to my detriment is inexcusable and will not be tolerated.

## MEDIA CORRESPONDENCE

5. We demand you produce ALL correspondence between yourself and any media outlets, alleged reporters and journalists...specifically the Southern Poverty Law Center which quotes you in this article:

https://www.splcenter.org/hatewatch/2018/07/10/asian-nazi-unhappy-lawyer-asks-judge-release-him-jail

6. The letter I sent to Judge Schroeder III was not in any way, shape, form, or intent a 'filing' to be included in the other case documents for public perusal or dissemination. The

misclassification and dissemination of my letter is just another example of the bias reflected by the state and its agents and the negligence of my defense counsel in protecting my right to due process.

I formally demand an investigation  / hearing into the misclassification and dissemination of my letter.

## DISCOVERY

7. I have left you several voicemails instructing you of my need to have additional copies of my discovery documents sent to my parents, et al. with no action on your part for several months as of yesterday, July 13, 2018. They are scheduled to leave the country sometime next week — are they going to receive those documents from you?

## CLOSING

Lest this letter be misinterpreted or willfully mischaracterized like the last one, let me be clear; This is NOT a motion or any manner of pro per, pro se filing. This is a privileged communication between a client and Atty, with additional recipients included for the purposes of oversight or witnesses / translators ONLY.

Also as stated, I have family that is leaving for South Korea next week…I need answers to these questions and an accounting of the funds given to you immediately.

Heon Yoo
Inmate ID #122098
Gregg County, Texas Detention Center
101 E Methvin St
Longview, Texas