IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:18-CR-16 |
| | § | (Judge RWS/KNM) |
| HEON JONG YOO | § | |
|     a/k/a "HANK YOO" | § | |

## GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S FORFEITURE-RELATED MOTIONS

Pursuant to the Court's Order dated January 30, 2019, the United States of America submits this response to defendant Heon Jong Yoo's forfeiture-related motions, specifically Docket Nos. 289, 342, 346, and 349, respectfully showing as follows:

## I.    INTRODUCTION

The defendant has filed various post-trial motions challenging the administrative forfeiture of four firearms by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF).  He argues that he had no notice of the seizures.  He did.

The ATF mailed notice letters to the defendant and published the notice on a government website.  The seized property was also identified in the warrant return disclosed during discovery.  In addition, the firearms and ammunition were listed in the forfeiture notice contained in the indictment.  Despite all of this, the defendant made no claim with the ATF and sought no relief from that agency.  As a result, administrative forfeiture was appropriate.  The motions should be denied.

## II.    PROCEDURAL HISTORY

On April 6, 2018, Yoo was charged in a federal criminal complaint with violations of 18 U.S.C. §§ 922(a)(6) [false statement during purchase of firearm] and 924(a)(1)(A) [false statement with respect to information required to be kept by federal firearms licensee].  (Case No. 6:18-MJ-24).  He was arrested the same day outside of his apartment in Tyler, Texas.

Later on April 6, 2018, a federal search warrant was issued for Yoo's apartment and vehicle.  (Case No. 6:18-MJ-25.)  Pursuant to the warrant, law enforcement officials were authorized to seize, among others items, firearms, ammunition, and firearms accessories.  (Doc. No. 127-1.)  Upon execution of the warrant, the following property was seized:

- Mossberg 590 12-gauge shotgun (Serial No. R188306).
- DPMS LR-308 rifle (Serial No. FFK027370).
- Smith and Wesson M&P 15 rifle (Serial No. TE94562).
- Smith & Wesson SW40VE .40 caliber pistol (Serial No. RBM9366).
- Para 1911 Expert .45 caliber pistol (Serial No. 000210NW).
- Four ammunition boxes with ammunition and magazines.
- Two rifle cases with firearms accessories.

On April 18, 2018, a federal grand jury in the Eastern District of Texas returned a seven-count indictment against Yoo.  (Doc. No. 10.)  He was charged with five violations of 18 U.S.C. § 924(a)(1)(A) for falsely listing his country of citizenship as "United States of America."  He was also charged with two violations of 18 U.S.C. § 922(a)(6) for misrepresenting that he held a valid License to Carry a Handgun issued by the State of

Texas.  The indictment included a Notice of Intent to Seek Criminal Forfeiture in which the government identified the same firearms, ammunition, and accessories seized on April 6, 2018.

On April 23, 2018, an initial appearance and arraignment took place.  At that time, the defendant was advised of the charges in the indictment, the notice of forfeiture, and the applicable penalty ranges.  (*See* Doc. No. 17.)

On or about April 23, 2018, a copy of the search warrant return was disclosed to the defendant and his counsel as part of discovery.  The return listed the same five firearms, four boxes of ammunition, and two rifle cases identified in the indictment's criminal forfeiture notice.

Government asset tracking records show that on or about April 25, 2018, the ATF mailed two notices of forfeiture to Yoo – one addressed to his apartment in Tyler; the other addressed to him at the Gregg County Jail.  The notices identified four of the firearms seized on April 6, 2018:

- Mossberg 590 12-gauge shotgun (Serial No. R188306).
- DPMS LR-308 rifle (Serial No. FFK027370).
- Smith and Wesson M&P 15 rifle (Serial No. TE94562).
- Smith & Wesson SW40VE .40 caliber pistol (Serial No. RBM9366).

The letters notified Yoo of the seizures and of the ATF's intention to administratively forfeit the firearms.  The letters also informed Yoo of the procedures and deadlines for filing a claim to contest the forfeiture in court and for filing a petition

requesting remission or mitigation of the forfeiture from the ATF.  Tracking records show that these notice letters were delivered.[1]

In addition, the ATF published notice of this seizure.  From April 30, 2018, and continuing until May 29, 2018, notice of the seizure of these four firearms and the ATF's intent to forfeit was published on the official government website www.forfeiture.gov.

Government asset tracking records further show that on or about May 29, 2018, the ATF sent additional notices of forfeiture to the defendant – one addressed to his apartment in Tyler; the other to him at the Gregg County Jail.  The notices concerned the following personal property:

- Para 1911 Expert .45 caliber pistol (Serial No. 000210NW).
- Four ammunition boxes with ammunition and magazines.

These letters provided the same information with respect to procedures and deadlines as the prior notice letters from the ATF.  The tracking records show that the notice letters were delivered.

The ATF published notice of this seizure as well.  Beginning June 4, 2018, notice of the seizure of the pistol and ammunition was published on the official government forfeiture website (www.forfeiture.gov).

---

[1] Further investigation has revealed that the notice letter dated April 25, 2018, and addressed to the defendant at the Gregg County Jail may have been delivered to the *Smith* County Jail.  County jail records show that Yoo was held at the Smith County Jail from the date of his arrest (April 6, 2018) until his transfer to the Gregg County Jail on or about April 26, 2018.

On or about June 29, 2018, Yoo timely submitted to the ATF a claim of ownership regarding the Para 1911 pistol and the ammunition.  No claim was filed as to the other four firearms seized on April 6, 2018.  Accordingly, on August 17, 2018 the United States filed a declaration of administrative forfeiture concerning those firearms – the Mossberg 590 12-gauge shotgun (Serial No. R188306), DPMS LR-308 rifle (Serial No. FFK027370), Smith and Wesson M&P 15 rifle (Serial No. TE94562), Smith & Wesson SW40VE .40 caliber pistol (Serial No. RBM9366).  (Doc. No. 40.)[2]  At no time did Yoo file a petition of remission with the ATF for any of the seized firearms.

On September 19, 2018, a federal grand jury in the Eastern District of Texas returned an eight-count superseding indictment against Yoo.  (Doc. No. 84.)  He was charged with seven violations of 18 U.S.C. § 924(a)(1)(A) for falsely listing his country of citizenship as "United States of America."  He was also charged with a violation of 18 U.S.C. § 922(g)(f) for unlawfully possessing a firearm after having been committed to a mental institution.  The superseding indictment included a Notice of Intent to Seek Criminal Forfeiture in which the government identified the Para 1911 pistol and the approximately 457 rounds of ammunition.

Trial took place from November 13-15, 2018.  The jury returned a guilty verdict on all counts.  (Doc. No. 248.)  Forfeiture proceedings followed, and the jury returned a special verdict, finding that the Para 1911 pistol and 458 rounds of ammunition were

---

[2]  The defendant was represented by counsel from the date of the seizure through the time of the administrative forfeiture.

involved and used in the knowing possession of a firearm by a person who has been committed to a mental institution.  (Doc. No. 251.)  Consistent with that verdict, the Court entered a preliminary order of forfeiture regarding the pistol and ammunition on November 19, 2018.  (Doc. No. 259.)

## III.   ARGUMENT

Administrative forfeiture is the process by which property may be forfeited by a seizing agency rather than through judicial proceedings.  28 C.F.R. § 8.2; *see generally* 18 U.S.C. § 983 (describing procedure for "nonjudicial forfeitures").  This administrative procedure efficiently settles disputes over seized property, "serving the agency's interest in finality and the owner's interest in expeditious return of its property."  *Malladi Drugs & Pharms., Ltd. v. Tandy*, 552 F.3d 885, 889-90 (D.C. Cir. 2009); *see United States v. Ninety-Three (93) Firearms*, 330 F.3d 414, 422 (6th Cir. 2003) (administrative forfeitures are "favored" because they provide "mechanism for the government and private parties to resolve their forfeiture-related disputes without the need for judicial actions").

The ATF may seize assets under any federal statute over which the agency has investigative or forfeiture jurisdiction.  28 C.F.R. § 8.3(a).  Such jurisdiction includes criminal and regulatory violations of federal firearms laws.  28 U.S.C. § 599A(b).  The ATF may administratively forfeit property with a value under $500,000.  28 C.F.R. § 2; *see* 19 U.S.C. § 1607(a).[3]

---

[3] Administrative forfeitures are governed by the customs laws, 19 U.S.C. § 1602 *et seq.*, as incorporated by the Civil Asset Forfeiture Reform Act of 2000.

An administrative forfeiture proceeding commences when notice is first published or when personal written notice is first sent to an interested party.  28 C.F.R. § 8.8. Notice by publication includes posting of a notice on an official government forfeiture website for at least 30 consecutive days.  28 C.F.R. § 8.9(a)(1)(ii).  In addition to publishing notice, the seizing agency is required to "send personal written notice of seizure to each interested party in a manner reasonable calculated to reach such parties." 28 C.F.R. § 8.9(b)(1).[4]  Such written notice must be sent no later than 60 days after the date of the seizure.  18 U.S.C. § 983(a)(1)(A)(i); 28 C.F.R. § 8.9(c)(1).

Seized property may be administratively forfeited notwithstanding the fact that an allegation of forfeiture has been included in a criminal indictment.  28 C.F.R. § 8.11; *see* 18 U.S.C. § 983(a)(1)(A)(iii).  If a criminal indictment contains an allegation that property is subject to forfeiture and is obtained prior to expiration of the time period for sending personal notice, the seizing agency may continue the administrative forfeiture proceeding, but must send timely written notice of the seizure.  18 U.S.C. § 983(a)(1)(A)(iii)(I); 28 C.F.R. § 8.9(c)(3)(i).

To contest the forfeiture of seized property in federal court, any person asserting an interest in seized property subject to an administrative forfeiture proceeding must file a claim with the seizing agency after commencement of the administrative forfeiture

---

[4] The notice must include: (i) date when notice is sent; (ii) the deadline for filing a claim (at least 35 days after notice is sent); (iii) the date, statutory basis, and place of seizure; (iv) identity of the appropriate official of the seizing agency and address where claim must be filed; and (v) description of the seized property.  28 C.F.R. § 8.9(b)(2).

proceeding.  18 U.S.C. § 983(a)(2)(A); 28 C.F.R. § 8.10(a).   Such claims need only

identify, under oath, the property being claimed and the claimant's interest in that

property.  18 U.S.C. § 983(a)(2)(C)-(D).  The claim must be made prior to the deadline

set forth in the personal notice letter.  18 U.S.C. § 983(a)(2)(B); 28 C.F.R. § 8.10(a).  If

personal written notice is sent but not received, the intended recipient must file a claim

with the appropriate official not later than 30 days after the date of the final publication of

the notice of seizure.  *Id.*

If no valid and timely claim is filed, the seizing agency shall declare the property

forfeited.  28 C.F.R. § 8.12.  This declaration has the same force and effect as a final

decree and order of forfeiture in a federal judicial forfeiture proceeding.  *Id; see* 19 §

1609(b).

Judicial review of a completed administrative forfeiture is limited to due process

considerations (*i.e.*, lack of notice).  *See Thomas v. United States*, 681 F. App'x 787 (11th

Cir. 2017) (district court's review of administrative forfeiture is limited to determination

of whether government provided reasonable notice of forfeiture proceedings); *United*

*States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011) (district court lacks jurisdiction

to review merits of administrative forfeiture if claimant did not file claim); *United States*

*v. King*, 442 F. App'x 212, 213 (6th Cir. 2011) (affirming district court's refusal to

review claimant's Fourth Amendment challenge to administrative forfeiture of property);

*Mohammad v. United States*, 169 F. App'x 475, 480–81 (7th Cir. 2006) (district court has

no jurisdiction to review merits of administrative forfeiture; it has jurisdiction only to

review adequacy of notice given to claimant of procedure for filing claim).[5]  To satisfy

due process, notice must be "reasonably calculated" to apprise interested parties of the

seizure and pendency of the forfeiture action.  *Dusenbery v. United States*, 534 U.S. 161,

168 (2002).  Proof that the claimant actually received written notice is not required.  *Id.* at

169-173; *see Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005); *Nunley*

*v. Department of Justice*, 425 F.3d 1132, 1139 (8th Cir. 2005); *Whiting v. United States*,

231 F.3d 70, 74 (1st Cir. 2000).

Here, the firearms were lawfully seized on April 6, 2018.  The property was

included in the criminal forfeiture count of the original indictment.  Subsequently, the

ATF timely mailed the required notice to the defendant at his residence and at his place

of confinement.  Such efforts are "reasonably calculated" to apprise Yoo of the forfeiture

action and afford him an opportunity to contest the seizure in a judicial proceeding.  The

defendant says that he never received such written notice.  But, due process does not

require actual notice.  *See Dusenbery*, 534 U.S. at 169-173.

Even so, Yoo had notice of the seizure.  The firearms were identified in the

forfeiture count of the indictment, which was reviewed with him at the arraignment.  The

property was also listed in the search warrant return produced in discovery.  Further, he

was aware of the process to contest the forfeiture of such property, as evidenced by his

---

[5] In such instances, a motion filed under 18 U.S.C. § 983(e) serves as the exclusive remedy to set aside an administrative forfeiture.  *See Conard v. United States*, 470 F. App'x 336, 339 (5th Cir. 2012).

filing of a claim regarding the Para 1911 pistol and ammunition.  However, he made no claim regarding the four firearms.  By operation of law, that property is forfeited.

The government's notice of seizure comports with due process.  Administrative forfeiture is appropriate.  The defendant's motions should be denied.

## IV.    CONCLUSION

Yoo had notice of the seizures.  The ATF mailed letters to him in which the firearms were specifically identified.  The agency also published notice of the seizures. In addition, the search warrant return disclosed to the defendant listed the firearms. Finally, the indictment identified the firearms as part of the criminal forfeiture notice. Yoo did not file a claim for the firearms with the ATF, which would have entitled him to judicial forfeiture proceedings.  Instead, he allowed the ATF to administratively forfeit the firearms.  The motions should be denied.

JOSEPH D. BROWN
UNITED STATES ATTORNEY


*/s/ L. Frank Coan, Jr.*
L. Frank Coan, Jr.
Assistant United States Attorney
Bar No. 170966 (Georgia)
110 N. College, Suite 700
Tyler, Texas  75702
(903) 590-1400
(903) 590-1439 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:18-CR-16 |
| | § | (Judge RWS/KNM) |
| HEON JONG YOO | § | |
| a/k/a "HANK YOO" | § | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was served on the defendant via U.S.

mail on this the 6th day of February, 2019.

*/s/ L. Frank Coan, Jr.*
L. Frank Coan, Jr.

**Government's Consolidated Response
to Defendant's Forfeiture-Related
Motions – Page 11**