IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NUMBER 6:18-CR-00016-RWS |
| v. | § | |
| | § | |
| | § | |
| HEON JONG YOO | § | |

## ORDER

Before the Court are the following 65 pending motions filed by Defendant, Heon Jong Yoo:[1]

**Motion for Return of Property/PreTrial** (Docket No. 50);

**Defendant's Motion Regarding Malicious, Vindictive, Retaliatory Prosecution and Request for Grand Jury Proceedings** (Docket No. 62);

**Emergency Motion for Pretrial Release** (Docket No. 78);

**Emergency Motion to Strike/Suppress Evidence, Motion to Dismiss with Prejudice** (Docket No. 230);

**Motion for Clarification** (Docket No. 231);

**Motion for Reconsideration/Appeal of Order of Detention Pending Trial** (Docket No. 232);

**Motion to Dismiss re Abuse of Discretion** (Docket No. 233);

**Motion to Dismiss Based on Lack of Subject Matter Jurisdiction** (Docket No. 234);

**Motion to Strike Pretrial Service Report** (Docket No. 235);

**Motion to Sanction Prosecution** (Docket No. 236);

**Motion to Strike Search Warrant** (Docket No. 237);

---

[1] The government's motion *in limine* (Docket No. 183) is also pending on the docket; however, the Court orally ruled on this motion during the pretrial conference. *See infra* at 39.

**Motion to Dismiss** (violation of due process) (Docket No. 238);

**Request for The Court to Take Judicial Notice re the Sentencing Guidelines** (Docket No. 262);

**Motion to Strike, Motion to Vacate Conviction, Motion to Dismiss with Prejudice** (Docket No. 283);

**Motion to Reverse Forfeiture/Vacate Conviction** (Docket No. 289);

**Motion to Vacate Conviction and Dismiss with Prejudice** (Docket No. 292);

**Notice of Missing Entries** (Docket No. 296);

**Notice of Missing Entry/Motion to Vacate Conviction/Dismiss with Prejudice** (Docket No. 299);

**Motion to Disclose Jury Notes** (Docket No. 300);

**Motion for Hearing, Motion for Subpoena** (Docket No. 302);

**Motion for Subpoena** (Docket No. 303);

**Motion to Vacate Conviction and Dismiss with Prejudice, Notice of Perjury, Notice of Prosecutorial Misconduct, Notice of Judicial Misconduct** (Docket No. 304);

**Motion to Compel Production** (Docket No. 305);

**Request for Judicial Notice** (Docket No. 306);

**Letter Request for Copies** (Docket No. 308);

**Notice of Error by Clerk** (Docket No. 309);

**Notice of Clerk's Error** (Docket No. 310);

**Motion for Copies** (Docket No. 311);

**Notice of Possible Missing Entry** (Docket No. 312);

**Motion to Strike the Government's Response** (Docket No. 315);

**Notice of Defect/Update to Notice 146** (Docket No. 316);

**Motion for Minute Orders** (Docket No. 321);

**Notice of Missing Entries/Motion to Compel Production** (Docket No. 322);

**Motion for Direct Extension to the Clerk's Office Via Telephone** (Docket No. 323);

**Motion to Vacate Conviction** (Docket No. 325);

**Notice of Violation of Due Process** (Docket No. 327);

**Notice of Letter to Pretrial Service Officer** (Docket No. 331);

**Motion to Strike Declarations and Prosecution, Motion for Sanctions, Motion to Dismiss with Prejudice, Motion for Disclosure of Grand Jury Proceeding** (Docket No. 332);

**Motion to Compel Disclosure** (Docket No. 333);

**Request for Judicial Notice** (Docket No. 334);

**Notice of Supplement to Docket No. 62** (Docket No. 336);

**Motion for Release from Custody Pending Sentencing, Notice of Violation** (Docket No. 338);

**Update to Memorandum/Supplementary** (Docket No. 340);

**Motion to Dismiss with Prejudice, Supplemental Motion to Strike Search Warrant, Motion to Reverse Forfeiture** (Docket No. 342);

**Motion to Dismiss with Prejudice on Judicial, Official and Prosecutorial Misconduct** (Docket No. 345);

**Motion for Return of Property/Post-Trial, Supplemental Motion for Release from Custody pending sentencing** (Docket No. 346);

**Motion to Dismiss with Prejudice, Motion to Strike the Prosecutor and Witness** (Docket No. 347);

**Motion for Immediate Release from Custody or Dismiss with Prejudice** (Docket No. 348);

**Motion to Sanction Prosecution and Dismiss with Prejudice** (Docket No. 349);

**Motion to Strike, Motion for Immediate Release from Custody** (Docket No. 352);

**Motion to Strike, Motion to Dismiss with Prejudice** (Docket No. 353);

**Motion for Refund** (Docket No. 354);

**Motion for Copies** (Docket No. 355);

**Motion to Strike, Motion for Release from Custody** (Docket No. 356);

**Motion to Dismiss with Prejudice, Motion to Unseal Documents, Motion for Sanctions, Motion to Strike** (Docket No. 357);

**Motion to Dismiss with Prejudice** (Docket No. 358);

**Motion for Discovery** (Docket No. 359);

**Supplemental Motion re 292: Motion to Vacate** (Docket No. 360);

**Motion to Compel, Motion for Sanctions, Motion to Dismiss with Prejudice** (Docket No. 362);

**Supplemental Motion to Docket No. 62** (Docket No. 363);

**Motion to Dismiss with Prejudice; Due Process Deprivation** (Docket No. 364);

**Motion to Compel and Immediate Release/Notice of Defect in Stand-by Counsel** (Docket No. 365);

**Motion to Strike Witness, Motion to Strike Prosecutor, Motion to Strike Order 149** (Docket No. 367);

**Motion to Unseal and Strike the Presentencing Investigation Report, and Motion to Sanction Probation Officer** (Docket No. 368); and

**Motion for Subpoena Duces Tecum** (Docket No. 369).

Because much of the relief sought throughout the motions is overlapping, the Court addresses these motions according to substantive overlap in Defendant's factual allegations and relief requested.

## I.   Motions to Strike, Motions to Vacate Conviction and Motions to Dismiss

### A.  Standards of Review

Throughout his motions, Defendant requests that his conviction be vacated and/or that the case be dismissed.  Accordingly, where Defendant requests that his conviction be vacated, the

Court treats the motion as a motion to vacate judgment and grant a new trial under Rule 33 of the Federal Rules of Criminal Procedure.

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." FED. R. CRIM. P. 33(c)(1). Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty. FED. R. CRIM. P. 33(b)(2). The Fifth Circuit has articulated a high bar for granting Rule 33 motions:

> Rule 33 permits the district court to vacate judgment and grant a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33; *see United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir.1988) (the interest of justice standard "requires the district court to balance the alleged errors against the record as a whole and evaluate the fairness of the trial."). However, Rule 33 divides motions for new trial based on the interest of justice into two different subcategories: (1) motions based on newly discovered evidence; and (2) motions based on "other grounds." The former may be brought within three years of the verdict or finding of guilt, while the latter must be brought within [14] days of the verdict or finding of guilt.
>
> Generally, this court has held that the trial court should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict. [*United States v.*] *O'Keefe*, 128 F.3d [885,] 898 [(5th Cir. 1997)]. A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant. *United States v. Rasco*, 123 F.3d 222, 228 (5th Cir. 1997).
>
> . . .
>
> If the motion is based on any "other grounds," . . . "any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial." WRIGHT, FEDERAL PRACTICE & PROCEDURE § 556 (3d ed. 2004). As with motions based on newly discovered evidence, "the grant or denial of the motion is entrusted to the sound discretion of the judge, motions for new trial are not favored, and are granted only with great caution." *O'Keefe*, 128 F.3d at 898 (reviewing motion for new trial based on alleged Brady violation); *but see* WRIGHT, § 551 (stating that a motion for new trial based not on newly discovered evidence, but on

errors or other grounds "should be neither favored nor disfavored, and the question is only what the interest of justice requires.").

*United States v. Wall*, 389 F.3d 457, 466, 473–74 (5th Cir. 2004).

In other instances, the Defendant requests that his conviction be vacated and that the case be dismissed *with prejudice*.  The Court construes these requests as motions for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure.

The Federal Rules of Criminal Procedure provide that "[a] defendant may move for judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c).  In considering a motion for judgment of acquittal, a court determines "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Coleman v. Johnson*, 566 U.S. 650, 651 (2012); *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012); *United States v. Thomas*, 690 F.3d 358, 366 (5th Cir. ), *cert. denied*, 133 S. Ct. 673 (2012).

"The trial court may not substitute its own subjective interpretation of the evidence for that of the jury's."  *United States v. Varkonyi*, 611 F.2d 84, 85 (5th Cir. 1980), *cert. denied*, 446 U.S. 945 (1980) (citing *United States v. Burns*, 597 F.2d 939, 941 (5th Cir. 1979)).  Instead, the Court must "consider the evidence in the light most favorable to the government, drawing 'all reasonable inferences and credibility choices in support of the verdict.' "  *United States v. Demmitt*, 706 F.3d 665, 677 (5th Cir. 2013); *accord United States v. Anderson*, 559 F.3d 348, 535 (5th Cir. 2009), *cert. denied*, 557 U.S. 913 (2009).  "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilty, and the jury is free to choose among reasonable constructions of the evidence."  *United States v. Lopez*, 74 F.3d

575, 577 (5th Cir. 1996), *cert. denied*, 517 U.S. 1228 (1996); *accord United States v. Meza*, 701 F.3d 411, 418 (5th Cir. 2012).  "A court 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (quoting *Jackson*, 443 U.S. at 319).  Therefore, "the only question . . . is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality." *Coleman*, 132 S. Ct. at 2065.

The Court notes that several of Defendant's motions were brought after the deadlines for requesting such relief had passed; however, in the interest of justice, the Court considers all of Defendant's motions.  The Court further notes that many of the issues raised throughout Defendant's motions are redundant and unsupported.  For instance, Defendant repeatedly asserts allegations of official misconduct, some of which have already been substantively considered and denied on the merits in earlier orders.[2]  *See*, *e.g*., Docket No. 62 (Motion Regarding Malicious, Vindictive, Retaliatory Prosecution); Docket No. 151 (Motion to Remove Prosecution); Docket No. 152 (Motion to Sanction Prosecution, Notice of Prosecutorial Misconduct/Perjury); Docket No. 153 (Motion for Sanctions/Notice of Prosecutorial Misconduct); Docket No. 154 (Motion to Remove Criminal Prosecution); Docket No. 155 (Motion to Recuse Co-Counsel/Motion to Sanction Prosecution); Docket No. 209 (Notice of Judicial Incompetence, Judicial Malice); Docket No. 210 (Notice of Prosecutorial Incompetence, Prosecutorial Malice); Docket No. 304 (Motion to Vacate Conviction and Dismiss with Prejudice, Notice of Perjury, Notice of Prosecutorial

---

[2] Docket Nos. 151 and 154 are addressed in the Court's order at Docket No. 222; Docket Nos. 153 and 155 are addressed in the Court's order at Docket No. 227; and Docket Nos. 152, 209 and 210 are addressed in the Court's order at Docket No. 228.

Misconduct, Notice of Judicial Misconduct); Docket No. 336 (Notice of Supplement to Motion re Malicious Prosecution); Docket No. 345 (Motion to Dismiss With Prejudice on Judicial, Official and Prosecutorial Misconduct); Docket No. 349 (Motion to Sanction Prosecution and Dismiss With Prejudice); Docket No. 363 (Supplemental Motion Regarding Malicious, Vindictive, Retaliatory Prosecution); Docket No. 368 (Motion to Sanction Probation Officer).   Although Defendant's motions cover an assortment of allegations of official misconduct, none contains any credible evidence to support even a suspicion of misconduct on the part of any official involved in this matter.   Defendant is warned that further filings encompassing frivolous, repetitive or legally irrelevant arguments may result in restrictions being placed on his ability to file pleadings in this Court.   Moreover, time-barred requests for relief and factual or legal arguments already considered by the Court may be stricken.   *See United States v. Fleming*, 694 F. App'x 349 (5th Cir. 2017); *see also United States v. Watts*, No. 3:09-CR-249-D(09), 2010 WL 4514407 (N.D. Tex. Nov. 2, 2010).

### B.  Allegations of Official Misconduct

i.  *Motion to Strike, Motion to Vacate Conviction, Motion to Dismiss with Prejudice (Docket No. 283)*

Defendant seeks to strike "any and all witnesses that [Assistant United States Attorney ("AUSA")] Locker called [or] examined, and any and all evidences that [AUSA] Locker submitted" because (1) AUSA Locker was not listed on the Government's trial exhibit list (Docket No. 181); (2) Defendant does not believe AUSA Locker was at the pretrial conference; (3) AUSA Locker did not file any motions other than attorney appearance and (4) AUSA Locker was allegedly inactive until trial.   *See* Docket No. 283.   AUSA Locker's notice of attorney appearance established his role as co-counsel for the government.   *See* Docket No. 134.   Moreover, during trial, the Defendant stated that he had no objections to any of the evidence admitted by Mr. Locker.

Trial Tr. (November 14, 2018) at 292:10–14; 294:4–7; 296:23–297:1; 300:19–22: 305:6–9.[3] Because the Defendant has not established proper grounds for the relief requested, Defendant's request is **DENIED**.

Defendant also seeks to strike "any and all witnesses, evidence, arguments, and motions [brought by AUSA Machicek] throughout this case." Docket No. 283 at 1–2. Defendant alleges that AUSA Machicek: (1) "is a criminal[,]" (2) "has [zero] credibility" and (3) "violated his own motion *in limine*." *Id.* Defendant provides one example of the alleged dishonest conduct by AUSA Machicek: "[AUSA] Machicek claimed that the FBI NICS did inform specific reasons applicable to the accused and did inform that he had been labelled as a prohibited person under 18 U.S.C. § 922(g)(4) category when his own exhibits prove otherwise." *Id*. at 1–2. Defendant has not identified the exhibit that allegedly contradicts [AUSA] Machicek's statement nor does he identify the harm caused by the alleged contradiction. Defendant merely makes conclusory allegations of misconduct by AUSA Machicek. For these reasons, Defendant's request is **DENIED**.

Defendant also seeks to strike "any and all motions, arguments, and witnesses presented by [AUSA] Coan throughout this case" because "[AUSA] Coan was caught lying to the accused and the Court many times." Docket No. 283 at 2. Defendant asserts that the "[t]wo most blatant lies [are] that § 922(g) [is] an aggravated felony and [that] the arrest warrant [was] displayed to the accused during the arrest of [April 6, 2018]." *Id*. at 2–3. Once again, Defendant merely makes conclusory allegations and does not provide any explanation of harm resulting from these allegations or explain why any such harm would establish grounds for disturbing the jury's verdict. Accordingly, Defendant's request is **DENIED**.

---

[3] The Defendant's only objection to evidence admitted by AUSA Locker was overruled because the evidence had already been admitted without objection by the Defendant. Trial Tr. (November 14, 2018) 311:12–25; *but see* 243:1–19 (admission of the government's Exhibit 29).

Next, Defendant argues that "[on] the criminal complaint, affidavit, and search warrant application affidavit, [Special Agent James] Reed claimed that he has knowledge about the federal regulations.  His testimony during [the second] detention hearing proved otherwise." *Id*. at 2.  At best, the Court construes this as a request to strike Mr. Reed's testimony.  That request, however, is unsupported by the Defendant's conclusory allegations.  Defendant also complains of Mr. Reed's presence at the prosecution table but this objection was addressed and overruled at trial.  Trial Tr. (November 14, 2018) 265:5–267:4.  Accordingly, these requests are **DENIED**.

Finally, Defendant resubmits unsupported complaints of prosecutorial misconduct, judicial misconduct and criminal conspiracy.  Docket No. 283 at 3.  Defendant also asserts that the information he was found to have falsified on ATF Form 4733 regarding his citizenship was immaterial.  *Id*.  The Court has addressed and rejected this argument in ruling on the Defendant's Motion for Judgment of Acquittal of even date.  *See* Order on Motion for Judgment of Acquittal at 3–5.

Defendant argues that "the prosecution and the Court deliberately and intentionally made numerous false statements and committed numerous perjuries while keeping the accused detained under false pretexts and assumptions that the accused is a danger and a flight risk."  Docket No. 283 at 3.  Defendant alleges that the Court and the prosecution placed him in a facility that provides insufficient legal resources, "hoping that the accused [would] give into pressure and remain ignorant, so that he [would] plea out."  *Id*.  The Court addresses and rejects Defendant's complaint regarding his detention pending trial below, *infra* at 26–28 (Section III: Motions for Release).  Defendant's argument regarding insufficient legal resources, such as a law library, fails because he rejected the assistance of court-appointed counsel.  *See* Docket Nos. 15, 32, 39 and 41; *see also*

*Robinson v. Ely*, 547 F. App'x 628, 629 (5th Cir. 2013) (citing *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996)).  Accordingly, Defendant's motion is **DENIED**.

*ii.   <u>Motion to Reverse Forfeiture/Vacate Conviction (Docket No. 289)</u>*

Defendant asserts that the government's administrative forfeiture of the firearms belonging to him was unlawful and must be reversed on the basis of malicious prosecution.  *See* Docket No. 289.  Defendant also asserts that the conviction must be vacated and that the case against him should be dismissed with prejudice.  *Id.*  In support, Defendant asserts that AUSA Coan falsely stated, in the government's response to Defendant's Motion Regarding Malicious, Vindictive, Retaliatory Prosecution, that "[a] certified notice for these four firearms was also mailed to Yoo at the Gregg County Jail and received there on or about April 27, 2018."  Docket No. 101 at 4 n.2.

The Court construes the Defendant's argument as a motion to vacate judgment on the basis of the government's failure to provide notice for forfeiture.  The government filed its notice of administrative forfeiture on August 17, 2018, with a certificate of conference indicating that the notice "was served on counsel of record for defendant via the Court's CM/ECF filing system on" the same date.  Docket No. 40 at 2.  At the time, Defendant was represented by counsel.  *See* Docket No. 42 (granting *pro se* status, dated August 24, 2018).  Accordingly, notice was provided, at the very least, through Defendant's counsel.  Defendant's motion is **DENIED**.

*iii.   <u>Motion to Vacate Conviction and Dismiss with Prejudice (Docket No. 292);</u>*
*<u>Supplemental Motion to 292 (Docket No. 360)</u>*

Defendant seeks to vacate the conviction and dismiss the case due to allegations of a criminal conspiracy to deprive him of his constitutional rights and malicious prosecution.  *See* Docket No. 292; *see also* Docket No. 360.  Defendant asserts that the events of this case are "fruits of the poisonous tree."  Docket No. 292 at 1.

According to Defendant, the poisonous tree from which all other events in this case stemmed was his April 5, 2013 hospitalization at Robert Wood Johnson University Hospital ("RWJU") in New Brunswick, New Jersey.  *Id.* at 2.  Defendant asserts that the hospitalization resulted from the following series of events that occurred while Defendant was a student at Rutgers University: (1) Defendant discussed obtaining a firearms license with friends during lunch in the dining hall of Rutgers University; (2) dining hall staff overheard the conversation and reported to the Rutgers University Police ("RUPD") that Defendant stated that "his family sells guns and was discussing owning guns, buying guns, and making guns," and that "an individual from residence life did not know who they were messing with[;]" (3) RUPD arrived at Defendant's residence around 1 a.m. the following morning to transport the Defendant to RWJU, informing Defendant that his presence was requested for a "20 min to 1 hour interview at an office," thereby gaining Defendant's consent to be transported; (4) once at the hospital, the Defendant was informed that he was not able to leave the hospital and that he was "involuntarily transported to the hospital for threatening to shoot his RA[;]" and (5) the Defendant was screened by mental health professionals who Defendant alleges to be "extremely biased and grossly incompetent."  *Id.* at 1–2.

As a threshold matter, only one of the eight counts Defendant was convicted of involved his mental health records.  Even still, Defendant's argument attacks the validity of his mental health adjudication and commitment to a mental health institution under New Jersey law.  As stated in the Court's order on Defendant's Motion for Judgment of Acquittal, the appropriate method for relief from those state records is through New Jersey state expungement procedures.  Thus, Defendant has not established a proper basis for vacating the judgment against him.  Defendant's motions are **DENIED**.

    iv.   *Motion to Vacate Conviction and Dismiss with Prejudice, Notice of Perjury, Notice of Prosecutorial Misconduct, Notice of Judicial Misconduct (Docket No. 304)*

Defendant filed a Motion to Vacate Conviction and Dismiss with Prejudice, Notice of Perjury, Notice of Prosecutorial Misconduct, Notice of Judicial Misconduct (Docket No. 304).  In his motion, Defendant makes two principal complaints.  First, Defendant alleges that the prosecution has been filing fraudulent certificates of conference, indicating that papers are served on Defendant the day of filing when service actually takes three to 21 days for delivery.  *See* Docket No. 304.  Defendant does not provide any further argument, evidence or explanation of how he has been harmed by the alleged misconduct.  Next, Defendant alleges that when he received his docket list from his former attorney, Charles Van Cleef, he noticed that he did not have copies of several pre-trial and trial filings.  *Id*.  The only argument made by Defendant that relates to potential prejudice against him is that he did not receive a copy of the government's response to his Motion for Judgment of Acquittal in time to file a reply.  *Id*. at 2.  The Court notes that the certificate of conference in the government's response indicates that a copy of the response was hand-delivered to the Defendant on November 15, 2018, and that the government provided oral argument of its response on the last day of trial.  Docket No. 275 at 11; Trial Tr. (November 15, 2018) at 37:23–44:8.  Thus, Defendant's allegation of harm is unpersuasive.

Defendant also makes conclusory allegations that the Court has lied and ignored replies to certain motions.  *See* Docket No. 304.  Defendant does not identify any specific instances of the alleged misconduct but asserts that the undersigned has conspired with the prosecution to "interfere with [his] ability to [prepare an] adequate defense, by keeping [him] blind to [his] own docket." Docket No. 304 at 2.  The Defendant has not identified any orders that the Court allegedly withheld from Defendant.  Additionally, the government's filings provide sufficient certificates of service.

Because Defendant has not established any proper grounds for vacatur of his conviction, Defendant's motion is **DENIED**.

     *v.*  *Motion to Dismiss with Prejudice on Judicial, Official and Prosecutorial Misconduct (Docket No. 345)*

Defendant has filed a Motion to Dismiss with Prejudice on Judicial, Official and Prosecutorial Misconduct (Docket No. 345).

First, Defendant asserts that his constitutional rights were violated because he was allegedly deprived access to a law library.  Docket No. 345 at 2, 4.  Defendant's "claim of denial of access to the courts fails because he rejected the assistance of court-appointed counsel at trial and on direct appeal." *See Robinson v. Ely*, 547 F. App'x 628, 629 (5th Cir. 2013) (*citing Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996)).

Defendant also alleges that the Court and prosecutors maliciously delayed delivery of filings in this matter and attempted to keep the Defendant "in the dark and secluded" about this case.  Docket No. 345 at 2, 4–5.  The Court addressed this issue above, in denying Docket No. 304, *supra* at 13–14.  Defendant complains that some mail is delivered within three days while others take seven to 21 days but does not describe how this has caused him any harm.  The Defendant further asserts that the Court maliciously mistreated the Defendant's requests with respect to indigency and *IFP* requests.  The Court addresses this issue in the portion of this Order denying Docket No. 325, *infra* at 20–22.

Next, Defendant asserts that the Clerk of Court has attempted to deceive the Fifth Circuit because the record submitted to the Court of Appeals does not include "some attachments and almost all sealed documents." *Id*. at 2, 4.  Defendant asserts that Docket No. 140 and Docket No. 141 were not delivered to the Fifth Circuit.  *Id*. at 5.  Defendant has acknowledged, through providing his signature on the Clerk of Court's letter attached to the record on appeal, that he has

been informed otherwise.  Docket No. 344 at 1.  In Defendant's signed acknowledgement of receipt of the record on appeal, Defendant acknowledges that the electronic record on appeal has been submitted to the Fifth Circuit and that release of the sealed documents must be requested from the Fifth Circuit.  *Id.*  Docket Nos. 140 and 141 are not sealed documents.  The Defendant's signature acknowledges that the Fifth Circuit has received the allegedly missing documents.  Defendant's request is **DENIED-AS-MOOT**.

> vi. <u>*Motion to Dismiss with Prejudice, Motion to Strike the Prosecutor and Witness (Docket No. 347)*</u>

Defendant complains that his former attorney failed to provide him with a lease that served as the basis for the government's issuance of a subpoena to the Defendant's former roommate, Jonathan Hoosier.  Docket No. 347 at 1.  Defendant contends that AUSA Machicek "lied on his response to motion ([Docket No. 212]) that the ATF ROI were disclosed to the previous counsels over and over again."  *Id*.  On the basis of those allegations, Defendant requests that Mr. Hoosier's testimony be stricken, that "any and all prosecution done by Mr. Machicek" be stricken as defective and that this case be dismissed.  The Court construes this motion as a request to vacate the judgment.  Because Defendant, again, fails to identify harm caused by the alleged conduct, the Court **DENIES** Defendant's motion.

> vii. <u>*Motion to Strike, Motion to Dismiss with Prejudice (Docket No. 353)*</u>

Defendant seeks the following four forms of relief: (1) strike "any prosecution done by [AUSA] Coan[;]" (2) sanction AUSA Coan; (3) strike Agent James Reed's testimony; (4) strike any detention Order from the Court; and (5) dismiss this case with prejudice.  *See* Docket No. 353. In support, Defendant asserts that, during the detention hearing, AUSA Coan stated that he would not introduce evidence from the Middlesex County Adjustor and later used such evidence through

the testimony of James Reed to "fraudulently" claim that the Defendant posed a danger to society. *Id*.

During the detention hearing, Defendant moved the Court to sanction AUSA Coan for using a subpoena to obtain the Middlesex County Adjustor records regarding Defendant.  Docket No. 171, Detention Hr'g Tr. (October 10, 2018) at 26:8–25.  The Court denied this motion.  *Id*. at 28:18–19.  During the colloquy regarding Defendant's motion for sanctions, AUSA Coan stated that he would not be introducing any evidence from the Middlesex County Adjustor records and, in fact, no such evidence was introduced at the hearing.  *Id*. at 27:16–17; 2:11–23 (Exhibit List).  Accordingly, Defendant's motion is **DENIED**.

> viii.  <u>Motion to Compel, Motion for Sanctions, Motion to Dismiss with Prejudice (Docket No. 362)</u>

Defendant complains that he has attempted to call AUSA Coan and the Clerk of Court's office directly but has not received any response.  Defendant requests that the Court compel the Clerk of the Court to communicate directly with Defendant.  This request is addressed below in the Court's review of Docket No. 323, *infra* at 29.  Defendant also requests that the Court compel AUSA Coan to answer Defendant's phone calls.  Local Rule CR-47(a)(3) excludes *pro se* litigants from the requirement of conferring with opposing counsel.  The trial is over and Defendant may communicate with the Court and counsel for the government through filings on the docket.  Defendant further requests that this case be dismissed with prejudice.  Defendant's request is **DENIED**.

> ix.  <u>Motion to Dismiss with Prejudice; Due Process Deprivation (Docket No. 364)</u>

Defendant complains that he was improperly denied subpoenas for witnesses to attend trial at three different hearings: (1) a hearing on his motion to appeal detention; (2) a hearing on his malicious prosecution motion; and (3) a hearing on his motion to change venue.  *See* Docket No.

364. Defendant notes that a hearing was only held with respect to his appeal of detention.  *Id.* Thus, Defendant's complaints that the Court did not issue witness subpoenas are moot with respect to the motions for which no hearing was held.

Defendant complains that his request for subpoenas for the detention hearing was improperly denied on the basis that Defendant failed to demonstrate an inability to pay.  *Id.*  At the time that Defendant's request for government-paid subpoenas was denied, Defendant had not properly applied to proceed *in forma pauperis* ("*IFP*").  Defendant's argument regarding his *IFP* status is addressed below, *infra* at 20–22.  Accordingly, Defendant's request was properly denied.

With respect to Defendant's request to subpoena trial witnesses, Defendant complains that it was unfair that the government was permitted to call witnesses.  *Id.*  Defendant's argument is without merit.  Despite being informed by Defendant's standy-by counsel that Defendant would not be calling any witnesses at trial, Defendant requested 11 witness subpoenas on Friday, November 9, 2018 with trial set to begin the following business day.  Moreover, Defendant requested the subpoenas at the government's expense without having completed the *IFP* application.  The fact that the government was permitted to call witnesses is entirely unrelated to the Defendant's request for subpoenas, which was denied due to Defendant's own failure to submit a complete *IFP* application.

Defendant further asserts that he was unconstitutionally detained due to a conspiracy between the undersigned, Magistrate Judge Love and Magistrate Judge Mitchell to deprive him of his constitutional rights.  *Id.*  This argument is addressed below, *infra* at 26–28.

Defendant's arguments do not support the relief requested.  Defendant's motion is **DENIED**.

   *x.* <u>*Motion to Strike Witness, Motion to Strike Prosecutor, Motion to Strike*</u>
    <u>*Order 149 (Docket No. 367)*</u>

Defendant seeks to strike the government's witness, Mathew Lack, as well as the prosecutor who called the witness, AUSA Machicek.  Docket No. 367 at 1.  Defendant claims that the witness made false or inconsistent statements throughout his testimony.  *Id*.  Defendant asserts that AUSA Machicek "aided Lack's commission of perjury during direct and cross examination by raising frivolous, misleading, malicious and abusive objections." *Id*.

Defendant had an opportunity to cross-examine Mr. Lack and an opportunity to respond to AUSA Machicek's objections at trial.  Defendant does not request any specific post-trial relief in his motion and the instant motion's title does not provide much clarity in this regard.   To the extent that Defendant seeks to disturb the jury's verdict on the basis of these arguments, Defendant has not established appropriate grounds for the relief requested.  Defendant's motion is **DENIED**.

**C.  Allegations Based on Defendant's Right to a Speedy Trial**

   *i.* <u>*Notice of Missing Entry/Motion to Vacate Conviction/Dismiss with*</u>
    <u>*Prejudice (Docket No. 299)*</u>

Defendant alleges that certain motions seeking release and dismissal for failure to provide a speedy trial are missing from the docket entry list but Defendant is "unable to figure out which motions and notices . . . are missing[.]"  Defendant complains that his trial was not held within seventy (70) days of the indictment against him as a result of the Court's granting of three separate motions for continuance filed by his former attorneys.  *Id*. at 1–2.  On this basis, Defendant requests that his conviction be vacated.

As an initial matter, the Court is ill-equipped to resolve the issue of allegedly missing docket entries where Defendant is, himself, unable to identify the entries he believes are missing.  Regardless, the substantive issues of the allegedly missing motions were addressed and resolved by the Court during the pretrial conference.  Pretrial Conf. Tr. at 3:19–10:25 (the Court informing

Defendant that continuances agreed to or requested by him are excluded from calculation of days-to-trial under the Speedy Trial Act).  Defendant's motion is **DENIED**.

### D.  Allegations Related to Defendant's Detention

#### i.  *Motion for Immediate Release from Custody or Dismiss with Prejudice (Docket No. 348)*

The Defendant seeks to be released from custody and to have this case dismissed with prejudice.  Docket No. 348 at 1.  In support, Defendant argues that he has been deprived of access to his digitally stored personal information and deprived of access to another individual's laptop computer while detained.  *Id*.  According to Defendant, these deprivations are violative of his rights under the Fifth and Sixth Amendments to the Constitution.  *Id*.  As stated above, Defendant's claims fail "because he rejected the assistance of court-appointed counsel at trial and on direct appeal."  *See Robinson*, 547 F. App'x at 629.  Defendant's request for release is **DENIED** for the same reasons provided in the Court's denial of Docket Nos. 338, 352 and 356.  *See infra* at 26, 19–20, 28, respectively.

#### ii.  *Motion to Strike, Motion for Immediate Release from Custody (Docket No. 352)*

Defendant seeks to strike five documents from the record.  *See* Docket No. 352.  First, Defendant seeks to strike the Magistrate Judge's Order of Temporary Detention Pending Hearing Pursuant to Bail Reform Act (Docket No. 5).  *Id*. at 1.  Defendant alleges that the Magistrate Judge had no basis for detaining him and that his detention was a result of a conspiracy by the Magistrate Judge and prosecutor to "fraudulently, unlawfully, and maliciously detain" Defendant.  *Id*.  Defendant asserts that he should have been released at the initial appearance.  *Id*.

Next, Defendant seeks to strike the Waiver of Preliminary Hearing (Docket No. 6) because he alleges that he signed it without fully informed consent because his attorney at the time intimidated him into signing the wavier.  *Id*. at 2.  For the same reason, Defendant seeks to strike

the Waiver of Detention Hearing (Docket No. 7).  *Id.*  Defendant further asserts that the Order of

Detention (Docket No. 8) should be stricken as frivolous.  *Id.*

Defendant also seeks to strike the Order Finding Probable Cause (Docket No. 9).  *Id.* at 2–

3.  Defendant asserts that if he had been fully informed of the nature and legal basis of the charges

against him, as well as criminal procedure law, he would have "fiercely challenged them during

the preliminary hearing and possibly got this defective case thrown out."  *Id.*

Ultimately, the Defendant asserts that he should be immediately released from custody or

that this case should be dismissed with prejudice.  *Id.*  Based on the relief sought by the Defendant,

the Court construes this motion as a request for release pending sentencing and, alternatively, a

request to vacate the judgment.  Because Defendant has not established sufficient grounds for the

relief sought, the motion is **DENIED**.

### E.  Allegations of improper adjudication of *In Forma Pauperis* status

> #### i.  *Motion to Vacate Conviction (Docket No. 325), Motion for Refund (Docket No. 354)*

Defendant seeks to dismiss the case with prejudice because the Magistrate Judge and the

undersigned denied certain requests for documents and subpoenas at the government's expense on

the basis of Defendant's failure to submit documentation required to proceed *in forma pauaperis*

("*IFP*").  Docket No. 325 at 1.  Defendant acknowledges that once he submitted the required *IFP*

paperwork, he was granted *IFP* status but argues that this was unnecessary and unreasonably

delayed because he had already been granted *IFP* status on April 6, 2018.  *Id.*  Defendant is

mistaken.

On April 6, 2018, Magistrate Judge Love appointed a public defender to represent the

Defendant but did not address Defendant's *IFP* status.  *See* Docket No. 4; *see also* 28 U.S.C.

§ 1915; 18 U.S.C. § 3006A; *United States v. Hinojosa*, No. CR M-08-1168-1, 2010 WL 11613826,

at *2 (S.D. Tex. Apr. 28, 2010), *report and recommendation adopted*, No. CR M-08-1168-1, 2010 WL 11613828 (S.D. Tex. May 24, 2010) (noting that different standards apply for establishing financial inability to retain counsel and establishing an inability to pay fees).  It was not until October 29, 2018 that the Court received Defendant's *IFP* request in his Notice of Appeal rather than through a motion to the Court.  *See* Docket No. 178.

The Court promptly informed Defendant that the request was incomplete and required submission of an affidavit form and a copy of his inmate account activity report.  Docket No. 195 at 1.  For Defendant's convenience, the Court attached the affidavit form to the order and provided instructions for obtaining a copy of the inmate activity.  *Id.* at 1, 3–8.  On November 13, 2018, prior to receiving the Court's order regarding the required *IFP* documentation, Defendant filed his affidavit form with the Court.  *See* Docket No. 241.  Defendant did not submit a copy of his inmate account activity report.  *Id.*  Defendant received the Court's order regarding the required *IFP* documentation on November 15, 2018.  *See* Docket No. 288.  On November 21, 2018, the Court ordered Defendant to submit a printout of his inmate account activity report within 10 days.  *See* Docket No. 260.  On November 26, 2018, the Court received Defendant's inmate account activity report.  *See* Docket No. 277.  Two days later the Court granted Defendant's request to proceed *IFP* (Docket No. 280).  Accordingly, any delay in the Court granting *IFP* status was caused by Defendant's submission of an incomplete *IFP* application.  Accordingly, Defendant's motion is **DENIED**.

Relatedly, Defendant filed a Motion for Refund (Docket No. 354), in which he asserts that prior to Defendant being granted *IFP* status, Defendant's grandfather sent a check to the Court to pay for his transcript requests.  Docket No. 354 at 1.  Defendant now requests a refund of this check.  *Id.*

The Court received a check from Attorney Sul Lee to pay for the detention hearing transcript requested by the Defendant. Because the government had already paid the original transcript fee, Defendant was only charged fees for a copy of the transcript. On November 8, 2018, the remaining funds were returned to Attorney Lee via cashier's check. A copy of the cashier's check has been mailed to the Defendant. Defendant has not established that any additional refund is due. Accordingly, Defendant's Motion for Refund is **DENIED**.

### F. Allegations Related to Filings on the Docket

#### i. _Motion to Dismiss with Prejudice, Motion to Unseal Documents, Motion for Sanctions, Motion to Strike (Docket No. 357)_

Defendant seeks the following relief: (1) strike all prosecution done by AUSA Coan; (2) sanction AUSAs Coan and Machicek; (3) unseal and make available to the public all entries in this matter; and (4) dismiss this case with prejudice. _See_ Docket No. 357. In support, Defendant argues that, despite an order granting the government's motion to unseal (Docket No. 14), certain docket entries remain sealed. _Id_. The docket reflects that certain documents were sealed due to privacy concerns and the inclusion of personal identifiers. Moreover, the Defendant does not identify any specific documents or state any reason for unsealing the documents where private information exists. Defendant's argument does not support the relief the requested. Defendant's motion is **DENIED**.

#### ii. _Motion to Dismiss with Prejudice (Docket No. 358)_

Defendant seeks to dismiss this case with prejudice because his receipt of the record of appeal provided him with the first opportunity to review Docket Nos. 3, 4, 5, 8, 9, 13–23, 30–33, 41, 100, 129, 132, 133, 144, 185, 242, 244, 245 and 259. _See_ Docket No. 358. Defendant asserts that he has been harmed because he was not aware of these filings. _Id_.

The order granting Defendant's request to proceed *pro se* is Docket No. 42.   Thus, all preceding docket entries were provided, at least, to Defendant's counsel.   Docket Nos. 132, 144 and 259 are Court orders.   The Clerk of Court mailed these orders to the Defendant and none of those mailings were returned as undeliverable.   Additionally, Docket Nos. 100, 129, 242, 244 and 245 are all minute entries of proceedings attended by the Defendant, Docket No. 133 is Defendant's own affidavit and Docket No. 185 is Defendant's waiver of a jury trial.   At the pretrial conference, Defendant was heard on his request to waive the jury trial and that request was, ultimately, denied.   Pretrial Conf. Tr. at 35:10–36:11; 40:19–42:24; 45:13–48:11.   Thus, Defendant's claims that information within those docket entries was withheld from him are unfounded.   Defendant's motion is **DENIED**.

### G.  Allegations Related to Defendant's Status as a Prohibited Person

> i.  *Motion to Strike Declarations and Prosecution, Motion for Sanctions, Motion to Dismiss with Prejudice, Motion for Disclosure of Grand Jury Proceeding (Docket No. 332)*

Defendant attacks the sufficiency of the evidence relied upon by the government to establish that Defendant is a prohibited person.   *See* Docket No. 332.   Defendant specifically attacks the government's reliance on his prior commitment to a mental institution during the grand jury proceeding, the detention hearing and the jury trial and requests disclosure of the grand jury proceedings.   *Id*.   Despite the confidential nature of grand jury proceedings, the Court previously ordered the government to provide the Defendant with the grand jury testimony.   *See* Docket No. 110.   Additionally, the Court addressed Defendant's arguments regarding his status as a prohibited person in the order on Defendant's Motion for Judgment of Acquittal.

Defendant's motion is **DENIED**.

### H.  Other Allegations

   i.  *Motion to Compel and Immediate Release/Notice of Defect in Stand-by Counsel (Docket No. 365)*

Defendant complains that he has not received certain "discoveries."  Docket No. 365 at 1. The Court notes that the trial in this matter concluded on November 15, 2018.  Thus, the discovery phase and the time for raising discovery disputes has long passed.   On the basis of Defendant's discovery complaints, Defendant requests immediate release from custody or dismissal of this case with prejudice.  *Id*.  Defendant has not established grounds for the relief sought.  Defendant's motion is **DENIED**.

   ii.  *Motion to Unseal and Strike the Presentencing Investigation Report, and Motion to Sanction Probation Officer (Docket No. 368)*

Defendant's motion amounts to numerous objections to the presentencing report.  *See* Docket No. 368.  Based on his objections, Defendant seeks to strike the report in its entirety and to sanction the probation officer responsible for developing the report.  *Id*. at 22.  Defendant also requests that the presentencing report be unsealed.

  The probation officer is required to conduct a presentence investigation and submit a report before the Court imposes sentence.  U.S. Sentencing Guidelines Manual § 6A1.1.  Moreover, the Defendant may not waive preparation of the presentence report.  *Id*.  Following either party's submission of objections to the presentence report, the probation officer may investigate further and revise the presentence report accordingly.  *Id.* at § 6A1.2.  Thus, the proper means for resolving Defendant's disputes with the presentence report is through his filing of objections.  The probation officer will consider and respond to Defendant's objections.  Defendant's requests to strike the presentence report and sanction the probation officer are unfounded.  Additionally, Defendant makes no argument in support of his request to unseal the report.

  Defendant's motion is **DENIED**.

II.    **Motions for Subpoenas**

    A.  **Motion for Hearing, Motion for Subpoena (Docket No. 302) and Motion for Subpoena (Docket No. 303)**

Defendant requests a hearing pursuant to his Motion to Vacate Conviction and Dismiss with Prejudice (Docket No. 292).  *See* Docket No. 302.  Defendant does not disclose the purpose of the requested hearing.  Defendant seeks to subpoena several individuals who played a role in events related to his mental health evaluations.  *Id*. at 1–2.  Accordingly, the Court interprets this motion as a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure.

As an initial matter, the Court notes that the motion to vacate based on Defendant's "fruit of the poisonous tree" allegation was considered above and denied.  *See supra* at 11–12 (analysis of Docket No. 292).  Because Defendant provides no additional argument in the instant motion, the Court presumes that Defendant intended to rely on the argument provided in Docket No. 292.  Accordingly, Defendant's request for a hearing and for subpoenas is **DENIED**.

Defendant also requests a subpoena for the contract between the U.S. Marshal Service and all county jails in the Eastern District of Texas (Docket No. 303).  Defendant alleges that "the Gregg County Jail is significantly below acceptable federal standards for detention and the detainees have no access to law library nor his/her docket."  Docket No. 303 at 1.  Defendant asserts that he has "suffered undue burden and irreparable harm since [his] detention due to no legal access, inadequate nutrition and inadequate exercise."  *Id*. at 1–2.

Ultimately, Defendant requests the subpoena because he plans "to address issue properly to uphold the constitutional right of all detainees."  *Id*. at 2.  Based on this information, it appears that Defendant intends to bring a separate civil rights action to address allegedly sub-standard prison conditions.  *See* Docket Nos. 350, 351 (lists of alleged violations of federally acceptable

standards at Gregg County Jail).  As such, the instant motion is not the appropriate vehicle for the relief requested.

Defendant also alleges harm due to his inability to access a law library at the Gregg County Jail.  *Id.* at 2.  Defendant's "claim of denial of access to the courts fails because he rejected the assistance of court-appointed counsel at trial and on direct appeal."  *See Robinson*, 547 F. App'x at 629.  Accordingly, Defendant's motions for subpoenas and a hearing (Docket Nos. 302, 303) are **DENIED**.

## III.   Motions for Release

### A. Motion for Release from Custody Pending Sentencing, Notice of Violation (Docket No. 338), Motion for Return of Property/Post-Trial, Supplemental Motion for Release from Custody pending sentencing (Docket No. 346), Motion for Immediate Release from Custody or Dismiss with Prejudice (Docket No. 348), Motion to Strike, Motion for Immediate Release from Custody (Docket No. 352)

Defendant has filed four separate motions requesting release from Gregg County Jail pending his sentencing.  *See* Docket Nos. 338, 346, 348 and 352.

On April 6, 2018, Defendant was ordered temporarily detained pending a detention hearing set for April 12, 2018.  Docket No. 5.  On April 10, 2018, while represented by a public defender, Defendant executed a waiver of the detention hearing and agreed to be held in custody pending the disposition of the case.  Docket No.  7.  Defendant then retained private representation and Magistrate Judge Love granted Defendant's motion to substitute counsel.  See Docket Nos. 15, 16.  Upon motion by the government, another detention hearing was scheduled.  *See* Docket No. 18.

On April 30, 2018, Defendant appeared for the detention hearing in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), before Magistrate Judge Love.  *See* Docket No. 22.  At the conclusion of the detention hearing, Defendant was detained pending trial on the basis that he presented a risk to the safety of other persons and the community and that he presented as a flight

risk.  Docket No. 37 at 65–66.  Defendant then moved for reconsideration of release (Docket No. 29), which was denied (Docket No. 38).

Defendant subsequently filed a motion to appeal detention on August 29, 2018.  Docket Nos. 47 and 48.[4]  The Court held a hearing on this motion on October 10, 2018.  Docket No. 129. The Court entered an Order finding that pretrial detention was warranted.  Docket No. 149 at 1, 5–6 ("The Court concludes on the basis of clear and convincing evidence that Defendant poses a danger to others and the community.").[5]  After being found guilty by a jury of all eight counts asserted against him, Defendant now resubmits his request to be released.

Title 18 of the United States Code provides guidelines for the release of criminal defendants pending sentencing:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. [§] 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143.

For the same reasons explained in the Court's Order of Detention Pending Trial (Docket No. 149), and in light of the jury finding Defendant guilty of all eight counts, the Court finds that Defendant should not be released pending sentencing.  Defendant has not provided clear and

---

[4] The Court notes that Defendant's Emergency Motion for Pretrial Release (Docket No. 78) is still pending on the docket.  The Court denied this motion at the pretrial conference (Pretrial Conf. Tr. at 59:2–65:14).  Accordingly, the Clerk of Court is directed to terminate Docket No. 78.

[5] Defendant moved the Court for the return of his property upon release from custody (Docket No. 50).  Because Defendant was not released pending trial and will not be released pending sentencing, the motion is **DENIED-AS-MOOT.**

convincing evidence sufficient to persuade the Court otherwise.   Accordingly, Defendant's motions for release pending sentencing are **DENIED**.

### B.  Motion to Strike, Motion for Release from Custody (Docket No. 356)

Defendant argues that the entire detention hearing and Magistrate Love's decision to detain him "were completely defective and shall be stricken."  *See* Docket No. 356.  Defendant asserts that he should be released from custody pending sentencing and appeal.  In support of the relief requested, Defendant asserts that AUSA "Coan disclosed the witness list for [April 30, 2018] detention hearing on [April 30, 2018], which means [Defendant's attorney at the time, Mr.] Mickelson[,] had no time to discuss and form cross examination/defense strategy with Defendant."

Defendant does not provide a proper basis for any of the requested relief.  If his attorney at the time was prejudiced by any late disclosure by the government, the Court presumes that the attorney would have raised the issue with the Court at the appropriate time.  Because Defendant identifies no prejudice resulting from any late disclosure, Defendant's motion is **DENIED**.

## IV.   <u>Motions for Judicial Notice</u>

### A.  Request for The Court to Take Judicial Notice re the sentencing guidelines (Docket No. 262), Request for Judicial Notice (Docket No. 306), Request for Judicial Notice (Docket No. 334)

Under Federal Rule of Evidence 201(a), a court may take judicial notice of adjudicative facts.  Facts subject to judicial notice are those which are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b).

Defendant requests that the Court take judicial notice of certain sections of the federal sentencing guidelines (Docket No. 262), the Federal Performance Based Detention Standards (Docket No. 306) and the Constitution (Docket No. 334).  Because the Court recognizes the first two sources of information in the course of performing its duties, those requests are of no effect.

The Court notes that the Federal Performance Based Detention Standards have no bearing on the merits of this case. Accordingly, Defendant's requests for judicial notice are **DENIED**.

**V.**   **Motion for Direct Extension to the Clerk's Office Via Telephone (Docket No. 323)**

Defendant requests a phone number by which he may "directly reach the district court without an automated directory [because] the jail phones do not function with automated directory." Docket No. 323 at 1. Defendant has not provided any explanation as to why direct contact with the Court is necessary. Given Defendant's numerous filings, it appears that he is fully capable of communicating with the Court through submitting entries on the docket. Accordingly, Defendant's request is **DENIED**.

**VI.**   **Motion Related to Docket Filings and Disclosures**

**A. Notice of Missing Entries (Docket No. 296)**

Defendant notifies the Court that the following four items are missing from a docket entry list he received, which listed entries up to November 28, 2018: (1) emergency motion for immediate pretrial release pursuant to 18 U.S.C. § 3164; (2) financial affidavit filed around early September; (3) Reply to Docket No. 122 and updated/correction to Docket No. 93, which Defendant believes is Docket No. 146; and (4) FBI 302 report for Defendant's April 6, 2018 arrest, which Defendant contends was submitted as an exhibit on November 13, 2018. Defendant makes no express request for relief.

The first allegedly missing entry is docketed as Docket No. 78. Defendant's financial affidavit is docketed at Docket No. 140-1. In his motion, Defendant provides that the third missing entry is docketed at Docket No. 146. Defendant claims that the fourth allegedly missing docket entry was submitted as an exhibit on the first day of trial. Defendant is mistaken. The FBI 302 report for Defendant's April 6, 2018 arrest was not entered into evidence during trial. *See* Trial Tr. (November 13, 2018) at 2 (Exhibit List); Trial Tr. (November 14, 2018) at 3 (Exhibit List);

Trial Tr. (November 15, 2018) at 3 (Exhibit List).  During the second day of trial, Defendant unsuccessfully attempted to enter an FBI 302 report that corresponds to a different date than the one identified in Defendant's motion.  Trial Tr. (November 14, 2018) at 56:5–63:25.  Since the latter FBI 302 report was relied upon by Defendant at trial, Defendant should already be in possession of that document.  To the extent this FBI 302 report is the one Defendant intended to request in the instant motion, Defendant's request is unsupported.

For the reasons discussed, Defendant's motion is **DENIED**.

### B.  Motion to Disclose Jury Notes (Docket No. 300)

Defendant requests a copy of the jury notes, which are docketed at Docket No. 252.  *See* Docket No. 300.  Having considered Defendant's motion, the Court **GRANTS** Defendant's request to receive the jury notes, so long as information regarding the identity of the foreperson is redacted in order to protect his or her personal information.

### C.  Motion to Compel Production (Docket No. 305)

Defendant seeks a copy of the "Federal Subpoena 18-0010-08[,]" which requested Defendant's medical records from the University of Texas at Tyler.  Docket No. 305 at 1.  In his motion, Defendant acknowledges that he previously sought a copy of the subpoena and that the Court denied the request (Docket No. 221).  *Id.* at 1.  The Court denied Defendant's previous request because the Defendant did not point to any compelling necessity for the requested materials.  Docket No. 221 at 2.  Defendant provided no reason for why the requested material would be relevant or admissible, either in challenging the sufficiency of the grand jury proceedings or on the merits of this case.  *Id.*  Here, Defendant attached the letter he received from the University of Texas at Tyler, which quotes the subpoena's request for information.  Docket No. 305 at 2.  Thus, Defendant has been provided with the language of the requested subpoena.  *Id.* Accordingly, Defendant's motion is **DENIED**.

**D.  Letter Request for Copies (Docket No. 308), Motion Copies (Docket No. 311), Motion for Minute Orders (Docket No. 321)**

Defendant requests copies of Docket Nos. 240 and 275 and an updated docket entry list. Docket No. 308 at 1.  Defendant also requests a docket entry list from November 4, 2018 through December 12, 2018.  Docket No. 311 at 1.  Defendant further requests minute entries from 10 different proceedings.  Docket No. 321 at 1.  These minute entries correspond to Docket Nos. 3, 17, 22, 41, 100, 129, 229, 242, 244, and 245.  Defendant acknowledged receipt of a copy of the record on appeal, which included all but one of the requested docket entries.  *See* Docket No. 344. Docket No. 3 is a sealed entry and was, thus, not included in the record of appeal delivered to Defendant.  Docket No. 3 contains minutes for the Defendant's initial appearance held on April 6, 2018.  The government represented that it had already provided Defendant with the transcript from this proceeding.  *See* Docket No. 211 at 5.  Accordingly, this request is **DENIED-AS-MOOT**.

**E.  Notice of Error by Clerk (Docket No. 309)**

Defendant alleges that the exhibits entered as Docket No. 49 and titled as "Additional Attachments to Main Document: 48 Appeal of Magistrate Judge Decision to District Court" are actually exhibits for Docket No. 47.  Docket No. 309 at 1.  The Court **GRANTS** Defendant's request for correction of these entries.  The Clerk of the Court is directed to make this correction.

Defendant also asks that Docket No. 49 be forwarded to the Fifth Circuit as part of the record for case number 18-41027 pursuant to Federal Rule of Appellate Procedure 11(b)(2). Defendant has already been informed that the Fifth Circuit has received a copy of the record on appeal, which includes Docket No. 49.  *See* Docket No. 344.  Accordingly, this request is **DENIED-AS-MOOT**.

### F.  Notice of Clerk's Error (Docket No. 310)

Defendant asserts that Docket No. 272 includes "3 separate orders for interlocutory appeal docketed as one."  Docket No. 310 at 1.  The Court notes that Docket No. 272 is a single document—a notice of appeal filed by Defendant—and shall remain on the entry list as such.  Accordingly, Defendant's request is **DENIED-AS-MOOT**.

Upon review of Docket No. 275, however, the Court notes that actual document is a duplicate of Docket No. 271, which requests appeal of Docket No. 225.  To ensure accuracy within the docket, the Court **ORDERS** Defendant to resubmit Docket No. 275.

### G.  Notice of Possible Missing Entry (Docket No. 312)

Defendant asserts that he cannot identify his supplement to Docket No. 93 (allegedly titled "Notice of Error/Update") on the Docket Entry List.  Docket No. 312 at 1.  Though Defendant did not provide the Court much guidance, the Court believes Defendant is referring to Docket No. 137.

Defendant also alleges that he filed notices of appeal from the undersigned's denial of a bench trial and denial to recuse himself from presiding over this matter, which are missing from the docket.  *Id.* at 2.  The Clerk of Court has docketed all filings received from the Defendant. Defendant makes no request for relief and, thus, none is granted.  To the extent Defendant believes filings are missing, he may submit such filings to the Clerk of Court for entry on the docket.

### H.  Motion to Strike the Government's Response (Docket No. 315)

Defendant seeks to strike the government's response to Defendant's Motion for Judgment of Acquittal (Docket No. 275), alleging that the response is repetitive, frivolous, misleading and incompetent.  *See* Docket No. 315.  Defendant does not identify any portions of the response and merely makes conclusory, blanket allegations.  Thus, Defendant's motion is **DENIED**.

### I.   Notice of Defect/Update to Notice 146 (Docket No. 316)

Defendant seeks to strike the testimony of Jonathan Hoosier wherein Mr. Hoosier provided that the address listed by Defendant on one of the ATF 4473 Forms (the "Old Grande Boulevard address") was not up to date at the time Defendant completed the form.  Docket No. 316 at 1. Defendant does not identify how that testimony prejudiced him.  In fact, the Defendant admits that the Old Grande Boulevard address was not accurate and expressly notes that neither the original or superseding indictments "attack this outdated address."  *Id*.  The Defendant also seeks to strike three of the ATF 4473 Forms but provides no argument in support.  *Id*.

Accordingly, Defendant's motion is **DENIED**.

### J.   Notice of missing entries/Motion to Compel Production (Docket No. 322)

Defendant asserts that his "appellate procedure" is negatively impacted because "nearly none of the oral motions, notices, and objections that [] either party had made are registered to the docket itself."  Docket No. 332.  The following transcripts have recently been docketed and will reflect any arguments reserved for appeal on the record: transcript of initial appearance and arraignment before the Honorable John D. Love held on April 23, 2018; transcript of initial appearance and arraignment on the superseding indictment before the Honorable John D. Love held on September 25, 2018; and transcripts for all three days of trial before the undersigned. Accordingly, Defendant's request is **DENIED-AS-MOOT**.

### K.   Notice of Violation of Due Process (Docket No. 327)

Defendant notifies the Court that he has not received Docket Nos. 1, 2, 11, 71, 72, 85, 112, 113, 114, 130, 247, and 250.  These docket entries have been sealed by the Clerk of Court for reasons related to protection of private and confidential information.  Because Defendant is proceeding *pro se*, the Court **GRANTS** his request to receive those documents, so long as any private and/or confidential information is redacted in order to protect the privacy of third parties.

**L.  Notice of Letter to Pretrial Service Officer (Docket No. 331)**

Defendant notifies the Court that he asked his probation officer to review Docket Nos. 292

and 230 and requests that the Court provide copies of those entries to the probation officer.  Given

that the probation officer has access to the docket, Defendant's motion is **DENIED-AS-MOOT**.

**M. Motion to Compel Disclosure (Docket No. 333)**

Defendant requests disclosure of the order granting the government's motion to compel

certain documentation from Sandra Coleman, the Middlesex County Adjuster, during grand jury

proceedings.  Docket No. 333 at 1.  Defendant asserts that the requested order is an unlawful *ex

parte* communication.  Docket No. 333 at 1.  Defendant also requests a copy of the underlying

subpoena.  *Id*.

Defendant previously requested the same disclosures (Docket Nos. 160, 189), which the

Court denied.  *See* Docket No. 221 (1–2, 4) ("Regarding Defendant's request for disclosure of all

*ex parte* communication between [AUSA] Coan, Sandra Coleman, U.S. District Court [for the]

Eastern District of Texas, and any and all courts and record custodians in New Jersey, the Court

has already addressed this matter, *see supra* [at] 1–2, and **DENIES** Defendant's motion").

For the same reasons the initial request was denied, the Court **DENIES** Defendant's

present motion.

**N.  Update to Memorandum/Supplementary (Docket No. 340)**

Defendant acknowledges that the Court has recently granted his request for transcripts of

his appearances (Docket No. 328).  Defendant brings the instant motion to request "prompt

delivery of all these transcripts without any delay as it was late enough already."  Docket No. 340

at 1.  Because copies of the transcripts will be sent to the Defendant once they are entered on the

docket, the instant motion is **DENIED-AS-MOOT**.

### O.  Motion for Copies (Docket No. 355)

Defendant requests that the following five items be delivered to him via courier: (1) all sealed docket entries, including specifically Docket No. 69; (2) copies of all docket entries from Docket No. 298 to the latest entry; (3) two copies of "the main application to the case 6:18-cv-665"; (4) 10 audio recording order forms (form AO 436); and (5) an up-to-date Docket Entry list for both the present case and Case No. 6:18-cv-655.  *See* Docket No. 355.

As to Defendant's requests regarding Case No. 6:18-cv-655, those requests must be filed with the Court in that matter.  Accordingly, those requests are **DENIED**.

With respect to Defendant's request number (1), the Court has already granted Defendant's request to receive several sealed docket entries so long as any private and/or confidential information is redacted in order to protect the privacy of third parties.  *See supra* at 33 (analysis of Docket No. 327).  The Court **GRANTS** Defendant's instant request under the same terms with respect to sealed docket entries not considered in Docket No. 327.

Defendant's request number (2) amounts to a request for the supplemental record on appeal.  In request number (5), Defendant requests an up-to-date docket entry list.  The Court **GRANTS** Defendant's requests.  Once Defendant is sentenced and the supplemental record is finalized, a copy of the supplemental record **SHALL** be mailed to Defendant along with a current docket entry list.

Lastly, Defendant's request number (4) requests 10 audio recording order forms.  Because there are only three digital audio files on the docket, the Court **GRANTS** Defendant's request with respect to three copies of the requested forms.

Accordingly, Defendant's motion is **GRANTED-IN-PART, GRANTED-AS-MODIFIED-IN-PART** and **DENIED-IN-PART**.

### P.  Motion for Discovery (Docket No. 359)

Defendant makes the following four requests: (1) "digital audio files for all court appearances in this case to be put on the docket available to the public"; (2) "any and all video files relating to this case, part of the prosecution's discovery and all court appearances including trial to be available to [the] public and put on the docket"; (3) "any and all digital discovery by the prosecution and the Court [to] be registered to the docket and made available to the public" and (4) that 10 audio recording order forms be delivered to Defendant.  *See* Docket 359.

Defendant provides no argument in support of his first three requests.  Additionally, Defendant requests to make information available to the public that pertains to third parties, such as witnesses and members of the jury.  Defendant's fourth request is addressed in the Court's Order on Docket No. 355, *supra* at 35.  Accordingly, Defendant's Motion is **DENIED**.

### Q.  Motion for Subpoena Duces Tecum (Docket No. 369)

Defendant requests copies of government's trial exhibits.  *See* Docket No. 369.   Some of the Defendant's requests pertain to exhibits not admitted at trial.  *Id.*  Trial has concluded and Defendant is now awaiting sentencing before proceeding to the appellate phase in this matter. Because Defendant's appeal is limited to the record on appeal, the Court finds it appropriate that Defendant be provided with the government's trial exhibits (Docket No. 253).  Defendant's motion is **GRANTED-AS-MODIFIED**.   To the extent that government has not already provided Defendant with copies of the exhibits admitted at trial, the government is **ORDERED** to do so.

## VII.  <u>Motions Regarding Forfeiture Proceedings</u>

### A.  Motion to Reverse Forfeiture/Vacate Conviction (Docket No.  289), Motion to Dismiss with Prejudice, Supplemental Motion to Strike Search Warrant, Motion to Reverse Forfeiture (Docket No. 342)

The government has seized four firearms (Serial Nos. R188306, FFK027370, TE94562, RBM9366) through administrative forfeiture proceedings.  *See* Docket No. 40.   Defendant

complains that the administrative forfeitures were unlawful because the government did not provide notice.  *See* Docket Nos. 289, 342.  On that basis, Defendant asks the Court to reverse the forfeiture and vacate the conviction.  *Id.*

The government's notice of administrative forfeiture is docketed at Docket No. 40 and certifies that such notice was served on Defendant's counsel of record at that time.  Moreover, the government represents that Defendant was notified of the forfeiture on multiple occasions and through various means. *See* Docket No. 370 (stating that Defendant was provided notice of forfeiture (1) during his initial appearance on April 23, 2018; (2) through disclosure of the search warrant as part of discovery on April 23, 2018 (3) via mail sent to the Gregg County Jail and the Defendant's home address in Tyler; and (4) via publication on the ATF's official government website from April 30, 2018 until May 29, 2018).  Defendant's argument that notice of administrative forfeiture was not provided is unpersuasive.  Defendant's conclusory statement that the conviction should also be vacated is unsupported.  Accordingly, Defendant's motion is **DENIED**.

### B. Motion for Return of Property/Post-trial, Motion for Release from Custody Pending Sentencing (Docket No. 346)

The government has seized one firearm (serial no. 000210NW) and 458 rounds of ammunition through criminal forfeiture proceedings.  *See* Docket No. 250, 256.  Defendant complains that the firearm and ammunition should be returned to him according to the disposition of this case.  Docket No. 346 at 1.  However, the disposition of the criminal forfeiture proceedings provides that the firearm and ammunition should not be returned to Defendant.  *See* Docket No. 250, 259.

Defendant informs the Court that he will consent to the Court's temporary possession of his passport and permanent resident card "if and only if [he] get[s] out] on bail."  Docket No. 346

at 1.  The Court is not in possession of Defendant's passport or permanent resident card and has denied Defendant's requests for release above, *supra* at 26–28.

Accordingly, Defendant's motion is **DENIED-AS-MOOT**.

### C.  Motion to Sanction Prosecution and Dismiss with Prejudice (Docket No. 349)

Defendant asserts that, based on the forfeiture-related arguments above, the prosecution should be sanctioned.  See Docket No. 349.  Defendant has not provided any evidence of sanctionable conduct.  Defendant's motion is **DENIED**.

## VIII.   Pre-trial Motions

The pretrial conference was held on November 9, 2018, and trial commenced on the following Monday, November 13, 2018.  At the pretrial conference, the Defendant was informed that the Court would not be able to rule on the motions that Defendant brought to the pretrial conference.  Pretrial Conf. Tr. at 13:15–20. ("Yesterday was Thursday, four days before this trial is to begin and a month after the deadline for filing any pretrial motions. . . . [A]t this point we are preparing for trial and getting organized, and I am not going to be able to rule on any other written motions you file on the docket.")  Defendant was reminded that the pretrial motion deadline was on October 8, 2018 and that, in an effort to aid the Defendant, the Court had already considered and ruled on several untimely pretrial motions.  *Id*. at 13:3–10.  Defendant then filed nine additional motions on the day of the pretrial conference.  *See* Docket Nos. 230–238.  In the interest of justice, the Court has reviewed those motions to ensure that any new or viable arguments raised were considered.  The Court finds that those motions raise grounds that are either meritless or have already been considered.  Accordingly, the Court **DENIES** the motions filed by Defendant on the day of the pretrial conference (Docket Nos. 230–238).

An additional pretrial motion filed by Defendant remains pending on the docket: Defendant's Motion Regarding Malicious, Vindictive, Retaliatory Prosecution and Request for

Grand Jury Proceedings.  *See* Docket No. 62.  The only relief requested by Defendant is disclosure of the grand jury proceedings.  *Id.*  On January 10, 2019, Defendant filed a Notice of Supplement to Docket No. 62 (Docket No. 336).  Defendant filed another supplemental motion to Docket No. 62 on January 30, 2019 (Docket No. 363).  The Court declines to consider these supplemental filings given that the pretrial motions deadline was October 8, 2018.

The Court has already addressed Defendant's request for grand jury proceedings in this Order's consideration of Docket No. 332, *supra* at 23, as well as in the Court's Order on Defendant's Motion for Discovery (Docket No. 110).  The remainder of Defendant's motions attack the following: (1) legal sufficiency of the charges within the indictment: (2) basis for detention of the Defendant pending trial, (3) terms of the plea deal; (4) findings with respect to the Defendant's competency; (5) validity of New Jersey state records regarding Defendant's mental health and (6) performance of previous defense counsel.  *See* Docket No. 62.  Despite the fact that the only relief sought by Defendant is disclosure of grand jury proceedings, the Court notes that it has already addressed each of these issues throughout this Order, the Court's Order for Judgment of Acquittal and the Court's Order on Defendant's Motion to Remove Prosecution and Defendant's Motion to Remove Criminal Prosecution (Docket No. 222).  Accordingly, Defendant's Motion Regarding Malicious, Vindictive, Retaliatory Prosecution and Request for Grand Jury Proceedings is **DENIED**.

Lastly, the Court notes that the government's motion *in limine* is pending on the docket (Docket No. 183).  Because this motion was heard and ruled on during the pretrial conference, the Clerk of the Court is directed to terminate this motion.  Pretrial Conf. Tr. (October 9, 2018) at 77:4–90:11.

IX.    **Conclusion**

For the reasons stated above, it is **ORDERED** that:

**Motion for Return of Property/PreTrial** (Docket No. 50) is **DENIED-AS-MOOT**;

**Motion Regarding Malicious, Vindictive, Retaliatory Prosecution and Request for Grand Jury Proceedings** (Docket No. 62) is **DENIED**;

**Emergency Motion for Pretrial Release** (Docket No. 78) is **DENIED**;

**Government's Motion *In Limine*** (Docket No. 183) is **GRANTED-AS-MODIFIED**;

**Emergency Motion to Strike/Suppress Evidence, Motion to Dismiss with Prejudice** (Docket No. 230) is **DENIED**;

**Motion for Clarification** (Docket No. 231) is **DENIED**;

**Motion for Reconsideration/Appeal of Order of Detention pending Trial** (Docket No. 232) is **DENIED**;

**Motion to Dismiss re Abuse of Discretion** (Docket No. 233) is **DENIED**;

**Motion to Dismiss Based on Lack of Subject Matter Jurisdiction** (Docket No. 234) is **DENIED**;

**Motion to Strike Pretrial Service Report** (Docket No. 235) is **DENIED**;

**Motion to Sanction Prosecution** (Docket No. 236) is **DENIED**;

**Motion to Strike Search Warrant** (Docket No. 237) is **DENIED**;

**Motion to Dismiss (violation of due process)** (Docket No. 238) is **DENIED**;

**Request for The Court to Take Judicial Notice re the sentencing guidelines** (Docket No. 262) is **DENIED**;

**Motion to Strike, Motion to Vacate Conviction, Motion to Dismiss with Prejudice** (Docket No. 283) is **DENIED**;

**Motion to Reverse Forfeiture/Vacate Conviction** (Docket No. 289) is **DENIED**;

**Motion to Vacate Conviction and Dismiss with Prejudice** (Docket No. 292) is **DENIED**;

**Notice of Missing Entries** (Docket No. 296) is **DENIED**;

**Notice of Missing Entry/Motion to Vacate Conviction/Dismiss with Prejudice** (Docket No. 299) is **DENIED**;

**Motion to Disclose Jury Notes** (Docket No. 300) is **GRANTED**;

**Motion for Hearing, Motion for Subpoena** (Docket No. 302) is **DENIED**;

**Motion for Subpoena** (Docket No. 303) is **DENIED**;

**Motion to Vacate Conviction and Dismiss with Prejudice, Notice of Perjury, Notice of Prosecutorial Misconduct, Notice of Judicial Misconduct** (Docket No. 304) is **DENIED**;

**Motion to Compel Production** (Docket No. 305) is **DENIED**;

**Request for Judicial Notice** (Docket No. 306) is **DENIED**;

**Letter Request for Copies** (Docket No. 308) is **DENIED-AS-MOOT**;

**Notice of Error by Clerk** (Docket No. 309) is **GRANTED-IN-PART** and **DENIED-AS-MOOT-IN-PART**;

**Notice of Clerk's Error** (Docket No. 310) is **DENIED-AS-MOOT**;

**Motion for Copies** (Docket No. 311) is **DENIED-AS-MOOT**;

**Notice of Possible Missing Entry** (Docket No. 312) is **DENIED-AS-MOOT;**

**Motion to Strike the Government's Response** (Docket No. 315) is **DENIED**;

**Notice of Defect/Update to Notice 146** (Docket No. 316) is **DENIED**;

**Motion for Minute Orders** (Docket No. 321) is **DENIED-AS-MOOT**;

**Notice of Missing Entries/Motion to Compel Production** (Docket No. 322) is **DENIED-AS-MOOT**;

**Motion for Direct Extension to the Clerk's Office Via Telephone** (Docket No. 323) is **DENIED**;

**Motion to Vacate Conviction** (Docket No. 325) is **DENIED**;

**Notice of Violation of Due Process** (Docket No. 327) is **GRANTED**;

**Notice of Letter to Pretrial Service Officer** (Docket No. 331) is **DENIED-AS-MOOT**;

**Motion to Strike Declarations and Prosecution, Motion for Sanctions, Motion to Dismiss with Prejudice, Motion for Disclosure of Grand Jury Proceeding** (Docket No. 332) is **DENIED**;

**Motion to Compel Disclosure** (Docket No. 333) is **DENIED**;

**Request for Judicial Notice** (Docket No. 334) is **DENIED**;

**Notice of Supplement to Docket No. 62** (Docket No. 336) is **DENIED**.

**Motion for Release from Custody Pending Sentencing, Notice of Violation** (Docket No. 338) is **DENIED**;

**Update to Memorandum/Supplementary** (Docket No. 340) is **DENIED-AS-MOOT**;

**Motion to Dismiss with Prejudice, Supplemental Motion to Strike Search Warrant, Motion to Reverse Forfeiture** (Docket No. 342) is **DENIED**;

**Motion to Dismiss with Prejudice on Judicial, Official and Prosecutorial Misconduct** (Docket No. 345) is **DENIED-AS-MOOT**;

**Motion for Return of Property/Post-Trial, Supplemental Motion for Release from Custody pending sentencing** (Docket No. 346) is **DENIED-IN-PART** and **DENIED-AS-MOOT-IN-PART**;

**Motion to Dismiss with Prejudice, Motion to Strike the Prosecutor and Witness** (Docket No. 347) is **DENIED**;

**Motion for Immediate Release from Custody or Dismiss with Prejudice** (Docket No. 348) is **DENIED**;

**Motion to Sanction Prosecution and Dismiss with Prejudice** (Docket No. 349) is **DENIED**;

**Motion to Strike, Motion for Immediate Release from Custody** (Docket No. 352) is **DENIED**;

**Motion to Strike, Motion to Dismiss with Prejudice** (Docket No. 353) is **DENIED**;

**Motion for Refund** (Docket No. 354) is **DENIED**;

**Motion for Copies** (Docket No. 355) is **GRANTED-IN-PART**, **GRANTED-AS-MODIFIED-IN-PART** and **DENIED-IN-PART**;

**Motion to Strike, Motion for Release from Custody** (Docket No. 356) is **DENIED**;

**Motion to Dismiss with Prejudice, Motion to Unseal Documents, Motion for Sanctions, Motion to Strike** (Docket No. 357) is **DENIED**;

**Motion to Dismiss with Prejudice** (Docket No. 358) is **DENIED**;

**Motion for Discovery** (Docket No. 359) is **DENIED**;

**Supplemental Motion re 292: Motion to Vacate** (Docket No. 360) is **DENIED**;

**Motion to Compel, Motion for Sanctions, Motion to Dismiss with Prejudice** (Docket No. 362) is **DENIED**;

**Supplemental Motion to Docket No. 62** (Docket No. 363) is **DENIED**;

**Motion to Dismiss with Prejudice; Due Process Deprivation** (Docket No. 364) is **DENIED**;

**Motion to Compel and Immediate Release/Notice of Defect in Stand-by Counsel** (Docket No. 365) is **DENIED**;

**Motion to Strike Witness, Motion to Strike Prosecutor, Motion to Strike Order 149** (Docket No. 367) is **DENIED**;

**Motion to Unseal and Strike the Presentencing Investigation Report, and Motion to Sanction Probation Officer** (Docket No. 368) is **DENIED**; and

**Motion for Subpoena Duces Tecum** (Docket No. 369) is **GRANTED-AS-MODIFIED**.

It is so **ORDERED**.

**So ORDERED and SIGNED this 11th day of February, 2019.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE