District Court
Tyler TX | 6:18cr16 | Objection to #371

*CLERK, U.S. DISTRICT COURT RECEIVED FEB 28 2019 EASTERN DIST. OF TEXAS*

Robert Schroeder, consider this as my objection to your ruling on denying my acquittal. I know that you will not acquit me due to your contempt against our country and the constitution and you will side with the prosecution. However, I enter this for the record.

1. On the background section, you never mentioned that you denied my motion based on factual evidentiary basis but reserved on legal ~~basis~~ statutory basis, and that you told me to submit the motion as soon as possible. On this order however, you constantly refer back to evidentiary basis. Such as page 3, you said "The defendant does not attack the sufficiency of the government's evidence or the falsity of the info... 4473", when you are the one who told me to file a new motion based on legal statutory basis and denied my motion based on evidentiary basis.

2. Regarding your reason for denial of §924(a)(1)(A) counts, you basically copied and pasted Coan's argument. You stated that the Supreme Court, in Abramski v. US 573 US 169, 191, found falsifying true purchaser's name, date of birth, and address a violation of §924(a)(1)(A), however did not state that §924(a)(1)(A) was only violated by falsifying those three points of information. The Supreme Court actually did and it was stated in one of my supplementary motion which you chose to not to address probably for this reason. Justice

✱ It's Coan who actually brought this issue, which back fired on him.

Kagan, in contesting Justice Scalia's argument, (supra at __ - __, 189 L Ed 2d, at 277-284.) "'The dissent argues that our view would impose criminal liability for a false answer even to an "ultra vires question" such as "buyer's favorite color"...... falsely, he lied about that buyer's "name, age, and place of residence."'" You also did not even mention 18 USC § 922(b)(5). You focused on the prosecution's evidence part, which was not the reason why you ordered me to file another renewed motion based on legal statutory basis. The acquittal motion based on factual evidentiary basis was already denied on the day you told me to file the renewed motion. Your denial is frivolous.

3. Regarding your reasons for denying § 922(g)(4) count, you also basically copied the prosecutor's argument and pasted it. On this you actually addressed my legal statutory arguments, however misleadingly. You completely disregarded 4 of my arguments.

(a) I did cite NJ mental health code and how NJ also has 2 step commitment process; how I went through NJSA 30:4-27.10 but not NJSA 30:4-27.15. You made it seem like I made 0 arguments regarding NJ state law.

(b) Rebutting Coan's argument regarding "collateral attack" and other comparisons between §922(g)(1) and (g)(4), I made a solid argument that if a temporary order based on an exparte communication without an adversary hearing is a qualification for 922(g)(4) prohibition factor, that means a person may be

labelled 922(g)(1) based on a felony indictment even if the case was dropped and/or even if s/he was never convicted.

(c) You did not address any of the arguments made with DC v. Heller 554 US 570, 128 S. Ct 2783, 171 L. Ed 2d 637 (2008) (I requested for Lexis Nexis note of this which I did not obtain. to this day, thanks to you for depriving me of law library access.)

(d) You did not address the fact that in order to be guilty of 922(g)(4), I have to knowingly own guns knowing that I am prohibited because I was adjudicated mentally defective/committed to a mental hospital, as stated in 924(a)(2). I made arguments regarding this in one of the supplementary motion.

You cite a lot of the case law while depriving me of law library access so I at this point do not know if your usage of those case laws are misleading and frivolous for certain, but I am guessing some of them are because I caught you doing it before expecting me to have 0 ability to contest them since you deprived me of law library access. That's very honorable of you. (Sarcasm.) At this point I conclude that you are paid to copy and paste prosecutor's arguments.

I know you will disregard this, but I write this for the record.

20190225.