IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

UNITED STATES OF AMERICA,     §
    §
    §   CASE NUMBER 6:18-CR-00016-RWS
v.    §
    §
    §
HEON JONG YOO,     §

## ORDER

Before the Court are the following 52 pending motions[1] filed by the Defendant, Heon Jong Yoo:

**Supplementary Motion for Immediate Release from Custody** (Docket No. 379);

**Emergency Motion for Immediate Release from Custody** (Docket No. 380);

**Motion for Order to Show Cause and Immediate Release** (Docket No. 381);

**Request for Judicial Notice of 6:18-cv-655** (Docket No. 382);

**Digital Audio Recording Request** (Docket No. 383);

**Request for Judicial Notice** (Docket No. 384);

**Motion to Compel or Dismiss with Prejudice** (Docket No. 385);

**Motion to Dismiss with Prejudice** (Docket No. 386);

**Motion for Subpoena Duces Tecum** (Docket No. 387);

**Supplementary Motion to Dismiss with Prejudice** (Docket No. 388);

**Motion to Compel U.S. Marshal or Motion for Immediate Release** (Docket No. 390);

**Motion to Compel Disclosure** (Docket No. 393);

**Motion to Compel Prosecutor's Office** (Docket No. 394);

**Motion to Disclose Discovery/Authorize Disclosure of Discovery** (Docket No. 397);

---

[1] Defendant mis-filed many of his motions for relief as notices.

**Notice of Exigent Circumstances, Additional Information to Notice of Missing Entry (Docket No. 292)** (Docket No. 398);

**Motion to Expedite Disposition/Judicial Notice** (Docket No. 400);

**Motion for Guarantee/Assurance** (Docket No. 401);

**Motion to Compel Gregg County Jail and BOP** (Docket No. 402);

**Motion to Expedite Sentencing** (Docket No. 403);

**Motion to Compel Gregg County Jail** (Docket No. 404);

**Motion to Reverse Forfeiture, Motion to Dismiss with Prejudice** (Docket No. 406);

**Motion to Compel Gregg County Jail** (Docket No. 408);

**Supplement to Motion to Dismiss (Docket No. 364)** (Docket No. 409);

**Motion for Legal Material, Motion for Immediate Release from Custody** (Docket No. 410);

**Motion to Expedite Sentencing or for Emergency Release** (Docket No. 411);

**Motion to Compel Disclosure of Intended Witness List and Evidence List for Sentencing Hearing** (Docket No. 412);

**Request for Judicial Notice** (Docket No. 414);

**Response/Objection to the Court's Order (Docket No. 372)** (Docket No. 415);

**Supplement to Motion to Dismiss with Prejudice (Docket No. 362)** (Docket No. 416);

**Motion for Correction of Error, Defect in Trial, Motion to Dismiss with Prejudice, Supplementary Motion for Malicious Prosecution** (Docket No. 417);

**Motion to Compel Gregg County Jail** (Docket No. 418);

**Response/Formal Objection to the Court's Order (Docket No. 372)** (Docket No. 419);

**Motion for Immediate Release from Custody, Emergency Motion for Medical Treatment, Motion to Dismiss with Prejudice, Motion to Compel** (Docket No. 420);

**Emergency Motion for Return of Property/Post-trial** (Docket No. 421);

**Motion to Admit Exhibits into the Record** (Docket No. 422);

**Request for Judicial Notice** (Docket No. 423);

**Notice to the Court Regarding the Court's Order (Docket No. 372)** (Docket No. 424);

**Response/Objection to the Court's Order on Motion for Acquittal (Docket No. 371)** (Docket No. 425);

**Motion for Conditions of Court Appearance** (Docket No. 427);

**Motion to Admit Exhibit into the Record** (Docket No. 428);

**Supplementary Notice: Delay in Mail** (Docket No. 431);

**Request for Judicial Notice** (Docket No. 432);

**Supplementary Motion: Dismiss with Prejudice Due Process Violation; Notice to the Court Regarding *Pro Se* Status** (Docket No. 433);

**Motion to Compel Gregg County Jail** (Docket No. 438);

**Request for Judicial Notice** (Docket No. 439);

**Motion to Enter Exhibit into Record: Government's Trial Exhibit No. 19** (Docket No. 440);

**Notice of Supplementary Facts Regarding Motion for Release from Custody, Motion for Medical Treatment Motion to Dismiss, Motion to Compel (Docket No. 420)** (Docket No. 441);

**Motion for Discovery: Video of Hearings** (Docket No. 442);

**Motion to Compel, Motion to Dismiss with Prejudice** (Docket No. 447);

**Notice to the Court** (Docket No. 448);

**Request for Judicial Notice** (Docket No. 450); and

**Motion to Compel Gregg County Jail and Clerk's Office, Motion for Immediate Release from Custody** (Docket No. 452).

## I.    Defendant's Motion Practice

The Court recently issued an order on 65 motions filed by Defendant.  *See* Docket No. 372 ("previous order").  In that order, the Court warned Defendant about the abusive nature of his motion practice:

> The Court notes that several of Defendant's motions were brought after the deadlines for requesting such relief had passed; however, in the interest of justice, the Court considers all of Defendant's motions. The Court further notes that many of the issues raised throughout Defendant's motions are redundant and unsupported.
>
> * * *
>
> Defendant is warned that further filings encompassing frivolous, repetitive or legally irrelevant arguments may result in restrictions being placed on his ability to file pleadings in this Court. Moreover, time-barred requests for relief and factual or legal arguments already considered by the Court may be stricken. *See United States v. Fleming*, 694 F. App'x 349 (5th Cir. 2017); *see also United States v. Watts*, No. 3:09-CR-249-D(09), 2010 WL 4514407 (N.D. Tex. Nov. 2, 2010).

Docket No. 372 at 7–8.  Accordingly, the Court need not address repetitive requests and/or arguments and may only do so where justice so requires.

Similar to the motions addressed in the Court's previous order, many of the motions currently before the Court seek to have the case dismissed.  The Court construes Defendant's requests to have the case dismissed as motions for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure.  The Federal Rules of Criminal Procedure provide that "[a] defendant may move for judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c). The jury returned a verdict—and was discharged—on November 15, 2018.  Thus, as a threshold matter, Defendant's requests to have the case dismissed are time-barred and hereby **DENIED**. Because dismissal is often sought as an alternative form of relief, the Court addresses other relief requested by Defendant in turn.

## II.   Motions to Dismiss

### A.  Motions to Dismiss with Prejudice (Docket Nos. 386, 388)

Defendant seeks to have this case dismissed with prejudice because of alleged "gross misconduct" regarding his ability to proceed *in forma pauperis* ("*IFP*").  Docket No. 386.  The Court has already addressed Defendant's arguments.  *See* Docket No. 372 at 20–22.  Defendant filed a supplement to his motion to dismiss, alleging that he has been irreparably harmed due to difficulty making copies.  Docket No. 388.  Defendant has not provided grounds for acquittal, and his motions are time-barred.  Thus, Defendant's motions (Docket Nos. 386, 388) are **DENIED**.

### B.  Motion to Dismiss with Prejudice (Docket No. 416)

Defendant, again, argues that the Court mishandled his *IFP* request and, on that basis, requests that this case be dismissed with prejudice. The Court has already addressed the issues surrounding Defendant's requests for *IFP* status at length.  *See* Docket No. 372 at 20–22.  Moreover, Defendant's motion is time-barred.  Defendant's motion (Docket No. 416) is **DENIED**.

### C.  Motion to Compel or Dismiss with Prejudice (Docket No. 385)

Defendant notes that he sent a letter to Assistant U.S. Attorney Coan on January 18, 2019.  Defendant received AUSA Coan's response on February 4, 2019 (the "Response").  Defendant states he sent a reply to AUSA Coan on February 6, 2019 and attached a copy to his motion.  Defendant asks the Court to compel AUSA Coan's response.  In the Response, AUSA Coan noted that he would respond to further questions from Defendant.  Thus, Defendant's request is unnecessary and premature at best.  Defendant's motion is (Docket No. 385) **DENIED**.

### D.  Motion to Reverse Forfeiture, Motion to Dismiss with Prejudice (Docket No. 406)

Defendant seeks to "reverse forfeiture."  Rather than provide supporting argument, Defendant merely requests "a judicial notice of this ATF mail that [he] received on [February 18,

2019]." Docket No. 406-1. Next, Defendant states that AUSA "Coan's lies have been exposed again" and that "[t]his case is so defective it should be dismissed." Defendant presents no argument in support of his request to reverse forfeiture. Defendant's motion (Docket No. 406) is **DENIED**.

### E.  Supplement to Motion to Dismiss (Docket No. 364) (Docket No. 409)

In support of his request to dismiss this case, Defendant raises previously considered and denied arguments regarding his indigency. *See* Docket No. 372 at 16–17. As discussed above, the Court's previous order (Docket No. 372) warned Defendant against filing repetitive motions. Defendant's motion (Docket No. 409) is **DENIED**.

### F.  Motion for Correction of Error, Defect in Trial, Motion to Dismiss with Prejudice, Supplementary Motion for Malicious Prosecution (Docket No. 417)

Defendant seeks to have this case dismissed with prejudice because of certain alleged defects in the trial, of which he "want[s] to inform the Court." Defendants alleges that 27 C.F.R. § 478.125 was mistakenly not entered as an exhibit and that AUSA Coan "attempted to procure perjury and mislead the jury and the Court regarding 18 U.S.C. § 922(b)(5)." Neither of Defendant's allegation is sufficient grounds for dismissing this case, and the requested relief is time-barred. Defendant's motion (Docket No. 417) is **DENIED**.

## III.   Requests for Release

### A.  Supplementary Motion for Immediate Release from Custody (Docket No. 379); Motion for Legal Material, Motion for Immediate Release from Custody (Docket No. 410); Supplementary Motion: Dismiss with Prejudice Due Process Violation; Notice to the Court Regarding *Pro Se* Status (Docket No. 433)

Defendant asks to be released from Gregg County Jail because of difficulties he has faced making copies of documents (Docket No 379) and because of inadequate legal access (Docket Nos. 410, 433). As a threshold matter, Defendant's argument regarding legal access has previously been considered and denied on the merits. *See* Docket No. 372 at 10–11, 14, 19, 26. Defendant

was denied release from custody pre-trial and again after trial, where Defendant was found guilty on all counts. *See* Docket No. 372 at 26–27. Yet Defendant currently requests the same relief from the Court. Defendant's argument is not persuasive. Defendant's motions (Docket Nos. 379, 410, 433) are **DENIED**.

> **B. Emergency Motion for Immediate Release from Custody (Docket No. 380); Motion to Compel U.S. Marshal or Motion for Immediate Release (Docket No. 390); Motion for Immediate Release from Custody, Emergency Motion for Medical Treatment, Motion to Dismiss with Prejudice, Motion to Compel (Docket No. 420); Notice of Supplementary Facts Regarding Motion for Release from Custody, Motion for Medical Treatment Motion to Dismiss, Motion to Compel (Docket No. 420) (Docket No. 441); Motion to Compel Gregg County Jail and Clerk's Office, Motion for Immediate Release from Custody (Docket No. 452)**

Defendant requests immediate release from custody to address unmet medical needs pursuant to 18 U.S.C. § 3626. Docket Nos. 380, 390, 420. Defendant complains of issues regarding his vision and his respiratory, dental and orthopedic health. *Id.* Defendant asserts that he has been denied medical attention in violation of 18 U.S.C. §§ 4013, 4005 and 4006. *Id.* Defendant adds that he experiences a "funny sensation" in his foot when practicing knee kicks and that he has suffered sleep deprivation due to lights being on at all hours in the segregation unit. Docket No. 441. Defendant asks the Court to "compel Gregg County to at least dim the light at night." *Id.* Defendant also asserts that Gregg County Jail has not provided him with his glasses because they are "sports glasses with a rubber band, which would, according to the Gregg County Jail staff, be considered a weapon." Docket No. 452. Defendant asks the Court to compel Gregg County Jail to release his glasses. Once again, to the extent that the Defendant believes his rights as a prisoner are being violated, this criminal matter is not the forum for addressing those concerns.

Defendant also asks the Court to compel the Clerk's office to send him "paperwork for a federal lawsuit." Docket No. 452. Defendant's request is reasonable. The Clerk of the Court shall send Defendant a copy of the General Complaint form available on the Court's website.

Accordingly, Defendant's motions for release (Docket Nos. 380, 390, 420, 441) are **DENIED**.  Defendant's Motion to Compel Gregg County Jail and Clerk's Office, Motion for Immediate Release from Custody (Docket No. 452) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

IV.    **Requests for Judicial Notice**

    **A.  Legal Standard**

Under Federal Rule of Evidence 201(a), a court may take judicial notice of adjudicative facts.  Facts subject to judicial notice are those which are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b).

    **B.  Request for Judicial Notice of 6:18-cv-655 (Docket No. 382)**

Defendant asks the Court to take judicial notice of case no. 6:18-cv-655.  The Court is already aware of this case, as it was filed in this judicial district.  Defendant's motion (Docket No. 382) is **DENIED**.

    **C.  Request for Judicial Notice (Docket No. 384)**

Defendant asks the Court to take judicial notice that his motion for acquittal is pending. Defendant's motion is not pending. *See* Docket No. 371.  Defendant's motion (Docket No. 384) is **DENIED**.

    **D.  Request for Judicial Notice (Docket No. 432)**

Defendant asks the Court to take judicial notice of "Section 239 of Pub[lic] L[aw] 98-473," which is a joint resolution regarding appropriations for the fiscal year 1985. Defendant does not provide any further discussion and fails to identify the relevant portion of the resolution. Defendant presents no argument regarding whether the public law is an appropriate matter for judicial notice.  Defendant's motion (Docket No. 432) is **DENIED**.

### E.  Request for Judicial Notice (Docket No. 439)

Defendant asks the Court to take judicial notice "that the Tyler PD report 16028385 is a report against Matthew Lack" and not the Defendant.  Whether the report is "against" Mr. Lack is not only irrelevant to Defendant's case but it is not the type of information for which judicial notice may be taken.  Defendant's motion (Docket No. 439) is **DENIED**.

### F.  Motion to Expedite Disposition/Judicial Notice (Docket No. 400)

Defendant filed the instant motion regarding appeal no. 18-41154; however, this appeal has been dismissed.  Docket No. 444.  Thus, Defendant's motion (Docket No. 400) is **DENIED-AS-MOOT**.

### G.  Request for Judicial Notice (Docket Nos. 414, 450)

Defendant requests that the Court take judicial notice of Defendant's request forms where he complains of various conditions regarding his detention.  Docket Nos. 414, 450.  First, this is not the type of information for which judicial notice may be taken.  Second, the Court was on notice of the forms when Defendant filed them on the docket with the instant motions.  *See* Docket Nos. 414, 450.  Defendant's motions (Docket Nos. 414, 450) are **DENIED**.

### H.  Request for Judicial Notice (Docket No. 423)

Defendant seeks to challenge the adequacy of his mental health records relied upon by the government at trial.  Docket No. 423.  Defendant asks the Court to take judicial notice (1) "that 'mentally ill,' 'danger to self/others,' 'mental institution commitment,' 'adjudication,' 'mentally defective,' are judicial determinations not psychiatric" and (2) "that diagnosis are not material, relevant, nor confirmed until there is an adjudication."  *Id.*  Defendant's sole argument in support is that "[t]he psychiatrists' role is to make recommendations to the judge not to make judicial determinations."  *Id.*  Defendant has not demonstrated that these alleged "facts" are appropriate for judicial notice.  Defendant's motion (Docket No. 423) is **DENIED**.

## V.   Requests for Records/Disclosures

### A.   Request for Digital Audio Recordings (Docket No. 383), Motion for Discoveries: Video of Hearings (Docket No. 442), Motion to Compel (Docket No. 447)

Defendant requests digital audio recordings for the following events: (1) trial; (2) initial appearances on April 6, 2018, April 23, 2018 and September 25, 2018; (3) bail hearings on April 30, 2018 and October 10, 2018; and (4) pre-trial conference on November 9, 2018.  Defendant also asks the Court to make available on the docket "video record[s] of every single court appearance[] for the case 6:18cr16" to ensure transcripts are true and accurate.  Defendant has received the official transcript for each of the requested proceedings and has failed to present any argument as to why the accuracy of those transcripts should be questioned.  Defendant's motions (Docket Nos. 383, 442) are **DENIED**.

In light of this ruling, Defendant's motion to compel the Clerk's office to provide recordings of his trial (Docket No. 447) is **DENIED-AS-MOOT**.

### B.   Motion for Subpoenas Duces Tecum (Docket No. 387)

Defendant seeks to subpoena a copy of Gregory Harry's interview of Matthew Lack on April 24, 2018.  AUSA Coan has indicated that the Defendant has been provided a copy of the requested report.  *See* Docket No. 385 at 3.  Defendant's motion (Docket No. 387) is **DENIED**.

### C.   Motion to Disclose Discovery (Docket No. 397)

Defendant asks the Court to authorize disclosure of discovery taken for trial.  The Court previously considered and denied a similar request.  Docket No. 372 at 24.  To the extent Defendant seeks to obtain previously discovered material that is not already in his possession in preparation for sentencing, Defendant may work with stand-by counsel to do so without additional Court authorization.  Defendant's motion (Docket No. 397) is **DENIED**.

### D.  Motion to Compel Disclosure of Intended Witness List and Evidence List for Sentencing Hearing (Docket No. 412)

Defendant asks the Court to "compel the prosecution to disclose any evidences and witnesses they plan to use for sentencing."  The Court considers this request reasonable and, having received no response or objection from the government, hereby **ORDERS** the government to disclose evidence and witnesses that it intends to produce or call at the sentencing hearing within **ten (10) days** of this Order.  Defendant's motion (Docket No. 412) is **GRANTED**.

### E.  Response/Objection to the Court's Order (Docket No. 372) (Docket No. 415), Motion to Admit Exhibits into the Record (Docket No. 422)

Defendant complains that the government's trial exhibit no. 11 is "the most defective and incompetent record of the alleged 2015 commitment." Docket No. 422.  Defendant asserts that statements made by a mental health screener are "beyond incompetent" and "downright retarded." *Id*.

Defendant also requests documents listed in his previously denied Motion for Subpoena Duces Tecum (Docket No. 369) to contest his mental health records.  *See* Docket Nos. 415, 422. In the previous order (Docket No. 372), the Court warned Defendant against filing repetitive motions.

As a threshold matter, the sentencing hearing is not the proper forum for Defendant to dispute his previously authenticated mental health records.  Moreover, Defendant has already received a copy of the record in this matter and may work with stand-by counsel to prepare additional materials for the sentencing hearing.  Defendant's motions (Docket Nos. 415, 422) are **DENIED**.

**F. Motion to Admit Exhibit into the Record (Docket No. 428), Motion to Enter Exhibit into Record: Government's Trial Exhibit No. 19 (Docket No. 440)**

Defendant asks the Court to enter "government trial exhibits for [April 6, 2018] search pictures" into the record for the "purpose of arguing against base level 20 application of [United States Sentencing Guidelines] § 2k2.1(a)(4)(B)." Docket No. 428. Defendant also asks the Court to enter the government's trial exhibit no. 19 into the record to support his argument that "this case was a political prosecution not a criminal prosecution" and to challenge the sentencing report. Docket No. 440. Defendant's requests are not necessary for him to rely on the aforementioned evidence at the sentencing hearing. Defendant's motions (Docket Nos. 428, 440) are **DENIED**.

**VI.   Requests to Expedite Sentencing**

**A. Motion to Expedite Sentencing (Docket No. 403), Motion to Expedite Sentencing or for Emergency Release (Docket No. 411), Notice to the Court (Docket No. 448)**

Defendant asks the Court to expedite his sentencing hearing "without any unnecessary delay." Docket No. 411; *see also* Docket Nos. 403, 448. The Court is aware of its duty to sentence Defendant without undue delay and intends to do so at its earliest availability. However, the Court notes Defendant's request for expedited sentencing is at odds with his motion practice, which only serves to delay his sentencing by significantly encumbering judicial resources with frivolous and repetitive requests. Defendant's motions (Docket Nos. 403, 411, 448) are **DENIED**.

**VII.   Other Motions**

**A. Motion for Order to Show Cause (Docket No. 381), Motion to Compel Disclosure (Docket No. 393), Motion to Compel Prosecutor's Office (Docket No. 394), Emergency Motion for Return of Property/Post-trial (Docket No. 421)**

Defendant asks the Court to order the government to show cause for blocking Defendant's calls. Docket Nos. 381, 394. Previously, Defendant made a similar request (Docket No. 362), which the Court denied. Docket No. 372 at 16 ("Local Rule CR-47(a)(3) excludes *pro se* litigants

from the requirement of conferring with opposing counsel. The trial is over and Defendant may communicate with the Court and counsel for the government through filings on the docket. Defendant further requests that this case be dismissed with prejudice."). Accordingly, Defendant's motions (Docket Nos. 381, 393, 394) are **DENIED**.

Defendant further requests a telephone extension by which Defendant can reach the Clerk's office without having to go through an automated directory. Docket No. 393. Defendant previously made the same request, which the Court denied. *See* Docket No. 372 at 29. Defendant further requests the names and serial numbers of all clerks and deputy clerks in the U.S. District Court for the Eastern District of Texas. Docket No. 393, 394. District Court personnel are not identified by "serial numbers." Moreover, Defendant does not even attempt to provide justification for his requests. Accordingly, Defendant's requests are **DENIED**.

Defendant also requests the return of his passport and two permanent resident cards. Docket No. 394, 421. Defendant further requests the return of his "MAGA hat, wallet, keys, any and all items seized on [April 6, 2018]." The Court hereby **ORDERS** the government to file a response to Defendant's request for the return of his property (Docket No. 421) within **ten (10) days** of this Order.

Defendant's motions (Docket Nos. 381, 393) are **DENIED** and Defendant's motion (Docket No. 394) is **DENIED-IN-PART**. Defendant's requests for the return of his property (Docket Nos. 394, 421) remain pending until the Court receives the government's response.

### B.  Notice of Exigent Circumstances (Docket No. 398)

Defendant complains that he "believes" he filed a motion prior to the issuance of the superseding indictment. The Court is ill-equipped to resolve the issue of allegedly missing docket entries where Defendant is, himself, unsure of whether it was ever filed. Defendant does not

request any relief in this motion.  To the extent that he intended to request relief related to the possibly missing filing, it is **DENIED**.

### C.  Motion for Guarantee/Assurance (Docket No. 401)

Defendant asks the Court to guarantee that 12 conditions/requests will be satisfied during his time served after sentencing.  Defendant has not yet been sentenced; thus, this request is not based on the denial of any rights.  Moreover, the Bureau of Prisons manages its own facilities and controls inmate access.  Defendant's motion (Docket No. 401) is **DENIED**.

### D.  Motion to Compel Gregg County Jail and BOP (Docket No. 402)

Defendant asks the Court to compel Gregg County Jail not to interfere with the transfer of his contact lenses when he is transferred by the Bureau of Prisons to serve his sentence.  Transfer of an inmate's property is governed by the Federal Bureau of Prisons' policies.  *See* 28 C.F.R. § 553.14.  Defendant has not demonstrated that this is a matter for Court intervention.  Defendant's motion (Docket No. 402) is **DENIED**.

### E.  Motion to Compel Gregg County Jail (Docket No. 404)

Defendant asserts that his mother sent him "photo evidences of burglary incident at [his] previous apartment," which he needs to send to the Tyler Police Department.  Defendant asserts that jail officials did not allow him to receive the photos because they were "too big."  Defendant "demand[s] the Court to compel [Gregg County] jail to release" the photos.  According to Defendant, the prohibited photos are relevant to an unrelated incident that is being investigated by the Tyler Police Department.  Defendant has not demonstrated that the restriction preventing his receipt of the photos is an issue for this Court or otherwise relevant to this matter.  Accordingly, this request is **DENIED**.

Defendant also requests release of "all books in [his] property" and argues that there should be no limit to the number of books he is allowed to have at one time.  Defendant provides no

further argument on this point.  The number of books that Defendant is permitted to keep in his cell is determined by Gregg County Jail policy.  Defendant has not demonstrated that it is an appropriate matter for court intervention.  Defendant's motion (Docket No. 404) is **DENIED**.

### F.  Motion to Compel Gregg County Jail (Docket No. 408), Motion to Compel Gregg County Jail (Docket No. 438)

Defendant asks the Court to "compel the Gregg County Jail to follow Federal Performance-Based Detention Standards ("FBDS") as required by law when housing and treating federal detainees." Docket No. 408.  Defendant does not identify any violations by Gregg County of the FBDS in his first Motion to Compel (Docket No. 408).  In his next Motion to Compel (Docket No. 438), Defendant complains that he spent excessive time in segregation, in violation of the FBDS.  Defendant notes that his request to be moved into the general population housing was considered and rejected because of space limitations and safety and security concerns.  Docket No. 438.  Defendant further notes that, at one time, he requested to be transferred into segregation because he "did not want to have to beat [certain individuals] up" and because he "needed [his] own personal space for [his] legal paperwork, peace and quiet to write motions." *Id*.  According to Defendant, the real reason that he was kept in the segregation unit was to prevent him from informing other detainees of "how much Gregg County Jail, Eastern Texas U.S. Marshals, the prosecutor's office, and the district court are depriving them of the[ir] rights." *Id*.  To the extent that Defendant believes his rights as a prisoner are being violated, this is not the proper avenue to address those concerns.  Defendant's motions (Docket Nos. 408, 438) are **DENIED**.

### G.  Motion to Compel Gregg County Jail (Docket No. 418)

Defendant alleges that Gregg County Jail is violating his work product privilege. Defendant asserts that Aubrey John Harper is his counsel of choice, and immediately thereafter notes that he is proceeding *pro se*.  Mr. Harper has not appeared in this matter.  Next, Defendant

asks the Court to protect his "work product privilege/protection" by compelling the Gregg County Jail to (1) refrain from listening to his phone calls with Mr. Harper; (2) refrain from opening and reading mail from Mr. Harper; (3) allow Mr. Harper to visit Defendant "at attorney rooms"; and (4) allow Defendant to access to electronic discovery.

It is unclear whether Defendant has retained counsel or whether Defendant intends to proceed *pro se*. Clarification on this issue is necessary before the Court can rule on issues surrounding the rights of Defendant and his counsel. Defendant is **ORDERED** to file a notice clarifying whether Mr. Harper has been retained to represent Defendant in this matter within **ten (10) days** of this Order. Defendant's motion (Docket No. 418) is **DENIED WITHOUT PREJUDICE**.

### H. Response/Formal Objection to the Court's Order (Docket No. 372) (Docket No. 419)

Defendant alleges a conspiracy by the undersigned and the prosecution but provides no supporting argument. Defendant was warned against filing motions of this nature. *See* Docket No. 372 at 7–8. Defendant seeks no relief in his motion. Defendant's motion (Docket No. 419) is **DENIED**.

### I. Notice to the Court Regarding the Court's Order (Docket No. 372) (Docket No. 424)

Defendant seeks clarification of the Court's order on his Notice of Clerk's Error (Docket No. 310), which asked the Court to address filing issues regarding Docket No. 272. *See* Docket No. 372 at 32. Upon review of Docket No. 272, the Court notes that the actual document is a duplicate of Docket No. 271. To ensure accuracy within the docket, the Court **ORDERS** Defendant to resubmit Docket No. 272 within **ten (10) days** of this Order.

**J.  Response/Objection to the Court's Order on Motion for Acquittal (Docket No. 371) (Docket No. 425)**

In his Response/Objection to the Court's Order on Defendant's Motion for Acquittal, Defendant re-urges his arguments for acquittal, which the Court considered and denied on the merits. *See* Docket No. 371.  Defendant argues that the Court's order denying his motion for acquittal did not address sufficient caselaw, and Defendant complains that the Court relied on caselaw provided in the Government's response to his motion.  Rather than identify legal error, Defendant's arguments amount to his personal dissatisfaction with the Court's ruling.  Defendant then complains that the Court "cite[s] a lot of the caselaw while depriving [Defendant] of law library access," leaving Defendant to question whether the Court's "usage of those caselaws are misleading and frivolous."  Defendant's argument regarding the Court's reliance on caselaw in issuing its ruling is frivolous, and Defendant's argument regarding his access to legal materials has been addressed on multiple occasions. *See supra* at 6–7; *see also* Docket No. 372 at 10–11, 14, 19, 26.  Defendant's motion (Docket No. 425) is **DENIED**.

**K.  Motion for Conditions of Court Appearance (Docket No. 427)**

Defendant requests permission to wear a suit and be fully restraint-free at the sentencing hearing.  Because Defendant is appearing *pro se* and may need to take notes during the hearing, the Court finds that Defendant should be free of restraints over both hands.  The U.S. Marshal, however, may take any other appropriate measures deemed necessary to restrain the Defendant.  Defendant's request is **GRANTED-IN-PART**.

The Court further finds that Defendant's request to wear a suit during the hearing is reasonable and **GRANTS** the request to the extent he has ready access to one.  The U.S. Marshal shall not be required to make any arrangements pursuant to Defendant's request.  Defendant also "demand[s] the Court compel the U.S. Marshals to transport [him] to the Court law library."  The

Court's law library is a resource for Court personnel.  Defendant's request is **DENIED**.  Thus,
Defendant's motion (Docket No. 427) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

### L.  Supplementary Notice: Delay in Mail (Docket No. 431)

Defendant's notice identifies a six-day delay between the date that Gregg County Jail
received a package and the date that it was delivered to Defendant by jail staff.  Defendant claims
that this is unacceptable and asks the Court to investigate "how many mails was the jail holding
on to throughout [this] case."  The Court notes that it is normal practice for jail personnel to ensure
that inmate mail does not present any safety or security concerns before providing it to the inmate.
Defendant merely provides a conclusory statement that six days is unacceptable without providing
any further argument or authority in support.  Defendant's motion (Docket No. 431) is **DENIED**.

## VIII.  <u>CONCLUSION</u>

For the reasons stated above, it is **ORDERED** that:

**Supplementary Motion for Immediate Release from Custody** (Docket No. 379) is
**DENIED**;

**Emergency Motion for Immediate Release from Custody** (Docket No. 380) is
**DENIED**;

**Motion for Order to Show Cause and Immediate Release** (Docket No. 381) is
**DENIED**;

**Request for Judicial Notice of 6:18-cv-655** (Docket No. 382) is **DENIED**;

**Digital Audio Recording Request** (Docket No. 383) is **DENIED**;

**Request for Judicial Notice** (Docket No. 384) is **DENIED**;

**Motion to Compel or Dismiss with Prejudice** (Docket No. 385) is **DENIED**;

**Motion to Dismiss with Prejudice** (Docket No. 386) is **DENIED**;

**Motion for Subpoena Duces Tecum** (Docket No. 387) is **DENIED**;

**Supplementary Motion to Dismiss with Prejudice** (Docket No. 388) is **DENIED**;

**Motion to Compel U.S. Marshal or Motion for Immediate Release** (Docket No. 390) is **DENIED**;

**Motion to Compel Disclosure** (Docket No. 393) is **DENIED**;

**Motion to Compel Prosecutor's Office** (Docket No. 394) is **DENIED-IN-PART** and Defendant's requests for the return of his property remains pending until the Court receives the government's response;

**Motion to Disclose Discovery/Authorize Disclosure of Discovery** (Docket No. 397) is **DENIED**;

**Notice of Exigent Circumstances, Additional Information to Notice of Missing Entry (Docket No. 292)** (Docket No. 398) is **DENIED**;

**Motion to Expedite Disposition/Judicial Notice** (Docket No. 400) is **DENIED**;

**Motion for Guarantee/Assurance** (Docket No. 401) is **DENIED**;

**Motion to Compel Gregg County Jail and BOP** (Docket No. 402) is **DENIED**;

**Motion to Expedite Sentencing** (Docket No. 403) is **DENIED**;

**Motion to Compel Gregg County Jail** (Docket No. 404) is **DENIED**;

**Motion to Reverse Forfeiture, Motion to Dismiss with Prejudice** (Docket No. 406) is **DENIED**;

**Motion to Compel Gregg County Jail** (Docket No. 408) is **DENIED**;

**Supplement to Motion to Dismiss (Docket No. 364)** (Docket No. 409) is **DENIED**;

**Motion for Legal Material, Motion for Immediate Release from Custody** (Docket No. 410) is **DENIED**;

**Motion to Expedite Sentencing or for Emergency Release** (Docket No. 411) is **DENIED**;

**Motion to Compel Disclosure of Intended Witness List and Evidence List for Sentencing Hearing** (Docket No. 412) is **GRANTED**;

**Request for Judicial Notice** (Docket No. 414) is **DENIED**;

**Response/Objection to the Court's Order (Docket No. 372)** (Docket No. 415) is **DENIED**;

**Supplement to Motion to Dismiss with Prejudice (Docket No. 362)** (Docket No. 416) is **DENIED**;

**Motion for Correction of Error, Defect in Trial, Motion to Dismiss with Prejudice, Supplementary Motion for Malicious Prosecution** (Docket No. 417) is **DENIED**;

**Motion to Compel Gregg County Jail** (Docket No. 418) is **DENIED WITHOUT PREJUDICE**;

**Motion for Immediate Release from Custody, Emergency Motion for Medical Treatment, Motion to Dismiss with Prejudice, Motion to Compel** (Docket No. 420) is **DENIED**;

**Emergency Motion for Return of Property/Post-trial** (Docket No. 421) remains pending until the Court receives the government's response;

**Motion to Admit Exhibits into the Record** (Docket No. 422) is **DENIED**;

**Request for Judicial Notice** (Docket No. 423) is **DENIED**;

**Response/Objection to the Court's Order on Motion for Acquittal (Docket No. 371)** (Docket No. 425) is **DENIED**;

**Motion for Conditions of Court Appearance** (Docket No. 427) is **GRANTED-IN-PART** and **DENIED-IN-PART;**

**Motion to Admit Exhibit into the Record** (Docket No. 428) is **DENIED**;

**Supplementary Notice: Delay in Mail** (Docket No. 431) is **DENIED**;

**Request for Judicial Notice** (Docket No. 432) is **DENIED**;

**Supplementary Motion: Dismiss with Prejudice Due Process Violation; Notice to The Court Regarding *Pro Se* Status** (Docket No. 433) is **DENIED**;

**Motion to Compel Gregg County Jail** (Docket No. 438) is **DENIED**;

**Request for Judicial Notice** (Docket No. 439) is **DENIED**;

**Motion to Enter Exhibit into Record: Government's Trial Exhibit No. 19** (Docket No. 440) is **DENIED**;

**Notice of Supplementary Facts Regarding Motion for Release from Custody, Motion for Medical Treatment Motion to Dismiss, Motion to Compel (Docket No. 420)** (Docket No. 441) is **DENIED**;

**Motion for Discovery: Video of Hearings** (Docket No. 442) is **DENIED**;

**Motion to Compel, Motion to Dismiss with Prejudice** (Docket No. 447) is **DENIED-AS-MOOT**;

**Notice to the Court** (Docket No. 448) is **DENIED**;

**Request for Judicial Notice** (Docket No. 450) is **DENIED**;

**Motion to Compel Gregg County Jail and Clerk's Office, Motion for Immediate Release from Custody** (Docket No. 452) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

It is so **ORDERED**.


**SIGNED this 16th day of April, 2019.**


ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE