IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:18-CR-16 |
| | § | (Judge RWS/KNM) |
| HEON JONG YOO | § | |
|    a/k/a "HANK YOO" | § | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States, by and through the undersigned Assistant United States Attorney, submits this sentencing memorandum, showing as follows:

### I. INTRODUCTION

Hank Yoo was charged, tried, and convicted on multiple firearms violations. The jury determined that he made false statements in connection with seven different firearms acquisitions. In addition, the jury found that the defendant possessed firearms after having been committed to a mental institution.

The crimes are serious. This Court is well-acquainted with the defendant. The Presentence Investigation Report (PSR) calculated a sentencing range of 78-97 months. Imprisonment for a term of 97 months is appropriate.

### II. DISCUSSION

Under 18 U.S.C. § 3553(a), the Court is directed to "impose a sentence sufficient, but not greater than necessary" to achieve the purposes of sentencing. As an initial step, the Court calculates the applicable range under the U.S. Sentencing Guidelines. *Rita v.*

*United States*, 551 U.S. 338, 351 (2007). The Court should then consider all of the Section 3553(a) factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant;

- the need for the sentence imposed – to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education, training, care, or treatment;

- the kinds of sentences available;

- the Sentencing Guidelines;

- any relevant policy statement issued by the United States Sentencing Commission;

- the need to avoid unwarranted sentence disparities; and

- the need to provide restitution to any victim.

In doing so, the Court "must make an individualized assessment based on the facts presented." *Gall v. United States,* 552 U.S. 38, 50 (2007).

### A. The Offenses

An express purpose of federal firearms laws is to curb crime by keeping "firearms out of the hands of those not legally entitled to possess them." S. Rep. No. 90-1097 (1968), *reprinted in* 1968 U.S.C.C.A.N. 2112, 2113. Such individuals include criminals and others who should not have access to firearms (*e.g.,* drug addicts, mentally ill persons, juveniles). *See Huddleston v. United States*, 415 U.S. 814, 825 (1974). As a means to ensure the effectiveness of these laws, Congress required licensed firearms

dealers to obtain certain information from purchasers and subjected those buyers who made false statements to criminal penalties. *Id.*; *see generally* 18 U.S.C. 922(a)(6) and 924(a)(1)(A).

Yoo lied in connection with firearms acquisitions. He then possessed firearms, despite the fact that he had been committed to a mental institution. His conduct is precisely the type that the federal firearms laws were designed to protect against.

**B.     The Defendant**

The Court considers the history and characteristics of the defendant in determining the particular sentence to be imposed. There is "[n]o limitation . . . on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

**1.     Personal background**

Born in South Korea, Hank Yoo is now 25 years old. (PSR ¶ 66.) He first came to the United States in or about 2004. (PSR ¶ 69.) In 2009, he applied for and obtained Permanent Resident Alien status. (PSR ¶¶ 10, 69.) While in the United States, Yoo has reportedly lived in New York, California, New Jersey, and Texas. He has lived in the Tyler, Texas, area since approximately 2016. (PSR ¶ 69.)

The defendant is an only child. (PSR ¶ 66.) He is estranged from his father, who resides in Dallas, Texas. (PSR ¶ 65-66.) Yoo's mother lives in South Korea. (PSR ¶ 66.) The defendant is not married and has no children. (PSR ¶ 70.)

In 2012, Yoo obtained the equivalent of a high school diploma while living in South Korea. (PSR ¶ 84.) Since that time, he has done coursework at six different colleges and universities in the United States. (PSR ¶ 85-86.) He has also taken some online courses from American Public University. (PSR ¶ 87.) However, he has not obtained a degree from any of these institutions. (PSR ¶ 85-86.)

The defendant's employment history is sporadic. In a four-year period, he held several short-term positions in a variety of fields – restaurant delivery, ride-sharing, retail inventory, and online marketing. (PSR ¶¶ 88-93.)

### 2. Mental health

Yoo's mental health history is extensive and includes the following:

- Expressions of homicidal ideation;
- Diagnoses of bipolar disorder and schizophrenia;
- Finding of not psychologically suited for the U.S. Army;
- Treatment and counseling;
- Hospitalizations; and
- Involuntarily commitments to inpatient facilities.

(PSR ¶¶ 75-79.)

### 3. Criminal history

The defendant has no prior convictions. (PSR ¶¶ 58-59.) However, in 2017, he was indicted on state felony charges, which were later dismissed. (PSR ¶ 64.)

### 4. Other Misconduct

The defendant fraudulently obtained a Texas License to Carry Handgun (LCH). He then used the permit to bypass required background checks. He did so even after the LCH had been revoked by state authorities.

In January 2016, the defendant attempted to purchase a firearm from a licensed dealer in Grandview, Texas. (PSR ¶ 17.) He was denied based upon the required background check. (*Id.*) He appealed to the Federal Bureau of Investigation (FBI). (*Id.*) In response, the FBI sent Yoo a letter advising him that the denial was based on a prohibition under 18 U.S.C. §§ 921 and 922. (*Id.*)

Less than two weeks later, Yoo applied for an LCH. (PSR ¶18.) The application included a question about whether Yoo had ever received psychiatric treatment, to which he answered "no." (*Id.*) He was then issued a permit on May 24, 2016. (*Id.*)

In September 2016, Yoo was advised by the Texas Department of Public Safety that his LCH had been revoked because he was not capable of exercising sound judgment with respect to the proper use of a handgun. (PSR ¶20.) Nevertheless, he continued to use the revoked LCH to evade background checks and acquire firearms. (PSR ¶¶21-23, 25-26.) The revocation of Yoo's LCH was affirmed at a hearing in March 2017. (PSR ¶27.) Nevertheless, he used the revoked permit two more times to acquire firearms. (PSR ¶¶28-29.)

C.  **The Sentence**

This case involves eight counts of conviction. The jury found the defendant guilty on seven counts of violating 18 U.S.C. § 924(a)(1)(A). The maximum penalty of imprisonment for such violations is up to five years. Yoo was also convicted for a violation of 18 U.S.C. § 922(g)(4), which carries a statutory maximum of imprisonment for up to 10 years.

The PSR properly calculated a guideline range of 78-97 months. This range was based upon a total offense level of 28 and a criminal history category I. The defendant has objected to the base offense level as well as specific offense characteristics. Those objections are not well-founded.

### 1. Base offense level

Under U.S.S.G. § 2K2.1(a)(4)(B), the base offense level is 20 if (a) the offense involved a semiautomatic firearm that is capable of accepting a large-capacity magazine and (b) the defendant was a prohibited person at the time of the offense. Both factors are satisfied here.

A "semiautomatic firearm that is capable of accepting a large-capacity magazine" is defined as follows:

> [A] semiautomatic firearm that has the ability to fire many rounds without reloading because at the time of the offense (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm.

U.S.S.G. § 2K2.1 cmt. n. 2.

On at least two occasions, Yoo unlawfully possessed semiautomatic firearms and large-capacity magazines. The defendant does not dispute the issue of possession. Instead, he argues, without citing any authority, that Section 2K2.1(a)(4)(B) is inapplicable because the magazines were not attached to the firearms. However, the magazines were "in close proximity" to the firearms in both instances.

"Prohibited person" means any person described in 18 U.S.C. §§ 922(g) or 922(n). U.S.S.G. § 2K2.1 cmt. n. 3. The defendant was convicted of possessing a firearm after

**Government's Sentencing Memorandum – Page 6**

having been committed to a mental institution, in violation of 18 U.S.C. § 922(g)(4). Accordingly, he is a "prohibited person."

Yoo possessed semiautomatic firearms capable of accepting a large-capacity magazine. At the time, he was a "prohibited person." Pursuant to U.S.S.G. § 2K2.1(a)(4)(B), the base offense level is 20.

### 2. Number of firearms

Section 2K2.1(b)(1)(B) provides for a four-level increase if the offense involved more than eight but fewer than 24 firearms. This determination is made by counting "those firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed, including any firearm that a defendant obtained or attempted to obtain by making a false statement to a licensed dealer." U.S.S.G. § 2K2.1 cmt. n. 5. The enhancement for number of firearms includes firearms possessed during relevant conduct under U.S.S.G. § 1B1.3. *See United States v. Brummett*, 355 F.3d 343, 344-45 (5th Cir. 2003).

Here, the offense involved 14 firearms. (PSR ¶ 37-38.) Yoo objects to this number, arguing that he is only responsible for 11 firearms. Even if the defendant's total is correct (it is not), Section 2K2.1(b)(1)(B) applies, thus increasing the base offense level by four levels.

### 3. Possession of firearms in connection with another felony offense

Pursuant to Section 2K2.1(b)(6)(B), the base offense level is increased by four levels if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." This section applies "if the firearm or ammunition facilitated, or

**Government's Sentencing Memorandum – Page 7**

had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 cmt. n. 14(A). Such other felonies include aggravated assault under Texas law. *See, e.g., United States v. Le*, 512 F.3d 128, 134-35 (5th Cir. 2007).

In December 2016, Yoo accompanied Matthew Lack, Carlos Jose Hernandez, and Jesse Roger Long to the residence of an individual who had allegedly assaulted and/or robbed Lack and Hernandez. (PSR ¶24.) At the time, Yoo was in possession of four firearms, two large-capacity magazines (one of which was loaded with 30 rounds), and ammunition. (*Id.*) He traveled to the residence to support Lack and Hernandez. (*Id.*) Yoo provided everyone with access to his firearms. (*Id.*) He also supplied Long with an armored vest that was loaded with magazines. (*Id.*)

Lack pointed one of Yoo's firearms at the alleged victim. (PSR ¶24.) Yoo yelled racial slurs and waived a Confederate flag. (*Id.*) Yoo, Lack, Hernandez, and Long were all arrested for aggravated assault with a deadly weapon. (*Id.*) Yoo was also charged with unlawful transfer of weapons and criminal trespass with a deadly weapon. (*Id.*)

Yoo was indicted on state felony charges in January 2017 for aggravated assault with a deadly weapon. (PSR ¶24.) The indictment was dismissed without prejudice in August 2017 because the victim was entitled to invoke his right against self-incrimination if he testified as a witness. (PSR ¶64.)

Application of Section 2K2.1(b)(6)(B) does not depend on whether the "connected" criminal charges were filed or a conviction was obtained. U.S.S.G. § 2K2.1 cmt. n. 14(C). The enhancement is warranted when the defendant knows or has reason to believe that the firearm will be used to commit another felony. *See United States v.*

*Longstreet*, 603 F.3d 273, 277-78 (5th Cir. 2010). Yoo's possession of firearms and ammunition on December 2, 2016, merits a four-level increase under Section 2K2.1(b)(6)(B).

### III. CONCLUSION

Yoo was convicted of lying about his citizenship while trying to acquire firearms from licensed dealers. The jury also found that he possessed firearms after having been twice committed to a mental institution.

The defendant remains wholly unrepentant. He refuses to accept any responsibility for his unlawful actions.

The United States asks this Court to impose a sentence of 97 months. Such a sentence is reasonable and properly reflects the considerations of 18 U.S.C. § 3553.

JOSEPH D. BROWN
UNITED STATES ATTORNEY

*/s/ L. Frank Coan, Jr.*
L. Frank Coan, Jr.
Assistant United States Attorney
Bar No. 170966 (Georgia)
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1439 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 6:18-CR-16 |
| § | (Judge RWS/KNM) |
| HEON JONG YOO § | |
| a/k/a "HANK YOO" § | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was served on the defendant via U.S. mail and on defendant's standby counsel via the Court's ECF system on this the 3rd day of May, 2019.

*/s/ L. Frank Coan, Jr.*
L. Frank Coan, Jr.